# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; BRYAN AND CHRISTY REHM; DEBORAH FENIMORE AND JOEL LIEB; STEVEN STOUGH; BETH EVELAND; CYNTHIA SNEATH; JULIE SMITH; AND ARALENE ("BARRIE") D. AND FREDERICK B. CALLAHAN, ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 04-2688 |
|  | Hon. John E. Jones, III |
| DOVER AREA SCHOOL DISTRICT; DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS, ) ) ) ) | |
| Defendants, ) ) | |
| MICHAEL AND SHEREE HIED; RAYMOND AND CYNTHIA MUMMERT; AND JAMES AND MARTHA CASHMAN, ) ) ) ) ) | |
| Intervenors. ) | |

## ANSWER IN INTERVENTION

## I. <u>INTRODUCTION</u>

The Intervenors are the parents of children who attend Dover Area High School and other schools in the Dover Area School District. The Intervenors seek to participate in this action because, if the Plaintiff's are successful, the lawsuit will have the effect of censoring the Dover Area School District Board and shielding all ninth graders from criticism of Darwin's Theory of Evolution. The Intervenors do not seek to prevent the teaching of evolution or to require the teaching of some other theory relative to biological origins. Instead, they seek to ensure that ninth graders will have full access to information concerning the theory of evolution, including any gaps for which there is no scientific evidence.

The Dover Area School District Board developed and seeks to implement a curriculum that utilizes a text called *Biology*, which is published by Prentice-Hall and recommended by Dover Area High School's science teachers. In accordance with Pennsylvania's Academic Standards, the ninth grade biology curriculum also includes instruction on Darwin's Theory of Evolution. The Intervenors do not seek to modify or prohibit any aspect of this curriculum. In fact, they desire (and expect) that their children will learn and be tested on Darwin's Theory of Evolution. To the extent that there are gaps or problems with Darwin's Theory of Evolution, however, the

Intervenors seek to ensure that their children will: (a) be made aware of the fact that there are gaps or problems; and (b) have the opportunity to explore such gaps and problems through the use of relevant supplemental textbooks in the school's library or elsewhere.  The Dover Area High School curriculum and policies, which includes the October 18, 2004 resolution that is the subject of this lawsuit, ensures such access.  The Plaintiffs' lawsuit threatens such access.  For that reason, the Intervenors seek to intervene as Defendants in this matter to protect their Constitutional rights.

## II.     INTERVENOR PARTIES

    a.     Michael and Sheree Hied are residents of Dover, Pennsylvania. They are the parents of a ninth grade student at Dover High School.

    b.     Raymond and Cynthia Mummert are residents of Dover, Pennsylvania.  They are the parents of a ninth grade student at Dover High School and a fifth grade student who plans to attend Dover High School.

    c.     James and Martha Cashman are residents of Dover, Pennsylvania.  They are the parents an eighth grade student and a seventh grade student in the Dover Area School District, both of whom intend to attend Dover High School.

## III.    RESPONSE TO PLAINTIFFS' ALLEGATIONS

### Jurisdiction and Venue

1. Admitted.

2. Admitted.

### Parties

3. – 11.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs 3 – 11.

### Background

### Science and Scientific Theory of Biological Evolution

12. Admitted.

13. Admitted in part; denied in part. It is admitted that the term "theory" has a distinct meaning. A theory is a plausible or acceptable general principle or body of principles offered to explain a phenomenon. It is denied that the term "theory" is intended to suggest an absence of doubt. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 13.

14. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 14.

## Creationism and the Concept of Intelligent Design

15.     Admitted in part; denied in part. It is admitted that the scientific theory of evolution has been criticized, and that some of this criticism may have come from "persons who disagree with it on religious grounds." To the extent that criticism of biological evolution based on religious grounds exists, it is denied that such a fact constitutes a basis for prohibiting all criticism of biological evolution at Dover Area High School.

