# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; BRYAN AND CHRISTY REHM; DEBORAH FENIMORE AND JOEL LIEB; STEVEN STOUGH; BETH EVELAND; CYNTHIA SNEATH; JULIE SMITH; AND ARALENE ("BARRIE") D. AND FREDERICK B. CALLAHAN,<br><br>        Plaintiffs,<br><br>        v.<br><br>DOVER AREA SCHOOL DISTRICT; DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS,<br><br>        Defendants,<br><br>MICHAEL AND SHEREE HIED, RAYMOND AND CYNTHIA MUMMERT, AND JAMES AND MARTHA CASHMAN,<br><br>        Applicants for Intervention. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>C.V. No. 04-CV-2688<br><br>Hon. John E. Jones, III |

# MEMORANDUM IN SUPPORT
## OF APPLICATION TO INTERVENE AS DEFENDANTS

The Applicants for Intervention ("Applicants") are the parents of children in ninth grade, or children who will soon be in ninth grade, at Dover Area High School.  The Applicants and their children have a First Amendment right of access to information and ideas in an academic setting. As the Supreme Court has noted, this right is "an inherent corollary of the rights of free speech and press that are explicitly guaranteed in the Constitution."  *See Island Trees Union Free Sch. Dist. v. Pico*, 457 U.S. 853, 867 (1982).  The Applicants seek to intervene in this action because their rights will be directly affected by the Plaintiffs' lawsuit.  If the Plaintiffs are successful, this lawsuit will have the effect of censoring the Dover Area School District Board and shielding ninth graders from all criticism of the theory of biological evolution.

The Applicants do not seek to prevent the teaching of evolution or to require the teaching of some other theory relative to the origin of life. Instead, they merely seek to ensure that their children will have full access to information concerning the theory of evolution, including its many gaps for which there is no scientific evidence.  The Applicants further seek to ensure that their children not be denied access to a critical analysis of evolution merely because some persons believe that critics of the theory are religiously

motivated.  The Applicants meet all of the requirements for intervention as
of right, and their application should be granted.

## I.    FACTUAL BACKGROUND

On October 18, 2004, the Dover Area School District Board passed a
resolution by a 6-3 vote, stating that "Students will be made aware of the
gaps/problems in Darwin's theory and of other theories of evolution
including, but not limited to, intelligent design.  Note: Origins of Life is not
taught."  *See* Plaintiffs' Complaint, Introduction.  On November 19, 2004,
the Dover Area School District announced that teachers would be required to
read, as part of the ninth grade biology curriculum, the following statement:

> The state standards require students to learn about
> Darwin's Theory of Evolution and to eventually
> take a standardized test of which evolution is a
> part.
>
> Because Darwin's Theory is a theory, it is still
> being tested as new evidence is discovered.  The
> Theory is not a fact.  Gaps in the Theory exist for
> which there is no evidence.  A theory is defined as
> a well-tested explanation that unifies a broad range
> of observations.
>
> Intelligent Design is an explanation of the origin of
> life that differs from Darwin's view.  The
> reference book *Of Pandas and People* is available
> for students to see if they would like to explore this
> view in an effort to gain an understanding of what
> intelligent design actually involves.  As is true
> with any theory, students are encouraged to keep
> an open mind.

> The school leaves the discussion of the Origins of
> Life up to individual students and their families.
> As a standards-driven district, class instruction
> focuses on the standards and preparing students to
> be successful on the standards-based assessments.

*Id.* Dover High School has received numerous donated copies of the reference book *Of Pandas and People*, which are kept in the library for those students who may choose to explore ideas that differ from those expressed in the mandated biology text.

On December 14, 2004, a group of parents residing in the Dover Area School District filed a complaint in this Court seeking, *inter alia*, a declaratory judgment that the School Board has violated the Establishment Clause of the First Amendment of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.  Plaintiffs also seek an injunction (1) preventing the ninth grade science teachers from informing students that there are gaps in the theory of biological evolution and (2) compelling the removal of supplemental textbooks from the library.  The Complaint named the Dover Area School District and the Dover Area School District Board of Directors as defendants.

The Applicants here are parents of children who are either in ninth grade at Dover High School, or children who will be in the ninth grade within four years.  In particular, Michael and Sheree Hied are the parents of

a ninth grade student at Dover High School.  Raymond and Cynthia
Mummert are the parents of a ninth grade student at Dover High School, and
a fifth grade student in the Dover Area School District.  James and Martha
Cashman are the parents of an eighth grade and a seventh grade student in
the Dover Area School District.  The Applicants seek to intervene because
the relief sought by the Plaintiffs threatens their Constitutional rights, and
those of their children, to receive ideas and information.

