## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 04-CV-2688 |
| | ) | (Hon. Judge Jones) |
| v. | ) | |
| | ) | |
| DOVER AREA SCHOOL DISTRICT and | ) | **DEFENDANTS' MOTION** |
| DOVER AREA SCHOOL DISTRICT | ) | **TO DISMISS PURSUANT** |
| BOARD OF DIRECTORS, | ) | **TO FED. R. CIV. P. 12** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants Dover Area School District and Dover Area School District Board of Directors (collectively referred to as "DASD"), through counsel, hereby move this Court to dismiss certain Plaintiffs and claims pursuant to Rules 12(c) and 12(h)(2) & (3) of the Federal Rules of Civil Procedure.

In this motion, DASD is asking the Court to do the following:

1

1.      Dismiss Plaintiffs Beth A. Eveland and Cynthia Sneath because they lack standing and their claims are not ripe for adjudication;

2.      Dismiss Plaintiff Julie Smith and Plaintiffs Aralene ("Barrie") D. and Frederick B. Callahan because they lack standing and their claims are moot;

3.      Dismiss Plaintiffs' claim of a "coerced religious practice" under Article I, § 3 of the Pennsylvania Constitution because Plaintiffs have not alleged facts sufficient to support such a claim; and

4.      Dismiss Plaintiffs' claims of improper use of public monies and appropriations brought pursuant to Article III, §§ 15 & 29 of the Pennsylvania Constitution because Plaintiffs have failed to allege sufficient facts to support these claims.

In support of this motion, DASD relies upon the pleadings and its brief, which is filed with this motion.

Article III of the U.S. Constitution limits this Court's jurisdiction to live cases or controversies.   Moreover, as a practical matter, dismissing certain Plaintiffs and claims will aid this Court and the parties by focusing the litigation on those parties and issues that are legally significant.   This will promote judicial economy and prevent the needless waste of legal resources.

Pursuant to LR 7.1, DASD's counsel sought concurrence in this motion from Plaintiffs' counsel on January 20, 2005, and it was denied.

Respectfully submitted this 28th day of January, 2005.


By: _____

Robert J. Muise (MI P62849)*
Richard Thompson (MI P21410)*
Patrick T. Gillen (MI P47456)*
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
(734) 827-2001
Fax: (734) 930-7160

* Admitted *pro hac vice*

Ron Turo
TURO LAW OFFICES
29 South Pitt Street
Carlisle, Pennsylvania 177013
(717) 245-9688

*Attorneys for Defendants*