**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAMMY KITZMILLER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 04-CV-2688 |
| | ) | (Hon. Judge Jones) |
| v. | ) | |
| | ) | **DEFENDANTS' BRIEF** |
| DOVER AREA SCHOOL DISTRICT and | ) | **IN SUPPORT OF MOTION** |
| DOVER AREA SCHOOL DISTRICT | ) | **TO DISMISS** |
| BOARD OF DIRECTORS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................iii

PROCEDURAL HISTORY ................................................................ 1

QUESTIONS INVOLVED ................................................................. 1

INTRODUCTION ............................................................................. 2

FACTS ........................................................................................... 3

ARGUMENT................................................................................... 7

    I.      STANDARD UNDER FED. R. CIV. P. 12(c) ..................................... 7

    II.     CERTAIN PLAINTIFFS LACK STANDING AND SHOULD BE DISMISSED ................................................................ 7

          A.     Plaintiffs Who Have Children That Have Either Passed The Ninth Grade Or Who Are Not In The Ninth Grade Have Not Suffered Any Actual Injury ................. 9

          B.     Certain Claims For Prospective Relief Are Moot .................... 11

          C.     Certain Claims Are Not Ripe .................................................. 12

    III.    THIS COURT SHOULD DISMISS CERTAIN STATE LAW CLAIMS................................................................................ 15

          A.     Plaintiffs' "Coerced Religious Practice" Claim Should Be Dismissed................................................................ 15

          B.     Plaintiffs Failed To State A Claim Under Article III, §§ 15 & 29 Of The Pennsylvania Constitution ................. 17

CONCLUSION ................................................................................ 18

i

CERTIFICATE OF COMPLIANCE ....................................................................... 21

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                 **Page**

*Abington v. Schempp,*
374 U.S. 203 (1963) ............................................................. 15

*ACLU-NJ v. Township of Wall,*
246 F.3d 258 (3rd Cir. 2001) ........................................... 6, 18

*Altman v. Bedford Cent. Sch. Dist.,*
245 F.3d 49 (2nd Cir. 2001) ........................................ 8, 12, 16

*Auerbach v. Board of Educ.,*
136 F.3d 104 (2nd Cir. 1998) ........................................... 14

*Bauchman v. West High Sch.,*
132 F.3d 542 (10th Cir. 1997) .......................................... 16

*City of Los Angeles v. Lyons,*
461 U.S. 95 (1983) ......................................................... 8, 9, 10

*Cole v. Oroville Union High Sch. Dist.,*
228 F.3d 1092 (9th Cir. 2000) .......................................... 10

*Commonwealth v. Perkins,*
342 Pa. 529, 21 A.2d 45 (1941) ........................................ 17

*Donovan v. Punxsutawney Area Sch. Bd.,*
336 F.3d 211 (3rd Cir. 2003) ..................................... 8, 11, 12

*Doremus v. Board of Educ.,*
342 U.S. 429 (1952) ...................................................... 17, 18

*Engel v. Vitale,*
370 U.S. 421 (1962) ......................................................... 15

*Grove v. Mead Sch. Dist.,*
753 F.2d 1528 (9th Cir. 1985) .......................................... 16

*Khodara Environmental, Inc. v. Blakey*,
376 F.3d 187 (3rd Cir. 2004) ............................................................ 13

*Lombardo v. State Farm*,
800 F.Supp. 208 (E.D. Pa. 1992) ......................................................... 7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ............................................................................. 9

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3rd Cir. 1997) ...................................................... 15, 18

*Ohio Forestry Ass'n, Inc. v. Sierra Club*,
523 U.S. 726 (1998) ........................................................................... 14

*Philadelphia Federation of Teachers v. Ridge*,
150 F.3d 319 (3rd Cir. 1998) ....................................................... 13-14

*Springfield Sch. Dist. v. Department of Ed.*,
483 Pa. 539, 397 A.2d 1154 (1979) .................................................. 17

*Texas v. United States*,
423 U.S. 296 (1998) ........................................................................... 13

*Turbe v. Government of the Virgin Islands*,
938 F.2d 427 (3rd Cir. 1991) ............................................................. 7

