# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 04-CV-2688 |
| ) | (Hon. Judge Jones) |
| v. ) | |
| ) | |
| DOVER AREA SCHOOL DISTRICT and ) | **DEFENDANTS' RESPONSE** |
| DOVER AREA SCHOOL DISTRICT ) | **TO MOTION TO** |
| BOARD OF DIRECTORS, ) | **INTERVENE** |
| ) | |
| Defendants. ) | |
| ) | |

Defendants Dover Area School District and Dover Area School District Board of Directors (collectively referred to as "DASD"), through counsel, hereby file this response to Michael and Sheree Hied, Raymond and Cynthia Mummert, and James and Martha Cashman's (collectively referred to as "Applicants") motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. DASD does not oppose this motion.

## PROCEDURAL HISTORY

On December 14, 2004, Plaintiffs filed a complaint challenging portions of DASD's ninth-grade biology curriculum. On January 3, 2005, Defendants served their answer, which was subsequently filed with this Court on January 6, 2005.

On January 14, 2005, this Court entered a scheduling order setting certain deadlines for litigating this case, including a discovery cut-off date of June 15, 2005 and a trial date of September 26, 2005.

On January 17, 2005, Applicants filed a timely motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## INTRODUCTION

Applicants are parents of children who attend schools in the Dover Area School District. These parents are seeking to intervene in this case to have their voices heard on an important issue that may profoundly affect their children's fundamental, constitutional rights.

Unlike many of the Plaintiffs,[1] Applicants' children are presently in the ninth grade or will soon be enrolling in the ninth grade at Dover High School. These parents are asserting their children's fundamental right to receive information and to have access to ideas. The First Amendment guarantees this right.

Through this lawsuit, Plaintiffs are seeking to determine for <u>all</u> of the parents of the Dover Area School District what information the students are allowed to receive and which books are allowed in the school. Plaintiffs are seeking, *inter alia*, to enjoin DASD from making students aware of the scientific controversy surrounding evolution and to remove the book *Of Pandas and People* from DASD's "science classrooms."[2]

## ARGUMENT

In *Board of Education v. Pico*, 457 U.S. 853, 866-67 (1982), the Court stated that a student's "right to receive information and ideas" is protected by the United

---

[1] As DASD noted in its motion to dismiss, several Plaintiffs have children who have already passed the ninth grade and will, therefore, never have the ninth-grade biology curriculum at issue, and two of the Plaintiffs have children that are more than eight years removed from the challenged ninth-grade biology curriculum, assuming they even attend high school in Dover.

[2] Although Plaintiffs' "Prayer for Relief" asks this Court to remove *Of Pandas and People* from DASD's "science classrooms"—leaving aside for the moment the appropriateness of asking a federal court to remove books from <u>any</u> classroom—when questioned directly about this book during her deposition, Plaintiff Kitzmiller plainly stated, "I don't feel it should be <u>anywhere</u> in the school at all." (*See* Kitzmiller Dep. at 100-01 at Ex. 1) (emphasis added).

States Constitution as "an inherent corollary" of the First Amendment's right to freedom of speech. Thus, "the State may not, consistently with the spirit of the First Amendment, contract the spectrum of available knowledge." *Id.* (internal quotations and citations omitted).

Plaintiffs in this case seek to "contract the spectrum of available knowledge" for Applicants' children, and they seek to remove books from DASD's "classrooms." Therefore, Applicants' fundamental, First Amendment rights are clearly at stake in this case, and they have a legally cognizable interest in this dispute sufficient to warrant this Court granting their motion to intervene.[3]

DASD contends that Applicants' motion is timely, that they have a significant legal interest in this case, and that Applicants' intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

## CONCLUSION

In the final analysis, Applicants' interest in this case is an important one, and it is one that this Court should be made fully aware of when rendering a decision that will undoubtedly have an impact beyond the parties presently involved in this

---

[3] DASD intends to vigorously defend its ability to make educational policy for the district and to provide its students with greater access to information and ideas against Plaintiffs' feckless efforts to restrict the spectrum of knowledge available to students. Nonetheless, Applicants are private citizens with individual liberty interests that are protected by the First Amendment, and these liberty interests are at stake in this case.

action. Therefore, Defendants have no objections to Applicants' motion to intervene.

Respectfully submitted this 4th day of February, 2005.

By: _____
Robert J. Muise (MI P62849)*
Richard Thompson (MI P21410)*
Patrick T. Gillen (MI P47456)*
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
(734) 827-2001
Fax: (734) 930-7160

* Admitted *pro hac vice*

Ron Turo
TURO LAW OFFICES
29 South Pitt Street
Carlisle, Pennsylvania 17013
(717) 245-9688

*Attorneys for Defendants*