# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY KITZMILLER; et al.  )
                          )
                          )
                          )
       Plaintiffs,        )   Civil Action No.  04-CV-2688
                          )   (M.D. Pa.)
                          )
       v.                 )   Hon. John E. Jones III
                          )
                          )
DOVER AREA SCHOOL         )   **Defendants' Memorandum**
DISTRICT; et al.,         )   **Of Law In Support Of**
                          )   **Motion For A Protective Order**
                          )
       Defendants.        )
                          )
                          )
_____)

## INTRODUCTION AND STATEMENT OF ISSUE PRESENTED

This matter is before the Court on the Defendants' motion to enter a protective order barring Plaintiffs from discovery with respect to the draft of a work by Defendants' expert, William A. Dembski, that will be called *The Design Of Life*, or inquiring into private communications between Dembski and individuals who have collaborated with him in connection with the production of that draft, or his other efforts to promote Intelligent Design Theory ("IDT"), including his communications with officers, employees, agents, supporters or other individuals with whom Dembski has communicated in connection with his association with, and work for, the Foundation For Thought And Ethics. Thus, the issue presented by Defendants' motion is whether Defendants make the showing of good cause needed to justify entry of a protective order barring this discovery pursuant to Fed.R.Civ.P 26(c)(1).

This Court should grant the Defendants' motion for a number of simple and related reasons. First, the draft-in-progress is not a basis for Dembski's opinion in this case. Second, the draft, which is unfinished, has a very weak and attenuated relationship with the text at issue in this case, *i.e.*, *Of Pandas and People*, and the Plaintiffs' have abundant information relating to the *Of Pandas* text. Third, requiring Dembski to produce the draft will force him to breach a fiduciary duty to

keep the work-in-progress confidential and also cause serious harm to the commercial and educational prospects of the text. Fourth, requiring Dembski to disclose private communications concerning the draft, his efforts to promote IDT, or his association with (and work for) the FTE, will impede his ability to engage in speech and association for the purpose of promoting IDT and the work of the FTE. As explained further below, each of these considerations represents the "good cause" needed to justify entry of a protective order.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background for the Defendants' motion is as follows. Pursuant to this Court's order the parties are engaged in discovery. Defendants have retained William A. Dembski as an expert, and Dembski has provided an expert report. Exhibit 1 and 1-A. In his report Dembski mentioned the draft of a text to be titled, *The Design Of Life*, a successor text to the text presenting IDT entitled *Of Pandas and People*, which Defendants' have placed in the library at Dover High School. See Ex. 1-A at p 10. Based upon that reference the Plaintiffs have requested a copy of the draft for *The Design Of Living*. See Ex. 1-B. In addition, Plaintiffs have issued a subpoena seeking documents and testimony from Jon Buell of the FTE. See Ex. 1-C.

Dembski has asked the Defendants to oppose production of the draft and

prevent the Plaintiffs from prying into the speech and association that he has engaged in as part of his work on the draft, *The Design of Living*, his efforts to promote IDT, and his work with the FTE. Ex. 1 at ¶ 5. Dembski is so concerned about this chilling effect that he has considered withdrawing from the case, but feels that–in so doing–he would be stripped of his right to speech and association in furtherance of IDT, an issue which he believes has tremendous potential for public education. Id.

Dembski's objections to the Plaintiffs' effort to pry into his work-in-progress, as well and the speech and association he has engaged in as part of his effort to promote IDT, are numerous and well taken. He objects to the Plaintiffs' discovery on the following grounds. The draft-in-progress is not a basis for Dembski's opinion. See Ex. 1 at ¶ 6. Also, the draft, which is unfinished, has a very weak and attenuated relationship with the text at issue in this case, *i.e.*, *Of Pandas and People*, and the Plaintiffs' have abundant information relating to the *Of Pandas* text. See Ex. 1 at ¶ 7; Ex. 3 at 18-25 (Report of Plaintiffs Expert Barbara Forrest criticizing *Of Pandas*). Further, requiring Dembski to produce the draft will force him to breach a fiduciary duty to keep the work-in-progress confidential and also cause serious harm to the commercial and educational prospects of the text. See Ex. 1 at ¶ 8. And the Plaintiffs have no need of the draft

4

text or inquiry into Dembski's opinions precisely because he has a long public record of statements and published pieces describing his work and opinions on IDT. See Ex. 1-A at 13-26 (Dembski c.v.); cf. Ex. 3 at 15-17, 32-36 (criticism of Dembski by Plaintiffs' expert Barbara Forrest).

In addition, requiring Dembski to disclose private communications concerning the draft, his efforts to promote IDT, or his association with the FTE, will impede his ability to engage in speech and association for the purpose of promoting IDT and the work of the FTE. See Ex. 1 at ¶¶ 9-10; see also Exhibit 1-A at 45-47. Significantly, the Plaintiffs' experts include longstanding critics of Dembski and IDT, who have devoted considerable time and energy to contesting IDT, in general, and Dembski and *Of Pandas* in particular, in the public arena. See Ex. 1 at ¶9; Ex 1-A at 37-47; Exhibit 2 at 7-8 (response to interrogatory 9, referencing NCSE); Ex. 3 at 15-25; 32-35(Report of Plaintiffs' expert, Barbara Forrest, criticizing Dembski and IDT proponents). Likewise significant is that the Plaintiffs have recognized that association and speech relating to this issue of public importance implicates First Amendment freedoms. See Ex. 2 at 7-8 (response to interrogatory 9, objecting to discovery based upon First Amendment rights of expressive association).

