# EXHIBT 2



EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; et al., | |
| Plaintiff, | |
| vs. | Civil Action No. 04-CV-2688 (Hon. Judge Jones) |
| DOVER AREA SCHOOL DISTRICT; DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS, | |
| Defendants. | |

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF CHRISTY REHM

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Christy Rehm ("Plaintiff") hereby responds to Defendants' First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. Plaintiff objects to these Interrogatories to the extent that they seek information concerning communications between Plaintiff and third parties that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Plaintiff objects to these Interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the work-product

doctrine, or that is otherwise protected against or privileged from disclosure by law or rule of court. By way of clarification, it is Plaintiff's understanding that the Interrogatories do not seek information concerning documents sent, received, or created by Plaintiff's counsel, Pepper Hamilton LLP, ACLU of Pennsylvania, and the Americans United for Separation of Church and State, after this action was filed.

3. Plaintiff objects to Defendants' Interrogatories insofar as they seek to impose upon Plaintiff obligations that exceed or are inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

4. Any production of privileged or otherwise protected information, whether advertent or inadvertent, shall not constitute a waiver of the applicable privilege or protection. Plaintiff reserves the right to object to any inadvertently produced information's introduction into evidence at any time before or at trial in this matter.

5. Plaintiff has answered these Interrogatories based upon the information presently known to her. Plaintiff reserves the right to amend, modify, and/or supplement these answers as this litigation progresses.

These general objections are hereby incorporated into each and every answer to the individual Interrogatory as if fully set forth therein. Plaintiff's answers to the individual Interrogatories are provided subject to and without

waiver of the foregoing general objections, whether or not repeated herein, and any other specific objections thereto.

## OBJECTIONS AND ANSWERS

1. Identify each person who assisted you in any way in answering these interrogatories, to include a detailed description of the assistance provided.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent that it seeks information that is neither relevant to any claim or defense in the action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege and/or work product doctrine.

2. Define in detail the terms "science" or "scientific" as those terms are understood for the purposes of your complaint in this case.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent that it seeks discovery of information that will be the subject of expert reports.

Subject to and without waiving this objection and Plaintiff's general objections, Plaintiff will produce responsive expert reports in accordance with the schedule set by this court.

3. In the introduction to your complaint, you claim that "Intelligent design is a non-scientific argument or assertion." Describe every reason for your assertion that intelligent design is "non-scientific."

**ANSWER:** See Answer to Interrogatory No. 2.

4. Define in detail the terms "religious" or "inherently religious" as those terms are understood for the purposes of your complaint in this case.

**ANSWER:** See Answer to Interrogatory No. 2.

5. In your complaint at ¶¶ 29, 30, 31, 36, & 39 you identify, quote, or refer to various statements made by former and present DASD board members. Identify by speaker, date and location made, each and every alleged statement that you have personal knowledge about and identify all persons who were present when these statements were made and/or have personal knowledge regarding these statements.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent that it requests information that, after reasonable investigation, Plaintiff is unable to answer. Specifically, Plaintiff does not know and can not name "all persons who were present" as used in this Interrogatory. Plaintiff further objects to the extent that the information sought is obtainable from some other source which is more convenient, less burdensome, or less expensive.

Subject to and without waiving Plaintiff's specific and general objections, Plaintiff answers as follows: Plaintiff attended the June 7, 2004 school board meeting and has personal knowledge of the statements attributed to Mr. Buckingham in ¶29 of the Complaint. Plaintiff also attended the June 14, 2004 school board meeting and has personal knowledge of the statements attributed to Mr. Buckingham in ¶30 of the Complaint. By way of further Answer, as Defendants are aware, there were multiple people in attendance at the meetings where the alleged statements were made. To the extent that Plaintiffs intend to call

any of these people to testify at trial, Plaintiffs will supplement these Responses with that information.

      6.    Define in detail the term "scientific theory of biological evolution" as used in your complaint.

      **ANSWER:** See Answer to Interrogatory No. 2.

      7.    Define in detail the term "intelligent design" as used in your complaint.

      **ANSWER:** See Answer to Interrogatory No. 2.

      8.    Identify all books, articles, pamphlets, publications, or other such documents that you have read or referred to that relate or refer to intelligent design, evolution, and/or creationism.

