# EXHIBIT A

6 of 100 DOCUMENTS

**HEALTHAMERICA PENNSYLVANIA, INC., COVENTRY HEALTH AND LIFE INSURANCE COMPANY, and COVENTRY HEALTHCARE MANAGEMENT CORPORATION, Plaintiffs vs. SUSQUEHANNA HEALTH SYSTEM, THE WILLIAMSPORT HOSPITAL & MEDICAL CENTER, DIVINE PROVIDENCE HOSPITAL, MUNCY VALLEY HOSPITAL, and SUSQUEHANNA PHYSICIAN SERVICES, Defendants**

NO. 3:00 CV1525

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*2002 U.S. Dist. LEXIS 26583*

**May 9, 2002, Filed**

**SUBSEQUENT HISTORY:** Adopted by, Motion denied by *Healthamerica Pa., Inc. v. Susquehanna Health Sys., 2002 U.S. Dist. LEXIS 26580 (M.D. Pa., June 4, 2002)*

**PRIOR HISTORY:** *Healthamerica Pa., Inc. v. Susquehanna Health Sys., 2002 U.S. Dist. LEXIS 26586 (M.D. Pa., Apr. 26, 2002)*

**DISPOSITION:** [*1] Recommended that Plaintiffs' Motion for Protective Order be denied.

**LexisNexis(R) Headnotes**

**COUNSEL:** For Healthamerica Pennsylvania, Inc, Coventry Health and Life Insurance Company, Coventry Healthcare Management Corporation, PLAINTIFFS: David E Lehman, McNees, Wallace & Nurick, Harrisburg, PA USA.

For Healthamerica Pennsylvania, Inc, Coventry Health and Life Insurance Company, Coventry Healthcare Management Corporation, PLAINTIFFS: Lee Calligaro, Patricia M Wagner, Tanya B Vanderbilt, William G Kopit, Epstein Becker & Green, PC, Washington, DC USA.

For Susquehanna Health System, Williamsport Hospital & Medical Center, The, Divine Providence Hospital, Muncy Valley Hospital, Susquehanna Physician Services, DEFENDANTS: Jonathan B Sprague, Kathleen Chancler, Post & Schell, Mark L Mattioli, Post & Schell, PC, Brian M Peters, Philadelphia, PA USA.

For Susquehanna Health System, Williamsport Hospital & Medical Center, The, Divine Providence Hospital, Muncy Valley Hospital, Susquehanna Physician Services, DEFENDANTS: J David Smith, McCormick Law Firm, Williamsport, PA USA.

For Susquehanna Health System, Williamsport Hospital & Medical Center, The, Divine Providence Hospital, Muncy Valley Hospital, [*2] Susquehanna Physician Services, DEFENDANTS: John J Miles, Ober, Kaler, Grimes & Shriver, Washington, DC USA.

For Frank J Bolock, SPECIAL MASTER: Frank J Bolock, Rosen Jenkinns & Greenwald, Scranton, PA USA.

**JUDGES:** Judge Munley.

**OPINION:**

REPORT AND RECOMMENDATION OF SPECIAL MASTER, FRANK J. BOLOCK, JR., REGARDING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANTS' EFFORTS TO OBTAIN THE DEPOSITION OF ALLEN WISE

AND NOW comes, Frank J. Bolock, Jr., Esquire,

Special Master appointed in the above captioned matter pursuant to Order of Court dated July 9, 2001, who sets forth the following Report and Recommendation:

## I. BACKGROUND

1. In February, 2002, prior to the stipulated Stay Order in this case, Plaintiffs filed a Motion for a Protective Order seeking to prevent the Defendant from obtaining the deposition of Allen Wise, the CEO of Coventry Health Care, Inc.

2. A Motion for Protective Order was filed with the United States District Court for the Middle District of Pennsylvania and, simultaneously, was forwarded to the Special Master with a request for either the entry of an Order by the Court and/or a Report and Recommendation from the Special Master.

3. Defendants [*3] filed a Reply in opposition to the Motion for Protective Order.

4. The Special Master recently filed a Report and Recommendation suggesting the lifting of the Stay Order based upon the agreement of counsel.

5. Shortly after the filing of the Report and Recommendation of the Special Master regarding the stay and discovery deadlines, counsel for the Defendant requested the Special Master issue a Report and Recommendation regarding Plaintiffs' Motion for Protective Order.

## II. DISCUSSION

The Special Master has had the opportunity to review Plaintiffs' Motion for Protective Order, Defendants' Reply to the Motion for Protective Order, Plaintiffs' Reply to Defendants' Opposition to Motion for Protective Order, as well as various correspondence exchanged by and among counsel relative to this issue.

Plaintiff argues that Allen Wise, CEO of Coventry Health Care, Inc., the parent corporation of the Plaintiffs, has no relevant information regarding the underlying lawsuit and, further, that the Defendants have had ample opportunity to obtain and, in fact, have obtained from other sources, the information that Mr. Wise could conceivably provide in his deposition.

Defendants contend [*4] that the deposition of Allen Wise is necessary as they believe that Mr. wise may have information relevant to the subject matter involved in the underlying lawsuit.

The Federal Rules of Civil Procedure provide for broad discovery. In order to obtain the deposition testimony of a witness, the party seeking the deposition need only demonstrate that the information sought is reasonably calculated to lead to the discovery of admissible evidence. The United States Supreme Court in the case of *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)*, has articulated the definition of reasonableness pursuant to *F.R.C.P. 26(b)(1)*

> The key phrase in this definition - "relevant to the subject matter involved in the pending action" - has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.

It is well settled in the law that given the very broad definition of relevance, a party seeking to preclude discovery Has the burden of demonstrating that the information sought either does not come within the broad scope of relevance [*5] as defined by the United States Supreme Court and the Federal Rules of Civil Procedure or the information is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Crossley v. Iroquois Foundry Co., Inc., 1992 U.S. Dist. LEXIS 7368 (E.D.Pa.)*

Plaintiffs herein have failed to meet their burden with respect to matters necessary to preclude discovery.

## III. RECOMMENDATION

Based upon the foregoing, it is recommended that Plaintiffs' Motion for Protective Order be denied.

Any Exceptions to this Report & Recommendation may be filed in accordance with *F.R.C.P. p. 53*.

ROSENN, JENKINS & GREENWALD, L.L.P.

BY:

FRANK J. BOLOCK, JR., ESQUIRE

Supreme Court I.D. # 29983

120 Wyoming Avenue

Scranton, PA 18503

Tel. (570) 341-5600

Fax (570) 347-9883