**EXHIBIT B**

4 of 6 DOCUMENTS

GOULD, INC., Plaintiff v. A & M BATTERY & TIRE SERVICE, et al., Defendants

3 CV-91-1714

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*1996 U.S. Dist. LEXIS 12151*

May 13, 1996, Decided
May 13, 1996, FILED

**DISPOSITION:** [*1] Defendants' motion to compel discovery GRANTED.

**COUNSEL:** For GOULD, INC., plaintiff: Dennis R. Suplee, Diana S. Donaldson, Schnader, Harrison, Segal & Lewis, Philadelphia, PA. Jacob P. Hart, Schnader, Harrison, Segal & Lewis, Phila., PA. Mark A. Lockett, Philadelphia, PA. John M. Armstrong, Esq., SCHNADER HARRISON SEGAL & LEWIS, Phila, PA.

For ALEXANDRIA SCRAP CORPORATION, defendant: Donald B. Mitchell, Jr., Laurel A. Bedig, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC.

For AMERICAN SCRAP CO., defendant: Eugene E. Dice, Harrisburg, PA.

For AMSOURCE (PENN IRON & METAL), defendant: Donald H. Brobst, Wilkes Barre, PA. Robert D. Schaub, Wilkes-Barre, PA. Joseph G. Ferguson, Rosenn, Jenkins & Greenwald, Wilkes Barre, PA. Robert N. Gawlas, Jr., Wilkes Barre, PA.

For B. MILLENS & SONS INC., defendant: Kristin Carter Rowe, Esq., Young Stockli & Rowe, Executive Woods, Albany, NY.

For BRISTOL METAL CO., INC., defendant: Michael L. Krancer, Blank, Rome, Comisky & McCauley, Philadelphia, PA.

For BROCK'S SCRAP & SALVAGE, defendant: Howard A. Rubenstein, Esq., ADELBERG RUDOW DORF HENDLER & SAMETH, Baltimore, MD.

For BROOKFIELD AUTO WRECKERS, INC., defendant: Robert [*2] D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For BROOKFIELD METAL CO., defendant: Donald H. Brobst, (See above).

For CAPITOL IRON & STEEL CO., INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For CAPITOL SCRAP IRON & METALS, defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above). William A. Denman, Dover, DE.

For CHARLES BLUESTONE CO., INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above). Howard J. Wein, KLETT LIEBER ROONEY & SCHORLING, Pittsburgh, PA. Paul A. Supowitz, KLETT LIEBER ROONEY & SCHORLING, Pittsburgh, PA. Hal K. Haveson, HAVESON, OTIS & POTTER, Princeton, NJ.

For CLAREMONT METAL & PAPER STOCK, defendant: K. William Clauson, Clauson Smith Whelan Law Offices, Hanover, NH.

For CLINTON METAL CO., defendant: Donald B. Mitchell, Jr., (See above).

Case 4:04-cv-02688-JEJ   Document 51-3   Filed 05/10/05   Page 3 of 11

Page 2
1996 U.S. Dist. LEXIS 12151, *

For COMMERCIAL IRON & METAL CO., defendant: Mark Norman Cohen, Margolis, Edelstein, [*3] Scherlis, Sarowitz & Kraemer, Philadelphia, PA.

For COUSINS METAL, defendant: Kristin Carter Rowe, Esq., (See above).

For CRESTWOOD METAL CORP, defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above). Mark Norman Cohen, (See above).

For ELMAN RECYCLING CO., defendant: Kristin Carter Rowe, Esq., (See above).

For EXETER METALS CO., defendant: Kevin M. Walsh, Wilkes-Barre, PA.

For GARBOSE METAL, defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For GELB & CO., INC., defendant: Joseph R. Solfanelli, Scranton, PA.

For GIORDANO WASTE MATERIAL CO., in its own capacity and as the successor to Halpern Metals Company, defendant: Edward L. Paul, WEINBERG AND McCORMICK, Haddonfield, PA.

For H. & D. METAL CO., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above). Mark R. Rosen, Jodi B. Isenberg, MESIROV GELMAN JAFFE CRAMER & JAMIESON, Philadelphia, PA.

For HARRY GOLDBERG & SONS, defendant: [*4] Steven J. Eisenstein, Roseland, NJ.

For I. SHULMAN & SON CO., INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For I. SOLOMON METAL CO., INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

ITHACA SCRAP PROCESSORS, defendant, [PRO SE], c/o Ida Webber, Ithaca, NY.

For J & J METALS INC., defendant: David A. Rockman, Esq., RIKER DANZIG SCHERER HYLAND & PERRETTI, Morristown, NJ.

For J. BROOMFIELD & SON, INC., defendant: Steven E. Snow, Providence, RI.

