IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY J. KITZMILLER, et al. | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 4:04-CV-2688 |
| | § | (M.D. Pa.) |
| vs. | § | |
| | § | Hon. John E. Jones III |
| DOVER AREA SCHOOL | § | |
| DISTRICT and DOVER AREA | § | |
| SCHOOL DISTRICT BOARD | § | |
| OF DIRECTORS, | § | **Non-Party Foundation** |
| | § | **for Thought and Ethics'** |
| Defendants, | § | **Memorandum In Support of** |
| | § | **Motion for Protective Order** |

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Civil Procedure 26, Non-Party Foundation for Thought and Ethics ("FTE") files this motion for protective order prohibiting disclosure of its unpublished draft text of *The Design of Life: Discovering Signs of Intelligence in Biological Systems* (hereinafter "*The Design of Life*") from Defendants, Defendants' expert, William A. Dembski, or any other person or entity, to Plaintiffs, their counsel or experts. In support thereof, FTE files the following memorandum:

## I.  ISSUE PRESENTED

Plaintiffs seek the production from Defendants and/or their expert, William A. Dembski, "the most current draft of the new edition [*Of Pandas and People*] or produce the new edition itself if it has been finalized." *See* Exhibit 3 to the

1

Affidavit of Jon A. Buell ("Buell Affidavit") attached hereto as Exhibit A. As Plaintiffs' counsel has been advised, there is no new edition or new draft edition of *Of Pandas and People* (hereinafter "*Pandas*"). Buell Affidavit, ¶ 9; Exhibit B attached hereto. Instead, FTE is working on a new book, *The Design of Life*, which is currently only in a draft form and is a work in progress. Buell Affidavit, ¶ 9. While *The Design of Life* will include some parts of the materials from *Pandas*, it is an entirely new book directed at a different audience for a different purpose. *Id.*

As the publisher of *The Design of Life* and owner of its intellectual property rights (*see* Buell Affidavit, ¶ 9), FTE joins Defendants in seeking a protective order preventing the disclosure of this unpublished draft text. Pursuant to Federal Rule of Civil Procedure 26(c), FTE seeks a protective order because:

1. Plaintiffs' request is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

2. Plaintiffs seek the disclosure of FTE's trade secrets or other confidential and proprietary information. Fed. R. Civ. P. 26(c)(7).

3. Plaintiffs cannot establish substantial need or undue hardship.

4. Disclosure of this unpublished draft text would invade FTE's constitutional rights of freedom of speech, academic freedom and freedom of association.

## II. RELEVANT FACTUAL BACKGROUND

FTE is a Texas non-profit corporation formed in 1980. Jon Buell is the founder and President of FTE. FTE's stated purpose is to restore the freedom to

know to young people in the classroom, especially in matters of worldview, morality, and conscience, and to return the right of informed consent to families in the education of their children.  FTE has organized several influential scientific symposia, produced major publishing breakthroughs on the subject of origins, helped to inspire the robust and exciting international movement of Intelligent Design, and launched an enriching series of high school textbooks used in both public and private schools.  Buell Affidavit, ¶¶ 2-3.

TE is the publisher of *The Design of Life* and owns the intellectual property rights of the unpublished draft text.  This future publication will be a textbook for use by advanced high school biology students and college-level students.  FTE will also market this new book to the general public through retail outlets.  This text, however, is currently only in draft form.  It is a work in progress.  Buell Affidavit, ¶ 9.

FTE contracted with William A. Dembski, Dean H. Kenyon, Percival Davis, Michael J. Behe and Jonathan Wells as a work for hire to author *The Design of Life*.  While it is planned that this new book will include some parts of the material from *Pandas*, it is an entirely new book directed at a different audience for a different purpose. In fact, after the release of *The Design of Life,* FTE intends to continue publishing *Pandas* in the future since it is directed at a different market. Buell Affidavit, ¶ 9.

3

FTE anticipates publishing *The Design of Life* later this year, but definite plans for publication have not yet been finalized and are dependent upon completion of editing, subjection of the text to peer review and receipt of adequate funding.  Currently, the text is undergoing editing by a textbook writer/editor.  Mr. Buell has not even had the opportunity to review the latest draft of the text and will not do so until the completion of the work by the textbook writer/editor.  After that edit is completed, the draft text will then undergo extensive review by readers, women and men who are qualified and credentialed to offer scientific and scholarly criticism. This will include sending the manuscripts to various scholars for their review and comment.  Following this review, the text will then be again revised taking into consideration the comments received from the various reviewers.  Then, and only then, will it be ready for production work leading to publication.  Buell Affidavit, ¶ 9.

