IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY J. KITZMILLER, et al. | § § § | |
| Plaintiffs, | § | |
| vs. | § § | Civil No. 4:04-CV-2688 |
| DOVER AREA SCHOOL DISTRICT, And DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS, | § § § § | (pending in the United States District Court for the Middle District of Pennsylvania) |
| Defendants, | § § § | |

## AFFIDAVIT OF JON A. BUELL

| | |
|---|---|
| STATE OF WASHINGTON | § § |
| COUNTY OF KING | § |

BEFORE ME, the undersigned authority, on this day personally appeared Jon A. Buell, known to me and after being duly sworn, according to law, upon his oath stated as follows:

1. My name is Jon A. Buell. I am over twenty-one years of age. I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein and such facts are true and correct.

2. I am the founder and President of the Foundation for Thought and Ethics ("FTE"). I am a member of the Association for Supervision and Curriculum Development. I am a former member of the American Scientific Affiliation and a past participant in the White House Conference on Education. I am a graduate of the Stanford Publishing course. I am a writer, editor and lecturer on matters of education and science. I have edited over fifteen (15) articles and/or books on subjects ranging from origins of life to symposium proceedings. I have been

Affidavit of Jon A. Buell – Page 1



personally involved in the production and publication of eleven (11) books. I am authorized on behalf of FTE to make this affidavit.

3. FTE is a Texas non-profit corporation formed in 1980. FTE's stated purpose is to restore the freedom to know to young people in the classroom, especially in matters of worldview, morality, and conscience, and to return the right of informed consent to families in the education of their children. FTE has organized several influential scientific symposia, produced major publishing breakthroughs on the subject of origins, helped to inspire the robust and exciting international movement of Intelligent Design, and launched an enriching series of high school textbooks used in both public and private schools.

4. FTE and I are in receipt of the separate subpoenas issued to me and FTE by Plaintiffs in the above-referenced matter. True and correct copies of these subpoenas are attached hereto as Exhibits 1 and 2. My office received these subpoenas by certified mail on Thursday, April 28, 2005. I did not, however, receive any witness fee or mileage allowance with the subpoenas.

5. The subpoena issued to me requests that I appear for a deposition on May 31, 2005. Both subpoenas request that FTE and I produce "[a]ll documents, including but not limited to any drafts, correspondence, notes and reports, memoranda (including those of telephone or oral conversations), e-mails, or letters relating to or referring to the following texts: *Biology and Origins, Of Pandas and People,* and *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, including but not limited to drafts of the texts themselves" on May 16, 2005. FTE and I object to the production of any such documents and my appearing at a deposition to answer questions relating to such matters.

6. I am also in receipt of correspondence received by Defendants' counsel from Plaintiffs' counsel dated April 8, 2005 requesting that Defendants produce "the most current draft of the new edition [of *Of Pandas and People*] or produce the new edition itself if it has been finalized." A true and correct copy of this correspondence is attached hereto as Exhibit 3. As the owner of the draft text of *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, FTE objects to the production of this draft text. In that regard, I have communicated with William A. Dembski, one of the experts retained by Defendants and the editor and one of the authors who has contracted with FTE to write *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, requesting and instructing that he not produce to Plaintiffs any draft of this text in order to preserve FTE's confidential and proprietary information.

7. FTE is the owner of the intellectual property rights of the publication *Biology and Origins*. FTE published *Biology and Origins* in 1987 in notebook form as the field test version of the high school supplemental biology textbook that later became *Of Pandas and People*. I oversaw and assisted with the production and publication of this text. FTE contracted with authors Dean Kenyon and Percival Davis as a work for hire to produce this notebook. FTE published less than seventy-five (75) copies of this publication. These copies were distributed but not recollected. I am unaware whether any drafts or other documents related to this publication still exist.

