# Mateer & Shaffer
*A Registered Limited Liability Partnership*

Jeffrey C. Mateer
Direct Line: (214) 720-9904

May 6, 2005

www.mashlaw.com
jeff@mashlaw.com

<u>*VIA FACSIMILE AND CERTIFIED MAIL*</u>
Alfred H. ("Chub") Wilcox, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799

Re:   *Kitzmiller, et al. v. Dover Area School District, et al.*, No. CV 04-2688:

Dear Mr. Wilcox:

Following up on our telephone conversation today and my earlier voice mail yesterday to Mr. Rothschild, I have been retained to represent Jon Buell and the Foundation for Thought and Ethics ("FTE") with regard to the subpoenas issued to them by Mr. Rothschild on behalf of Plaintiffs in the above-referenced matter. You have requested that I respond to you regarding this matter.

Although issued on April 22, 2005, Mr. Buell and FTE did not receive the subpoenas until April 28, 2005. As such, the subpoenas fail to allow reasonable time for compliance. Fed. R. Civ. P. 45(c)(3)(a). Moreover, contrary to Federal Rule of Civil Procedure 45(b)(1), you have failed to tender with the subpoena to Mr. Buell the required witness fee and the reasonably estimated mileage allowed by law. *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).

In any event, please be advised that Mr. Buell and FTE object to the subpoenas and intend to file a motion for protective order and/or motion to quash next week. Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), the objections of Mr. Buell and FTE to the subpoenas are as follows:

(1) The subpoenas do not provide reasonable time for compliance. Fed. R. Civ. P. 45(c)(3)(A)(i).

(2) Plaintiffs have failed to pay the required statutory witness fee and tender reasonable mileage allowance with the subpoena to Mr. Buell. Fed. R. Civ. P. 45(b)(1).

(3) Plaintiffs' document request seeks the disclosure of privileged and/or confidential documents. Fed. R. Civ. P. 45(c)(3)(a)(iii).

EXHIBIT
B

May 6, 2005
Page Two

(4) The subpoenas subject Mr. Buell and FTE to undue burden and unnecessary expense. Fed. R. Civ. P. 45(c)(3)(A)(iv). Such burden and/or expense greatly outweigh any likely benefit. Fed. R. Civ. P. 26(b)(2)(iii).

(5) The subpoenas would require the disclosure of FTE's trade secrets or other confidential information. Fed. R. Civ. P. 45(c)(3)(B)(i); *see also* Fed. R. Civ. P. 26(c)(7).

(6) The subpoenas request information and/or documents that are not relevant to the claim or defense of any party in the pending matter. Fed. R. Civ. P. 26(b)(1).

(7) The subpoenas are overly broad, *i.e.*, they seek information and/or documents that go well what is relevant to any parties' claim or defenses in the pending matter. Fed. R. Civ. P. (26)(b)(1)(2). As such, they constitute an impermissible fishing expedition.

(8) The subpoenas seek to invade Mr. Buell's and FTE's freedom of speech and freedom of association rights.

Moreover, I am also in receipt of Mr. Rothschild's correspondence dated April 8, 2005 to Defendants' counsel requesting the production of "the most current draft of the new edition [of *Of Pandas and People*] or produce the new edition itself if it has been finalized." As I believe you have been advised by Defendants' counsel, there is no "new edition" of *Of Pandas and People*. To the extent, you are, however, requesting from Defendants and/or their expert, Professor Dembski, to produce the draft text of *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, FTE also objects to this request on the same grounds as set forth above and plans on filing a motion for protective order in the Pennsylvania proceeding next week.

Although we have briefly discussed these matters, if you feel it would be productive to have further discussions, please let me know.

Very truly yours,

Jeffrey C. Mateer

cc:   Eric Rothschild, Esq. (*via facsimile and certified mail*).
      Patrick Gillen, Esq. (*via e-mail*)