

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 9 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TAMMY J. KITZMILLER, et al.　§
　　　　　　　　　　　　　　　§
　　　Plaintiffs,　　　　　　　§
　　　　　　　　　　　　　　　§
vs.　　　　　　　　　　　　　§　Civil No. 4:04-CV-2688
　　　　　　　　　　　　　　　§　(pending in the United States
DOVER AREA SCHOOL DISTRICT,　§　District Court for the Middle
And DOVER AREA SCHOOL DISTRICT §　District of Pennsylvania)
BOARD OF DIRECTORS,　　　　　§　305 - MC 053-R
　　　　　　　　　　　　　　　§
　　　Defendants,　　　　　　　§
　　　　　　　　　　　　　　　§

NON-PARTIES FOUNDATION FOR THOUGHT AND ETHICS
AND JON A. BUELL'S MOTION FOR PROTECTIVE ORDER
AND/OR TO QUASH SUBPOENAS AND BRIEF IN SUPPORT

TO THE HONORABLE COURT:

Pursuant to Federal Rules of Civil Procedure 26 and 45, Non-Parties Foundation for

Thought and Ethics ("FTE") and Jon A. Buell ("Buell") file this motion for protective order

and/or to quash the subpoenas issued by Plaintiffs' counsel on April 22, 2005 with regard to a

matter pending in the United States District Court for the Middle District of Pennsylvania. The

Court should grant the Non-Parties a protective order and/or quash the subpoenas because: (a)

Plaintiffs failed to comply with Federal Rule of Civil Procedure 45 in issuing the subpoenas, (b)

the subpoenas are overly broad and seek documents and information not relevant nor reasonably

calculated to lead to the discovery of admissible evidence, (c) the subpoenas request trade

secrets, confidential and proprietary information, (d) the subpoenas seek to invade the Non-

Parties' constitutional rights of freedom of speech, academic freedom and freedom of

association, and (e) the Non-Parties' compliance with the subpoenas would result in undue

burden and unnecessary expense.

EXHIBIT
Blumburg No. 5182
C

(6) The subpoenas seek to invade Mr. Buell's and FTE's constitutional rights of freedom of speech, academic freedom and freedom of association rights.

(7) The subpoenas subject Mr. Buell and FTE to undue burden and unnecessary expense. Fed. R. Civ. P. 45(c)((3)(A)(iv). Such burden and/or expense greatly outweigh any likely benefit. Fed. R. Civ. P. 26(b)(2)(iii).

Based upon these objections, as set forth herein, FTE and Buell move for a protective order and/or to quash the subpoenas. *See* Fed. R. Civ. P. 26(c); 45(c).

## III. RELEVANT FACTUAL BACKGROUND

The following facts are relevant to the Court's determination of this motion for protective order and/or to quash subpoenas:

1.      On or about December 14, 2004, Plaintiffs (represented by, among other counsel, the ACLU) sued the Dover Area School District and its board of directors in the United States District Court for the Middle District of Pennsylvania. A true and correct copy of Plaintiffs' Complaint ("Complaint") is attached to the Appendix as Exhibit "C."

2.      At issue in that case is the constitutionality of the school district's policy making high school students "aware of gaps/problems in Darwin's theory and of other theories of evolution including, but not limited to, intelligent design" and making available to students in the library the book *Of Pandas and People* (hereinafter "*Pandas*"). Appendix, Exhibit C, ¶¶ 33, 40, 49-56. *Pandas* is a supplement to high school biology textbooks presenting the scientific rationale for intelligent design as an alternative to Darwinism for use by ninth and tenth grade high school students. *See* Affidavit of Jon A. Buell attached as Exhibit D to the Appendix, ¶ 8.

3.      FTE is the publisher and owner of the intellectual property rights of *Pandas*. *See* Exhibit D, ¶ 8. Jon Buell is the founder and President of FTE. *See* Exhibit D, ¶ 2.

4.      FTE is a Texas non-profit corporation formed in 1980. FTE's stated purpose is to restore the freedom to know to young people in the classroom, especially in matters of

worldview, morality, and conscience, and to return the right of informed consent to families in the education of their children. FTE has organized several influential scientific symposia, produced major publishing breakthroughs on the subject of origins, helped to inspire the robust and exciting international movement of Intelligent Design, and launched an enriching series of high school textbooks used in both public and private schools. *See* Exhibit D, ¶ 3.

