Not Reported in F.Supp.2d                                                                 Page 1
1999 WL 305300 (E.D.Pa.), 1999-1 Trade Cases  P 72,527
**(Cite as: 1999 WL 305300 (E.D.Pa.))**

United States District Court, E.D. Pennsylvania.
ACT, Inc.,
v.
SYLVAN LEARNING SYSTEMS, Inc.
**No. CIV. A. 99-63.**

May 14, 1999.

*MEMORANDUM*

ONEILL.

**\*1** ACT, Inc., plaintiff in a case in federal district court in Iowa alleging antitrust and interference with contract claims against Sylvan Learning Centers, Inc., moves to compel non-party Assessment Systems, Inc. ("ASI") to comply with a subpoena for production of documents issued out of this Court on January 21, 1999. ASI has filed a cross motion to quash the subpoena.

ACT, Sylvan, and ASI are competitors in the standardized testing business. ACT's Iowa suit concerns the relatively young "computer-based testing" (CBT) market for administration of these tests via computer. ACT alleges that Sylvan, by far the largest player in this alleged CBT market, has tortiously interfered with several existing or prospective contractual relationships between ACT and potential clients and business partners that would have helped ACT establish itself in this market. ACT also alleges that by this and other conduct, Sylvan has monopolized or attempted to monopolize the CBT market in violation of § 2 of the Sherman Act. What looks to be a fairly strong protective order has been entered in that lawsuit. (*See* ACT's Brief, Ex. D.)

ASI, which is neither a party to the Iowa suit nor a subject of any of ACT's allegations therein, is about one-quarter the size of ACT and the third largest player in the CBT market behind ACT and Sylvan. ACT seeks to compel ASI "and its affiliated or related companies" [FN1] to produce the following two categories of documents:

> FN1. All the document requests are made to ASI and its affiliated companies. Accordingly, I refer collectively to ASI and these other affiliated companies as "ASI."

(I) all documents reflecting ASI's history in the delivery of computer-based testing to date, including ASI's efforts to enter the computer-based testing market, perspectives of the players in that market, assessment of potential and existing competitors, evaluations of competitive conditions, discussions of the risks of entering into the market, and analyses of the barriers to entering that market, including any communications reflecting the volume of testing hours and number of centers needed to compete effectively in that market; and
(ii) all documents to date reflecting any potential or actual acquisition, merger, or other combination with Sylvan Learning Systems, Inc. or any of its affiliated or related companies involved in computer-based testing.

As far as the record before me shows, there has been no ruling on any discovery matters or related issues by the Iowa court or any other court with respect to ACT's lawsuit against Sylvan. Nor does the record demonstrate anything about what discovery ACT has had from Sylvan or any other non-party.

STANDARD

My consideration of this dispute is governed by Rules 26 and 45 of the Federal Rules of Civil Procedure. Together, these rules direct that I make a three-part inquiry as to each discovery request: first, whether the information sought is relevant under Rule 26(b)(1); [FN2] second, whether the information is subject to protection as a trade secret or other confidential commercial information, *see* Rules 26(c); 45(c)(3)(B)(I); [FN3] third, if the information is subject to such protection, whether the party who seeks it has established a "substantial need for the ... material that cannot be otherwise met without undue hardship ..." Rule 45(c)(3)(B). [FN4] *See generally, e.g., Mycogen Plant Science, Inc. v. Monsanto Co., 164 F.R.D. 623, 625-26 (E.D.Pa.1996).*

> FN2. Rule 26(b) provides:
> *Discovery Scope and Limits.* Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> (1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

FN3. Rule 26(c) provides:
*Protective Orders.* Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(1) that the disclosure or discovery not be had;
(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
(5) that discovery be conducted with no one present except persons designated by the court;
(6) that a deposition, after being sealed, be opened only by order of the court;
(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

FN4. Rule 45(c)(3)(B) provides:

If a subpoena
(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,
the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**\*2** Here, ASI has established, and ACT does not contest, that the information sought from ASI is confidential commercial information within the meaning of Rules 26(c) and 45(c)(3)(B). (*See* Affidavits of George Simon and Edward Wierman.) In addition, ASI does not appear to contest that the information sought is "relevant" within the broad parameters of Rule 26(b)(1), though it characterizes the information as only "marginally" relevant. Accordingly, the crux of the issue before the Court is whether ACT has established a substantial need for the information it requests that cannot otherwise be met without undue hardship. [FN5]

> FN5. ACT puts great stock in the protective order issued to cover "confidential" discovery documents in the Iowa case. However, the plain language of Rule 45(c)(3)(B) requires that the "substantial need" showing be made as a threshold matter regardless of the terms under which the material would be produced if production were ordered. *See* note 4, *supra.*

