Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 04-CV-2688 |
| ) | (M.D. Pa.) |
| v. ) | Hon. John E. Jones III |
| ) | |
| DOVER AREA SCHOOL ) | |
| DISTRICT, et al., ) | **Declaration Of** |
| ) | **William A. Dembski** |
| Defendants. ) | |

I, Willam A. Dembski, declare as follows:

1. I am an adult of sound mind and body who makes this declaration based upon personal knowledge and I can testify to the facts set forth herein.

2. I have reviewed the papers filed by the Plaintiffs in response to the Defendants' motion for a protective order and make this declaration to address the assertions made by the Plaintiffs regarding my duty of confidentiality and the publication of draft sections of *The Design of Life* referenced therein.

3. First, as indicated in my declaration, my duty of confidentiality is based upon my duty as an employee of FTE for the purpose of developing the work-in-progress *The Design of Life*. The affidavit of Jon Buell confirms his decision that the work-in-progress should be kept confidential and my duty as his agent to do so.

4. As Plaintiffs' note, prior to receiving Jon Buell's directive to keep the draft confidential, I had published two draft sections, representing some of my work toward *The Design of Life* on my website and I had also disclosed the draft Table of Contents and some peripheral matter. I also immediately removed the Table of Contents and peripheral sections from the website in an effort to protect the project consistent with Jon's concern for the larger educational and commercial success of the project. I did not remove the

2

two sections that I had published because they contained ideas largely derivative from my prior work. Moreover, I did not believe that these sections were linked with the work-in-progress in any way noticeable way–even the titles for these sections were different from the proposed sections with similar subject matter in the draft.

5. Once Jon directed me to keep the draft confidential, I did not disclose any of the additional work in progress. Indeed, I had not disclosed the other portions of the work-in-progress even prior to receiving Jon's directive because of the concerns stated in my prior declaration.

6. The bottom line is that the partial disclosure noted by the Plaintiffs was prior to Jon's directive, it was work largely derivative of my prior work, and I did not remove it because I did not believe it was so linked to the draft that it posed risk of the harms that concern myself and Jon Buell. Despite that unfortunate disclosure, most of the work-in-progress remains confidential, and it is my desire to honor my duty to Jon as his agent, and his concern for the real purpose of my participation in the project, i.e. advancing the ideas of IDT in the academic community and public-at large, which led me to seek protection for the draft and my private communications.

7. I make this affidavit pursuant to 28 U.S.C. 1746 and state, under penalty of

perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 11, 2005

William A. Dembski