IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER, et al. | : | Case No. 04cv2688 |
| Plaintiffs | : | |
| | : | |
| v. | : | Judge Jones |
| | : | |
| DOVER AREA SCHOOL DISTRICT and | : | |
| DOVER AREA SCHOOL DISTRICT | : | |
| BOARD OF DIRECTORS, | : | |
| Defendants. | : | |

**ORDER**

**May 13, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for a Protective Order (doc. 47) filed by Defendants, Dover Area School District and Dover Area School District Board of Directors (collectively "Defendants" or "DASD") on May 4, 2005. We also have before us a Motion for a Protective Order (doc. 52) filed by the non-party Foundation for Thought and Ethics ("FTE") on May 10, 2005.

On May 12, 2005, the Court held a hearing on the above-referenced Motions. During the said proceeding, which was limited to oral argument by counsel, the parties entered into an agreement with respect to a protective order, which the Court will adopt and reduce to writing at this juncture, and which shall apply to all draft materials of the text The Design of Life: Discovering Signs of

Intelligence In Biological Systems ("The Design of Life") requested by Plaintiffs' subpoena. The agreement by the parties regarding the protective order, detailed hereinafter, disposes of a significant portion of Defendants' Motion, specifically the portion concerning the draft of The Design of Life.

The remaining portion of Defendants' Motion concerns communications between Defendants' expert, William Dembski ("Dembski"), and individuals who have collaborated with him in connection with the production of the draft or his other efforts to promotion the "Intelligent Design Theory,[1]" including his communications with officers, employees, agents, and supporters of the FTE or other individuals with whom Dembski communicates in connection with his association with, and work for, the FTE. (See Defs.' Mot. Prot. Order at 2). The parties have reserved all rights with respect to this ancillary matter. The parties shall initially attempt to reach an agreement concerning the afore-mentioned communications and only if no agreement can be reached should the parties jointly contact the Court to resolve the matter.

**NOW, THEREFORE, IT IS ORDERED THAT:**

---

[1] We note that there is a dispute by the parties as to the phrase "Intelligent Design Theory;" however, we need not reach that issue at this juncture.

1. Defendants' Motion For a Protective Order (doc. 47) is denied to the extent that Plaintiffs' subpoena regarding draft materials of the text <u>The Design of Life</u> shall be responded to subject to the following provisions:

   a. Plaintiffs' counsel shall not disclose the text of the draft to any person, except a legal or expert consultant assisting counsel in this case who has been shown a copy of this Order and acknowledged receipt of the Order in writing.

   b. Prior to disclosure of the text of the draft to an authorized person, Plaintiffs' counsel shall provide five days telephone and e-mail notice to Defendants' counsel of the identity of the person to whom disclosure will be made.

   c. No person who receives or reviews all or any portion of the text of the draft shall quote it, comment on it, or critique it, except in communications between themselves and Plaintiffs' counsel's consultants, or in testimony in this litigation.

   d. Any deposition exhibits or transcripts quoting from or containing text of the draft shall be kept confidential and shall not be disclosed to any persons other than those participating in

this litigation.

e. Any court filings quoting from or containing text of the draft shall be filed under seal.

f. These restrictions shall remain in place until the text is published by FTE (or its successor) even if such publication does not occur until after the entry of judgment in this action.

g. A violation of this Order by any person shall result in the imposition of appropriate and, if necessary, severe sanctions by the Court.

2. Both parties reserve the right to re-visit the issue of communications between Dembski and individuals who have collaborated with him in connection with the production of the draft or other efforts to promote the "Intelligent Design Theory" if the parties are unable to reach an agreement in that regard.

3.	Non-Party Foundation for Thought and Ethics' Motion For a

	Protective Order (doc. 52) is denied.

<u>s/ John E. Jones III</u>  
John E. Jones III  
United States District Judge