IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY J. KITZMILLER, et al. § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | Civil No. 4:04-CV-2688 |
| § | (M.D. Pa.) |
| DOVER AREA SCHOOL § | |
| DISTRICT and DOVER AREA § | Hon. John E. Jones III |
| SCHOOL DISTRICT BOARD § | |
| OF DIRECTORS, § | |
| § | |
| Defendants, § | |

## AFFIDAVIT OF JON A. BUELL

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Jon A. Buell, known to me and after being duly sworn, according to law, upon his oath stated as follows:

1.  My name is Jon A. Buell. I am over twenty-one years of age. I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein and all such facts are true and correct.

2.  I am the founder and President of the Foundation for Thought and Ethics ("FTE"). I am a member of the Association for Supervision and Curriculum Development. I am a former member of the American Scientific Affiliation and a

past participant in the White House Conference on Education. I am a graduate of the Stanford Publishing course. I am a writer, editor and lecturer on matters of education and science. I have edited over fifteen (15) articles and/or books on subjects ranging from origins of life to symposium proceedings. I have been personally involved in the production and publication of eleven (11) books. I am authorized on behalf of FTE to make this affidavit.

3. FTE is a Texas non-profit corporation formed in 1980. FTE's stated purpose is to restore the freedom to know to young people in the classroom, especially in matters of worldview, morality, and conscience, and to return the right of informed consent to families in the education of their children. FTE has organized several influential scientific symposia, produced major publishing breakthroughs on the subject of origins, helped to inspire the robust and exciting international movement of Intelligent Design by scientists and scholars, and launched an enriching series of high school textbooks used in both public and private schools.

4. FTE publishes and owns the intellectual property rights of the publication *Of Pandas and People* (hereinafter "*Pandas*"). *Pandas* is the book at the center of this litigation. This book serves as a supplement to high school biology textbooks presenting the scientific rationale for intelligent design as an alternative to neo-Darwinism for use by ninth and tenth grade high school students.

Currently, *Pandas* is the only supplemental textbook presenting intelligent design for use in high school biology courses.

5. FTE is also the owner of the intellectual property rights of the draft text *The Design of Life: Discovering Signs of Intelligence in Biological Systems* (hereinafter *"The Design of Life"*). This future publication will be a textbook for use by advanced high school biology students and college-level students. FTE will also market this new book to the general public through retail outlets. This text, however, is currently only in draft form. FTE anticipates publishing *The Design of Life* later this year, but definite plans for publication have not yet been finalized and are dependent upon completion of editing, subjection of the text to critical review and receipt of adequate funding.

6. While I was generally aware of this litigation regarding the Dover Area School District through media reports, FTE and I did not become aware of the specifics of the claims asserted by Plaintiffs until FTE and I received discovery requests from Plaintiffs at the end of April. Prior to such time, I had not reviewed or even seen the Compliant or any other papers filed in this lawsuit.

7. On April 28, 2005, FTE and I received separate discovery subpoenas from Plaintiffs. The discovery subpoenas request that FTE and I produce "[a]ll documents, including but not limited to any drafts, correspondence, notes and reports, memoranda (including those of telephone or oral conversations), e-mails,

or letters relating to or referring to the following texts: *Biology and Origins, Of Pandas and People,* and *The Design of Life: Discovering Signs of Intelligence in Biological Systems,* including but not limited to drafts of the texts themselves." The subpoena directed to me also requires my appearance at a deposition on May 31, 2005.

8. In response to the subpoenas, FTE and I retained our own legal counsel. On May 9, 2005, FTE and I filed Non-Parties Foundation for Thought and Ethics and Jon A. Buell's Motion for Protective Order and/or to Quash Subpoenas and Brief In Support in the United States District Court for the Northern District of Texas, Dallas Division. On May 19, 2005, Plaintiffs filed Plaintiffs' Response and Brief In Opposition to Motion for a Protective Order and/or to Quash Subpoenas of Non-Parties Foundation for Thought and Ethics and Jon A. Buell ("Plaintiffs' Response"). This matter is still pending before the Texas court.

