# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; et al. ) | |
| ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.  04-CV-2688 |
| ) | (M.D. Pa.) |
| ) | |
| v. ) | Hon. John E. Jones III |
| ) | |
| ) | |
| DOVER AREA SCHOOL ) | **Defendants' Memorandum** |
| DISTRICT; et al., ) | **Of Law In Opposition To** |
| ) | **FTE's Application To** |
| ) | **Intervene.** |
| Defendants. ) | |
| ) | |
| ) | |
| _____) | |

## INTRODUCTION AND STATEMENT OF ISSUE PRESENTED

This matter is before the Court on the Application To Intervene By Foundation For Thought And Ethics ("FTE"). Thus, the issue presented is whether FTE has made the showing required to justify intervention pursuant to Fed.R.Civ.P 24. Defendants Dover Area School District and its Board now file this Response in support of their objection to the Application To Intervene in this litigation filed by the Foundation For Thought And Ethics. The reasons for the Defendants' objection are simple. First, the interests FTE seeks to protect are remote and speculative at best and Defendants adequately represent the sort of abstract and generalized interest in Intelligent Design Theory ("IDT") FTE claims as its own. Second, the motives, activities, and utterances of FTE have no bearing on the Defendants' decision to make students aware of IDT and, under these circumstances, introducing a new party and new issues into this litigation at this late date will needlessly complicate, delay, and make more burdensome, the proper resolution of this dispute.

## LAW AND ARGUMENT

The legal principles governing intervention pursuant to Fed.R.Civ.P. 24 are well known to this Court and will not be belabored here. *See Kitzmiller v. Dover Area School District*, 20005 WL 578794 (M.D. Pa.) at 2-8. A few factors emphasized by the Third Circuit have particular pertinence to FTE's notion. First, "the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *See Kleissler v. United States Forest Service*, 157 F.3d 964, 972 (3rd Cir. 1998). As the Third Circuit has put it:

> Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated.

*Id.* Second, "[a]dequacy of interest alone...is not enough to grant intervention...Rule 24(a) envisions a separate inquiry into whether the government or other existing parties will adequately advocate the applicant's interest...." *Id* at 972. Third, as FTE notes, timeliness is "determined by the totality of the circumstances, *see U.S. v. Alcan Aluminum*, 25 F.3d 1174, 1181 (3rd Cir. 1994), and in this regard, the Court should consider, among other things, how far the proceedings have gone, as well as the prejudice which resultant delay might cause

3

other parties. *Commonwealth of Penn. v. Rizzo*, 530 F.2d 501, 506 (3rd Cir. 1976).

FTE has failed to make the showing required to justify intervention as of right pursuant to Fed.R.Civ.P. 24(a). For one thing, FTE's stated interest in the outcome of this litigation is remote and speculative. According to FTE, a finding against the Defendants will necessarily have an adverse impact upon FTE's interest. But this is by no means clear. IDT has been the subject of an intense public debate for over a decade and, as the papers filed before the Court in connection with Defendants' motion for a protective order demonstrate, IDT continues to generate support. In fact, FTE itself has continued to invest in IDT despite the harsh criticism Buell and Dembski have brought to the attention of this Court.[1] Under these circumstances, it appears that any claim of adverse impact is remote and speculative. Indeed, on FTE's theory it appears that any publisher of any text touching on the controversy would have a sufficient interest to intervene. Defendants suggest that this is not "an interest that...will be directly affected in a substantially concrete fashion by the relief sought." *Cf Kleissler v. United States Forest Service*, 157 F.3d at 972.

---

[1] *See* Defendants' Memorandum of Law In Support of Motion For Protective Order, Ex. 1 at ¶ 7; Ex. 1-A at 13-26 (Dembski c.v.); cf. Ex. 3 at 15-17, 32-36 (criticism of Dembski by Plaintiffs' expert Barbara Forrest); See Ex. 1 at ¶¶ 9-10; see also Exhibit 1-A at 45-47; See Ex. 1 at ¶9; Ex 1-A at 37-47; Ex. 3 at 15-25; 32-35(Report of Plaintiffs' expert, Barbara Forrest, criticizing Dembski and IDT proponents).

In addition, Defendants adequately represent any generalized interest in IDT that is shared with FTE. As an initial matter, this Court is aware that Defendants filed a motion for protective order seeking to protect FTE's interest in the draft text *The Design Of Life* on behalf of Defendants' expert William Dembski, a principal author of that text. As this Court knows, the protective order entered by this Court was entered as a result of an agreement worked out between counsel for the Defendants and Plaintiffs in this action. Thus, Defendants have protected FTE's interest in the draft *via* the motion for protective order made at the request of Dembski. As indicated by FTE's application, Defendants sought this relief on Dembski's request–and Dembski was acting on instructions from FTE. *See* FTE Memo In Support Of Application at 5; FTE Application at ¶ 12.

