# ORIGINAL

FILED
HARRISBURG, PA

JUN 0 7 2005

MARY E. D'ANDREA, CLERK
Per _____ AHH
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER, et al. | : | Case Number: 04-CV-2688 |
| | : | Judge Jones |
| vs. | : | |
| DOVER AREA SCHOOL DISTRICT; DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS | : : : | MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER |

## MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER

**AND NOW,** come Joseph Maldonado, a non-party subpoenaed witness, and Heidi Bernhard-Bubb, a non-party subpoenaed witness, by and through their Attorneys, the **BENNLAWFIRM**, and submit the within Motion to Quash Subpoena or For Protective Order pursuant to Fed. R.Civ. P. 26(c) and 45(c), and in support thereof aver the following:

1. Joseph Maldonado ("Maldonado") is an adult individual and an independent contractor correspondent for the York Daily Record, a newspaper of general circulation in and around York County, Pennsylvania, with offices located at 122 South George Street, York, York County, Pennsylvania.

2. Heidi Bernhard-Bubb ("Bernhard-Bubb"), is an adult individual and, at all relevant times hereto, an independent contractor correspondent for The York Dispatch, a newspaper of general circulation in and around York County, Pennsylvania, with offices located at 205 North George Street, York, York County, Pennsylvania.

BENNLAWFIRM
103-107 E. MARKET ST.
P.O. BOX 5185
YORK, PA 17405-5185



3. Maldonado and Bernhard-Bubb have been served with Subpoenas by counsel for the Plaintiffs in the above captioned case, Eric Rothschild, Esquire, to appear and testify at deposition on June 8, 2005 in Harrisburg, Pennsylvania.

4. Maldonado wrote articles about the Dover Area School District published in the York Daily Record on June 9, 2004, June 14, 2004 and June 15, 2004, and other dates.

5. Bernhard-Bubb wrote articles about the Dover Area School District published in The York Dispatch on June 8, 2004, June 9, 2004 and June 15, 2004, and other dates.

6. The articles published in June of 2004 and referenced in paragraphs 4 and 5 hereinabove contain statements made by Dover School Board members in connection with the Dover School Board meetings held on or about June 7, 2004 and June 14, 2004.

7. Upon information and belief, Maldonado and Bernhard-Bubb have been subpoenaed by Plaintiffs to testify concerning statements made by Dover School Board members at the Dover School Board meetings held open to the public on or about June 7, 2004 and June 14, 2004 and/or to present testimony relative to information contained in their articles published in June of 2004, and matters related thereto.

8. Upon information and belief, all meetings of the Dover School Board on the issue of "intelligent design" were public meetings attended by many members of the public.

9. Many individuals other than Maldonado and Bernhard-Bubb attended the June 7, 2004 and June 14, 2004 Dover School Board meetings.

103-107 E. MARKET ST.
P.O. BOX 5185
YORK, PA 17405-5185



10. Maldonado and Bernhard-Bubb have provided Plaintiffs' counsel and Defendants' counsel with Affidavits attesting to the accuracy of their published articles. A true and correct copy of the Affidavits of Maldonado and Bernhard-Bubb and of their editors are attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth.

### Motion to Quash or For Protective Order

11. Paragraphs 1-10 are incorporated herein by reference as if fully set forth.

12. Maldonado and Bernhard-Bubb request that this Honorable Court Quash the Subpoenas as issued, and/or issue a Protective Order, pursuant to Federal Rules of Civil Procedure 45 (c)(3)(A)(iii) and 26 (c) on the following necessary and compelling grounds:

   a. The information sought by those issuing the Subpoenas at issue was gathered and received by Maldonado and Bernhard-Bubb while engaged in a newsgathering capacity with the intent to disseminate such information to the public;

   b. The subject matter of the articles in question is a matter of great public interest in the Dover Area School District and other areas;

   c. Maldonado and Bernhard-Bubb assert the Commonwealth and Federal Constitutional privileges afforded news gatherers and any applicable statutory protections and privileges;

   d. Maldonado and Bernhard-Bubb are precluded from disclosing any information which is "off the record" and not printed in the published articles in question;



e. Plaintiffs have failed to establish, and the Subpoenas as issued do not indicate, how the testimony sought is material, relevant and necessary to the instant matter; See McMenamin v. Tartaglione, 590 A.2d 802 (Pa. Commw. 1991); United States v. Criden, 633 F.2d 346 (3rd Cir. 1980); United States v. Cuthbertson, 630 F.2d 139 (3rd Cir. 1980); Riley v. City of Chester, 612 F.2d 708 (3rd Cir. 1979);

f. Plaintiffs have failed to establish, and the Subpoenas as issued do not indicate, how the testimony sought is crucial to the prosecution of Plaintiffs' case. Id.;

