IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMMY KITZMILLER, et al.** : | Case Number: 04-CV-2688 |
| : | Judge Jones |
| : | |
| vs. : | |
| : | |
| **DOVER AREA SCHOOL DISTRICT; DOVER** : | |
| **AREA SCHOOL DISTRICT BOARD OF** : | |
| **DIRECTORS** : | |

**MEMORANDUM OF LAW OF JOSEPH MALDONADO AND HEIDI BERNHARD-BUBB IN SUPPORT OF MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER**

**I.      PROCEDURAL HISTORY/STATEMENT OF FACTS**

Plaintiffs filed suit against the Dover Area School District and the Dover Area School District Board of Directors on December 14, 2004. The Plaintiffs, a group of parents with children in the Dover Area School District, seek, inter alia, a declaratory judgment declaring that the Defendants' intelligent design policy violates the Establishment Clause of the First Amendment to the United States Constitution and portions of the Pennsylvania Constitution.

The York Daily Record and The York Dispatch are newspapers of general circulation in York County, Pennsylvania. Joseph Maldonado, an independent contractor correspondent utilized by the York Daily Record, and Heidi Bernhard-Bubb, an independent contractor correspondent utilized by The York Dispatch, have authored various articles relating to Dover School Board meetings and the controversy surrounding the Dover Area School District's policy on "intelligent design."

1

Counsel for Plaintiffs have served Subpoenas on Mr. Maldonado and Ms. Bernhard-Bubb commanding them to testify at a pre-trial deposition. Mr. Maldonado and Ms. Bernhard-Bubb have filed a Motion to Quash the Subpoenas or For a Protective Order pursuant to the Federal Rules of Civil Procedure. This Memorandum of Law is being offered in support of the said Motion.

II. **STATEMENT OF QUESTIONS INVOLVED**

    A. Should the Court grant the movants' Motion to Quash and Quash the Subpoenas issued to Joseph Maldonado and Heidi Bernhard-Bubb on the basis of the First Amendment Reporters' Privilege, or, in the alternative, should the Court grant a Protective Order?

Suggested Answer: Yes.

III. **ARGUMENT**

The First Amendment to the United States Constitution provides for freedom of the press. The law in Pennsylvania is clear that a balancing test must be used in order to weigh the rights of reporters under the First Amendment with the rights of those seeking disclosure of information the reporters possess. The First Amendment Reporter's Privilege adopted and recognized by Pennsylvania state and Federal courts can only be overridden where (1) the information sought is material, relevant, and necessary, (2) there is a strong showing that it cannot be obtained by alternative means and, (3) the information is crucial to the party's case. Riley v. City of Chester, 612 F.2d 708 (3rd Cir. 1979); United States v. Criden, 633 F.2d 346 (3rd Cir. 1980) (Criminal proceeding involving First Amendment reporters' privilege); United States v. Cuthbertson, 630 F.2d 139 (3rd Cir. 1980); McMenamin v. Tartaglione, 590 A.2d 802 ( Pa. Commw. 1991).

The Third Circuit case of Riley v. City of Chester, 612 F.2d 708 (3rd Cir. 1979), is instructive in this matter. William Riley, a policeman employed by the City of Chester and a mayoral candidate, filed a Federal Complaint in the United States District Court for the Eastern District of Pennsylvania alleging that the incumbent mayor of Chester and other city employees violated his constitutional rights. At a preliminary injunction hearing, Mr. Riley called Geraldine Oliver as a witness. Ms. Oliver, a staff writer for the Delaware County Daily Times, refused to testify about the source of certain published information on First Amendment and state law grounds. Ms. Oliver was cited for civil contempt after refusing to obey the District Court judge's direct order to answer a particular question.

On appeal, the United States Court of Appeals for the Third Circuit cited the existence of First Amendment protection for "newsgathering." The Court noted that when a constitutional privilege is implicated, a "demonstrated, specific need for evidence" must be shown. Riley, 612 F.2d at 716. Crucial to the resolution of this case are the circumstances under which the reporter, Ms. Oliver, became implicated in the Riley matter.

