# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAMMY KITZMILLER, et al.** | : | **Case Number:  04-CV-2688** |
| | : | **Judge Jones** |
| | : | **(Filed electronically)** |
| **vs.** | : | |
| | : | |
| **DOVER AREA SCHOOL DISTRICT; DOVER** | : | **MOTION TO QUASH** |
| **AREA SCHOOL DISTRICT BOARD OF** | : | **SUBPOENA OR FOR** |
| **DIRECTORS** | : | **PROTECTIVE ORDER** |

## MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER

**AND NOW,** come Joseph Maldonado, a non-party subpoenaed witness, and Heidi

Bernhard-Bubb, a non-party subpoenaed witness, by and through their Attorneys, the

**BENN**LAW**FIRM**, and submit the within Motion to Quash Subpoena or For Protective Order

pursuant to Fed. R.Civ. P. 26(c) and 45(c), and in support thereof aver the following:

1.     Joseph Maldonado ("Maldonado") is an adult individual and an independent contractor

correspondent for the York Daily Record, a newspaper of general circulation in and

around York County, Pennsylvania, with offices located at 122 South George Street,

York, York County, Pennsylvania.

2.     Heidi Bernhard-Bubb ("Bernhard-Bubb"), is an adult individual and, at all relevant

times hereto, an independent contractor correspondent for The York Dispatch, a

newspaper of general circulation in and around York County, Pennsylvania, with

offices located at 205 North George Street, York, York County, Pennsylvania.

3.      Maldonado and Bernhard-Bubb have been served with Subpoenas by counsel for the

Defendants in the above captioned case to appear and testify at deposition on June 15,

2005 in Dover, Pennsylvania.

4.      The Subpoenas were faxed to counsel for Maldonado and Bernhard-Bubb at

approximately 4:19 p.m. on Friday, June 10, 2005.

5.      Maldonado wrote articles about the Dover Area School District published in the York

Daily Record on June 9, 2004, June 14, 2004 and June 15, 2004, and other dates.

6.      Bernhard-Bubb wrote articles about the Dover Area School District published in The

York Dispatch on June 8, 2004, June 9, 2004 and June 15, 2004, and other dates.

7.      The articles published in June of 2004 and referenced in paragraphs 5 and 6

hereinabove contain statements made by Dover School Board members in connection

with the Dover School Board meetings held on or about June 7, 2004 and June 14,

2004.

8.      Upon information and belief, Maldonado and Bernhard-Bubb have been subpoenaed by

Defendants to testify concerning statements made by Dover School Board members at

the Dover School Board meetings held open to the public on or about June 7, 2004 and

June 14, 2004 and/or to present testimony relative to information contained in their

articles published in June of 2004, and matters related thereto.

9.      Upon information and belief, all meetings of the Dover School Board on the issue of

"intelligent design" were public meetings attended by many members of the public.

2

10.    Many individuals other than Maldonado and Bernhard-Bubb attended the June 7, 2004
       and June 14, 2004 Dover School Board meetings.

11.    Maldonado and Bernhard-Bubb have provided Plaintiffs' counsel and Defendants'
       counsel with Affidavits attesting to the accuracy of their published articles.  A true and
       correct copy of the Affidavits of Maldonado and Bernhard-Bubb and of their editors are
       attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth.
       True and correct copies of the Affidavits have previously been filed with the Court.

Motion to Quash or For Protective Order

12.    Paragraphs 1-11 are incorporated herein by reference as if fully set forth.

13.    Maldonado and Bernhard-Bubb request that this Honorable Court Quash the Subpoenas
       as issued, and/or issue a Protective Order, pursuant to Federal Rules of Civil Procedure
       45 (c)(3)(A)(iii) and 26 (c) on the following necessary and compelling grounds:

       a.    Defendants failed to give the subpoenaed parties reasonable notice of the
             depositions;

       b.    The information sought by those issuing the Subpoenas at issue was gathered
             and received by Maldonado and Bernhard-Bubb while engaged in a
             newsgathering capacity with the intent to disseminate such information to the
             public;

       c.    The subject matter of the articles in question is a matter of great public interest
             in the Dover Area School District and other areas;

3

d.      Maldonado and Bernhard-Bubb assert the Commonwealth and Federal

        Constitutional privileges afforded news gatherers and any applicable statutory

        protections and privileges;

e.      Maldonado and Bernhard-Bubb are precluded from disclosing any information

        which is "off the record" and not printed in the published articles in question;

f.      Defendants have failed to establish, and the Subpoenas as issued do not indicate,

        how the testimony sought is material, relevant and necessary to the instant

        matter; See McMenamin v. Tartaglione, 590 A.2d 802 (Pa. Commw. 1991);

        United States v. Criden, 633 F.2d 346 (3rd Cir. 1980); United States v.

        Cuthbertson, 630 F.2d 139 (3rd Cir. 1980); Riley v. City of Chester, 612 F.2d

        708 (3rd Cir. 1979);

g.      Defendants have failed to establish, and the Subpoenas as issued do not indicate,

        how the testimony sought is crucial to the claims and defenses of Defendants.

