# EXHIBIT F

LEXSEE 2004 U.S. DIST. LEXIS 23078

**AMS CONSTRUCTION COMPANY, INC. d/b/a AMS STAFF LEASING, et al., Plaintiff v. RELIANCE INSURANCE COMPANY, (In Liquidation) Defendant.**

CIVIL ACTION No. 04-CV-2097

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*2004 U.S. Dist. LEXIS 23078*

November 15, 2004, Decided

**DISPOSITION:** Florida Guaranty's motion for leave to intervene permissively granted.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For AMS CONSTRUCTION COMPANY, INC., doing business as AMS STAFF LEASING, BRECKENRIDGE ENTERPRISES, INC., Plaintiffs: GEORGE M. VINCI, JR., PETER A. VONMEHREN, SPECTOR GADON & ROSEN, PC, PHILADELPHIA, PA.

For RELIANCE INSURANCE COMPANY IN LIQUIDATION, Defendant: WILLIAM E. MAHONEY, JR., STRADLEY, RONON, STEVENS & YOUNG, PHILA, PA.

For FLORIDA WORKERS COMPENSATION INSURANCE GUARANTY ASSOCIATIONS, Defendant, Counter Claimant: CARLOS L. DEZAYAS, LYDECKER & WADSWORTH, LLC, MIAMI, FL. EDWARD G. BIESTER, III, H. BRUCE HANSON, DUANE MORRIS LLP, PHILADELPHIA, PA.

**JUDGES:** LAWRENCE F. STENGEL, J.

**OPINIONBY:** Lawrence F. Stengel

**OPINION: STENGEL, J.**

On May 14, 2004, Texas corporations AMS Construction Company, Inc., and Breckenridge Enterprises, Inc. ("Plaintiffs") filed a complaint in this court against Reliance Insurance Company ("Defendant"), an insolvent Pennsylvania corporation, n1 for breach of contract and declaratory relief pursuant to *28 U.S.C. §§ 2201-02*. Florida Workers' Compensation Insurance Guaranty Association ("Florida Guaranty"), a non-profit Florida corporation, has filed a motion pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") *24(a)(2)* [*2] requesting the court to allow it to intervene as of right as a defendant/counterplaintiff in this action, or in the alternative, for leave to intervene permissively pursuant to *Fed.R.Civ.P. 24(b)*. For the reasons discussed in this opinion, I will grant Florida Guaranty's motion for leave to intervene permissively.

> n1 On October 3, 2001, an order of liquidation was entered by the Commonwealth Court of Pennsylvania, adjudicating Defendant to be insolvent. On the same day, the Honorable M. Diane Koken, Pennsylvania Commissioner of Insurance, was appointed statutory liquidator of Defendant, with power to resolve its insolvent estate.

**BACKGROUND**

In the 1990's, Plaintiffs entered into an insurance program with Defendant from whom they purchased a series of workers' compensation policies. In 1998, Breckenridge Enterprises purchased a Philadelphia Life Insurance Company accident insurance policy (the "Reinsurance Policy") that reinsured a certain amount of the [*3] risk covered by the workers' compensation policies making up the Defendant's program.

This case stems from a Settlement, Release and Joint

Case 4:04-cv-02688-JEJ    Document 82-7    Filed 06/14/05    Page 3 of 6

Page 2
2004 U.S. Dist. LEXIS 23078, *

Prosecution Agreement (the "Agreement") entered into on May 29, 2003 between the parties to an action in the United States District Court for the Northern District of Texas. (Breckenridge Enterprises, Inc., et al. v. Philadelphia Life Insurance Company, et al.) The Agreement was a contract that controlled the joint effort of Plaintiffs and Defendant to recover money owed under the Reinsurance Policy. Pursuant to the Agreement, Defendant received approximately $ 15 million made up of amounts recovered under the Reinsurance Policy and of collateral specifically held by Southwest Underwriters to secure Plaintiffs' obligation to fund or reimburse claims paid under Defendant's workers' compensation and general liability programs.

In their complaint, Plaintiffs allege that Defendant breached its obligations under the Agreement by failing to reimburse Plaintiffs for Defendant's portion of litigation fees and costs related to the Texas action. Plaintiffs also claim that Defendant waived its right to seek deductible reimbursements under the express [*4] language of the Agreement. Plaintiffs seek a declaration from the court holding that they do not have an obligation to reimburse Defendant for the deductibles under the policies.

