# EXHIBIT G

LEXSEE 1997 U.S. DIST. LEXIS 14171

NATIONAL RAILROAD PASSENGER CORPORATION, Plaintiff, v.
COMMONWEALTH OF PENNSYLVANIA PUBLIC UTILITY COMMISSION
and TOWNSHIP OF TREDYFFRIN, Defendants.

CIVIL ACTION NO. 86-5357

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

1997 U.S. Dist. LEXIS 14171

September 9, 1997, Decided
September 10, 1997, Filed, Entered

**DISPOSITION:** [*1] Motion of the Commonwealth of Pennsylvania, Department of Transportation to Intervene as a Defendant Under Rule 24 DENIED.

**LexisNexis(R) Headnotes**

**COUNSEL:** For NATIONAL RAILROAD PASSENGER CORP: Dennis M. Moore, Washington, D.C.

For NATIONAL RAILROAD PASSENGER CORP: James M. Brogan, Piper & Marbury L.L.P., Philadelphia, PA

For TWP. OF TREDYFFRIM: WILLIAM H. LAMB, ESQ, LAMB, WINDLE & MCERLANE, P.C., John D. Snyder, Esq, Vincent M. Pompo, Esq, WEST CHESTER, PA.

For PA. PUBLIC UTILITY COMMISSION: JOHN J. GALLAGHER, ESQ, RICHARD S. HERSKOVITZ, ESQ, PA. PUBLIC UTILITY COMMISSION, David A. Salapa, Susan D. Colwell, HARRISBURG, PA.

**JUDGES:** Clarence C. Newcomer, J.

**OPINIONBY:** Clarence C. Newcomer

**OPINION:**

MEMORANDUM

Sept. 9, 1997

Before this Court are the Motion of the Commonwealth of Pennsylvania, Department of Transportation ("Department") to Intervene as a Defendant Under Rule 24, and plaintiff National Railroad Passenger Corporation's ("Amtrak") response thereto. For the following reasons, this Court will deny the Department's motion.

I. Background

This case was originally initiated by a complaint filed by Amtrak, on September 10, 1986, seeking equitable and declaratory relief to prevent the [*2] enforcement of defendant Pennsylvania Public Utility Commission's ("Commission") order dated June 13, 1986, directing Amtrak to pay approximately twenty percent of the cost of replacing a bridge situated in Tredyffrin Township, Pennsylvania. The Commission order which was being challenged by Amtrak allocated the remaining eighty percent of the cost to defendant Tredyffrin Township which, in turn, would be reimbursed by the Commonwealth of Pennsylvania. The Commission also ordered Amtrak to assume certain maintenance costs of the proposed new bridge and adjoining pedestrian walkway.

On June 30, 1987 this Court entered an Order permanently enjoining the Commission from assessing costs against Amtrak for the maintenance of the Cassatt Avenue bridge structure. *National Railroad Passenger Corp. v. Commonwealth of Pennsylvania Public Utility Comm'n, 665 F. Supp. 402 (E.D. Pa. 1987),* aff'd, *848 F.2d 436 (3d Cir. 1988),* cert. denied, *488 U.S. 893, 109 S. Ct. 231, 102 L. Ed. 2d 220 (1988).* This Court found

that "Title 45 of the United States Code section 546b exempts Amtrak from the payment of special assessments such as that imposed by the [Commission]." *665 F. Supp. at 412.* [*3] Accordingly, the Commission was permanently enjoined from assessing Amtrak for costs associated with the design, construction or maintenance of the Cassatt Avenue bridge. The Department did not attempt to intervene in this action before the issuance of the permanent injunction.

On July 3, 1990, the Commission entered an order imposing on Amtrak the costs of maintaining the substructure and superstructure of the Cassatt Avenue Bridge. Amtrak subsequently filed a motion to enforce the permanent injunction previously issued in the Order of June 30, 1990. The Department then filed a motion to intervene in this litigation pursuant to *Federal Rule of Civil Procedure 24(a)(2).* By Order of January 2, 1991, this Court permanently enjoined the Commission from imposing on Amtrak any costs of maintenance of the Cassatt Avenue Bridge structure under its July 3, 1990 Order.

On January 4, 1991, this Court denied the Department's motion to intervene. The Commission was not permitted to intervene because (1) the motion was untimely, by approximately six years, (2) the Department could not demonstrate how it would be prejudiced by a denial of an opportunity to intervene, and (3) the Department interests [*4] were found to be adequately represented by the Commission.