16.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 16. By way of further response, to the extent that some opponents of the theory of biological evolution may have "attempted to forbid, limit, or otherwise undermine the teaching of the scientific theory of biological evolution in public schools," it is denied that such a fact constitutes a basis for prohibiting all criticism of biological evolution at Dover Area High School. It is also denied that Dover High School's biology curriculum forbids, limits, or undermines the teaching of evolution.

17.     The averments set forth in paragraph 17 constitute conclusions of law, to which no response is required.

18.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 18.

19. Denied. Intervenors are without knowledge or information sufficient to form a belief as to whether there is one uniformly accepted definition of "intelligent design." By way of further response, the supplemental textbook, *Of Pandas and People*, is a writing that speaks for itself.

20. Admitted in part; denied in part. It is admitted that the "existence of a creator is a central tenet of traditional theistic religions." It is denied that this fact makes intelligent design inherently religious.

21. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 21.

22. The averments set forth in paragraph 22 constitute conclusions of law, to which no response is required.

23. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 23.

24. Admitted in part; denied in part. It is admitted that the textbook *Of Pandas and People* was first published in 1989, and that a second edition was published in 1993. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 24.

25. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 25.

### Dover Area School District's Science Curriculum

26. Admitted.

27. Admitted.

28. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 28.

29. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 29.

30. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 30.

31. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 31.

32. Admitted in part; denied in part. It is admitted that multiple copies of *Of Pandas and People* were made available to Dover High School students as a result of an anonymous donation. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 32.

33. Admitted.

34. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 34.

35. Admitted.

36. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 36.

37. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 37.

38. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 38.

39. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 39.

40. Admitted.

41. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 41.

42. Admitted.

43. Admitted in part; denied in part. It is admitted that the Biology Curriculum posted on the Dover Area School District's web site contains the statements alleged in paragraph 43. To the extent that this paragraph alleges that the teaching of Intelligent Design is part of the Biology Curriculum, these averments are denied.

44. Admitted.

45. Admitted in part; denied in part. It is admitted that the Dover Area High School biology curriculum, as Intervenors understand it, requires that students be made aware of the fact that the theory of biological evolution has gaps and problems. It is denied that the curriculum requires the teaching of intelligent design. Instead, the curriculum merely permits students who desire to learn more about the gaps and problems with the theory of biological evolution to do so through the use of donated supplemental textbooks kept in the school library.

46. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 46.

47. Denied. By way of further response, it is the Plaintiffs – who seek to remove supplemental textbooks from the school library and to shield students from the fact that there are gaps in the theory of biological evolution – that would "do nothing to improve, and much to harm, science education in the school."

48. Denied. By way of further response, Intervenors and their children will suffer harm if the Plaintiffs are successful in censoring the Dover Area School Board and removing books from the school library.

## Count I

### Alleged Violation of Establishment Clause of
### First Amendment of the Constitution of The United States

49. – 54.   Denied.

## Count II

### Alleged Violations of the Constitution of the
### Commonwealth of Pennsylvania,  Art. I, Sec. 3; Art III, Secs. 15 & 29

55. – 56.   Denied.

WHEREFORE, Intervenors respectfully request that Plaintiffs' Complaint be dismissed with prejudice.

### AFFIRMATIVE DEFENSE NO. 1

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 2

The relief sought by the Plaintiffs – the limitation of access to books and the prohibition of criticism of the theory of biological evolution – threaten Intervenors' First Amendment right to have full access to the curriculum established by the Dover Area School Board.

Dated: Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: _____
John B. Dempsey (PA 88017)
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215)988-2700
(215)988-2757 (fax)
john.dempsey@dbr.com

*Of Counsel*

DRINKER BIDDLE & REATH LLP
Alfred W. Putnam, Jr. (PA 28621)
Jason P. Gosselin (PA 76382)
Stephen A. Serfass (PA 79376)
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

THE RUTHERFORD INSTITUTE
John W. Whitehead
Douglas McKusick
P.O. Box 7482
Charlottesville, VA 22906
(434)978-3888

*For Michael and Sheree Hied, Raymond and Cynthia Mummert, and James and Martha Cashman*

- 12 -