## II.  <u>LEGAL ARGUMENT</u>

The Federal Rules of Civil Procedures provide for two types of
intervention: "Intervention as of Right" and "Permissive Intervention."  *See*
F. R. Civ. P. 24.  A party is entitled to intervene "as of right" in an ongoing
action if it meets the four-part test found in Rule 24(a).  If the party does not
satisfy the requirements for intervention as of right, the court nevertheless
has discretion to permit intervention if an applicant's claim or defense has a
question of law or fact in common with the main action.  As set forth below,
the Applicants satisfy each of the requirements for intervention as of right.
But, even if the Court were to find otherwise, it should nevertheless permit
intervention because this matter involves questions of great public
importance, and the public would be better served if all substantial interests
are represented.

## A.      Intervention As of Right.

Rule 24(a) provides that a party has the right to intervene upon timely application, "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practicable matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  *See* F. R. Civ. P. 24(a); *see also Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992) (stating that Rule 24(a) constitutes a four-part test involving questions of timeliness, significant legal interest, potential impairment of interest, and lack of adequate representation by existing parties).  The Applicants in this matter meet each prong of Rule 24(a)'s four-part test.

### 1.      This Application is Timely.

This application for intervention is timely.  The Plaintiffs filed their complaint approximately one month ago, on December 14, 2004.  Although certain activity has occurred since that time, the prosecution of this action has not advanced significantly.  The parties have conducted limited discovery so that the Plaintiffs could determine whether to file a motion for a temporary restraining order to prevent the biology curriculum from going into effect.  On January 5, 2005, the Plaintiffs elected not to file such a

motion.  Discovery as to the merits of the claims and defenses has not yet begun.  Granting this application for intervention will not delay the prosecution of this lawsuit.

### 2.    Sufficient Legal Interest.

In order to meet the "sufficient legal interest" prong of the test for intervention as of right, the interest asserted "must be a cognizable legal interest, and not simply an interest 'of a general and indefinite character.'" *Id*. at 1116 (citing *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir.), *cert. denied*, 484 U.S. 947 (1987)).  In determining whether there is a sufficient legal interest, courts will sometimes conduct a two-step examination, separately evaluating whether the applicant has a right to intervene at the merits stage or whether intervention should await the remedy stage.  *Id.*

The Applicants here have a legal interest at the merits stage of this dispute that quite easily satisfies the requirement for intervention as of right: the First Amendment freedom "to receive information and ideas."  *See Stanley v. Georgia*, 394 U.S. 557, 564 (1969).  In order to understand the Applicants' legal interest – and how it is threatened – it is necessary to understand precisely what is at issue in this case.

The curriculum that the Plaintiffs believe constitutes an improper establishment of religion does two things.  First, it requires that science

teachers, before teaching Darwin's theory of biological evolution, read a
short statement informing students that Darwin's theory of evolution
contains certain gaps for which there is no scientific evidence.  In the
statement, teachers are also required to advise students that "[i]ntelligent
design is an explanation of the Origin of Life that differs from Darwin's
view," and that the reference book, *Of Pandas and People*, is available for
students who choose to learn more about this differing view.  Second, the
curriculum makes sure that ninth graders actually have access to books that
discuss this opposing viewpoint.  To accomplish this, the Dover Area School
District ensures that sufficient copies of *Of Pandas and People* are available
for students who choose to explore intelligent design.  The donated
textbooks are currently housed in the school library.

The Applicants have a substantial legal interest, rooted in the First
Amendment, in making sure that their children are not prevented from
learning about intelligent design.  In *Island Trees Union Free School
District v. PICO*, 457 U.S. 853 (1982), the Supreme Court held that a school
board does not have absolute discretion to remove books from a school
library.  In so finding, the Court recognized that "the First Amendment
rights of students may be directly and sharply implicated by the removal of
books from the shelves of a school library."  *Id.* at 866.  Indeed, the role of

8

the First Amendment is not merely to foster "individual self-expression" but also to "afford[ ] the public access to discussion, debate and the dissemination of information and ideas." *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 783 (1978).

The Constitution protects not just the right to express information and ideas, but also the right "to *receive* information and ideas." *Pico*, 457 U.S. at 867 (quoting *Stanley v. Georgia*, 394 U.S. 557, 564 (1969) (emphasis added).

> This right is an inherent corollary of the rights of free speech and press that are explicitly guaranteed by the Constitution in two senses. First, the right to receive ideas follows ineluctably from the sender's First Amendment right to send them: "the right of freedom of speech and press … embraces the right to distribute literature, and necessarily protects the right to receive it." [citations omitted]. "The dissemination of ideas can accomplish nothing if otherwise willing addressees are not free to receive and consider them. It would be a barren marketplace of ideas that had only sellers and no buyers." [citations omitted].

*Pico*, 457 U.S. at 867. The Applicants have a right to ensure that their children's access to knowledge and ideas will not be impeded simply because some persons do not agree with the content of those ideas. *See Keyisian v. Bd. of Regents*, 385 U.S. 589 (1967) ("students must always

remain free to inquire, to study and to evaluate, to gain new maturity and understanding").

The Applicants here have a substantial interest in making sure that their children are made aware of the fact that there are gaps in the theory of biological evolution. They also have a substantial interest in making sure that their children will be able to explore this subject if they so choose, and in making sure the supplemental textbook *Of Pandas and People* is not removed from Dover High School, especially the library. These interests are more than sufficient to warrant their intervention in this case.