*Valley Forge Christian College v. Americans United for Separation of
Church and State, Inc.*,
454 U.S. 464 (1982) ..................................................................... 7-8, 9

*Wiest v. Mt. Lebanon Sch. Dist.*,
457 Pa. 166, 320 A.2d 363 (1974) ................................................ 15, 16

*Whitmore v. Arkansas*,
495 U.S. 149 (1990) ........................................................................... 10

## **Statutes**

28 U.S.C. § 1367(c) ............................................................................ 11

**<u>Other Authorities</u>**

5A Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1367 (1990)...................................................................................................................... 7

Pa. Const. Art. III, § 15 ............................................................................................ 17

Pa. Const. Art. III, § 29 ............................................................................................ 17

Defendants Dover Area School District and Dover Area School District Board of Directors (collectively referred to as "DASD"), through counsel, hereby submit this brief in support of their motion to dismiss.

## PROCEDURAL HISTORY

On December 14, 2004, Plaintiffs filed a complaint challenging portions of DASD's ninth-grade biology curriculum.  On January 3, 2005, Defendants served their answer, which was subsequently filed with this Court on January 6, 2005. Defendants now move this Court for an order dismissing several Plaintiffs and claims as set forth below.

## QUESTIONS INVOLVED

1.     Whether this Court should dismiss Plaintiffs Beth A. Eveland and Cynthia Sneath because they lack standing and their claims are not ripe for adjudication;

2.     Whether this Court should dismiss Plaintiff Julie Smith and Plaintiffs Aralene ("Barrie") D. and Frederick B. Callahan because they lack standing and their claims are moot;

3.     Whether this Court should dismiss Plaintiffs' claim of "coerced religious practice" (i.e., free exercise of religion) under Article I, § 3 of the Pennsylvania Constitution because Plaintiffs have not alleged facts sufficient to support such a claim; and

4.    Whether this Court should dismiss Plaintiffs' claims of improper use of public monies and appropriations brought pursuant to Article III, §§ 15 & 29 of the Pennsylvania Constitution because Plaintiffs have not alleged facts sufficient to support these claims.

## INTRODUCTION

Plaintiffs are asking this Court to intervene in the management of school affairs and to undermine DASD's right to determine the proper educational policy for its students.  Plaintiffs are doing so by asking this Court to restrict the spectrum of available knowledge for the students at Dover High School and to limit the students' access to information and ideas that Plaintiffs dislike.

Plaintiffs are challenging a portion of DASD's ninth-grade biology curriculum based on certain federal and state constitutional grounds.  Several Plaintiffs lack standing in this action and several claims are either moot or not ripe for adjudication.  As such, these Plaintiffs and claims must be dismissed.

Because Plaintiffs have not alleged facts showing any coercive effect of DASD's biology curriculum on Plaintiffs in the practice or their religion, Plaintiffs cannot advance a "coerced religious practice" (i.e., free exercise) claim.  Therefore, this claim must be dismissed.  Additionally, Plaintiffs have not alleged any facts to support the claim that there is an improper use or appropriation of public monies

under Article III, §§ 15 & 29 of the Pennsylvania Constitution.  Therefore, Plaintiffs have failed to state a claim under these constitutional provisions.

In the final analysis, this Court should dismiss several Plaintiffs and certain claims advanced in this case.  It is a legal imperative that this Court adjudicate live cases or controversies.  As a practical matter, dismissing certain Plaintiffs and claims will also aid this Court and the parties by focusing the litigation on those parties and issues that are legally significant.  This will promote judicial economy and prevent the needless waste of legal resources.

## FACTS

Plaintiffs are parents of children who either attend Dover High School or who claim that their children will attend Dover High School in the future.  For some Plaintiffs, this future time is more than eight years away.  The individual students are not parties to this action.  (*See* Compl. at ¶¶ 3-10).