## LAW AND ARGUMENT

Dembski's objections provide the showing of "good cause" needed to justify entry of the protective order that Defendants request. Rule 26 reflects the inherent power of the Court to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, and undue burden, upon a showing of good cause, *see Fed.R.Civ.P. 26(c)*, including an order that discover not be had. *Fed. R.Civ.P. 26(c)(1)*. Addressing the purpose of Rule 26(c), the Third Circuit has observed that "[t]he court, in its discretion, is authorized by this subsection to fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests, including the privacy and other confidentiality interests–that might be harmed by the release of material sought." *See Pearson v. Miller*, 211 F.3d 57, 65 (3rd Cir. 2000).

Just as the Third Circuit has recognized Rule 26 should be used to protect unnecessary intrusion on legitimate privacy and confidentiality interests, *see Pearson, supra*, the United States Supreme Court has recognized that "[e]ffective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association...," *see NAACP v. Alabama*, 357 U.S. 449, 460, (1958), and barred discovery into private expressive

association, observing that the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association, particularly where a group espouses dissident beliefs...." *Id.* at 462; *see also Salvation Army v. Department of Community Affairs of the State of New Jersey*, 919 F.2d 183, 200-202 (3rd Cir. 1990)(recognizing that disclosure requirements can infringe First Amendment right to expressive association where, among other things, state action may diminish effectiveness by discouraging association). Where a request for a protective order turns on the confidential nature of information, the party seeking protection must demonstrate the information is confidential and that the harm of disclosure outweighs the need of the party seeking the information. *See e.g. Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D. Pa. 1994)(applying Fed.R.Civ.P. 26(c)(7)).

These legal principles demonstrate that Defendants have made the showing needed to justify entry of the protective order they seek. As demonstrated above, the draft-in-progress is not a basis for Dembski's opinion. See Ex. 1 at ¶ 6. Moreover, the draft, which is unfinished, has a very weak and attenuated relationship with the text at issue in this case, *i.e.*, *Of Pandas and People*, and the Plaintiffs' have abundant information relating to the *Of Pandas* text. See Ex. 1 at ¶ 7; Ex. 3 at 18-25 (Report of Plaintiffs Expert Barbara Forrest criticizing *Of*

*Pandas*). In addition, Plaintiffs have no need of the draft text or inquiry into Dembski's opinions precisely because he has a long public record of statements and published pieces describing his work and opinions on IDT. See Ex. 1-A at 13-26 (Dembski c.v.); cf. Ex. 3 at 15-17, 32-36 (criticism of Dembski by Plaintiffs' expert Barbara Forrest). Further, requiring Dembski to produce the draft will force him to breach a fiduciary duty to keep the work-in-progress confidential and also cause serious harm to the commercial and educational prospects of the text. See Ex. 1 at ¶ 8. These factors alone demonstrate that the balance of benefits and burdens created by Plaintiffs' discovery requests militates in favor of the requested order. Simply put, Plaintiffs' have no real need for the information whereas, in contrast, the burdens created by disclosure of the confidential information are substantial in terms of the probability and gravity of harm to both the educational and commercial prospects for the text.

Dembski's well grounded concern for his freedom of expressive association provide further support for his the protective order sought by the Defendants in this case. Dembski's experience at Baylor makes him virtually certain that requiring disclosure of private communications concerning the draft, his efforts to promote IDT, or his association with the FTE, will impede his ability to engage in speech and association for the purpose of promoting IDT and the work of the FTE.

See Ex. 1 at ¶¶ 9-10; see also Exhibit 1-A at 45-47 (describing adverse career consequences following from allowing publication of an IDT piece). The Plaintiffs' experts include longstanding critics of Dembski and IDT, who have devoted considerable time and energy to contesting IDT in general, Dembski, and *Of Pandas*, in the public arena. See Ex. 1 at ¶9; Ex 1-A at 37-47 (including criticism of Dembski by Eugenie Scott of the NCSE); Exhibit 2 at 7-8 (response to interrogatory 9, referencing NCSE); Ex. 3 at 15-25; 32-35 (Report of Plaintiffs' expert, Barbara Forrest, criticizing Dembski and IDT proponents). There is no question that Dembski's concern is legitimate; indeed, the Plaintiffs themselves have recognized that association and speech relating to this issue of public importance implicates First Amendment freedoms. See Ex. 2 at 7-8 (response to interrogatory 9, objecting to discovery based upon First Amendment rights of expressive association). This additional and well-grounded concern, in an area that receives heightened protection under the law, removes any doubt that the Defendants show good cause for the protective order they seek in this case.

## CONCLUSION

This Court should grant Defendants' motion because the Defendants have shown the good cause needed to justify the protective order they seek pursuant to Rule 26. The Plaintiffs have no real need for the materials and information subject to the Defendants' objection, and the harm posed to Dembski's work on, and the educational and commercial prospects of the upcoming text *The Design Of Life*, as well as the harm posed to Dembski's right to speech and association for the purpose of advancing IDT, presents an undue burden within the meaning of Rule 26. For these reasons, this Court should grant the Defendants' motion and find that discovery not be had with respect to the matters described herein pursuant to Fed.R.Civ.P. 26(c)(1).

May 4, 20045

Patrick T. Gillen (P47456)*
Richard Thompson (P21410)*
Robert J. Muise (P62849)*
THOMAS MORE
LAW CENTER
24 Frank Lloyd Wright Drive
PO Box 393
Ann Arbor, Michigan 48106
(734) 827-2001
*Attorneys for Defendants*
    *admitted pro hac vice*

By:_____
    Ron Turo
    Turo Law Offices
    29 South Pitt Street
    Carlisle, PA 177013