      **ANSWER:** Plaintiff objects to this Interrogatory to the extent that it seeks information that is neither relevant to any claim or defense in the action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires identification of documents that will be, or have been, produced or identified in response to the Defendants' Request for the Production of Documents. Subject to and without waiving these objections and Plaintiff's general objections, Plaintiff answers as follows: Text book Biology.

      9.    Identify and describe in detail any and all conversations and/or communications you have had with any members, agents, and/or employees or affiliates of DASD regarding the ninth-grade biology curriculum, the selection of the biology textbook, evolution, intelligent design, and/or creationism, including the name of the person, date and substance of such conversation and/or communication, and persons present, and identify any documents exchanged with such persons relating to these subjects.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent that it seeks information that is neither relevant to any claim or defense in the action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires identification of documents that will be, or have been, produced or identified in response to the Defendants' Request for the Production of Documents. Plaintiff further objects to the extent that the information sought is obtainable from some other source which is more convenient, less burdensome, or less expensive.

Subject to and without waiving these objections and Plaintiff's general objections, Plaintiff answers as follows: Plaintiff was present at the board meetings at which Mr. Rehm spoke. The statements made by Mr. Rehm concerned his disappointment that the resolution related to Intelligent Design had passed.

Plaintiff was present when Mr. Rehm spoke to Carol Brown after she resigned from the school board. In relevant part, Mr. Rehm shared his disappointment in the passing of the resolution related to Intelligent Design.

Plaintiff was present when Mr. Rehm spoke to Jeff Brown after Ms. Brown resigned from the board. In relevant part, Mr. Rehm shared his disappointment in the passing of the resolution related to Intelligent Design.

Plaintiff was present when Mr. Rehm spoke to Angie Ziegler-Yingling on the night that the vote on the Intelligent Design resolution occurred. Mr. Rehm spoke to Ms. Ziegler-Yingling during a recess of the board meeting. Ms. Zeigler-Yingling stated that she didn't understand why people were so upset about Intelligent Design, and that the board was just trying to enhance the curriculum. Mr. Rehm told Ms. Zeigler-Yingling about his concerns with respect to Intelligent Design at which point Ms. Zeigler-Yingling responded that she did not want Intelligent Design in the curriculum.

Plaintiff was present when Mr. Rehm spoke to Alan Bonsell at the October 18, 2004 school board meeting. During an intermission, Mr. Bonsell expressed his belief to Mr. Rehm that there were holes in evolution so big that you could drive a truck through them.

10. Identify and describe in detail any and all conversations and/or communications you have had with any members, agents, and/or employees or affiliates of the Dover Area Education Association regarding the ninth-grade biology curriculum, the selection of the biology textbook, evolution, intelligent design, and/or creationism, including the name of the person, date and substance of such conversation and/or communication, and persons present, and identify any documents exchanged with such persons relating to these subjects.

**ANSWER:** See Answer to Interrogatory No. 9.

11. Identify and describe in detail any and all conversations and/or communications you have had with any members, agents, and/or employees or affiliates of the National Center for Science Education regarding the ninth-grade biology curriculum, the selection of the biology textbook, evolution, intelligent design, and/or creationism, including the name of the person, date and substance of

such conversation and/or communication, and persons present, and identify any documents exchanged with such persons relating to these subjects.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent that it seeks information that is neither relevant to any claim or defense in the action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory on the grounds that employees of the National Center for Science Education ("NCSE") have served as consulting experts to Plaintiff's counsel. Plaintiff further objects to this Interrogatory on the grounds that some Plaintiffs have been included as recipients on a private email listing setup by the NCSE for people opposed to the Dover Area School District Intelligent Design Policy, as described in the Complaint, and, as such, have received email communications from persons on the listing, and, on a few occasions, sent emails to persons on the listing, about the subject matter of this action, including evolution, intelligent design, creationism, and related subjects, and that such communications are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence and that disclosure of such email communications would interfere with the free speech and association rights of Plaintiffs and third parties from whom they received or to whom they sent such communications.