For J. SEPENUK & SONS, INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For JAMES BURROWS COMPANY, INC., defendant: George W. Burrows, James Burrows Company, Oakmont, PA. James Burrows Company, Inc., [PRO SE], Wilma Gene Burrows, Pittsburgh, PA.

For JOE KRENTZMAN & SONS, defendant: Bernard A. Labuskes, Jr., Harrisburg, PA.

For JOSH STEEL CO., defendant: Edward J. Tolchin, Fettman & Tolchin, Fairfax, VA. [*5] Richard Brickwedde, Green & Seifter, Syracuse, NY.

For LAKE ERIE RECYCLING, defendant: Richard J. Lippes, Allen, Lippes & Shonn, Buffalo, NY.

For LARAMI METAL CO., defendant: Michael Walter Flannelly, Morgan and Flannelly, York, PA.

For LIBERTY IRON & METAL CO., INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For LOUIS COHEN & SON INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For LOUIS KUTZ & SON, defendant: Kristin Carter Rowe, Esq., (See above).

For LYELL METAL, defendant: Burton D. Tanenbaum, (See above). Glenn E. Pezzulo, CULLEY, MARKS, TANENBAUM, REIFSTECK, POTTER & CAPELL, Rochester, NY.

MEYER-SABA METAL CO., defendant, [PRO SE], James Saba, Sr., c/o Meyer And Saba Metal Co., Inc., Kingston, PA.

For MODERN JUNK & SALVAGE CO., defendant: William J. Rubin, (See above). Marc K. Cohen, Ober,

Case 4:04-cv-02688-JEJ   Document 51-3   Filed 05/10/05   Page 4 of 11

Page 3
1996 U.S. Dist. LEXIS 12151, *

Kaler, Grimes & Shriver, Baltimore, MD. Michael W. Davis, Lancaster, PA. James A. Humphreys, III, Esq., BARLEY SNYDER SENFT & COHEN, Lancaster, PA.

For [*6] MONTGOMERY IRON & METAL CO., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For MORGAN HIGHWAY AUTO PARTS, defendant: Stanley P. DeGory, Esq., BONYA & DOUGLASS, Indiana, PA.

For NEWBURGH SCRAP CO., defendant: Donald H. Brobst, (See above).

For OLEAN STEEL SALES & SERVICE, defendant: Daniel A. DeRose, Kehoe & DeRose, Olean, NY. Richard Brickwedde, (See above).

For P. JACOBSON, INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For P. K. SCRAP METAL CO, defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For PASCAP CO., INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above). Pascap Co., Inc., [PRO SE], PASCAP CO., INC., C/O Anthony J. Capasso, Bronx, NY.

For PENN HARRIS METALS CORP., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See [*7] above). Robert N. Gawlas, Jr., (See above).

For R & R SALVAGE INC., defendant: Andrea R. Moore, Buffalo, NY. Christine M. Megna, Esq., JAECKLE FLEISCHMANN & MUGEL, Buffalo, NY.

For RIEGEL SCRAP & SALVAGE, defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For ROTH BROTHERS SMELTING CORP., defendant: Richard Brickwedde, (See above).

For ROTH STEEL CORPORATION, defendant: Thomas E. Starnes, (See above). Robert N. Steinwurtzel, (See above).

For S. KASOWITZ & SONS INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above). Marc E. Kasowitz, Jack Atkin, Mayer, Brown & Platt, New York, NY. Susan M. Lee, Esq., KASOWITZ HOFF BENSON TORRES & FIEDMAN, New York, NY.

For SAM KAUFMAN & SON METALS CO., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Robert N. Gawlas, Jr., (See above). John R. Embick, Kittredge & Donley, Phila, PA.

For SQUARE DEAL METAL RECYCLING, defendant: Square Deal Metal, c/o Jerome M. Feldman, Vice-President, Richmond Hill New York, NY.

For [*8] TIMPSON SALVAGE CO., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above). Sidney Manes, Green & Seifter, Attorneys, P.C., Syracuse, NY.

For UNITED METAL TRADERS, INC., defendant: Donald H. Brobst, (See above). Robert N. Gawlas, Jr., (See above).

For WALDORF METAL CO., defendant: Donald B. Mitchell, Jr., (See above).

For WALLACE STEEL INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above). Sidney Manes, (See above).

For WEINER IRON & METAL CORP., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For WEINSTEIN & CO., defendant: Morgan G. Graham, Buffalo, NY.

For WILLIAM F. SULLIVAN & CO., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above). Paul H. Rothschild, Springfield, MA.

For WIMCO METALS, INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above).

Robert N. Gawlas, Jr., [*9] (See above). Gary M. Fremerman, Esq., Kelley Drye & Warren, Washington, DC. Daniel M. Steinway, Kelley, Drye & Warren, Washington, DC.

For JOINT DEFENSE GROUP, defendant: Richard H. Friedman, Harrisburg, PA.