On April 8, 2005, Plaintiffs requested Defendants to produce "the most current draft of the new edition [of *Pandas*] or produce the new edition itself if it has been finalized."  *See* Buell Affidavit, Exhibit 3.   In response to this request, Defendants filed Defendants' Motion for A Protective Order in this Court on May 4, 2005.

On April 22, 2005, Plaintiffs issued two separate subpoenas to Non-Parties FTE and Buell out of the United States District Court for the Northern District of

Texas. *See* Buell Affidavit, Exhibits 1 and 2. Both subpoenas contain identical document requests to FTE and Buell.  Plaintiffs request FTE and Buell to produce:

> All documents, including but not limited to any drafts, correspondence, notes and reports, memoranda (including those of telephone or oral conversations), e-mails, or letters relating to or referring to the following texts: *Biology and Origins, Of Pandas and People,* and *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, including but not limited to drafts of the texts themselves.

*Id.*.  Plaintiffs request that FTE and Buell produce the documents on May 16, 2005 at 9:00 a.m. *Id.*  Moreover, Plaintiffs seek the deposition of FTE's President, Jon Buell, on May 31, 2005 at 9:00 a.m.  *See* Buell Affidavit, Exhibit 2.

On May 6, 2005, FTE and Buell's counsel provided Plaintiffs' counsel with its written objections to the subpoenas and advised counsel of FTE's objection to Defendants and/or their expert producing the unpublished draft text of *The Design of Life*.  *See* Exhibit B attached hereto.

On May 9, 2005, in response to Plaintiffs' subpoenas, Non-Parties Foundation for Thought and Ethics and Jon A. Buell filed in the United States District Court for the Northern District of Texas a motion for protective order and/or to quash the subpoenas.  *See* Exhibit C, which is incorporated herein as if fully set forth.

### III.  ARGUMENT AND AUTHORITIES

The court must quash Plaintiffs' subpoena and enter a protective order as Plaintiffs' request seeks information that is not reasonably calculated to lead to

admissible evidence, demands the disclosure of trade secrets, confidential and proprietary information and invades the First Amendment rights of FTE and Jon Buell

To determine Plaintiffs' right to FTE's proprietary information, the court must conduct a three-part inquiry examining:

> first whether the information sought is relevant under Rule 26(b)(1), second, whether the information is subject to protection as a trade secret or other confidential commercial information, [and] third, if the information is subject to such protection, whether the party who seeks it has established a "substantial need for the ... material that cannot be otherwise met without undue hardship.

*ACT Inc. v. Sylvan*, 1999 WL 30530, *1 (E.D.Pa. 1999) (citations omitted) (attached hereto as Ex. D).

**A.      Plaintiffs seek information not relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

Based upon Plaintiffs' Complaint, at issue in this case is the constitutionality of the school district policy making high school students aware of the deficiencies in Darwin's theory of evolution, the existence of intelligent design theory, and the availability of the book *Pandas* in the school's library.  *See* Complaint, ¶¶ 33, 40, 49-56.  The Court will determine whether the school district's making *Pandas* available in the school library violates the Establishment Clause. Complaint, ¶¶ 49-54.  As currently pled by Plaintiffs, it is unclear how any evidence received from

the publisher of *Pandas* could lead to the discovery of admissible evidence that would be relevant in deciding the constitutionality of the school district's policy. As such, Plaintiffs' request for the draft of an unpublished incomplete text (*The Design of Life*) only remotely related to the text at issue in this case (*Pandas*) goes well beyond what is relevant to Plaintiffs' claims.  Fed. R. Civ. P. (26)(b)(1); *see also* Defendants' Memorandum of Law in Support of Motion for Protective Order and the Declaration of William A. Dembski, Exhibit 1 to Defendants' Memorandum.

### B.    Plaintiffs request disclosure of FTE's trade secrets, confidential and proprietary information.

FTE is the publisher of the yet to be completed book *The Design of Life* and owns its intellectual property rights. Buell Affidavit, ¶ 9.  FTE contracted with William A. Dembski as a work for hire to author and serve as an editor of this new book.  Buell Affidavit, ¶ 6.  FTE through its President Jon Buell has requested and instructed Professor Dembski to not produce to Plaintiffs any draft of *The Design of Life* in order to preserve FTE's confidential and proprietary information. *Id.*

*The Design of Life* is currently in draft form. Buell Affidavit, ¶ 9.  It is still a work in progress.  *Id.*  Editing of this text is not complete.  *Id.*  The text has not undergone peer review.  *Id.*  As discussed in Buell's Affidavit in detail, premature disclosure of this draft text prior to its going through the editing process and peer review would greatly jeopardize its educational and commercial success.  Buell

Affidavit, ¶¶ 12-16.  In fact, the very people who seek the production of this draft (Plaintiffs' lawyers, the ACLU, and Plaintiffs' experts, the National Center for Science Education) have by their past conduct demonstrated an intent to damage FTE and its promotion of intelligent design theory.  *See* Buell Affidavit, ¶¶ 13-16.