8. FTE is also the owner of the intellectual property rights of the publication *Of Pandas and People* [hereinafter "*Pandas*"]. This book serves as a supplement to high school biology textbooks presenting the scientific rationale for intelligent design as an alternative to Darwinism for use by ninth and tenth grade high school students. I assisted with and oversaw the production and publication of this text. FTE contracted with authors Dean Kenyon and

**Affidavit of Jon A. Buell – Page 3**

Percival Davis as a work for hire to produce this book. The first edition of *Pandas* was published by Haugton Publishing in association with FTE in 1989. A second edition was published in 1993. The most recent reprinting of this second edition was done in 2004. In that reprinting, FTE replaced Haugton as the publisher. I am unaware of whether any drafts or other documents still exist related to this text prior to its publication.

9. FTE is also the owner of the intellectual property rights of the draft text *The Design of Life: Discovering Signs of Intelligence in Biological Systems*. This future publication will be a textbook for use by advanced high school biology students and college-level students. FTE will also market this new book to the general public through retail outlets. I am assisting with and overseeing the publication of this new book. This text, however, is currently only in draft form. It is a work in progress. FTE contracted with William A. Dembski, Dean H. Kenyon, Percival Davis, Michael J. Behe and Jonathan Wells as a work for hire to author this new text. While it is planned that this new book will include some parts of the material from *Pandas*, it is an entirely new book directed at a different audience for a different purpose. In fact, after the release of *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, FTE intends to continue publishing *Pandas* in the future since it is directed at a different market. FTE anticipates publishing this new book later this year, but definite plans for publication have not yet been finalized and are dependent upon completion of editing, subjection of the text to peer review and receipt of adequate funding. Currently, the text is undergoing editing by a textbook writer/editor. I have not had the opportunity to review the latest draft of the text and will not do so until the completion of the work by the textbook writer/editor. After that edit is completed, the draft text will then undergo extensive review by readers, women and men who are qualified and credentialed to offer scientific and scholarly criticism. This will include sending the manuscripts to various scholars for their review and comment. Following this review, the

text will then be again revised taking into consideration the comments received from the various reviewers. Then, and only then, will it be ready for production work leading to publication.

10. The request for documents contained in the subpoena is overly broad and excessive in the extreme. At a minimum, it would require me to review scores of thousands of pages of document at FTE's offices to determine whether or not it is responsive to Plaintiff's request.

11. As such, searching for the documents requested in the subpoena will cause undue burden and expense upon me and FTE. During the past twenty years, FTE has occupied five different offices. Approximately five years ago, FTE downsized its offices, moving from office space of approximately 2,400 square feet to a new office containing about 1,000 square feet. As result most of FTE's files, correspondence, contracts, donor lists, financial documents and other materials constituting FTE's work for the past twenty years were hurriedly-packed in unsorted stacks into seventy-three (73) poorly-labeled and unlabeled boxes. Because of staffing and funding limitations, to date, these boxes have not been unpacked. In order to respond to Plaintiff's request, I would need to go through each of the seventy-three (73) boxes to determine whether any responsive documents exist. Moreover, because of our lack of staff, I would also need to review unsorted stacks of unfiled documents, which total approximately fifteen (15) feet thick. Further, I would need to review the documents contained in filing cabinets, which consist of approximately five (5) feet of documents. I would anticipate it would certainly take me over one hundred (100) hours to go through the boxes, stacks of unfiled documents and filing cabinets. Because FTE has very limited staff (only two other persons on staff in its Dallas office, a receptionist and an administrator), this would greatly impact our ability to do the work we need to complete at FTE, including fundraising, sales support, and overseeing FTE's various projects. Moreover, a little over three and a half (3 ½) years ago, FTE's computer crashed losing all of the

information on it. FTE does not have any of the computers used prior to that time because they have been either discarded or donated to charity. Simply put, the task of responding to this request would place an enormous burden on FTE that would greatly hinder its ability to perform its normal operations and jeopardize its continued existence.