5.     As stated above, Plaintiffs' counsel issued two separate subpoenas to FTE and Buell on April 22, 2005 by certified mail. *See* Exhibits A, B and D, ¶ 4. FTE did not receive the subpoenas until April 28, 2005. Plaintiffs did not include any witness fee or mileage allowance with the subpoenas. *See* Exhibit D, ¶ 4.

6.     On May 6, 2005, FTE and Buell's counsel provided Plaintiffs' counsel with its written objections to the subpoenas. A true and correct copy of this correspondence is attached as Exhibit E to the Appendix.

7.     On April 8, 2005, Plaintiffs' counsel previously requested Defendants' counsel to produce "the most current draft of the new edition [of *Pandas*] or produce the new edition itself if it has been finalized." *See* Exhibit D, ¶ 6 and exhibit 3 attached hereto. In response to this request, Defendants filed Defendants' Motion for A Protective Order in the United States District Court for the Middle District of Pennsylvania. True and correct copies of Defendants' Motion for Protective Order, Defendants' Memorandum of Law in Support of Motion for Protective Order, and Exhibits to Memorandum In Support of Defendants' Motion for Protective Order are attached to the Appendix as Exhibits F, G and H.

## IV. ARGUMENT AND AUTHORITIES

### A.    Plaintiffs failed to comply with Federal Rule of Civil Procedure 45 in issuing the subpoenas.

Plaintiffs subpoenaed Jon A. Buell to appear for deposition on May 31, 2004. *See* Appendix, Exhibit B. Federal Rule of Civil Procedure 45(b)(1) provides that a subpoena requiring a person's attendance must include the tender "to that person the fees for one day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Plaintiffs, however, failed to provide Buell with the required witness fee and mileage allowance. *See* Appendix, Exhibit D, ¶ 4. Accordingly, the Court must quash the subpoena issued to Buell. *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).

Moreover, both subpoenas fail to provide FTE and Buell with reasonable time for compliance as required by Federal Rule of Civil Procedure 45(c)(3)(A)(i). As set forth in the Affidavit of Jon A. Buell, any effort to comply with the subpoenas would require over one hundred (100) hours of work. *See* Appendix, Exhibit D, ¶ 11. As such, responding to Plaintiffs' subpoena could not be reasonably completed between April 28 (the date FTE and Buell received the subpoenas) and May 16 (the date upon which the documents are to be produced). Accordingly, because the subpoenas do not provide reasonable time for compliance, the Court should quash them.

### B.    The subpoenas are overly broad and seek documents and information not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs request production of <u>all</u> documents <u>relating</u> or <u>referring</u> to three texts: *Biology and Origins*, published in 1987, *Pandas*, first published in 1989, and *The Design of Life: Discovering Signs of Intelligence in Biological Systems*, which is not yet published and currently only in draft form. *See* Appendix, Exhibits A and B. On its face, Plaintiffs' discovery requests

are overly broad. Fed. R. Civ. P. (26)(b)(1)(2). They seek information and/or documents that go well beyond what is relevant to any parties' claim or defenses in the pending matter. *See* Appendix, Exhibits F, G and H.

At issue in the underlying case is the constitutionality of the school district policy making high school students aware of the deficiencies in Darwin's theory of evolution, the existence of intelligent design theory, and the availability of the book *Pandas* in the school's library. *See* Appendix, Exhibit C, ¶¶ 33, 40, 49-56. It is unclear how any evidence received from the publisher of *Pandas* or its President could lead to the discovery of admissible evidence that would be relevant in deciding the constitutionality of the school district's policy. Plaintiffs have the book in question. The issue presented in the underlying case is whether making *Pandas* available to students in the school's library violates the Establishment Clause. *See* Appendix, Exhibit C, ¶¶ 49-54. As such, Plaintiffs' request for all documents relating to or referring to *Pandas*, let alone all documents relating to or referring to a predecessor text published eighteen (18) years ago, or a future book, not yet published, is overly broad and goes well beyond what is relevant to Plaintiffs' claims. Fed. R. Civ. P. (26)(b)(1); *see also* Defendants' Memorandum of Law in Support of Motion for Protective Order, Exhibit G to the Appendix, and the Declaration of William A. Dembski, included in Exhibit H to the Appendix.

C.     **The subpoenas request trade secrets, confidential and proprietary information.**

FTE is the owner of the intellectual property rights of each of the three texts specified in the subpoenas. *See* Appendix, Exhibit D, ¶¶ 7-9. Each book was/is a work for hire and FTE has retained ownership rights. *Id.*

Especially troubling is Plaintiffs' request for FTE to produce the yet to be published *The Design of Life: Discovering Signs of Intelligence in Biological Systems. See* Appendix, Exhibits

Motion for Protective Order and/or to Quash Subpoenas . . P. . .