## DISCUSSION
*A. ASI's Market Information.*

As already noted, one of the two categories of information ACT seeks is information developed by ASI about the CBT market and ASI's history and

status in that market:

> all documents reflecting ASI's history in the delivery of computer-based testing to date, including ASI's efforts to enter the computer-based testing market, perspectives of the players in that market, assessment of potential and existing competitors, evaluations of competitive conditions, discussions of the risks of entering into the market, and analyses of the barriers to entering that market, including any communications reflecting the volume of testing hours and number of centers needed to compete effectively in that market;

ASI argues that disclosing this information to its much larger competitors would cause it serious commercial harm and allow its direct competitors to free ride on its own investment in assessing the CBT market. ASI also argues that while this information may be "arguably relevant" to ACT's lawsuit, ACT has not shown a "substantial need" for it. According to ASI, market assessment information such as that sought from it should be easily available to ACT from its own internal research, from Sylvan, and from the same third-party researchers with whom ASI has contracted at considerable expense.

ACT has not rebutted any of these contentions. The only evidence it offers in support of its request is the averments of its antitrust expert, Professor Robert E. Hall, that the information sought is the type of information upon which experts such as himself rely in analyzing antitrust issues such as those Act raises. ACT does not deny that similar market assessment information is available from its own resources, from Sylvan, and from third parties. Nor does ACT offer any argument for why ASI's "perspective" on the market in particular is relevant or necessary to ACT's claims. In sum, ACT has wholly failed to show a "substantial need" for the material that cannot otherwise be met without undue hardship.

B. *Merger Information*

The second category of documents sought by ACT concerns possible business transactions between ASI and Sylvan:

> all documents to date reflecting any potential or actual acquisition, merger, or other combination with Sylvan Learning Systems, Inc. or any of its affiliated or related companies involved in computer-based testing.

**\*3** This broadly-worded request apparently covers both (1) documents exchanged between Sylvan and ASI about a possible combination and (2) any

internal memoranda by ASI or related companies reflecting in any way upon possible business combinations with Sylvan. The latter are clearly confidential and marginally relevant to ACT's claims at best. Certainly, on this record, ACT has not articulated any "substantial need" for them.

As to documents exchanged between Sylvan and ASI about a possible merger or other combination, ASI points out that ACT could get any such documents from Sylvan. While this is true, it is also true that ASI cannot well maintain that such documents are confidential and their disclosure potentially harmful to it as a competitor for the same reason--their contents are known to Sylvan and have been or will be disclosed to ACT. ASI can hardly complain on grounds of confidentiality or commercial harm if these documents are disclosed to ACT under the Iowa protective order. Moreover, unlike other documents requested by ACT, such documents may be highly relevant in that they may shed light on Sylvan's conduct, which is the crucial subject of ACT's suit.

Accordingly, I will order ASI to produce this very limited category of documents. In the event that even this very narrow net catches fish that ASI in good faith believes are subject to protection, ASI may produce them in redacted form and/or submit them for *in camera* inspection by the Court. The Court expects counsel to negotiate mutually acceptable solutions to any such problem that arises, as well as to negotiate an agreement on whether documents produced in compliance with this Order shall be subject to the Iowa protective order or some special protective provisions negotiated by counsel.

CONCLUSION

While I will grant ACT's motion to compel and enforce the subpoena only in small part, I will not quash the subpoena to the extent it is not presently enforced. ACT may return to this Court to seek additional enforcement of the subpoena should discovered information and/or actions by the Iowa court lead it to conclude in good faith that it can establish entitlement to further discovery from ASI consistent with the standards of Rules 26 and 45 as set forth above.

ORDER

AND NOW this day of May, 1999, upon consideration of plaintiff ACT, Inc.'s motion to compel certain discovery from non-party Assessment Systems, Inc. ("ASI") and ASI's cross motion to quash and the parties' various filings related thereto,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 4
1999 WL 305300 (E.D.Pa.), 1999-1 Trade Cases  P 72,527
**(Cite as: 1999 WL 305300 (E.D.Pa.))**

it is hereby ORDERED:

 (1) ACT's motion to compel is GRANTED IN PART and DENIED IN PART without prejudice. ASI shall produce the following documents to ACT by or before May 28, 1999: all documents exchanged between Sylvan Learning Systems and ASI (and/or their affiliates) about a possible merger or other combination;

 (2) ASI's motion to quash is DENIED without prejudice;

 (3) ASI's motion for attorney fees and expenses associated with responding to the motion to compel is DENIED; and

 **\*4** (4) ASI's motion for attorney fees and expenses associated with responding to the subpoena is DENIED without prejudice to renewal after ASI has produced discovery as required by this Order.

 1999 WL 305300 (E.D.Pa.), 1999-1 Trade Cases  P 72,527

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.