9. During this same time period, I became aware that Plaintiffs had also requested that Defendants produce "the most current draft of the new edition [of *Of Pandas and People*] or produce the new edition itself if it has been finalized." Since FTE is owner of the draft text of *The Design of Life*, I advised William A. Dembski, one of the experts retained by Defendants and the editor and one of the authors who contracted with FTE to write *The Design of Life,* to take all necessary

actions to protect FTE's confidential and proprietary information. Defendants and FTE each filed a Motion for Protective Order with this Court in regard to this matter. In response, on May 10, 2005, Plaintiffs filed Plaintiffs' Brief Opposing Defendants' Motion for Protective Order ("Plaintiffs' Brief). The Court conducted a hearing on this matter on May 12, 2005, and issued a protective order on May 13, 2005.

10. After reviewing Plaintiffs' Response and Plaintiffs' Brief filed with regard to their broad discovery requests to FTE, it has become apparent to me that at stake in this litigation is more than simply the school board's policy. Accordingly, it was not until the last few weeks that I became aware that the commercial viability of FTE's textbooks regarding intelligent design was in jeopardy in the instant lawsuit and that FTE's interests in the lawsuit were not being adequately represented.

11. As their recent court filings reflect, Plaintiffs now assert that "[t]he heart of plaintiffs' claim is that IDT [Intelligent Design Theory] is not science, but a religious view masquerading as science." Plaintiffs' Brief at 6; Plaintiffs' Response at 5. Moreover, Plaintiffs now seek a ruling from this Court that "IDT [Intelligent Design Theory] is the equivalent of 'Creation science,' which the Supreme Court has affirmed to be religion, not science, and therefore not a subject that may be taught in public school science classes." Plaintiffs' Brief at 3;

Plaintiffs' Response at 3. Such a ruling, in a case where FTE is currently not a party and its interests are not currently represented, would have a devastating effect on FTE's economic and educational interests.

12. As even Plaintiffs' recognize, "*Pandas* is currently the leading textbook on Intelligent Design Theory." Plaintiffs' Response at 6. FTE plans to market its textbooks, including *Pandas* and *The Design of Life*, to public schools within the Middle District of Pennsylvania and throughout the United States. A ruling stating that intelligent design is religion by this Court would destroy FTE's ability to market its textbooks within this district. Moreover, such a ruling would affect FTE's ability to market its textbooks to any public school in the United States. Following such a ruling, school administrators and curriculum specialists throughout the United States would be reluctant to purchase FTE's textbooks that have been declared impermissible by a federal judge. Further, I have no doubt that the opponents of intelligent design and FTE would use such a ruling by this Court to dissuade and threaten public schools from purchasing these textbooks.

13. This Court's ruling in this case will greatly impact FTE's economic and educational interests. The financial success or failure of FTE's textbooks is now threatened by this litigation. Moreover, in light of the investment FTE has made into the publication, production and promotion of its textbooks, a ruling having the effect of prohibiting the sale of these textbooks to public schools would

have a substantial adverse financial result, greatly jeopardizing FTE's continued existence as a viable entity. In that regard, FTE estimates that its potential lost income from the sale of *Pandas* would be approximately $213,334. Likewise, to date, FTE has invested approximately $49,630 in the development of *The Design of Life*. FTE estimates that its potential lost income from the sale of *The Design of Life* would be approximately $310,400.

14. I have had limited contact with the lawyers representing Defendants in this matter. I advised them of Plaintiffs' discovery requests to FTE. While they were cordial in responding to me, they did not provide me any guidance on the issues presented or the interests affected by the discovery requests or this litigation. They have not asked me for any input into the strategies regarding defending this case, the selection of expert witnesses, or any information regarding the false accusations made by Plaintiffs. In fact, when I have attempted to have further discussions with Defendants' attorneys, they have largely been unresponsive to FTE's interests. As such, I do not believe that they are adequately representing the interests of FTE in this matter.

_____
JON A. BUELL

SWORN AND SUBSCRIBED TO before me this 23RD day of May, 2005, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

My commission expires:

JUNE 24 2007

M. STEPHANIE STEVENSON-GRUND
Notary Public, State of Texas
My Commission Expires
June 24, 2007