Furthermore, Defendants' Answer demonstrates that they do indeed defend the status of Intelligent Design Theory as a legitimate scientific theory. See Answer at "I." In fact Defendants are vigorously representing interests of Intelligent Design Theory as a general matter. As the Defendants' papers in support of their motion for a protective order demonstrate, Defendants have retained William Dembski, a principal author of *The Design of Life*, and one of the

5

foremost exponents of IDT.[2] In addition, Defendants have retained Michel Behe, who has played a major role in laying the conceptual foundations for IDT. Defendants have also retained experts in the areas of education policy, curriculum, and the philosophy and history of science for the purpose of demonstrating that IDT is a *bona fide* scientific theory. Given that Defendants have retained highly credentialed experts to defend the status of IDT as a scientific theory, it is difficult to see how they do not adequately represent FTE's generalized interest in IDT; significantly, FTE makes no concrete showing on this point.

FTE's application also should be denied because it will result in prejudice to Defendants. As FTE notes, Defendants' counsel have not consulted with FTE regarding strategies or selection of experts. See Application at ¶23(a)-(e). The reason is simple. Defendants do not have any knowledge or information concerning the motives, activities, and utterances of FTE. *See* Complaint at ¶ 25; *cf* Answer at ¶25. And, more importantly, FTE's motives, actions, and utterances, and nothing to do with the Defendants' decision to make students aware of IDT. Defendants object to FTE's application because the stated purpose of FTE is to

---

[2]*See* Defendants' Memorandum of Law In Support of Motion For Protective Order, Ex. 1 at ¶ 7; Ex. 1-A at 13-26 (Dembski c.v.); cf. Ex. 3 at 15-17, 32-36 (criticism of Dembski by Plaintiffs' expert Barbara Forrest); See Ex. 1 at ¶¶ 9-10; see also Exhibit 1-A at 45-47; See Ex. 1 at ¶9; Ex 1-A at 37-47; Ex. 3 at 15-25; 32-35(Report of Plaintiffs' expert, Barbara Forrest, criticizing Dembski and IDT proponents).

transform this case from one focused on Defendants' policy to make students aware of IDT to a case focused on the more general and abstract issue FTE wishes to litigate–the overall standing of IDT quite apart from the facts of this case. FTE should not be allowed to hijack this litigation in order to advance its interests.

Finally, Defendants object to FTE's Application because they will be prejudiced in other ways as a result of the introduction of new issues and new parties into this litigation at this point in the proceedings. FTE's broad-based claim of interest (and claimed need for unique representation) leave little doubt that it will require the wholesale relitigation of this case if it is allowed to intervene. The discovery period set by this Court's order is set to expire on June 15, 2005 and the parties have virtually completed discovery as of this date. Requiring the parties to relitigate the case and address the new issues posed by FTE's role as a new party will result in tremendous burdens, expense, and delay.[3]

---

[3] For these same reasons, Defendants believe that FTE has not even made a showing sufficient to justify permissive intervention under Fed.R.Civ.P. (b).

7

## CONCLUSION

FTE has not made the showing required to justify intervention pursuant to Fed.R.Civ.P. 24. The interests FTE seeks to protect are remote and speculative at best and Defendants adequately represent the sort of abstract and generalized interest in IDT that FTE would use to justify its intervention. In addition, the motives, activities, and utterances of FTE have no bearing on the Defendants' decision to make students aware of Intelligent Design Theory and, under these circumstances, introducing a new party and new issues into this litigation at this late date will needlessly complicate, delay, and make more burdensome, the proper resolution of this dispute. For these reasons, Defendants respectfully request that this Court deny FTE's Application To Intervene.

June 6, 20045

Patrick T. Gillen (P47456)*
Richard Thompson (P21410)*
Robert J. Muise (P62849)*
THOMAS MORE
LAW CENTER
24 Frank Lloyd Wright Drive
PO Box 393
Ann Arbor, Michigan 48106
(734) 827-2001
*Attorneys for Defendants*
    **admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2005, a copy of the foregoing Defendants' Memorandum Of Law In Opposition To FTE's Application To Intervene was served on the following counsel through the electronic case filing system and/or via U.S. Mail, postage prepaid:

Eric Rothschild  (Counsel for Plaintiffs)
Stephen G. Harvey
Joseph M. Farber
Benjamin M. Mather
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
PO Box 1181
Harrisburg, PA 17108

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Paula K. Knudsen
ACLU of Pennsylvania
105 N. Front Street
Suite 225
Harrisburg, PA 17101

Richard B. Katskee
Ayesha Khan
Alex J. Luchenitser
Americans United for Separation
 of Church and State
518 C Street, NE
Washington, DC 20002

Mary Catherine Roper
ACLU of Pennsylvania
P.O. Box 1161
Philadelphia, PA 19105

Ron Turo                                              (Local Counsel for Defendants)
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013


Leonard G. Brown                                      (Counsel for John A. Buell and
Clymer & Musser, P.C.                                 Foundation for Though and Ethics)
23 North Lime Street
Lancaster, PA 17602

Benjamin W. Bull
Elizabeth A. Murray
Gary S. McCaleb
Alliance Defense Fund
15333 N. Pima Road
Suite 165
Scottsdale, AZ 85260


                                                      /s/ Robert J. Muise
                                                      Robert J. Muise*
                                                      Admitted pro hac vice