g. Plaintiffs have not made a strong showing, and the Subpoenas as issued do not indicate that the information sought cannot be obtained by alternative means. Id.;

h. Maldonado and Bernhard-Bubb believe that the information sought from them can be obtained from alternative sources. Id. To the best of Maldonado and Bernhard-Bubb's knowledge, information and belief, members of the general public attended the June 7, 2004 and June 14, 2004 meetings and signed a "sign in sheet" at these meetings. To the best of Maldonado and Bernhard-Bubb's knowledge, information and belief, the names of these individuals would be available to all parties;

i. The Plaintiffs have made no showing that they have made attempts to get the information sought from sources other than Maldonado and Bernhard-Bubb and that those attempts have been exhausted. Id.;



j. The published newspaper articles in question speak for themselves and Maldonado and Bernhard-Bubb have attested to the accuracy of same;

k. The Plaintiffs have not set forth a demonstrated, specific need for the purported evidence;

l. Injecting Maldonado and Bernhard-Bubb into a legal dispute in this matter will limit Maldonado's and Bernhard-Bubb's future effectiveness, regardless of the limits placed on their testimony, as the fact of testifying may deter sources of information from speaking with Maldonado and/or Bernhard-Bubb in the future, thus depriving the public of news and information on this matter of public importance;

m. Injecting Maldonado and Bernhard-Bubb into a legal dispute in this matter will forever taint them and may preclude them from reporting on this matter again in the future, thereby depriving the public of reports from the most knowledgeable reporters available; and

n. Maldonado and Bernhard-Bubb may not be questioned directly or indirectly as to the identity of any other sources not identified in the articles in question.

o. In the alternative, should this Court refuse to quash the subpoena, Maldonado's and Bernhard-Bubb's testimony should be limited solely to what appeared in the published articles.

103-107 E. MARKET ST.
P.O. BOX 5185
YORK, PA 17405-5185



13. Maldonado and Bernhard-Bubb's counsel have in good faith conferred and attempted to confer with the parties to this matter in an effort to resolve the dispute which is the subject matter of this Motion.

14. Plaintiffs' counsel is willing to accept the Affidavits attached to this Motion as Exhibit "A" in lieu of the testimony of Maldonado and Bernhard-Bubb with the caveat that the Maldonado Affidavit be amended to specifically include the June 14, 2004 article of Maldonado published in the York Daily Record. Maldonado will be amending his Affidavit to specifically include the June 14, 2004 article published in the York Daily Record.

15. Maldonado and Bernhard-Bubb have been unable to resolve the matter directly with Defendants' counsel, the Thomas More Law Center, as of the date of filing of this Motion.

**WHEREFORE**, Maldonado and Bernhard-Bubb respectfully request that this Honorable Court enter an Order quashing the Subpoenas compelling the appearance and testimony of Maldonado and Bernhard-Bubb at depositions in the within matter; or, in the alternative, issue a protective order limiting the testimony of Maldonado and Bernhard-Bubb solely to what was printed in the published articles in issue and barring any questioning of Maldonado and Bernhard-Bubb as to any sources, discussions, notes, documents or other materials gathered or created as part of their functions and duties in preparation for the published articles in issue.

103-107 E. MARKET ST.
P.O. BOX 5185
YORK, PA 17405-5185

Maldonado and Bernhard-Bubb further respectfully request that the depositions scheduled for June 8, 2005 be postponed and stayed pending the outcome of the within Motion to Quash or For Protective Order.

Date: 6/7/05

Respectfully submitted,
BENNLAWFIRM

By: /s/ Niles S. Benn
Niles S. Benn, Esquire
Attorney I.D. #16284
Terence J. Barna, Esquire
Attorney I.D. #74410
Christian J. Dabb, Esquire
Attorney I.D. #85370
P.O. Box 5185
103 E. Market Street
York, Pennsylvania 17405-5185
(717) 852-7020



# CERTIFICATE OF SERVICE

I, Terence J. Barna, Esquire, hereby certify that on this 7th day of June, 2005, I served a true and correct copy of the foregoing "Motion To Quash Subpoena or For Protective Order" in the manner indicated, to the following:

**VIA FAX (215) 981-4750 and OVERNIGHT MAIL**
Eric Rothschild, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(Plaintiffs' co-counsel)

**VIA FAX (734) 930-7160 and OVERNIGHT MAIL**
Patrick T. Gillen, Esquire
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
(Defendants' counsel)

**VIA FAX (717) 238-0575 and OVERNIGHT MAIL**
Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108
(Plaintiffs' co-counsel)

Respectfully submitted,
**BENNLAWFIRM**

By: _____
Terence J. Barna, Esquire
Attorney ID #74410
P.O. Box 5185
103 E. Market Street
York, Pennsylvania 17405-5185
(717) 852-7020