The Court emphasized that Riley did not involve a situation where the reporter witnessed events or possessed evidence in a criminal case. Moreover, the reporter and her publisher had not published allegedly defamatory statements. Rather, the Court reasoned that:

> **this is simply a situation where a journalist has been called as a witness to a civil suit in which neither she nor her employer has any personal interest**. The news stories were concededly written by her in the course of her newspaper employment on matters of public interest concerning a candidate for high public office in a hotly contested campaign. In fact, plaintiff in the trial court did not claim that the substantive facts alleged in the petitioner's news stories were actually untrue, although it is clear

3

> plaintiff would have preferred that they remained unpublicized. **Under the circumstances, plaintiff must demonstrate why his interest in civil litigation, although brought to vindicate his significant constitutional right to participate freely and without undue hindrance in a public election, is dependent upon the information sought.**
>
> **In striking the delicate balance between the assertion of the privilege on the one hand and the interest of either criminal or civil litigants seeking the information the materiality, relevance and necessity of the information sought must be shown**. See e. g., <u>New York Times Co. v. Jascalevich</u>, 439 U.S. 1331, 99 S.Ct. 11, 14, 58 L.Ed.2d 38 (1978) (Marshall, J., in chambers). **All courts which have considered this issue have agreed that the federal common law privilege of news writers shall not be breached without a strong showing by those seeking to elicit the information that there is no other source for the information requested**.

<u>Riley</u>, 612 F.2d at 716. (emphasis added).

The <u>Riley</u> Court ultimately held that the information sought appeared to have only marginal relevance to the plaintiff's case. The Court further held that the District Court's findings contained "only a general assertion of necessity" insufficient to overcome the First Amendment privilege. "Because of the importance of the public of the underlying rights protected by the federal common law news writer's privilege and because of the 'fundamental and necessary interdependence of the Court and the press' recently referred to by Justice Brennan, trial courts should be cautious to avoid an unnecessary confrontation between the courts and the press." <u>Riley</u>, 612 F.2d at 718. The reporter's citation for contempt was, therefore, overturned.

<u>Riley</u> involved the protection of confidential sources. Importantly, the First Amendment Reporter's Privilege has also been applied to situations

4

involving non-confidential information. For example, the Commonwealth Court of Pennsylvania ruled on a matter similar to the within controversy in <u>McMenamin v. Tartaglione</u>, 590 A.2d 802 (Pa. Commw. 1991). In <u>McMenamin</u>, the Commonwealth Court ruled that the Court of Common Pleas of Philadelphia County properly upheld a newspaper reporter's First Amendment privilege against testifying as to the accuracy of statements made by a district attorney **at a public press conference**. "**While there appears to be no dispute that the information sought was material, relevant, necessary and perhaps crucial, there is nothing to show that McMenamin could not have obtained the information from other persons present**" at the public press conference in **question**. <u>McMenamin</u>, 590 A.2d at 811. (emphasis added).

We note that the Federal Courts have also recognized the privilege in a non-confidential source context. In <u>In re: Barnard</u>, 1999 WL 38269 (E.D. Pa. 1999), a reporter attempted to quash a third-party subpoena in a civil case and invoked the journalist's First Amendment privilege. The Court applied the three prong First Amendment privilege test set forth herein to determine that the reporter could invoke the journalist's privilege on a question by question basis relating to unpublished information.

When balancing the rights of reporters with those of individuals seeking the disclosure of information, a Court should weigh the type of matter involved. The <u>Riley</u> court stated that a "case-by-case analysis is mandated **even more in civil cases than in criminal cases**, for in the former the public's interest in casting a protective shroud over the newsmen's sources and information warrants

5

an even greater weight than in the latter." Riley, 612 F.2d at 716, quoting Altemose Construction Co. v. Building & Construction Trades Council, 443 F.Supp. 489, 491 (E.D. Pa. 1977).  (emphasis added).

The within matter is a civil case, initiated in Federal Court due to the existence of a Federal constitutional question.  As such, the public's interest in protecting the newsmen's information warrants great weight.  Neither Mr. Maldonado nor Ms. Bernhard-Bubb have any personal interest in the matter.  Moreover, the published articles in question were written in the course of fulfilling newspaper reporting duties on matters of great public interest concerning the curriculum in the Dover Area School District, York County, Pennsylvania.  Accordingly, the Plaintiffs herein must demonstrate the materiality, relevance and necessity of the information sought and also that there is no other alternative source available.

Upon information and belief, Mr. Maldonado and Ms. Bernhard-Bubb believe that the Plaintiffs are seeking to verify statements made by Dover School Board members at public meetings conducted in June of 2004 and reported in their articles.  Both correspondents have submitted Affidavits attesting to the accuracy of their stories, yet the Plaintiffs have made no attempt to show the subpoenaed individuals that additional information is needed or that the information sought at deposition is material, relevant, necessary and crucial to their claims. Mr. Maldonado and Ms. Bernhard-Bubb do not believe Plaintiffs can establish the requisite need.