        Id.;

h.      Defendants have not made a strong showing, and the Subpoenas as issued do not

        indicate, that the information sought cannot be obtained by alternative means.

        Id.;

i.      Maldonado and Bernhard-Bubb believe that the information sought from them

        can be obtained from alternative sources. Id.  To the best of Maldonado and

        Bernhard-Bubb's knowledge, information and belief, members of the general

        public attended the June 7, 2004 and June 14, 2004 meetings and signed a "sign

in sheet" at these meetings.  To the best of Maldonado and Bernhard-Bubb's knowledge, information and belief, the names of these individuals, and of the Dover School Board members, would be available to all parties;

j.      The Defendants have made no showing that they have made attempts to get the information sought from sources other than Maldonado and Bernhard-Bubb and that those attempts have been exhausted. Id.;

k.      The published newspaper articles in question speak for themselves and Maldonado and Bernhard-Bubb have attested to the accuracy of same;

l.      The Defendants have not set forth a demonstrated, specific need for the purported evidence;

m.      Injecting Maldonado and Bernhard-Bubb into a legal dispute in this matter will limit Maldonado's and Bernhard-Bubb's future effectiveness, regardless of the limits placed on their testimony, as the fact of testifying may deter sources of information from speaking with Maldonado and/or Bernhard-Bubb in the future, thus depriving the public of news and information on this matter of public importance;

n.      Injecting Maldonado and Bernhard-Bubb into a legal dispute in this matter will forever taint them and may preclude them from reporting on this matter again in the future, thereby depriving the public of reports from the most knowledgeable reporters available; and

o.    Maldonado and Bernhard-Bubb may not be questioned directly or indirectly as to the identity of any other sources not identified in the articles in question.

p.    In the alternative, should this Court refuse to quash the subpoena, Maldonado's and Bernhard-Bubb's testimony should be limited solely to what appeared in the published articles.

14.    Maldonado and Bernhard-Bubb's counsel conferred with counsel for the Plaintiffs and counsel for the Defendants in a conference call with Judge Jones on June 10, 2005 relative to outstanding discovery issues.

15.    Plaintiffs' counsel have accepted the Affidavits attached to this Motion as Exhibit "A" in lieu of the deposition testimony of Maldonado and Bernhard-Bubb, subject to an agreed upon amendment to the Maldonado Affidavit.  In that regard, Plaintiffs have reserved the right to call the subpoenaed parties as witnesses at trial and the subpoenaed parties have reserved the right to raise objections to their appearance as witnesses at that time.

16.    Maldonado and Bernhard-Bubb have been unable to resolve the matter directly with Defendants' counsel, the Thomas More Law Center, as of the date of filing of this Motion.

**WHEREFORE**, Maldonado and Bernhard-Bubb respectfully request that this Honorable Court enter an Order quashing the Subpoenas compelling the appearance and testimony of Maldonado and Bernhard-Bubb at depositions in the within matter; or, in the alternative, issue a protective order limiting the testimony of Maldonado and Bernhard-Bubb

solely to what was printed in the published articles in issue and barring any questioning of

Maldonado and Bernhard-Bubb as to any sources, discussions, notes, documents or other

materials gathered or created as part of their functions and duties in preparation for the

published articles in issue.

Maldonado and Bernhard-Bubb further respectfully request that the depositions

scheduled for June 15, 2005 be postponed and stayed pending a decision by Judge Jones and

further order of court on the within Motion to Quash or For Protective Order.

Respectfully submitted,
**BENN**LAW**FIRM**

Date: June 14, 2005                  By: /s/ Niles S. Benn, Esquire_____
                                         Niles S. Benn, Esquire
                                         Attorney I.D. #16284
                                         Terence J. Barna, Esquire
                                         Attorney I.D. #74410
                                         Christian J. Dabb, Esquire
                                         Attorney I.D. #85370
                                         P.O. Box 5185
                                         103 E. Market Street
                                         York, Pennsylvania 17405-5185
                                         (717) 852-7020
                                         nbenn@bennlawfirm.com
                                         tbarna@bennlawfirm.com
                                         cdabb@bennlawfirm.com

## CERTIFICATE OF SERVICE

I, Christian J. Dabb, Esquire, hereby certify that on this 14th day of June, 2005, I served

a true and correct copy of the foregoing "Memorandum of Law" upon the following counsel by

the Middle District ECF system and/or fax and other counsel of record by the Middle District

ECF system:

**VIA FACSIMILE  (734) 930-7160**
Richard Thompson, Esquire
Robert J. Muise, Esquire
Patrick T. Gillen, Esquire
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan  48106
(Defendants' counsel)

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA  17108
(Plaintiffs' co-counsel)

Eric Rothschild, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103
(Plaintiffs' co-counsel)

/s/ Christian J. Dabb, Esquire____
Christian J. Dabb, Esquire
Attorney I.D. #85370