Defendant filed an answer, affirmative defenses, and a four-count counterclaim asserting breach of contract, unjust enrichment, equitable subrogation, and a request for declaratory relief in connection with the Agreement.

Florida Guaranty exists pursuant to Florida's enactment of the Uniform Insurer Liquidation Act, *Chapter 631 of the Florida Statutes*, which provides a mechanism for the prompt payment of workers' compensation claims incurred by insolvent insurers. Its main purpose is to avoid financial loss to injured Florida workers due to the insolvency of any workers' compensation insurer. Pennsylvania has also adopted such a statute. See *40 P.S. § § 211-221.63*. Prior to its insolvency, Defendant wrote workers' compensation coverage in Florida. At the time of the order of liquidation, there were unpaid claims of injured Florida workers whose employers were insured by Defendant. Since the order of liquidation, new workers' compensation claims have been brought and are being paid by Florida Guaranty. [*5]

Florida Guaranty seeks leave to intervene in this matter in order to assert and protect its statutorily-granted right to recover from Plaintiffs' insurance policy deductible reimbursements due pursuant to Plaintiffs' obligations under the workers' compensation policies issued by Defendant. Florida Guaranty contends that Plaintiffs are trying to extinguish Florida Guaranty's right to the deductible reimbursements by claiming that Defendant waived, settled, discharged, and/or released Plaintiffs' deductible reimbursement obligations pursuant to the Agreement. In their responses, Plaintiffs vehemently oppose the motion, and Defendant supports it indicating that Florida Guaranty's participation in the case would be appropriate and beneficial.

## DISCUSSION

Motions to intervene are governed by *Fed.R.Civ.P. 24*. In this case, Florida Guaranty seeks to intervene under *Rule 24(a)(2)*, which provides that intervention shall be permitted as of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical [*6] matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." *Fed.R.Civ.P. 24(a)(2)*. The Third Circuit has interpreted *Rule 24(a)(2)* to include four requirements for intervention as of right: (1) the intervention must be timely; (2) the intervenor must have a sufficient interest relating to the subject of the action; (3) the action must potentially impede the applicant's ability to protect its interest; and (4) the existing parties must not adequately represent the applicant's interest. *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 33 V.I. 311, 72 F.3d 361, 366 (3d Cir. 1995) (quoting Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987))*.

Whether a moving party claims intervention as of right or permissively, *Rule 24* requires that the application be timely, a determination to be made from all the circumstances. *NAACP v. New York, 413 U.S. 345, 365-366, 37 L. Ed. 2d 648, 93 S. Ct. 2591 (1973)*. There are three factors which must be considered in evaluating the timeliness of a motion to intervene: [*7] 1) how far the proceedings have gone when the movant seeks to intervene; 2) prejudice which resultant delay might cause to other parties; and 3) the reason for the delay. *Pennsylvania v. Rizzo, 530 F.2d 501, 506 (3d Cir. 1976)*.

Here, the case was filed in this court in May 2004; Plaintiffs' response to Defendant's counterclaim was filed in August 2004; the motion itself was filed in October 2004; discovery is not set to finish until November 2004; and there has been no ruling from the court which has affected the interest of the other parties. Moreover, Florida Guaranty does not seek to add new issues to the case which even at this early stage might result in prejudice to the other parties. As a reason for its slight delay in filing this motion, Florida Guaranty claims that its status as a real party in interest was only recently

Case 4:04-cv-02688-JEJ   Document 82-7   Filed 06/14/05   Page 4 of 6

Page 3
2004 U.S. Dist. LEXIS 23078, *

clarified when the Pennsylvania Legislature signed *40 P.S. § 221.23a* into law on June 28, 2004. Thus, this motion to intervene is timely, and satisfies the first requirement of *Rule 24(a)(2)*.