Amtrak presently moves this Court to modify this Court's Order of January 2, 1991. By this motion, Amtrak requests this Court to broaden the permanent injunction to include any assessment of responsibility to Amtrak for the repair, maintenance or replacement of highway bridges in the Commonwealth of Pennsylvania. Amtrak argues that a recent decision of the Commonwealth Court in *City of Philadelphia v. Pennsylvania Public Utility Comm'n, 676 A.2d 1298* (Pa. Cmwlth.), petition for allowance denied, *546 Pa. 657, 684 A.2d 558,* (1996), cert. denied,    U.S.   , *117 S. Ct. 1334 (1997),* and statements made by the Commission that it is bound by the decision of the Commonwealth Court, create the imminent prospect that the Commission will attempt to impose responsibility for bridge maintenance on Amtrak in the still-ongoing Commission proceedings concerning the Cassatt Avenue Bridge and in numerous other Commission proceedings involving highway bridges over Amtrak's right-of-way. Amtrak argues modification of this Court's Order of January 2, 1991 is therefore necessary to protect Amtrak's rights under federal [*5] law and to fulfill the original purpose of this Court's declaratory judgment and injunctions. Defendants, of course, oppose any modification of this Court's Order of January 2, 1991.

Amtrak's present motion to modify this Court's Order of January 2, 1991 has prompted the Department to move, once again, to intervene in this action pursuant to *Federal Rule of Civil Procedure 24.* Amtrak opposes such intervention.

II. Discussion

Under Rule 24(a)(2), a person is entitled to intervene if: (1) the application for intervention is timely; (2) the applicant has sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. See *Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987)* (citations omitted). Even though "these requirements are intertwined, each must be met to intervene as a right." Id. (citations omitted). A strong showing that one of the requirements is met may result in requiring a lesser showing of another requirement. *Id. at 596 n.6* (citing *United States v. Hooker Chemicals & Plastics Corp.,* [*6] *749 F.2d 968, 983 (2d Cir. 1984)).* Because the Department cannot satisfy the first, second and fourth requirements for Rule 24(a)(2) intervention, the Court denies the Department's motion.

With respect to the first requirement, this Court finds that the Department's motion to intervene is untimely by a mere ten years. In *United States v. McDonald, 432 U.S. 385, 395, 97 S. Ct. 2464, 2670, 53 L. Ed. 2d 423 (1977),* the Supreme Court stated that, in considering the appropriate disposition of a motion to intervene, the "critical inquiry . . . is whether in view of all the circumstances the intervenor acted promptly." When a party moves to intervene at such a late stage in the proceedings, "the test for timeliness is whether the proposed intervenor knew or should have known of the pendency of the action at an earlier time, and therefore should have acted to protect [its] interest sooner." *Mack v. General Electric Co., 63 F.R.D. 368, 369 (E.D. Pa. 1974),* aff'd, *533 F.2d 1247 (3d Cir. 1976).*

In the Order of January 4, 1991, this Court found that the Department knew of or reasonably should have known of this litigation as early as 1986 and had failed to provide any reason why [*7] it had not tried to intervene earlier when the merits of the injunction were being decided and appealed. Instead, the Department waited until over two years after the matter was affirmed on appeal to file its 1990 motion to intervene. Because the proper time for intervention was before this Court issued its injunctive order, the Department's motion was untimely.

Now, six years after this Court denied its 1990 motion to intervene, the Department again asks to intervene in this litigation and actually has the audacity to argue that its motion is timely because it is was filed within the time frame allowed for the response to Amtrak's motion. Interestingly, the Department has not provided the Court with any authority to support its novel position that a motion to intervene shall be deemed timely if it is filed within the time frame allowed for a response to a motion in the litigation in which the intervenor wishes to intervene. If the Department's position was correct, then a motion to intervene would always be considered timely as long as it was filed within the response period for the motion that the intervenor wishes to challenge or join. This simply is not the test for timeliness. [*8]

Rather, as stated above, the standard for assessing the timeliness of a motion to intervene is whether the proposed intervenor knew or should have known of the pendency of the action at an earlier time, and therefore should have acted to protect its interest sooner. The focus is thus on having knowledge of the entire action, not just a particular motion in the action. Under this standard, it is clear that the Department's motion is untimely. The Department's motion to intervene was untimely six years ago, and it is even more untimely now.