### 3. Interest Jeopardized By Pending Action.

Once an applicant for intervention has established that he or she has a sufficient legal interest in the underlying dispute, the applicant must also show that the interest is in jeopardy in the lawsuit. *See Harris*, 820 F.2d at 596. In making such a determination, the court is obligated to assess the "practicable consequences of the litigation," and "may consider any significant legal effect on the applicants' interest." *Id.* at 601. In other words, there must be a tangible threat to the interest.

The Applicants meet the second prong of the test for intervention as of right. The Plaintiffs in this case seek to prevent science teachers or administrators from informing students that there are gaps in Darwin's

theory of evolution.  They also want to make sure that a supplemental textbook will not be available for students who would like to learn more about this topic.  Evidently, the Plaintiffs are not satisfied that their children, like all ninth graders, will learn and be tested on Darwin's theory of evolution, and, indeed, that their children may be excused from hearing the short statement discussed above, and, of course, none of their children are required to read *Of Pandas and People* or to learn about the ideas contained in that text.  Evidently, the Plaintiffs will be satisfied only if *all* ninth grade students are prevented from learning about intelligent design.

    If the Plaintiffs have their way, students will be not be informed that the theory of biological evolution has gaps and is subject to substantial criticism on that basis.  Further, access to the supplemental textbook *Of Pandas and People* will be limited or denied altogether.  There is thus no doubt that the Applicants' First Amendment right to access information is placed "in jeopardy" by the lawsuit.  The Applicants therefore meet the impairment prong of the test for intervention as of right.

### 4.    Interest Not Adequately Represented.

Finally, to be entitled to intervene as a matter of right, the applicant must demonstrate that his interests are not adequately represented by the existing parties.  *See Hoots v. Pa.*, 672 F.2d 1133, 1135 (3d Cir. 1982). Representation typically is considered inadequate for any one of the following three reasons: (1) although the applicants' interests are similar to those of a party, they are sufficiently diverse that there is a risk that the existing party cannot or will not devote proper attention to the applicant's interest; (2) there is collusion between the representative party and the opposing party; or (3) the representative party is not diligently prosecuting the suit.  *Id.*

In this case, the Applicants meet the inadequate representation prong because there is enough divergence between their interests and the Defendants' interests to present the risk the Applicants' interests will not be pursued.  The facts and legal arguments constituting a defense to the Plaintiffs' establishment claims are distinct from those necessary to protect the Applicants' interests in making sure their children are able to access information and ideas in an academic environment.  It cannot be presumed that the apparent desire to obtain the same result the Defendants' want will sufficiently protect the Applicants' interest.  Nor can it be presumed that a

settlement of the Plaintiffs' claims, should the opportunity for a settlement arise,[1] will adequately address the Applicants' interests.

In sum, then, the Applicants meet each of the requirements necessary for intervention as of right, and this Court should grant their application.

---

[1] Although there is no reason to believe that the Defendants will fail to prosecute their defenses vigorously, attorneys for the Plaintiffs have made comments in the media, including comments aired nationally on the January 13, 2005 edition of the ABC program *Nightline*, suggesting that the Defendants should capitulate to avoid the possibility of paying the Plaintiffs' substantial legal fees.  If these threats were to have the effect that the Plaintiffs' attorneys intend, there is a risk that the matter might be resolved not on its merits, but because of a fear that defending the action will be costly to Dover area taxpayers.  It is important that the Applicants are separately represented so that their interests are not sacrificed by concerns, like that of paying Plaintiffs' legal fees, that are extraneous to the merits of the claims and defenses.

**B.    Permissive Intervention.**

In the event that this Court finds that the Applicants have not satisfied the requirements for intervention as of right, the Applicants alternatively request that the Court grant their application under Federal Rule 24(b), which provides for permissive intervention.  Under Rule 24(b), upon timely application, anyone may be permitted to intervene in an action when the applicants' claim or defenses in the main action have a question of law or fact in common.  *See* F. R. Civ. P. 24(b).  Whether to grant permissive intervention, as the doctrine's name suggests, is within the discretion of the Court.  The issues raised in this matter are of great public importance, and the public will be better served if all competing interests are heard and considered in resolving this matter.

## III.   **CONCLUSION**

For the reasons set forth above, this Court should grant this

application for intervention.

Dated: January 17, 2005          Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By:   _____/s/_____
John B. Dempsey (PA 88017)
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215)988-2700
(215)988-2757 (fax)
john.dempsey@dbr.com

*Of Counsel*

DRINKER BIDDLE & REATH LLP
Alfred W. Putnam, Jr. (PA 28621)
Jason P. Gosselin (PA 76382)
Stephen A. Serfass (PA 79376)
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

THE RUTHERFORD INSTITUTE
John W. Whitehead
Douglas McKusick
P.O. Box 7482
Charlottesville, VA 22906
(434)978-3888

*For Michael and Sheree Hied, Raymond and*
*Cynthia Mummert, and James and Martha*
*Cashman*