Plaintiffs' lawsuit challenges a portion of DASD's ninth-grade biology curriculum.  In essence, Plaintiffs object to three components of this curriculum: (1) The critical teaching of Darwin's Theory of evolution, which is the only theory of evolution taught in the science classroom (*see* Compl. at ¶ 27); (2) The reading of a short, one-minute statement that makes students <u>aware</u> of the existence of intelligent design and that there is a book, *Of Pandas and People*, available to the students if they desire further information on this subject; and (3) The placing of

the book *Of Pandas and People* in the school for student reference.  (*See* Compl. at

¶ 44).

A portion of the biology curriculum states as follows:

Students will be made aware of gaps/problems in Darwin's Theory and of other theories of evolution including, but not limited to Intelligent Design.

(Compl. at ¶ 43).

According to the complaint, the brief statement is as follows:

The state standards require students to learn about Darwin's Theory of Evolution and to eventually take a standardized test of which evolution is a part.

Because Darwin's Theory is a theory, it is still being tested as new evidence is discovered.  The Theory is not a fact.  Gaps in the Theory exist for which there is no evidence.  A theory is defined as a well-tested explanation that unifies a broad range of observations.

Intelligent design is an explanation of the origin of life that differs from Darwin's view.  The reference book, Of Pandas and People is available for students to see if they would like to explore this view in an effort to gain an understanding of what intelligent design actually involves.  As is true with any theory, students are encouraged to keep an open mind.

The school leaves the discussion of Origins of Life up to individual students and their families.  As a standards-driven district, class instruction focuses on the standards and preparing students to be successful on standards-based assessments.

(Compl. at ¶ 40).

Pursuant to DASD policy, intelligent design will <u>not</u> be taught in the class

nor is teaching it part of the curriculum.  Additionally, teachers are <u>not</u> permitted to

teach creationism or present his/her or the School Board's religious beliefs in the classroom. (Compl. at ¶ 40).

The challenged curriculum is for the ninth-grade biology class, and it was implemented for the first time in the 2004/2005 school year. (*See* Compl. at Intro. & ¶¶ 33, 40, 44, 45).

The biology curriculum promotes critical thinking, and it provides students with greater access to information (*see* Compl. at ¶ 40), thereby promoting education.

Plaintiff Beth A. Eveland is the parent of a child in the <u>first grade</u> in the Dover Area School District and of a child of <u>pre-school age</u>. (Compl. at ¶ 7). Similarly, Plaintiff Cynthia Sneath is the parent of a child in the <u>first grade</u> and of a child of <u>pre-school age</u>. (Compl. at ¶ 8). These Plaintiffs' children are at least eight years away from taking the ninth-grade biology class.

Plaintiff Julie Smith is the parent of a child in the <u>tenth grade</u> at Dover High School. (Compl. at ¶ 9). Similarly, Plaintiffs Aralene ("Barrie") D. and Frederick B. Callahan are the parents of a child in the <u>tenth grade</u> at Dover High School. (Compl. at ¶ 10). These Plaintiffs' children have already passed the ninth-grade and will therefore not take the biology class involving the challenged curriculum.

In their complaint, Plaintiffs seek (1) a declaratory judgment that the challenged portions of DASD's biology curriculum violate the Establishment

Clause of the U.S. Constitution and Article I, § 3 and Article III, §§ 15 and 29 of the Pennsylvania Constitution, (2) an injunction prohibiting DASD from implementing the challenged portions of the biology curriculum and requiring the removal of the book, *Of Pandas and People*, from DASD's "science classrooms," and (3) nominal damages against DASD for allegedly violating Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution and Article I, § 3, and Article III, §§ 15 and 29 of the Pennsylvania Constitution.  (Compl. at ¶¶ 49-56 & "Prayer for Relief").

Plaintiffs have no basis for asserting taxpayer standing.[1]   Rather, Plaintiffs' standing is predicated on their ability to assert the claims of their minor schoolchildren, so long as these children will suffer an "injury" as a result of DASD's ninth-grade biology curriculum.   As demonstrated below, several Plaintiffs lack standing and several claims must be dismissed.

_____

[1] There is no "out of pocket" loss in this case that can be traced to the challenged portions of DASD's biology curriculum.  Indeed, even the books *Of Pandas and People* were donated to the school.  (Compl. at ¶ 42).  *See ACLU-NJ v. Township of Wall*, 246 F.3d 258, (3rd Cir. 2001) (holding that plaintiffs lacked standing as municipal taxpayers by failing to carry their burden of proving an expenditure of revenues that would make their suit "a good-faith pocketbook action").