12. Identify and describe in detail any and all conversations and/or communications you have had with any members, agents, and/or employees or affiliates of the Discovery Institute regarding the ninth-grade biology curriculum, the selection of the biology textbook, evolution, intelligent design, and/or creationism, including the name of the person, date and substance of such conversation and/or communication, and persons present, and identify any documents exchanged with such persons relating to these subjects.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent that it seeks information that is neither relevant to any claim or defense in the action nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires identification of documents that will be, or have been, produced or identified in response to the Defendants' Request for the Production of Documents. Plaintiff further objects to the extent that the information sought is obtainable from some other source which is more convenient, less burdensome, or less expensive.

Subject to and without waiving these objections and Plaintiff's general objections, Plaintiff answers as follows: Plaintiff had no conversations and/or communications with any members, agents, and/or employees or affiliates of the Discovery Institute regarding the ninth-grade biology curriculum, the selection of the biology textbook, evolution, intelligent design, and/or creationism.

13. For purposes of your complaint, is there a difference among the terms/theories described as "evolution," "biological evolution," "evolutionary theory" and "Darwin's theory of evolution"? If so, what are the differences? If not,

what is the single definition of the theory of evolution that your complaint is referring to?

**ANSWER:** See Answer to Interrogatory No. 2.

14. Identify and describe in detail any and all conversations and/or communications you have had with any of the defendants in this action regarding the ninth-grade biology curriculum, the selection of the biology textbook, evolution, intelligent design, and/or creationism, including the name of the person, date and substance of such conversation and/or communication, and persons present, and identify any documents exchanged with such persons relating to these subjects.

**ANSWER:** See Answer to Interrogatory No. 9.

15. Identify and describe in detail any documents that you, your attorney, or anyone else acting on your behalf, have in your, his, her, and/or their possession or control that concern any matter related to the ninth-grade biology curriculum, the selection of the biology textbook, evolution, intelligent design, and/or creationism, including the location of said documents.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent that it is overly broad and unduly burdensome to the extent it requires identification of documents that will be, or have been, produced or identified in response to the Defendants' Request for the Production of Documents. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving these objections and Plaintiff's general objections, Plaintiff answers as follows: See Answer to Interrogatory No. 8.

16.   Identify by page number and paragraph all portions of the book *Of Pandas and People*, that is referenced in your complaint, that you consider to be religion, religious, or "inherently religious" and explain why.

**ANSWER:** See Answer to Interrogatory No. 2.

17.   Identify and describe in detail any and all conversations and/or communications you have had with any reporter or other member of the media, including, but not limited to, reporters for the York Daily Record and The York Dispatch, including, but not limited to Joseph Maldonado, Lauri Lebo, and Heidi Berhard-Bubb, regarding the ninth-grade biology curriculum, the selection of the biology textbook, evolution, intelligent design, and/or creationism, and any statements and/or comments by any present or former DASD board member relating to religion or religious beliefs, including the name of the person, date and substance of such conversation and/or communication, and persons present, and identify any documents exchanged with such persons relating to these subjects.

**ANSWER:** Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires identification of documents that will be, or have been, produced or identified in response to the Defendants' Request for the Production of Documents.

Subject to and without waiving this objection and Plaintiff's general objections, Plaintiff answers as follows: Plaintiff spoke to Heidi Berhard-Bubb, Lauri Lebo and a reporter from Nightline whose name Plaintiff is unable to recall. The exact dates of these conversations are not known to Plaintiff, but each occurred at some time after the filing of the Complaint. In general, Plaintiff spoke to each about her concerns with the school board's actions with respect to Intelligent Design. Plaintiff has also discussed her belief that it is inappropriate of the school board to put the science teachers in a position of having to make a

decision between disobeying the school board and breaking the law. Plaintiff was also present at the Press Conference on December 14, 2004, which was attended by numerous reporters.

       18. Identify by date all DASD board meetings that you attended in 2003, 2004, and 2005, indicating whether you attended the entire meeting or only a portion of the meeting and further identifying which portion of the meeting you attended.

       **ANSWER:** Meetings attended in 2003- none. Meetings attended in 2004 – Both June meetings, the October 18 meeting, the first meeting in November of 2004 and the second meeting of December 2004. Meetings attended in 2005 – both meeting in January. All meetings attended by Plaintiff were attended in there entirety other than the October 18, 2004 meeting which Plaintiff left at some point during the intermission.