For DE MICROMIS GROUP, defendant: Stanley P. DeGory, Esq., (See above).

For MICRO GROUP, defendant: James A. Humphreys, III, Esq., (See above). Michael W. Davis, Esq., BARLEY SNYDER SENFT & COHEN, Lancaster, PA.

For WHITE & WILLIAMS DEFENSE GROUP, defendant: Michael H. Malin, White & Williams, Philadelphia, PA. Robert Toland, II, Esq., White & Williams, Phila, PA.

For MARJOL SITE DE MINIMUS SCRAPDEALERS GROUP, defendant: Richard Brickwedde, (See above).

For MARJOL SITE PRP GROUP, defendant: Donald B. Mitchell, Jr., (See above). Laurel A. Bedig, (See above).

For EXXON, INC., defendant: Kelly H. Scoffield, Harry B. Wright, Esq., Exxon Company, U.S.A., Houston, TX.

For BODOW RECYCLING CO., defendant: Kevin M. Young, (See above). Kristin Carter Rowe, Esq., (See above).

For KREIGER WASTE, defendant: Brian Yeager, Scranton, PA.

For KEARNEY SCRAP CO., defendant: Joseph B. Thor, East Newark, NJ.

For MARLEY'S DIV OF ABE COOPER, defendant: [*10] Donald H. Brobst, (See above). Robert D. Schaub, (See above). Joseph G. Ferguson, (See above). Robert N. Gawlas, Jr., (See above).

For RIVERSIDE IRON & STEEL CORP., defendant: Debra R. Levin, Riverside Iron & Steel, Chicago, IL. Ronald G. Backer, Rothman, Gordon, Foreman & Groudine, P.A., Pittsburgh, PA.

For ALEXANDRIA SCRAP CORPORATION, third-party plaintiff: Donald B. Mitchell, Jr., Laurel A. Bedig, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC.

For LAWRENCE FIEGLEMAN, third-party defendant:

Mark A. Lockett, Philadelphia, PA. G. Wayne Renneisen, Philadelphia, PA.

For BRISTOL METAL CO., INC., third-party plaintiff: Michael L. Krancer, Blank, Rome, Comisky & McCauley, Philadelphia, PA.

For UNITED STATES AIR FORCE, third-party defendant: Alan D. Greenberg, Environment & Natural Resources Div., Environmental Defense Section, U.S. Department of Justice, Washington, DC.

For UNITED STATES DEPARTMENT OF THE NAVY, third-party defendant: Alan D. Greenberg, (See above). Robert R. Long, Jr., U.S. Attorney's Office, Harrisburg, PA.

For DEPARTMENT OF DEFENSE, third-party defendant: Alan D. Greenberg, (See above). Robert R. Long, Jr., (See above).

For [*11] UNITED STATES DEPARTMENT OF THE ARMY, third-party defendant: Alan D. Greenberg, (See above).

For RICHARD B. CHENEY, (in his capacity as Secretary of Defense), third-party defendant: Alan D. Greenberg, (See above). Robert R. Long, Jr., (See above).

For H. LAWRENCE GARRETT, III, (in his capacity as Secretary of the Navy), third-party defendant: Alan D. Greenberg, (See above). Robert R. Long, Jr., (See above).

For DONALD B. RICE, (in his capacity as Secretary of The Air Force), third-party defendant: Alan D. Greenberg, (See above).

For MICHAEL P.W. STONE, (in his capacity as Secretary of The Army), third-party defendant: Alan D. Greenberg, (See above). Robert R. Long, Jr., (See above).

For DEFENSE REUTILIZATION AND MARKETING SERVICE, third-party defendant: Alan D. Greenberg, (See above). Robert R. Long, Jr., (See above).

For JOHN STEWART, COLONEL (in his capacity as the Director of the Defense Reutilization and Marketing Service), third-party defendant: Alan D. Greenberg, (See above). Robert R. Long, Jr., (See above).

For UNITED STATES DEFENSE LOGISTICS

AGENCY, third-party defendant: Alan D. Greenberg, (See above). Robert R. Long, Jr., (See above).

For [*12] CHARLES MCCLAUSAND, GENERAL (in his capacity as head of the Defense Logistics Agency), third-party defendant: Alan D. Greenberg, (See above). Robert R. Long, Jr., (See above).

For A. SHAPIRO & SONS, defendant: Richard Brickwedde, Green & Seifter, Syracuse, NY.

For ABE COOPER-WATERTOWN CORP., defendant: Adam J. Schultz, DEVORSETZ, STINZIANO, GILBERTI & SMITH, Syracuse, NY. Richard Brickwedde, (See above).

For ACME METALS & RECYCLING, INC., defendant: Merwyn J. Burstein, Burstein Law Offices, Springfield, MA.