Non-parties FTE and Buell have adequately demonstrated that Plaintiffs seek trade secrets and other confidential research, development or commercial information to Plaintiffs, their attorneys and experts.    Fed. R. Civ. P. 26(c)(7).  Accordingly, Plaintiffs must establish a substantial need for the information that cannot otherwise be met without undue hardship.  This Plaintiffs cannot prove.

**C.    Plaintiffs cannot show a substantial need for the material or undue hardship.**

Because FTE has established the confidential nature of the documents sought by Plaintiffs, Plaintiffs, now bear the burden of establishing a "substantial need for the ... material that cannot be otherwise met without undue hardship." *ACT, supra.*  There is utterly no need, let alone a substantial need, for the Plaintiffs to discovery a work in progress that includes information from *Pandas*.  Any imaginable information would be inadmissible at trial, as Plaintiffs' case is based upon a school policy the references the early 1990's edition of Pandas.  Moreover, there is no evidence that any member of the Dover School Board was aware of a new science textbook or that such a book was ever considered for part of Dover's curriculum.

Moreover, because Plaintiffs cannot establish substantial need for the requested information, there is no hardship on Plaintiffs.  Plaintiffs cannot meet their burden and the subpoena must be quashed.

**D.    Plaintiffs seek to invade FTE's constitutional rights of freedom of speech, academic freedom and freedom of association.**

Plaintiffs' request for Defendants or its expert to produce an unpublished draft of *The Design of Life* seeks to invade Non-Party FTE's constitutional rights of free speech, academic freedom and freedom of association. The production of *The Design of Life* in its unpublished and incomplete state would threaten FTE's efforts to promote intelligent design theory, its advocacy of such ideas, and its association with others in promotion of intelligent design theory, including those who have financially supported FTE and those academic scholars who have participated with FTE in advancing the debate regarding this scientific theory. *See* Buell Affidavit, ¶¶ 14-17.   Production of this draft text at this stage of its development would have the effect of chilling its First Amendment rights and dissuading FTE and those who associate with it from engaging in such protected speech.   Buell Affidavit, ¶ 17; *see also* Defendants' Memorandum of Law in Support of Motion for Protective Order, and the Declaration of William A. Dembski, Exhibit 1 to Defendants' Memorandum.  Just as "A journalist's inability to protect the confidentiality of sources s/he must use will jeopardize the

journalist's ability to obtain information on a confidential basis" so to does Plaintiffs' attempt to obtain confidential information from FTE hamstring its ability to compete in the marketplace of ideas, by having its confidential information placed into the hands of vocal naysayers prior to review, editing and publication. *Riley v. City of Chester*, 612 F2d. 708, 714 (3rd Cir. 1979).

The United States Supreme Court has recognized that "[e]ffective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association . . ." *NAACP v. Alabama*, 357 U.S. 449, 460 (1958).  Accordingly, discovery impacting such association rights as in this case is barred since the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association, particular where a group espouses dissident beliefs." *Id.* at 462.

## CONCLUSION

For the above stated reasons, Non-Party Foundation for Thought and Ethics respectfully requests that the Court quash Plaintiffs' subpoena and enter a protective in accordance with Federal Rule of Civil Procedure 26(c) and grant FTE such other and further relief to which it is justly entitled.

Respectfully Submitted,


By:   _s/Leonard G. Brown, III_____
      **Leonard G. Brown, III, Esquire**
      PA I.D. No. 83207

**Dennis E. Boyle, Esquire**
PA I.D. No. No. 49618
*CLYMER & MUSSER, P.C.*
23 North Lime Street
Lancaster, PA 17602-2912
(717) 299-7101

**Jeffrey C. Mateer**
Texas State Bar No. 13185320
**Mateer & Shaffer, L.L.P.**
1300 Republic Center
325 N. St. Paul Street
Dallas, Texas 75202
Telephone: (214) 720-9900
Facsimile: (214) 720-9910

*Attorneys for Non-Parties*
*Foundation for Thought and Ethics*
*and Jon A. Buell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above document was served electronically on the below listed individuals by electronic filing using the ECF system for the United States District Court, Middle District of Pennsylvania, and is available for viewing on its website.

Eric Rothschild
Alfred H. Wilcox
Pepper Hamilton, LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, Pennsylvania 19103

Patrick Gillen
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 93
Ann Arbor, Michigan 48106

By:    _s/Leonard G. Brown, III_____
Leonard G. Brown, III, Esquire

Date: May 10, 2005