12.  The information sought is FTE's confidential and proprietary information. As stated above, the draft text of *The Design of Life: Discovering Signs of Intelligence in Biological Systems* is a work in progress and is not ready for publication. Premature disclosure of the draft text prior to its going through further editing and peer review (as discussed above) would greatly jeopardize its educational and commercial success. Accordingly, I have instructed the authors and editors of *The Design of Life: Discovering Signs of Intelligence in Biological Systems* to take the necessary actions to prohibit the disclosure of the entire draft text until it is published.

13.  Currently, *Pandas* is the only supplemental textbook presenting intelligent design theory for use in high school biology courses. This book has been subject to intense review. For example, in their introductory article to an issue of *Bookwatch Reviews* (Vol. 2, No. 11, 1989) devoted entirely to *Pandas*, Eugenie Scott (who is the Executive Director of the National Center for Science Education, Plaintiffs' consulting expert in this case) and Gordon Uno assert that the book teaches that, "the six-day Genesis creation story, literally interpreted, can be supported scientifically." Anyone with a copy of the first edition of *Pandas* in their hands can decide for themselves whether this is reality or gross mischaracterization. (Nowhere did either the first or second editions of *Pandas* mention or allude to the book of Genesis or the Genesis creation story at all, much less to a literal interpretation of it. Nowhere did the authors mention, much less advocate, a worldwide flood; nowhere did they suggest that the earth is 6,000 years old.) Yet Scott and Uno finish their article stating that, "...science teachers need to have accurate information and analysis. This issue of *Bookwatch Reviews* is a start towards filling that need."

These falsehoods were subsequently reproduced in other articles about *Pandas*. Many other examples from the same issue of *Bookwatch Reviews* could also be given. These, and comparable misrepresentations by other national activist organizations intimidated teachers who would otherwise have considered what the book actually did say, and inspired similar misrepresentations or other illiberal means to discourage a fair hearing for the book. Over time, many untrue statements about FTE appeared in news stories, statements specific enough as to be conspicuous when they appeared again in other articles, sometimes repeatedly. Thus they served as markers for tracing the rote repetition and spread of misrepresentations. In the same manner, FTE expects that upon the publication of *The Design of Life: Discovering Signs of Intelligence in Biological Systems* it too will be subjected to the same sort of hostile review.

14. As a result, the production of a preliminary draft of *The Design of Life: Discovering Signs of Intelligence in Biological Systems* to Plaintiffs (and specifically but not only to their experts, including Ms. Scott and the National Center for Science Education) will severely damage FTE. If the current draft text is released at this time, this will have devastating effects on the future marketability of the book, impacting its commercial and educational potential. As all media, journalists, and a large segment of American society understand, when one side in a dispute is published before the opposing side, the first side has a persuasive advantage. If the original allegations are negative and concerted or widespread, they can be impossible for an un-empowered target to offset or overcome. In the Stanford Publishing Course, the details and seminal nature of properly introducing a new release are strongly underscored. Most teachers are known to be easily intimidated, and severe negative publicity for the book coming first would very likely damage the market, plunging FTE, a 501(c)(3) nonprofit organization deep into debt. The damage would occur because the cost of publishing a print run of sufficient size to reach breakeven (while the books are priced to move) could add heavily to

FTE's long term debt for years, or take FTE to the breaking point when the books did not sell.

15. As the ACLU (the organization Plaintiffs' attorneys are associated with) has in the past cooperated and/or assisted in several suits, threats, and other actions with groups who have engaged in actions hostile to FTE, I am very concerned that if the draft text of *The Design of Life: Discovering Signs of Intelligence in Biological Systems* is ordered to be produced there is substantial risk that the yet uncompleted manuscript will be leaked to those wishing to damage FTE and other opponents of intelligent design theory.