A and B. This text is currently in draft form. *See* Appendix, Exhibit D, ¶ 9. It is still a work in progress. *Id.* Editing of this text is not complete. *Id.* The text has not undergone peer review. *Id.* As discussed in Buell's Affidavit in detail, premature disclosure of this draft text prior to its going through the editing process and peer review would greatly jeopardize its educational and commercial success. *See* Appendix, Exhibit D, ¶¶ 12-16. In fact, the very people who seek the production of this draft (Plaintiffs' lawyers, the ACLU, and Plaintiffs' experts, the National Center for Science Education) have by their past conduct demonstrated an intent to damage FTE and its promotion of intelligent design theory. *See* Appendix, Exhibit D, ¶¶ 13-16.

Accordingly, non-parties FTE and Buell object to providing its trade secrets and other confidential research, development or commercial information to Plaintiffs, their attorneys and experts. *See* 45(c)(3)(A)(iii) and (B)(i); *see also* Fed. R. Civ. P. 26(c)(7).

**D.    The subpoenas seek to invade FTE's and Buell's constitutional rights of freedom of speech, academic freedom and freedom of association.**

Plaintiffs' subpoenas also seek to invade Non-Parties FTE's and Buell's constitutional rights of free speech, academic freedom and freedom of association. With its broad request covering documents and subject matters over a twenty year period, Plaintiffs seek documents and information relating to FTE's and Buell's efforts to promote intelligent design theory, their advocacy of such ideas, and their association with others in promotion of intelligent design theory, including those who have financially supported FTE and those academic scholars who have participated with FTE in advancing the debate regarding this scientific theory. Production of information and documents related to this exercise of First Amendment rights would have the effect of chilling those rights and dissuading FTE, Buell and those who associate with them from engaging in such protected speech. *See* Appendix, Exhibit D, ¶ 17; *see also* Defendants' Memorandum of Law in Support of Motion for Protective Order, Exhibit G to the Appendix, and

the Declaration of William A. Dembski, included in Exhibit H to the Appendix.  The United States Supreme Court has recognized that "[e]ffective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association . . ." *NAACP v. Alabama*, 357 U.S. 449, 460 (1958).  Accordingly, discovery impacting such association rights as in this case is barred since the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association, particular where a group espouses dissident beliefs." *Id.* at 462.

E.    **Compliance with the subpoenas would result in undue burden and expense.**

As set forth in detail in the Buell Affidavit, the task of searching for responsive documents would cause undue burden and unnecessary expense upon Non-Parties Buell and FTE.  *See* Appendix, Exhibit D, ¶ 11.  Buell estimates that it would take him over one hundred (100) hours to go through FTE's documents.  *Id.*  Accordingly, the subpoenas subject Buell and FTE to undue burden and unnecessary expense.  Fed. R. Civ. P. 45(c)((3)(A)(iv).  Such burden and/or expense greatly outweigh any likely benefit.  Fed. R. Civ. P. 26(b)(2)(iii).

WHEREFORE, Non-Parties Foundation for Thought and Ethics and Jon A. Buell respectfully requests that the Court enter a protective order and/or quash the subpoenas issued by Plaintiffs in accordance with Federal Rules of Civil Procedure 26(c) and 45(c) and grant such other and further relief to which they are justly entitled...

Respectfully submitted,


Jeffrey C. Mateer
Texas State Bar No. 13185320
**Mateer & Shaffer, L.L.P.**
1300 Republic Center
325 N. St. Paul Street
Dallas, Texas 75202
Telephone: (214) 720-9900
Facsimile: (214) 720-9910

*Attorneys for Non-Parties Foundation for
Thought and Ethics and Jon A. Buell*


## CERTIFICATE OF CONFERENCE

On May 6, 2005, counsel for movants conferred with Plaintiffs' counsel regarding their objections and the relief requested by this motion. Agreement could not be reached. Therefore, this motion is submitted to the Court for its determination.


Jeffrey C. Mateer

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the following attorneys of record in the above cause in accordance with Federal Rules of Civil Procedure, on this _9th_ day of May, 2005.

Eric Rothschild
Alfred H. Wilcox
Pepper Hamilton, LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, Pennsylvania 19103

Patrick Gillen
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 93
Ann Arbor, Michigan 48106

_____
Jeffrey C. Mateer