In addition, the information believed to be sought by Plaintiffs in this case can easily be obtained through alternative means; the other individuals who attended the Dover School Board meetings in question. Upon information and belief, the Dover School Board provided "sign in sheets" for members of the public at each meeting. It would, therefore, be possible for all of the litigants to obtain the requested information from those individuals. Nevertheless, there has been no indication from Plaintiffs that any of these citizens have been contacted or deposed prior to serving the subpoenas on Mr. Maldonado and Ms. Bernhard-Bubb.[1]

Similar to McMenamin, where the plaintiff could not compel a reporter to testify as to the accuracy of statements made by a district attorney at a public press conference, Mr. Maldonado and Ms. Bernhard-Bubb should not have to testify as to the accuracy of statements made by Dover School Board members at school board meetings open to the public and attended by many other individuals. Injecting Mr. Maldonado and Ms. Bernhard-Bubb into this legal dispute will limit their future effectiveness, regardless of the limits placed on their testimony, as the fact of testifying may deter sources of information from speaking with Mr. Maldonado and/or Ms. Bernhard-Bubb in the future, thus depriving the public of news and information on this matter of public importance. Further, injecting Mr. Maldonado and Ms. Bernhard-Bubb into this legal controversy will forever taint them and may preclude them from reporting on this

---

[1] Mr. Maldonado and Ms. Bernhard-Bubb are aware that former and current Dover School Board members Sheila Harkins, William Buckingham, and Alan Bonsell, as well as Dover Area School District Superintendent Richard Nilsen and Plaintiff Tammy Kitzmiller, have been deposed by the parties.

matter again in the future, thereby depriving the public of reports from the most knowledgeable correspondents available. Under the circumstances, we do not believe Plaintiffs can satisfy the First Amendment test articulated in <u>Riley</u> and <u>Criden</u> as to Mr. Maldonado and Ms. Bernhard-Bubb, non-party correspondents with no personal interest in this matter, and the balancing of rights should tilt in favor of the moving parties.

      We note that Mr. Maldonado and Ms. Bernhard-Bubb attempted to resolve the matter amicably without the need of Court involvement prior to filing their Motion. Said attempt was made by proposing Affidavits to both parties which would otherwise reflect the position of the subpoenaed individuals with regard to the published articles in question, and without suggesting that same would constitute a waiver of their constitutional rights in any manner. Plaintiffs indicated their acceptance of such Affidavits with a minor amendment applicable to Mr. Maldonado's Affidavit. Mr. Maldonado has agreed to the requested amendment. Nevertheless, the Defendants declined to accept the Affidavits, thereby necessitating the filing of the instant Motion.

## IV. CONCLUSION

Based on the foregoing, Joseph Maldonado and Heidi Bernhard-Bubb would respectfully request that their Motion to Quash Subpoena be granted and the Subpoenas issued by Plaintiffs quashed. In the alternative, Joseph Maldonado and Heidi Bernhard-Bubb respectfully request that the Court issue a protective order limiting their testimony solely to what was printed in the published articles in issue and barring any questioning as to any sources, discussions, notes, documents or other materials gathered or created as part of their functions and duties in preparation for the published articles in issue.

Respectfully submitted,
**BENN**LAW**FIRM**

Date: June 10, 2005          By: /s/ Niles S. Benn, Esquire
                                 Niles S. Benn, Esquire
                                 Attorney I.D. #16284
                                 Terence J. Barna, Esquire
                                 Attorney I.D. #74410
                                 Christian J. Dabb, Esquire
                                 Attorney I.D. #85370
                                 P.O. Box 5185
                                 103 E. Market Street
                                 York, Pennsylvania 17405-5185
                                 (717) 852-7020

**CERTIFICATE OF SERVICE**

I, Christian J. Dabb, Esquire, hereby certify that on this 10th day of June, 2005, I served a true and correct copy of the foregoing "Memorandum of Law" upon the following counsel by the Middle District ECF system and/or Fax, and other counsel of record by the Middle District ECF system:

    VIA FAX (734) 930-7160
    Richard Thompson, Esquire
    Robert J. Muise, Esquire
    Patrick T. Gillen, Esquire
    Thomas More Law Center
    24 Frank Lloyd Wright Drive
    P.O. Box 393
    Ann Arbor, Michigan  48106
    (Defendants' counsel)

    VIA FAX (717) 238-0575
    Thomas B. Schmidt, III
    Pepper Hamilton LLP
    200 One Keystone Plaza
    North Front and Market Streets
    P.O. Box 1181
    Harrisburg, PA  17108
    (Plaintiffs' co-counsel)

    Eric Rothschild, Esquire
    Pepper Hamilton LLP
    3000 Two Logan Square
    18th and Arch Streets
    Philadelphia, PA  19103
    (Plaintiffs' co-counsel)

                          /s/ Christian J. Dabb, Esquire
                          Christian J. Dabb, Esquire
                          Attorney I.D. #85370