Next, by having a sufficient interest relating to the subject of this action, Florida Guaranty also satisfies the second [*8] requirement of the rule. An intervenor's interest is sufficient if it is "significantly protectable." *Donaldson v. United States, 400 U.S. 517, 531, 27 L. Ed. 2d 580, 91 S. Ct. 534 (1971)*. A "significantly protectable" interest is "a legal interest as distinguished from interests of a general and indefinite character." *Harris v. Pernsley, 820 F.2d at 601*. Accordingly, a mere economic interest in the outcome of a particular litigation is insufficient to support a motion to intervene. *United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1185 (3d Cir. 1984)*. An intervenor's interest in a specific monetary fund, however, is sufficient to render intervention proper in a case affecting that fund. *Mountain Top, 72 F.3d at 366* (funds deposited with district court were assets of an express trust, of which the individual intervenors are the intended beneficiaries).

Here, Florida Guaranty has demonstrated a particular interest in the specific funds at issue in this case, rather than a general economic interest in its outcome. Having paid workers' compensation claims of Plaintiffs' employees, Florida Guaranty claims a "direct and non-contingent" [*9] interest in the deductible reimbursements that are at issue here. In their response to this motion, Plaintiffs concede that Florida Guaranty has an existing statutory right to obtain its fair share of any funds collected by the receiver under *40 P.S. §§ 221.23a(f)* and *(g)*. These two statutory provisions provide that the receiver must reimburse state guaranty associations for claims payments within a deductible amount from any money collected from collateral and/or a deductible reimbursement policy. A policyholder's deductible reimbursements under policies issued by an insolvent insurer, such as the deductible reimbursements here, as well as the collateral provided to secure such policyholder's reimbursement obligations, never become assets of the estate of the insolvent insurer, and are payable to the guaranty associations if the guaranty associations paid claims under the policies. As discussed above, the Reinsurance Policy funded the $ 15 million payment to Defendant pursuant to the Agreement. Under this set of facts, Florida Guaranty has a sufficient interest in the subject of the action, and thus satisfies the second requirement of the rule.

Nevertheless, [*10] it is at the third and fourth requirements of *Rule 24(a)(2)* that the success of Florida Guaranty's application becomes doubtful. As stated above, the action must potentially impede Florida Guaranty's ability to protect its interest. Proposed intervenors must demonstrate that their interest might become affected or impaired, as a practical matter, by the disposition of the action in their absence. *United States v. Alcan Aluminum, Inc., 25 F.3d at 1185 n.15.*

Florida Guaranty insists that it is so situated that the disposition of this case may as a practical matter impair or impede its ability to protect its interest in the deductible reimbursements. Hypothesizing that if this court were to rule that Defendant waived its right to receive the deductible reimbursements *retrospectively and/or prospectively*, Florida Guaranty is concerned that its ability to be reimbursed for claims would likely be impaired without its being heard. For example, if Florida Guaranty were to bring an independent action against Plaintiffs to collect its fair share of the reimbursements, Plaintiffs could argue that Florida Guaranty's case was somehow precluded by the outcome of the instant [*11] case.

However, the disposition of this case should have no effect on Florida Guaranty's right to reimbursement from the already-existing fund which Defendant received as a result of the Agreement. A review of the language of Pennsylvania's statute establishes that a scheme is in place whereby the Pennsylvania Commissioner, as receiver, has the primary duty to collect unpaid deductible amounts from a policyholder under Pennsylvania law:

> With respect to claim payments made by any guaranty associations, the receiver shall promptly provide the guaranty associations with a complete accounting of the receiver's deductible billing and collection activities, including but not limited to copies of the policyholder billings when rendered, the reimbursements collected, the available amounts and use of collateral for each account and any proration of payments when it occurs. The receiver's costs of accounting shall be included with expenses referred to under this subsection and, together with other reasonable actual expenses, be subject to the overall limit called for by this subsection. **If the receiver fails to make a good faith effort within one hundred twenty days of receipt of** [*12] **claims payment reports to collect reimbursements due from a policyholder under a deductible agreement based on claims payments**

made by one or more guaranty associations, then after such one-hundred-twenty-day period such guaranty associations may pursue collection directly on the same basis as the receiver and with the same rights and remedies and will report any amounts so collected from each policyholder to the receiver. To the extent that guaranty associations pay claims within the deductible amount but are not reimbursed by either the receiver under this section or by policyholder payments from the guaranty association's own collection efforts, **the guaranty association shall have a claim in the insolvent insurer's estate for such unreimbursed claims payments.**

*40 P.S. § 221.23a(i)(2)*(emphasis added).