As this Court held in 1991, there is no prejudice to the Department if its motion to intervene is denied. *National Railroad Passenger Corp. v. Commonwealth of Pennsylvania Public Utility Comm'n, 1991 U.S. Dist. LEXIS 114, No. CIV.A.86-5357, 1991 WL 993 (E.D. Pa. Jan. 4, 1991).* The Department simply has no separate interest that has not been addressed in the litigation, and therefore there is no prejudice to deny it the opportunity to intervene.

The Department next claims to have a sufficient interest in this litigation to justify its intervention because it has responsibility for the maintenance of certain highway bridges and its share of the cost of maintaining [*9] those bridges is increased because of Amtrak's statutory exemption. "According to the Supreme Court, an intervenor's interest must be one that is 'significantly protectable.'" *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 33 V.I. 311, 72 F.3d 361, 366 (3d Cir. 1995)* (citation omitted). The Third Circuit, in an attempt to define the contours of this interest, has held that, "the interest must be a legal interest as distinguished from interests of a general and indefinite character.' * * * The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Harris, 820 F.2d at 601* (citations omitted). The interest has been identified "as one belonging to or being owned by the proposed intervenor." Id. (citations omitted). Thus, the question posited here is whether the Department is a real party in interest.

Upon reviewing the Department's purported interests, the Court finds that the Department does not have a sufficient interest in the litigation. "In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene." Id. Thus, the fact that [*10] the Department has a generalized economic interest in this litigation -- in that, the Department may have to bear increased costs as a result of Amtrak's exemption -- is irrelevant for the purposes of determining whether the Department has a sufficient interest for Rule 24(a)(2) intervention. Rather, as noted above, the Department must demonstrate a tangible threat to a legally cognizable interest to have the right to intervene.

The Department simply cannot demonstrate that there exists a tangible threat to a legally cognizable interest. The subject matter of this litigation is the scope of Amtrak's exemption from state and local taxes granted to Amtrak by *49 U.S.C. § 23401*(l), formerly codified at *45 U.S.C. § 546b*, as it applies to the responsibility for the maintenance of highway bridges. The only entity with a legal interest in that question is the Commission, which is the only entity with the authority to impose these costs on Amtrak. While the Department may have a generalized economic or governmental interest in this case, the Department does not have a legally cognizable interest in the subject matter of this litigation. See *New Orleans Public Service, Inc. v. United Gas* [*11] *Pipe Line Co., 732 F.2d 452, 466 (5th Cir. 1984)* (holding that the economic interest implicated therein was not a legal interest); *Harris, 820 F.2d at 600* (holding that the generalized governmental interest implicated therein was not a legal interest as required by Rule 24(a)(2)).

Finally, the Court finds that the Department's interests are adequately represented by the other parties to this litigation. In the Order of January 4, 1991, this Court held that the Department has "failed to demonstrate any compelling reasons why the PUC does not represent adequately all of the Commonwealth's interests . . . ." *National Railroad, 1991 U.S. Dist. LEXIS 114, 1991 WL 993, at *3.* Today the Department fairs no better in advancing its argument that it has a sufficiently different interest than the interests of the defendants.

In its brief, the Department argues that no other party other than itself is in the best position to protect the interest of the Commonwealth "in the preservation and protection of [its funds] for highway projects." However, this argument is simply without merit because Tredyffrin

Township has an identical interest in minimizing the costs by imposing a share of the responsibility for [*12] highway maintenance on Amtrak. Thus, the arguments advanced by Tredyffrin in support of its position will perforce lend support to the Department's position. Indeed, the arguments advanced by the Department in the brief it wishes to submit to this Court merely mimic the arguments that are contained in Tredyffrin's brief, and for that matter, in the Commission's brief. The Court thus concludes that the Department has not demonstrated that its interests are not adequately protected by the defendants in this litigation.

Because the Department has failed to satisfy all of the requirements contained in Rule 24(a)(2), the Department's motion to intervene in this action is denied.

An appropriate Order follows.

Clarence C. Newcomer, J.

**ORDER**

AND NOW, this 9th of September, 1997, upon consideration of the Motion of the Commonwealth of Pennsylvania, Department of Transportation to Intervene as a Defendant Under Rule 24, and plaintiff National Railroad Passenger Corporation's response thereto, it is hereby ORDERED that said Motion is DENIED.

AND IT IS SO ORDERED.

Clarence C. Newcomer, J.