## ARGUMENT

### I.    STANDARD UNDER FED. R. CIV. P. 12(c).

A Rule 12(c) motion serves as a vehicle for raising several of the defenses enumerated in Rule 12(b) after the close of the pleadings. *See Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3rd Cir. 1991); *see also* 5A Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1367 (1990).

When ruling on DASD's motion, this Court should apply the same standards for granting relief as would be applied had the motion been brought under Rules 12(b)(1) or (6).[2] *See Turbe*, 938 F.2d at 428; *Lombardo v. State Farm*, 800 F.Supp. 208, 211 (E.D. Pa. 1992).

### II.    CERTAIN PLAINTIFFS LACK STANDING AND SHOULD BE DISMISSED.

Article III of the Constitution limits this Court's jurisdiction to live cases or controversies. "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Valley Forge Christian College v. Americans*

---

[2] Fed. R. Civ. P. 12(h)(2) specifically allows a motion for failure to state a claim to be brought by way of a Rule 12(c) motion. *See Turbe*, 938 F.2d at 428. Similarly, a jurisdictional challenge may be brought via a Rule 12(c) motion pursuant to Fed. R. Civ. P. 12(h)(3).

*United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted).   The basis for Plaintiffs' standing in this case is the alleged "harm" to their minor schoolchildren who might be "injured" as a result of the challenged curriculum.   *See Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 217 n.2 (3rd Cir. 2003) (noting that parents independently have standing to assert the claims of their minor children); *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2nd Cir. 2001) (same).   None of the Plaintiffs' children are parties in this action.

As a result, several Plaintiffs have not and cannot show any "actual or threatened" injury because none of their children will ever have the ninth-grade biology curriculum at issue and therefore will never suffer any cognizable "harm." Moreover, several Plaintiffs' claims are not ripe because their children are too far removed from the challenged ninth-grade biology curriculum.

Article III requires that a plaintiff have a "'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citation omitted).   This constitutional standing requirement prevents the judicial process from becoming "no more than a vehicle for the vindication of the value interests of concerned bystanders." *Valley Forge,* 454 U.S. at 473 (quotations and citation omitted).   Thus, '[a]bstract injury

is not enough.  The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate' not 'conjectural' or 'hypothetical.'"  *Lyons*, 461 U.S. at 101-02.  And it is of course well established that "[t]he party invoking federal jurisdiction bears the burden of establishing these elements."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

**A.   Plaintiffs Who Have Children That Have Either Passed The Ninth Grade Or Who Are Not In The Ninth Grade Have Not Suffered Any Actual Injury.**

The focus of Plaintiffs' complaint is on the ninth-grade biology curriculum. Thus, any student who has already passed the ninth grade or who is too far removed from the ninth grade has not suffered any actual or threatened injury. *Valley Forge*, 454 U.S. at 472 ("Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant'") (citation omitted); *see also Lyons,* 461 U.S. at 101-02 ("The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct.").

The children of Plaintiff Smith and of the Callahan Plaintiffs have all passed the ninth grade and will therefore not suffer <u>any</u> constitutional "injury."

Plaintiffs Eveland and Sneath have children who are of pre-school age or in the first grade and, therefore, cannot demonstrate the requisite immediacy of threat of future injury. The likelihood that any of these pre-school children or first-grade students will enroll in the ninth grade at Dover High School is neither certain nor impending. *See Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact.") (citations omitted).

A plaintiff who alleges a future injury must show that he is in danger of sustaining some <u>direct</u> injury that is both "real and immediate." *Lyons,* 461 U.S. at 101-02.