       19. In ¶ 29 of your complaint you claim that in a public meeting of the defendant Dover Area School Board on <u>June 7, 2004</u>, School Board member William Buckingham criticized the textbook Biology because it is "laced with Darwinism" and advocated the purchase of a biology book that includes theories of creation as part of the text; that at this meeting Mr. Buckingham said that as part of the search for a new biology book, he and others were looking for one that offers balance between the biblical view of creation and Darwin's theory of evolution; that Mr. Buckingham said that there need not be any consideration for the beliefs of Hindus, Buddhists, Muslims or other competing faiths and views; and that Mr. Buckingham stated, "This country wasn't founded on Muslim beliefs or evolution. This country was founded on Christianity and our students should be taught as such." Do you have personal knowledge of your claim that all of these statements attributed to Mr. Buckingham were made during the June 7, 2004 meeting? Identify all persons with such personal knowledge and identify all documents that support your claim that all of these attributed statements were made as you claim.

       **ANSWER:** <u>See</u> Answer to Interrogatory No. 5.

-13-

20. Identify and describe in detail any and all conversations and/or communications you have had with Angie Yingling, Jeff Brown, Carol Brown, and/or Noel Wenrich regarding the ninth-grade biology curriculum, the selection of the biology textbook, evolution, intelligent design, and/or creationism in 2003, 2004, and 2005, including the date and substance of such conversation and/or communication, and persons present, and identify any and all documents exchanged with Angie Yingling relating to these subjects.

**ANSWER:** See Answer to Interrogatory No. 9.

21. Identify and describe in detail any and all conversations and/or communications you have had with any person regarding any statements and/or comments by any present or former DASD board member relating to religion or religious beliefs, including the name of the person, date and substance of such conversation and/or communication, and persons present, and identify any documents exchanged with such persons relating to these subjects.

**ANSWER:** See Answer to Interrogatory No. 9.

22.   Identify each document produced or provided to you in connection with this litigation by any person, and for each document, identify the person who produced or provided it.

**ANSWER:** Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires identification of documents that will be, or have been, produced or identified in response to the Defendants' Request for the Production of Documents. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that it seeks discovery that is unreasonably cumulative or duplicative, or to the extent that the information sought is obtainable from some other source which is more convenient, less burdensome, or less expensive.

Respectfully submitted,

_____
Eric Rothschild (PA 71746)
Stephen G. Harvey (PA 58233)
Joseph M. Farber (PA 84965)
Christopher J. Lowe (PA 90190)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4000
(215) 981-4750 (fax)
*rothschilde@pepperlaw.com*
*harveys@pepperlaw.com*

Thomas B. Schmidt, III (PA 19196)
PEPPER HAMILTON LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA  17108
(717) 255-1155
(717) 238-0575 (fax)
*schmidtt@pepperlaw.com*

Witold J. Walczak (PA 62976)
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
412-681-7864
412-681-8707 (fax)
*vwalczak@aclupgh.org*

Paula K. Knudsen (PA 87607)
ACLU of Pennsylvania
105 N. Front St., Suite 225
Harrisburg, PA  17101
(717) 236-6827
(717) 236-6895 (fax)
*pknudsen@aclupa.org*

PHLEGAL: #1711657 v1 (10_Q101!.DOC)

-16-

Ayesha Khan (adm. *phv*)
Richard B. Katskee (adm. *phv*)
Alex J. Luchenitser (adm. *phv*)
Americans United for Separation
    of Church and State
518 C St., NE
Washington, DC 20002
(202) 466-3234
(202) 466-2587 (fax)
*akhan@au.org; katskee@au.org;*
*luchenitser@au.org*

Attorneys for Plaintiff,
TAMMY KITZMILLER; BRYAN AND
CHRISTY REHM; DEBORAH
FENIMORE AND JOEL LIEB; STEVEN
STOUGH; BETH EVELAND; CYNTHIA
SNEATH; JULIE SMITH, AND
ARALENE ("BARRIE") D. AND
FREDERICK B. CALLAHAN

Dated: March 15, 2005

PHLEGAL: #1711657 v1 (10_Q101!.DOC)

## VERIFICATION

I, Christy Rehm, hereby declare that I have read the foregoing Plaintiff's Responses to Defendants' First Set of Interrogatories and know the contents of it, and state that the matters set forth in it are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct. I make this verification pursuant to 28 U.S.C. § 1746 governing unsworn declarations.

*Christy Rehm*
Christy Rehm

March 14, 2005