For AMERICAN BAG & METAL CO., INC., defendant: Gerald J. Mathews, Esq., MENTER RUDIN & TRIVELPIECE, P.C., Syracuse, NY.

For ANNADALE SCRAP COMPANY, defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Robert N. Gawlas, Jr., (See above).

For ANNE PIRCHESKY, former shareholder of Eric's Iron & Steel corp., a dissolved corporation f/d/b/a Riverside Iron & Steel Corp., defendant: Ronald G. Backer, (See above).

For N. BANTIVOLGLIO METALS, INC., renamed as Bantivoglio Metal Company a/ki/a Bantivoglio Metals and f/k/a N. Bantivoglio's Sons, Inc., defendant: Ronald J. Patterson, Esq., ARCHER & GREINER, P.C., Haddonfield, NJ.

For [*13] BLADENSBURG RIVER ROAD METALS COMPANY, INC., defendant: Gary M. Fremerman, Esq., Kelley Drye & Warren, Washington, DC.

For CHAPIN & FAGIN DIV. OF GCF INC., defendant: Morgan G. Graham, Buffalo, NY.

For CHAUNCEY METAL PROCESSORS, INC., defendant: Kevin M. Young, Young Stockli & Rowe, Executive Woods, Albany, NY. Kristin Carter Rowe, Esq., Young Stockli & Rowe, Executive Woods, Albany, NY.

For CLIMAX MANUFACTURING COMPANY, a/k/a Spevak's Waste Material Company, defendant: Adam J. Schultz, (See above). Adam J. Schultz, Esq., DEVORSETZ STINZIANO GILBERTI HEINTZ, Syracuse, NY.

For CONTINENTAL METALS CORPORATION, defendant: Joseph A. Tabaka, Esq., Daniel B. Hargrove, Esq., MARKOVITZ & TABAKA, Pittsburgh, PA.

For DENVER CONSTRUCTION CORP., f/d/b/a Lukens Metal Co., defendant: Mark Norman Cohen, (See above).

For E. EFFRON & SON, defendant: Kevin M. Young, (See above). Kristin Carter Rowe, Esq., (See above).

For EISNER BROTHERS, defendant: Marc Eisner, EISNER BROTHERS, INC., Poughkeepsie, NY. John P. Stockli, Jr., Esq., Young Stockli & Rowe, Executive Woods, Albany, NY.

For ERIC'S IRON & STEEL CORPORATION, f/k/a Riverside Iron & Steel Corp, defendant: [*14] Ronald G. Backer, (See above). Eric's Iron & Steel Corporation, [PRO SE], c/o Eric Pirchesky, Winston-Salem, NC.

For ERIC PIRCHESKY, former shareholder of Eric's Iron & Steel Corp., a dissolved corporation f/d/b/a Riverside Iron & Steel Corp., defendant: Ronald G. Backer, (See above).

For G. CARLOMAGNO SCRAP, defendant: David A. Rockman, Esq., RIKER DANZIG SCHERER HYLAND & PERRETTI, Morristown, NJ.

For G.M. HONKUS & SONS, INC., defendant: Thomas W. Cartwright, Esq., SPENCE CUSTER SAYLOR WOLFE & ROSE, Johnstown, PA.

For GENERAL BATTERY CORP, defendant: Kenneth R. Myers, Morgan, Lewis & Bockius, Philadelphia, PA. Dennis J. Valenza, Esq., David G. Butterworth, Esq., MORGAN LEWIS & BOCKIUS, Phila, PA.

GEORGE MOSS, defendant, [PRO SE], Duryea, PA.

For GORDON STEEL CO., defendant: Michael W. Davis, (See above).

For GORDON WASTE CO., defendant: Michael W. Davis, (See above).

For HAROLD STRAUSS, in his own capacity and as distributee of the assets of Denver Construction Corporation f/d/b/a Lukens Metal Co., defendant: Mark Norman Cohen, (See above).

For HUDSON SCRAP METAL, INC., defendant: John J. Privitera, MCNAMEE, LOCHNER, TITUS & WILLIAMS, [*15] P.C., Albany, NY.

For I. RICHMOND & COMPANY, INC., defendant: Philip L. Hinerman, Fox Rothschild O'Brien & Frankel, Philadelphia, PA.

For INDUSTRIAL & MILL SUPPLIERS, INC., defendant: Charles L. Williams, Jr., Esq., Gentry Locke Rakes & Moore, Roanoke, VA.

For JACOB SHER, f/d/b/a Hudson Scrap, defendant: John J. Privitera, (See above).

For JULIAN C. COHEN SALVAGE CO., defendant: Donald B. Mitchell, Jr., Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC.

For K MART CORP., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Robert N. Gawlas, Jr., (See above). Shavan Giffen, Esq., KMART CORPORATION, Troy, MI.