16. In fact, during the past few months, parties have been attempting to secure an advance draft of this publication. More than one innocuous phone call has come to FTE's office, requesting an advance copy of a book for which FTE has never even announced a publication date. In one case, the call came from the law firm of Pepper Hamilton (Plaintiffs' attorneys in this case), but without disclosure of the legal nature of their interest, and in at least one additional case, the call was either anonymous, or only an individual's name was volunteered.

17. Appearing at a deposition and answering questions about such matters, including questions about the draft of *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, the production and publication of this new book, my work with FTE will impact my ability to engage in speech and association for the purposes of advancing intelligent design theory, and for the purposes of raising the support necessary for FTE to operate.

_____
JON A. BUELL

SWORN AND SUBSCRIBED TO before me this 4th day of May, 2005, to certify which witness my hand and official seal.

Notary Public, State of Washington
MARYN R. TOMPKINS

My commission expires
4 June 2009

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS

TAMMY J. KITZMILLER; et al.
V.
DOVER AREA SCHOOL DISTRICT;
DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  4:04-CV-2688
United States District Court
for the Middle District of
Pennsylvania

TO: Foundation for Thought and Ethics
15757 Coit Road
Dallas, Texas 75248

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents, including but not limited to any drafts, correspondence, notes, reports, memoranda (including those of telephone or oral conversations), e-mails, or letters relating or referring to the following texts: *Biology and Origins*, *Of Pandas and People*, and *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, including but not limited to drafts of the texts themselves.

| PLACE: Fulbright & Jaworski 2200 Ross Avenue. Suite 2800 Dallas, Texas 75201 | DATE AND TIME May 16, 2005 |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE April 22, 2005 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric Rothschild, Esquire, Pepper Hamilton, LLP, 3000 Two Logan Square, 18th and Arch Streets, Philadelphia, PA 19103 (215) 981-4813

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

**EXHIBIT**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS

TAMMY J. KITZMILLER; et al.
V.
DOVER AREA SCHOOL DISTRICT;
DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   4:04-CV-2688
United States District Court
for the Middle District of Pennsylvania

TO: Jon Buell
c/o Foundation for Thought and Ethics
15757 Coit Road
Dallas, Texas 75248

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: Fulbright & Jaworski, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201 | DATE AND TIME May 31, 2005 9:00 am |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents, including but not limited to any drafts, correspondence, notes, reports, memoranda (including those of telephone or oral conversations), e-mails, or letters relating or referring to the following texts: *Biology and Origins*, *Of Pandas and People*, and *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, including but not limited to drafts of the texts themselves.

| PLACE: Fulbright & Jaworski, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201 | DATE AND TIME May 16, 2005 9:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE April 22, 2005 |
| --- | --- |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Eric Rothschild, Esquire, Pepper Hamilton, LLP, 3000 Two Logan Square, 18th and Arch Streets, Philadelphia, PA 19103 (215) 981-4813 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


EXHIBIT

AO88 (Rev. 1/94) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                   DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Pepper Hamilton LLP
### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Eric Rothschild
direct dial: 215-981-4813
rothsche@pepperlaw.com

April 8, 2005

VIA E-MAIL AND U.S. MAIL

Patrick T. Gillen, Esquire
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106

RE: Kitzmiller, et al. v. Dover Area School District, et al.;
No.: CV 04-2688

Dear Patrick:

Mr. Dembski's expert report refers to a third edition of *Of Pandas and People* to be published this year under a different title. We ask that you please produce the most current draft of the new edition or produce the new edition itself if it has been finalized.

Very truly yours,

Eric Rothschild

ER/cp
cc: Ron Turo, Esquire
Witold J. Walczak, Esquire
Alex Luchenitser, Esquire
Paula K. Knudsen, Esquire
Stephen G. Harvey, Esquire
Thomas B. Schmidt, III, Esquire

EXHIBIT 3

PHLEGAL: #1719666 v1 (10%W501!.DOC)

Philadelphia    Washington, D.C.    Detroit    New York    Pittsburgh