This statutory scheme provides a mechanism for the prompt payment of a guaranty association's fair share of deductible reimbursements. It further delineates the rights and remedies of a guaranty association in pursuing its own claims should the receiver not make a good faith effort to collect the reimbursements. Here, Florida Guaranty [*13] concedes that in order to assert its rights to the deductible reimbursements, Florida Guaranty may either assert them here or in an independent action. Florida Guaranty has not alleged that the Pennsylvania Commissioner, as receiver, has failed to make a good faith effort to collect deductible amounts from Plaintiffs. It also has not alleged that, in following the scheme, it submitted claims for payment but was unsuccessful. In fact, Plaintiffs represent in their response that the Pennsylvania Commissioner has vigorously pursued collections efforts against Plaintiffs and has collected millions of dollars in deductible and reinsurance payments.

Florida Guaranty has established a sufficient interest in these funds as the subject of this case. However, Florida Guaranty has not established that the case would potentially impede its ability to protect that interest. Whatever the ultimate outcome of this case is, Florida Guaranty would still be able to follow successfully Pennsylvania's statutory mechanism for reimbursement.

The final requirement of *Rule 24(a)(2)* is also not satisfied. The burden, however minimal, is on Florida Guaranty to show that its interests are not adequately represented [*14] by the existing parties. *Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d Cir. 1982).* This burden may be discharged by Florida Guaranty showing: (1) that although its interests are similar to those of one of the parties, they diverge sufficiently that the existing party cannot devote proper attention to Florida Guaranty's interests; (2) that there is collusion between the representative party and the opposing party; *or* (3) that the representative party is not diligently prosecuting the suit. Id. (emphasis added).

A party charged by law with representing the interests of the absent party will usually be deemed adequate to represent the absentee. *Delaware Valley Citizens' Council for Clean Air, et al. v. Commonwealth of PA, et al. 674 F.2d 970, 973 (3d Cir. 1982).* As discussed above, the Pennsylvania Commissioner, as receiver, has the statutory right and obligation to represent all state insurance guaranty associations in connection with deductible amounts owed by policyholders. Florida Guaranty has not shown that the Pennsylvania Commissioner will not exercise her statutory rights or perform her statutory obligations. Besides suggesting [*15] that the Pennsylvania Commissioner might not be as motivated to collect deductible reimbursements as Florida Guaranty itself would, Florida Guaranty has made no allegation of collusion between the existing parties.

Furthermore, to its motion, Florida Guaranty attached a proposed answer, affirmative defenses, and counterclaims in the event its application were successful. These proposed pleadings are almost identical to Defendant's pleadings, with the exception of Florida Guaranty's additional affirmative defense based on *40 P.S. § 221.23a*, and Florida Guaranty's deletion of Defendant's counterclaim based on breach of contract against Plaintiffs. These interests do not diverge sufficiently to suggest that Defendant would not devote proper attention to Florida Guaranty's interests.

Thus, because I find that Florida Guaranty has not satisfied the requirements of *Rule 24(a)(2)*, I will deny its request to intervene as of right.

However, Florida Guaranty also moves, in the alternative, for leave to intervene permissively pursuant to *Fed.R.Civ.P. 24(b)*. A denial of intervention as of right does not automatically mandate [*16] a denial of permissive intervention. *McKay v. Heyison, 614 F.2d 899, 906 (3d Cir. 1980).* Fed.R.Civ.P. 24(b) provides that upon "timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." The rule also provides that in "exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

As discussed above, Florida Guaranty shares both its claims and defenses with Defendant in this case; and the delay or prejudice at this stage of the case is minimal. There being common issues of law and fact with minimal delay or prejudice, I will grant Florida Guaranty's motion to intervene permissively pursuant to *Fed.R.Civ.P. 24(b)(2)*.

An appropriate order follows.

**ORDER**

**STENGEL, J.**

**AND NOW**, this 15th day of November, 2004, upon consideration of Florida Workers' Compensation Insurance [*17] Guaranty Association's Motion to Intervene (Document No. 11), and the parties' responses thereto,

**IT IS HEREBY ORDERED** that, pursuant to *Federal Rule of Civil Procedure 24(b)*, said Motion is **GRANTED.** The Clerk of Court shall amend the caption to reflect Florida Workers' Compensation Insurance Guaranty Association as Defendant/Counterplaintiff.

BY THE COURT:

Lawrence F. Stengel, J.