Here, Plaintiff Eveland has a child in *first grade* (eight years removed) and a child of *pre-school age* (more than nine years removed), and Plaintiff Sneath has a child in *first grade* (eight years removed) and a child of *pre-school age* (more than nine years removed). The great amount of time that exists before these Plaintiffs' children are exposed, if ever, to the challenged biology curriculum—more than eight years—shows that their claimed injury is hardly "imminent" or "immediate" and should be dismissed. *See Cole v. Oroville Union High Sch. Dist.,* 228 F.3d 1092, 1100 (9th Cir. 2000) (holding that students, parents and others likely to attend future high school graduations lacked standing to challenge school practice

prohibiting sectarian speeches and prayers as part of the graduation ceremony "because the likelihood that they will suffer a future injury depends upon [a] highly speculative assumption").

In the final analysis, the minor children of Plaintiff Smith and of the Callahan Plaintiffs will never have the challenged ninth-grade biology curriculum; therefore, these Plaintiffs cannot show any injury sufficient to confer standing in this case. Additionally, any alleged injury of Plaintiffs Eveland and Sneath as it relates to the challenged curriculum is far too remote or speculative to confer standing. Therefore, these Plaintiffs must be dismissed.[3]

### B.    Certain Claims For Prospective Relief Are Moot.

The claims for prospective relief made by Plaintiff Smith and by the Callahan Plaintiffs should be dismissed because these claims are moot. The children of the Smith and Callahan Plaintiffs will never be exposed to the alleged policy because they have already passed the ninth grade.

"'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Donovan*, 336 F.3d at 216 (citations omitted). If circumstances develop in a lawsuit that "eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being

---

[3] Because this Court should dismiss the federal claims of these Plaintiffs, this Court should similarly decline to exercise supplemental jurisdiction over their state law claims. 28 U.S.C. § 1367(c).

able to grant the requested relief, the case must be dismissed as moot." *Id.* "'The availability of declaratory [and injunctive] relief depends on whether there is a live dispute between the parties.'" *Id.* "When a student challenges the constitutionality of a school policy, graduation typically moots her claim for injunctive or declaratory relief." *Id.*

Because the children of Plaintiff Smith and of the Callahan Plaintiffs will never have the challenged curriculum, these Plaintiffs' claims are moot. And because these Plaintiffs have not alleged that they have any younger children who will attend ninth grade, this is not a situation where their claims are capable of repetition, yet evading review. *Donovan,* 336 F.3d at 216-17*; see Altman v. Bedford Cent. Sch. Dist.,* 245 F.3d 49 (2nd Cir. 2001) (finding that plaintiffs lacked standing and noting that the "capable of repetition, yet evading review" exception is not available when the issue is students' rights and the complaining students will no longer be effected by the challenged policy).

### C.    Certain Claims Are Not Ripe.

The claims of Plaintiffs Eveland and Sneath are not ripe, and they will suffer no direct or immediate hardship if this Court dismisses them. Plaintiffs Eveland and Sneath each have children of pre-school age and in the first grade. Therefore, these children are at least eight years away from attending Dover High School and

the ninth-grade biology class.  These Plaintiffs' claims are therefore remote and speculative and not ripe for adjudication.

A court must determine whether a claim is ripe to avoid premature adjudication and to avoid becoming entangled in abstract disagreements.  "The ripeness doctrine serves to 'determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'"  *Khodara Environmental, Inc. v. Blakey*, 376 F.3d 187, 196 (3rd Cir. 2004).

"Ripeness 'requir[es a court] to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"  *Texas v. United States*, 523 U.S. 296, 301 (1998) (citation omitted).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Id.* at 300.

These Plaintiffs' children are clearly in no immediate danger of being "injured" by the ninth-grade biology curriculum at issue.  They are years away from attending the ninth grade, assuming that they even attend the ninth grade at Dover High School.  Thus, these Plaintiffs will face no hardship if this Court defers resolution of their claims, which are based on contingent future events that may never occur.  *Id.; see Philadelphia Federation of Teachers v. Ridge,* 150 F.3d

13

319, 325 (3rd Cir. 1998) (dismissing a case "arguably fit for review" due to lack of hardship).

Also, these Plaintiffs will not suffer sufficient hardship simply because they may have to face returning to court in the speculative event that they actually do encounter the challenged curriculum in the future. *See Ohio Forestry Ass'n, Inc. v. Sierra Club,* 523 U.S. 726, 735 (1998) ("[T]he Court has not considered this kind of litigation cost saving sufficient by itself to justify review in a case that would otherwise be unripe.").