For KREIGER WASTE PAPER CO., defendant: Brian Yeager, Scranton, PA.

For LEVENE'S SON, INC., defendant: Michael H. Malin, White & Williams, Philadelphia, PA.

For LEVINE'S IRON & METAL, INC., defendant: David C. Hook, Esq., HOOK & HOOK, Waynesburg, PA.

For LONI-JO METALS, f/t/a Attonito Recycling Corporation, defendant: Donald H. Brobst, (See above). Robert N. Gawlas, Jr., (See above).

For M.C. CANFIELD SONS, f/k/a and f/t/a Lukens Metal Corp., defendant: Neal J. Hurwitz, Esq., New York, NY.

For M.H. BRENNER'S [*16] INC., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Robert N. Gawlas, Jr., (See above).

For M. BURNSTEIN AND COMPANY, INC., defendant: David C. Hawkins, Esq., MORRISSEY & HAWKINS, Boston, MA.

For M. WILDER & SON, INCORPORATED, defendant: Donald H. Brobst, (See above). Robert N. Gawlas, Jr., (See above).

For NOLTS AUTO PARTS, /Nolt's Factory Warehouse, defendant: Peter M. Schannauer, Appel & Yost, Lancaster, PA.

For NOTT ENTERPRISES, INC., f/k/a Frank H. Nott, Inc., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Robert N. Gawlas, Jr., (See above).

For NOVEY METAL CO., defendant: William C. Kriner, Clearfield, PA.

For PERLMAN & SONS, defendant: Leonard H. Cohen, Esq., Richard J. O'Brien, Esq., CAIN HIBBARD MYERS & COOK, Pittsfield, MA.

For PHILIP LEWIS & SONS, defendant: Robert Toland, II, Esq., White & Williams, Phila, PA.

For RIVER ROAD PRODUCTS, INC., defendant: Eric Taylor Gormsen, Esq., ANDERSON KILL OLICK & OSHINSKY, Washington, DC. Gary M. Fremerman, Esq., (See above). Daniel M. Steinway, (See above).

For SMITH IRON & METAL CO., defendant: Patrick A. Genzler, Esq., Michael L. Sterling, [*17] Esq., VANDEVENTER BLACK MEREDITH & MARTIN, Norfolk, VA. Alfred J. Owings, Esq., Spinella, Owings & Shaia, P.C., Richmond, VA.

For SOLA METAL, defendant: Lawrence M. Rosenstock, Esq., TENZER GREENBLATT FALLON & KAPLAN, New York, NY.

For STAGER WRECKING CO., defendant: Donald H. Brobst, (See above). Robert N. Gawlas, Jr., (See above).

For BEST BATTERY COMPANY, INC., THE, defendant: Nathan Braverman, Esq., Gregory M. Miller, Esq., SHAPIRO & OLANDER, Baltimore, MD.

For UNITED HOLDING CO., INC., a/k/a United Iron & Metal Company, Inc., defendant: Donald H. Brobst, (See above). Robert D. Schaub, (See above). Robert N. Gawlas, Jr., (See above).

For USA, defendant: Alan D. Greenberg, Environment & Natural Resources Div., Environmental Defense Section, U.S. Department of Justice, Washington, DC.

For UNIVERSAL WASTE, INC, defendant: Donald H. Brobst, (See above). Robert N. Gawlas, Jr., (See above).

Case 4:04-cv-02688-JEJ   Document 51-3   Filed 05/10/05   Page 8 of 11

Page 7
1996 U.S. Dist. LEXIS 12151, *

For VIRGINIA IRON AND METAL COMPANY, INC., renamed as Virginia Iron & Metal Company of Portsmouth, Inc., defendant: Charles M. Lollar, Esq., HEILIG MCKENRY FRAIM & LOLLAR, Stoney Point Center, Norfolk, VA. Susan Taylor Hansen, Esq., COOPER SPONG & DAVIS, P.C., Portsmouth, [*18] VA.

For VIRGINIA SCRAP IRON & METAL CO., INC., defendant: Sam Golden, Virginia Scrap Iron & Metal Company, Inc, Roanoke, VA. Charles L. Williams, Jr., Esq., (See above).

For ZUCKERMAN STEEL COMPANY, INC., defendant: Brian M. Madden, Esq., Front Royal, VA.

For JACOB SHER, third-party plaintiff: John J. Privitera, MCNAMEE, LOCHNER, TITUS & WILLIAMS, P.C., Albany, NY.

For BUFF & BUFF INC., third-party defendant: Robert J. Alessi, Esq., LeBoeuf, Lamb, Greene & MacRae, Albany, NY. Michael Peters, Esq., LEBOEUF LAMB GREENE & MACRAE, Albany, NY.

For CAPITOL BAG & WASTE CO., INC., third-party defendant: Robert J. Alessi, Esq., (See above). Michael Peters, Esq., (See above).