In short, a case is not ripe where the injury-triggering event has not yet occurred. For example, in *Auerbach v. Board of Educ.,* 136 F.3d 104 (2nd Cir. 1998), fourteen teachers challenged a school district's early retirement plan. The court affirmed the dismissal of six plaintiffs on ripeness grounds, as these six plaintiffs had not retired at the time the lawsuit was filed. *Id.* at 109 ("This claim is contingent upon retirement. Nevertheless, the factual event forming the basis of the claim, i.e., their retirement, had not occurred at the commencement of the action."). As in *Auerbach*, the factual event forming the basis of these Plaintiffs' claims, enrollment in the ninth-grade biology class, had not occurred at the commencement of the action. Because the claims of these Plaintiffs rest on future events that may never occur, their claims are not ripe and should be dismissed.

## III.   THIS COURT SHOULD DISMISS CERTAIN STATE LAW CLAIMS.

### A.   Plaintiffs' "Coerced Religious Practice" Claim Should Be Dismissed.

Plaintiffs are advancing a claim pursuant to Art. I, § 3 of the Pennsylvania Constitution based on the conclusory allegation that DASD's biology curriculum results in a "coerced religious practice." (Compl. at ¶ 55). This bald assertion is insufficient to support their claim. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir. 1997) (noting that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss").

Plaintiffs' "coerced religious practice" (i.e., free exercise of religion) claim should be dismissed because Plaintiffs have not alleged facts showing any coercive effect of DASD's biology curriculum on Plaintiffs in the practice of their religion.

A violation of a plaintiff's right to the free exercise of religion "is predicated on coercion." *See Abington v. Schempp*, 374 U.S. 203, 223 (1963); *see also Engel v. Vitale*, 370 U.S. 421, 430 (1962) (noting that the Establishment Clause, unlike the Free Exercise Clause, does not depend upon any showing of direct governmental compulsion); *Wiest v. Mt. Lebanon Sch. Dist.*, 457 Pa. 166, 174, 320 A.2d 362, 366 (1974) ("The protection of rights and freedoms secured by [Article I, § 3] of our Constitution, however, does not transcend the protection of the First Amendment of the United States Constitution."). Therefore, without a showing of involuntariness or a requirement to attend or participate in the challenged

15

curriculum (i.e., a showing that the student is not able to opt-out of the curriculum to which the parent objects), there is no free exercise violation or "coerced religious practice." *See, e.g., Wiest*, 457 Pa. at 171, 320 A.2d at 365 (finding no free exercise violation in case brought pursuant to First Amendment and Article I, § 3 where attendance at graduation ceremony was voluntary); *Altman*, 245 F.3d at 80 (rejecting free exercise challenge to Earth Day ceremonies at public high school and stating, "Absent a finding that students were required to attend or participate in the Earth Day ceremonies, we conclude that there was no interference with plaintiffs' free exercise of their chosen religion"); *Grove v. Mead Sch. Dist.*, 753 F.2d 1528, 1533 (9th Cir. 1985) (holding that school's refusal to remove from the curriculum a book to which a parent objected did not violate free exercise rights where the student was excused from reading the book); *Bauchman v. West High Sch.*, 132 F.3d 542, 557-558 (10th Cir. 1997) (affirming dismissal of free exercise claim by Jewish student who challenged choir teacher's choice of Christian devotional music, where student had option of choosing not to participate in songs she found offensive).

In this case, Plaintiffs have not alleged facts demonstrating any "coercion" on the practice of their religion, nor have they alleged that DASD requires students to participate in the challenged curriculum. Therefore, there is no "coerced religious practice" in this case, and this claim should be dismissed.