For CAPITOL SCRAP METAL CO., third-party defendant: Edwin Utan, Scranton, PA.

For RAY CARDAMONE, third-party defendant: Joseph R. Cardamone, Esq., Schenectady, NY.

For R. COHEN & SON OF GLENS FALLS, INC., third-party defendant: Neil M. Gingold, HANCOCK & ESTABROOK, Syracuse, NY.

For EASCO WAREHOUSE, third-party defendant: Neil M. Gingold, (See above).

For I. FIGELMAN & SON, third-party defendant: Neil M. Gingold, (See above).

For NATHAN H. KELMAN, INC., third-party [*19] defendant: Robert J. Alessi, Esq., (See above). Michael Peters, Esq., (See above).

For NATHAN'S WASTE & PEPER STOCK CO., INC., third-party defendant: Robert J. Alessi, Esq., (See above). Michael Peters, Esq., (See above).

For NEW YORK TELEPHONE COMPANY, third-party defendant: Carol R. Abramson, Esq., New York, NY.

For ONTARIO SCRAP METAL INC., third-party defendant: Neil M. Gingold, (See above).

For LOUIS PERLMAN & SONS, INC., third-party defendant: Leonard H. Cohen, Esq., Richard J. O'Brien, Esq., CAIN HIBBARD MYERS & COOK, Pittsfield, MA.

For WILLIMANSETT WASTE CO. INC., third-party defendant: Edmund J. Gorman, Esq., ROBINSON DONOVAN MADDEN & BARRY, Springfield, MA.

For ZEKE'S ENTERPRISES, third-party defendant: Richard A. Reed, Esq., BOND SCHOENECK & KING, Albany, NY.

For EXIDE CORP., f/t/a Bay State Battery and Mid-Atlantic Distributors, defendant: Kenneth R. Myers, Morgan, Lewis & Bockius, Philadelphia, PA. Dennis J. Valenza, Esq., David G. Butterworth, Esq., MORGAN LEWIS & BOCKIUS, Phila, PA.

JOHN BRUNESE & SON, defendant, [PRO SE], Millerton, NY.

For NEW CASTLE JUNK, defendant: Kevin J Garber, Reed, Smith, Shaw and McClay, Pittsburgh, [*20] PA.

For SAM KASSAB, defendant: Conrad A. Falvello, Sugarloaf, PA.

For WM. KUGLER & BRO., INC., defendant: Jon Louis Wilson, Esq., JACKSON WILSON & DOUGLAS, Lockport, NY.

For WORCESTER METAL & BATTERY, defendant: Robert W. Harrington, Esq., Boston, MA.

For JOINT DEFENSE GROUP, third-party plaintiff: Richard H. Friedman, Harrisburg, Pa.

For LAWRENCE FIEGLEMAN, third-party defendant: G. Wayne Renneisen, Philadelphia, PA.

For JOSEPH FIEGLEMAN, third-party defendant: Mark A. Lockett, Philadelphia, PA. G. Wayne Renneisen, (See above).

For MARC A. ROBIN, third-party defendant: G. Wayne Renneisen, (See above).

For ANTHONY BONADIO, third-party defendant: G.

Wayne Renneisen, (See above).

For JOHN DELEO, third-party defendant: Joseph A. Ricci, Harrisburg, PA. Francis E. Marshall, Jr., MARSHALL & FARRELL, P.C., Harrisburg, PA.

For WIMCO METALS, INC., third-party plaintiff: Donald H. Brobst, Wilkes Barre, PA. Robert D. Schaub, Wilkes-Barre, PA. Robert N. Gawlas, Jr., Wilkes Barre, PA. Gary M. Fremerman, Esq., Kelley Drye & Warren, Washington, DC. Daniel M. Steinway, Kelley, Drye & Warren, Washington, DC.

For M.N. ADELSON & SONS, INC., third-party [*21] defendant: Robert P. Ging, Jr., Esq., Confluence, PA.

For GEORGE BERMAN & SON, INC., third-party defendant: Stanley W. Greenfield, Greenfield & Associates, Pittsburgh, PA. Paul G. Kay, Greenfield & Associates, Pittsburgh, PA.

For MENZOCK SCRAP COMPANY, third-party defendant: Leonard E. Sweeney, Esq., The Law Firm, Pittsburgh, PA. Thomas J. Dancison, Jr., The Law Firm, Pittsburgh, PA.

For FEDERAL GOVERNMENT GROUP, defendant: Alan D. Greenberg, U.S. Department of Justice, Environmental Defense Section, Denver, CO.

For FIEGLEMAN GROUP, THE, defendant: G. Wayne Renneisen, Philadelphia, PA.