16

**B.    Plaintiffs Failed To State A Claim Under Article III, §§ 15 & 29 Of The Pennsylvania Constitution.**

Plaintiffs' state law claims predicated on the "impermissible appropriation of state funds" (*see* Compl. at ¶ 55) fail because Plaintiffs have not alleged facts sufficient to demonstrate such a claim.[4]    For constitutional purposes, "appropriation" means "a designation of money raised by taxation to be withdrawn from the public treasury for a specifically designated purpose." *Commonwealth. v. Perkins*, 342 Pa. 529, 532, 21 A.2d 45, 48 (1941); *see also Springfield Sch. Dist. v. Department of Ed.*, 483 Pa. 539, 571, 397 A.2d 1154, 1170-71 (1979) (noting that the limitations contained in Art. I, § 3 and Art. III, §§ 15 & 29 "do not extend beyond those announced by the United States Supreme Court in interpreting the first amendment to the federal constitution" and that "the limitations provided in Article III, Sections 15 and 29 apply only when state funds flow to the sectarian school or institution"); *see also Doremus v. Board of Educ.*, 342 U.S. 429, 433 (1952) (finding that plaintiffs failed to establish a direct monetary injury to raise First Amendment challenge, as they did not allege that the Bible reading was

_____

[4] Article III, § 15 states that "[n]o money raised for the support of the public schools . . . shall be appropriated to or used for the support of any sectarian school." Pa. Const. Art. III, § 15.   Article III, § 29 states, in relevant part, that "[n]o appropriation shall be made for charitable, educational or benevolent purposes . . . to any denominational and sectarian institution." Pa. Cont. Art. III, § 29.

"supported by any separate tax or paid for from any particular appropriation or that it adds any sum whatever to the cost of conducting the school").

In the present case, Plaintiffs have not alleged, nor could they, that any public monies were improperly designated or appropriated for the challenged portion of the ninth-grade biology curriculum.  Indeed, no public monies were even used for the purchase of the book *Of Pandas and People*.  This book was donated to the school.  (Compl. at ¶ 42).

Therefore, Plaintiffs' conclusory allegation that DASD's biology curriculum "represents an impermissible appropriation of state funds for purposes of sectarian education" fails to state a claim.  *See Morse*, 132 F.3d at 906 (noting that a court need not consider bald assertions or legal conclusions when deciding a motion to dismiss).

Moreover, because Plaintiffs cannot show an expenditure of revenues to which they contribute that would make their claim "a good-faith pocketbook action," they cannot invoke this Court's jurisdiction.  *See ACLU-NJ*, 246 F.3d at 264; *Doremus*, 342 U.S. at 434.   Therefore, this is an additional basis for dismissing this claim.

## **CONCLUSION**

For the above reasons, this Court should grant DASD' motion as follows:

1.     Dismiss Plaintiffs Beth A. Eveland and Cynthia Sneath because they lack standing and their claims are not ripe for adjudication;

2.     Dismiss Plaintiff Julie Smith and Plaintiffs Aralene ("Barrie") D. and Frederick B. Callahan because they lack standing and their claims are moot;

3.     Dismiss Plaintiffs' claim of a "coerced religious practice" under Article I, § 3 of the Pennsylvania Constitution because Plaintiffs have not alleged facts sufficient to support such a claim; and

4.     Dismiss Plaintiffs' claims of improper use of public monies and appropriations brought pursuant to Article III, §§ 15 & 29 of the Pennsylvania Constitution because Plaintiffs have failed to allege sufficient facts to support these claims.

Respectfully submitted this 28th day of January, 2005.


By: _____
    Robert J. Muise (MI P62849)*
    Richard Thompson (MI P21410)*
    Patrick T. Gillen (MI P47456)*
    THOMAS MORE LAW CENTER
    24 Frank Lloyd Wright Drive
    P.O. Box 393
    Ann Arbor, Michigan 48106
    (734) 827-2001
    Fax: (734) 930-7160

    * Admitted *pro hac vice*

19

Ron Turo
TURO LAW OFFICES
29 South Pitt Street
Carlisle, Pennsylvania 17013
(717) 245-9688

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to LR 7.8(b) the foregoing Defendants' Brief In Support Of Motion To Dismiss has a typeface of 14 points Times New Roman and contains 4,310 words, in compliance with this rule.

Dated:        January 28 , 2005.


Robert J. Muise (MI P62849)*
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
(734) 827-2001
Fax: (734) 930-7160

* Admitted *pro hac vice*

21