For NAPORANO IRON & METAL CO., defendant: Donald H. Brobst, Wilkes Barre, PA. Robert D. Schaub, Wilkes-Barre, PA. Robert N. Gawlas, Jr., Wilkes Barre, PA. Peter E. Nahmias, LOWENSTEIN, SANDLER, KOHL, FISHER & BOYLAN, Roseland, NJ.

**JUDGES:** Richard P. Conaboy, United States District Judge

**OPINIONBY:** Richard P. Conaboy

**OPINION:**

MEMORANDUM AND ORDER

Presently before the Court is a motion for an Order Compelling Discovery filed on behalf of the Joint Defense Group and the Marjol Site PRP Group. ("Defendants"). Defendants seeks this Court to issue an order compelling Plaintiff [*22] Gould to produce various information relating to the following: (1) names of individuals with knowledge of the case; (2) production of a privilege log with respect to information Gould claims is privileged by the attorney/client privilege or work product privilege; (3) information regarding changes in Gould's corporate structure; (4) information relating to other lawsuits that Gould is currently litigating; and (5) information regarding insurance coverage at the Marjol Site.

In its brief in opposition to Defendants' motion, Plaintiff Gould has indicated that it has already produced some of the requested information or that it is about to produce some of the requested information.

For the reasons which follow, we will grant Defendants' motion. Although granting Defendants' motion, our ruling will apply to all parties. Each party has demonstrated an inability to proceed without this Court's intervention. Accordingly, we will intervene and order the production of discoverable information.

BACKGROUND

In December 1991, Plaintiff Gould initiated this action by filing a complaint against various Defendants seeking recovery pursuant to the Comprehensive Environmental Response, Compensation [*23] and Liability Act ("CERCLA"), *42 U.S.C. § 9601*, et seq., for costs incurred and to be incurred to cleanup contamination at the Marjol Site located in the Borough of Throop, Lackawanna County, Pennsylvania.

Marjol Battery & Equipment Company operated a battery-breaking operation in Throop, Pennsylvania from 1963 until May 1980 when Gould acquired the stock of the company. Gould operated the battery-breaking operations until April 1981 when it shut down its battery-breaking operations.

In September 1982, the Pennsylvania Department of Environmental Resources ("DER") advised Gould that no remediation would be necessary and no enforcement actions would be taken at the site unless battery-breaking operations resumed. However, the EPA began investigating the Marjol Site in 1987 and after performing preliminary tests, concluded that there may be "an imminent and substantial endangerment to the public health, welfare or the environment."

In April 1988, the EPA and Gould entered into a Consent Agreement and Order pursuant to § 106 (a) of CERCLA, *42 U.S.C. § 9606*(a), to conduct site stabilization activities concerning lead and other hazardous substances at the Marjol Site and other residential [*24] properties.

In May 1990, Gould entered into a second consent order, this one with both the EPA and DER. This Order was based on the Resource Conservation and Recovery

Act ("RCRA"), *42 U.S.C. § 6928*(h). Pursuant to this second consent order, Gould agreed to perform a RCRA Facility Investigation and Corrective Measure Study ("CMS") at the Marjol Site. EPA is currently evaluating Gould's CMS, and will ultimately select a final remedy at the Marjol Site.

DISCUSSION

To date, numerous discovery requests of the Defendants have been either unanswered or objected to by Plaintiff Gould. Accordingly, the present motion to compel is before the Court. In reading over the respective briefs, it is clear to this Court that our intervention is necessary due to the parties antagonistic attitude toward each other and total inability to efficiently move this matter to trial.

Certain information requested by the Defendants, seven and eight months ago, has not been produced by Plaintiff Gould. Information concerning the full identification of witnesses has not been produced by Gould. In responding to Defendants interrogatory requests, Gould identified fourteen individuals with knowledge of discoverable [*25] information. However, Gould provided only a list of names, leaving out relevant information on the whereabouts of the individuals. Gould does assert that four of the individuals referenced above have been deposed and two others were identified as attorneys who practice with major law firms. That still leaves eight individuals whose identity has been limited to names only. Gould claims that this is an issue that the parties do not disagree on and that Gould is in the process of compiling the information requested by Defendants.

We take notice of Gould's response, but we must ask when this information is going to be produced. Only a few months before trial on this matter and nearly eight months after the discovery requests, Gould has still not produced the information. Contrary to Gould's assertions, our intervention is necessary. The identity requests of these fact witnesses is clearly discoverable and Gould has stated its willingness to comply. However, the lack of this information's production, only serves to further delay the progression of this matter.

The record is clear, Gould has not produced the identities of approximately eight fact witnesses to the Defendants. Gould [*26] asserts it will produce the information shortly. Shortly is not an acceptable time for this Court. This litigation has been ongoing for nearly six years and both sides are merely delaying the action and running up enormous costs. Gould has the information which Defendants requested nearly eight months ago. Accordingly, Defendants motion to compel the identification of the remaining fact witnesses will be granted.

Defendants also motion the court for an order to compel Gould's production of a privilege log on information asserted as privileged pursuant to the attorney/client privilege or work product privilege. This issue is extremely similar to the issue regarding the identity of the fact witnesses in that Gould has stated that production of a privilege log is in the preparation stages and will be produced shortly.

This Court has previously ordered the return of certain materials in Defendants' possession to Gould because of an asserted privilege by Gould. There is no need for a privilege log on this information, as Defendants have clearly already seen the information.

The instant motion concerns material not previously seen by either party. Therefore, any material that is claimed [*27] to be protected by either the attorney/client privilege or work product privilege must be explained through a privilege log. While our holding grants Defendants' motion to compel on this issue, our decision relates to all parties involved. Any party asserting a privilege either on the attorney/client privilege or work Product privilege will be ordered to compile an appropriate privilege log.

The remainder of Defendants motion to compel concerns the production of non-privileged documents that Defendants assert are relevant to the instant case.

On May 2, 1996, we issued a Memorandum and Order granting a separate motion to compel production of information leading to relevant information. We will follow the reasoning established in our May 2, 1996, Memorandum and Order in deciding the remainder of Defendants' motion to compel.

*Rule 26(b)(1) of the Federal Rules of Civil Procedure* states in part that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." As the United States Supreme Court has held, relevancy encompasses "any matter that bears on, or that reasonably could lead to other matters that could [*28] bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)*. The scope of *Fed.R.Civ.P. 26(b)(1)* is quite broad and allows information, even with a remote connection to the issues at hand, to be discoverable, whether or not the information will be admissible at trial.

Defendants are seeking information regarding changes in the corporate structure and ownership

Case 4:04-cv-02688-JEJ Document 51-3 Filed 05/10/05 Page 11 of 11

Page 10
1996 U.S. Dist. LEXIS 12151, *

subsequent to Gould's acquisition of the Marjol Company and the sale of GNB by Gould. Defendants are also seeking to compel information from Gould concerning other claims, administrative actions or other lawsuits regarding the Marjol Site.

Gould has refused to produce certain requested information on the grounds of relevancy. Gould has also objected to some of Defendants' discovery requests as being overbroad, duplicative and cumulative. We are not Ordering Gould to reproduce information that they have previously turned over to the Defendants. Furthermore, any contentions of the discovery request being "unimaginably large" is not a valid basis to withhold discovery. See, *Compagnie Des Bauxites De Guinea v. Insurance Co. of North America*, [*29] *651 F.2d 877 (3rd Cir. 1981)*, aff'd *456 U.S. 694, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982)*.

In *Yang v. Reno, 157 F.R.D. 625 (M.D.Pa. 1994)* (Rambo, C.J.), this Court applied the Supreme Court's broad relevancy standard, as set forth in Oppenheimer, by holding that:

> This [broad] conception of discovery in general and relevance in particular requires that where relevance is in doubt, the court should be permissive in allowing discovery.

*Id. at 631.* See, *Midland-Ross Corp. v. United Steelworkers of America, 83 F.R.D. 426, 427 (W.D. Pa. 1979)* (relevance is construed broadly to include 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case,' quoting *Oppenheimer, supra*). We have determined that this liberal relevancy standard during the discovery stage permits Defendants to pursue their inquiry into the changes in Gould's corporate structure as well as the nature of other claims or lawsuits involving the Marjol Site.

Once again, we note that Gould has responded to numerous discovery requests. Our holding today does not require Gould to duplicate information previously produced. [*30] However, our holding does grant the Defendants' motion to compel and Gould will be ordered to produce the requested information relating to the identity of fact witnesses, changes in Gould's corporate structure, and information concerning other claims or litigation involving the Marjol Site.

CONCLUSION

For the reasons indicated above, we will grant Defendants' motion to compel discovery. Gould will be ordered to comply with Defendants' discovery requests relating to the identity of certain individuals with knowledge pertinent to the instant case, changes in Gould's corporate structure, and information concerning other claims or lawsuits involving the Marjol Site. An appropriate Order is attached.

Richard P. Conaboy

United States District Judge

ORDER

AND NOW, THIS 13th DAY OF MAY, 1996, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to compel discovery (Doc. No. 1044) is GRANTED.

2. Gould shall produce, by June 4, 1996, information on the identity of witnesses, changes in corporate structure and information relating to other claims or lawsuits involving the Marjol Site.

3. All parties are directed to compile a privilege log of materials claimed to be [*31] privileged pursuant to the attorney/client privilege or work product privilege.

4. A privilege log shall not be required for the information previously in Defendants' possession which was ordered to be returned to Plaintiff Gould.

5. This Order disposes of document number 1044.

6. The Clerk of Court is directed to mark the docket sheet accordingly.

Richard P. Conaboy

United States District Judge