# EXHIBIT H

Case 4:04-cv-02688-JEJ   Document 82-9   Filed 06/14/05   Page 2 of 3

Page 1
2004 U.S. Dist. LEXIS 17730, *; 34 ELR 20079

LEXSEE 2004 U.S. DIST. LEXIS 17730

FEDERAL TRADE COMMISSION, Plaintiff, v. MERCURY MARKETING OF DELAWARE, INC., & NEAL D. SAFERSTEIN, Defendants.

CIVIL ACTION NO. 00-3281

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*2004 U.S. Dist. LEXIS 17730; 34 ELR 20079*

August 25, 2004, Decided
August 25, 2004, Filed; August 26, 2004, Entered

**SUBSEQUENT HISTORY:** Later proceeding at *FTC v. Mercury Mktg. of Del., Inc., 2004 U.S. Dist. LEXIS 23707 (E.D. Pa., Nov. 22, 2004)*

**DISPOSITION:** [*1] Proposed intervenor's motion to intervene of right denied. Proposed intervenor's motion for permissive intervention granted.

**LexisNexis(R) Headnotes**

**COUNSEL:** For FEDERAL TRADE COMMISSION, Plaintiff: BRENDA W. DOUBRAVA, LEAD ATTORNEY, FEDERAL TRADE COMMISSION, CLEVELAND, OH.

**JUDGES:** CLIFFORD SCOTT GREEN, S.J.

**OPINIONBY:** CLIFFORD SCOTT GREEN

**OPINION:**

### MEMORANDUM / ORDER

Green, J.

Presently pending before this court is the Motion to Intervene of Proposed Intervenor Mercantile Capital, L.P., Mercantile Holdings, L.L.C. and MC Real Estate Partners I, L.P. ("Mercantile"); the Response in Opposition by Plaintiff Federal Trade Commission ("FTC"); and Mercantile's Reply thereto. Mercantile is an asset-based lending and discount factoring firm based in Wynnewood, Pennsylvania. Beginning in March 2000, Mercantile claims to have extended to Defendants over $ 17 million, including more than $ 2 million to finance its operations, make refunds to consumers and to acquire several properties after this Court concluded that there was clear and convincing evidence that defendants purposely misled consumers.

Mercantile moved to intervene either of right or through permissive intervention pursuant to *Federal Rule of Civil Procedure 24* [*2] . A party may intervene as of right pursuant to *Fed. R. Civ. P. 24(a)(2)* when: (1) the request is timely; (2) there is sufficient interest by the applicant; (3) those interests may be impaired by the disposition of this action; and (4) the current parties do not represent those interests. See *Harris v. Pernsley, 820 F.2d 592 (3d. Cir. 1987)*; *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc., 33 V.I. 311, 72 F.3d 361, 365-66 (3d Cir. 1995)*.

Mercantile contends that it may intervene of right as it satisfies the criteria of the Federal Rule Mercantile argues that its request is timely because they seek to intervene at the point where they knew or should have known the litigation may directly affect their rights. Prior to this court's December 2003 order and the FTC's Motion to Re-establish the Security Deposit, Mercantile acknowledges that it was merely a third-party lender incapable of intervening as they had a mere economic interest insufficient to satisfy the second prong. See *Mountain Top, 72 F.3d at 366*. Mercantile argues that now, in addition to being a third party lender, Mercantile is participating in management and is developing [*3] a salvage plan (the "Workout Agreement") so that the business can thrive in order to pay them back the 17 million in loans that Mercantile has made to GoInternet. Secondly, Mercantile argues that its interest is directly

Case 4:04-cv-02688-JEJ   Document 82-9   Filed 06/14/05   Page 3 of 3

Page 2
2004 U.S. Dist. LEXIS 17730, *; 34 ELR 20079

impacted by the litigation which could derail its workout plan. Thirdly, Mercantile contends that success by the FTC would impair Mercantile's interest as it would be forced to execute upon its security interests, suffering a substantial loss. If FTC prevails, it will reduce the value of the assets available for execution. As such Mercantile's interest is sufficient to intervene. Lastly, Mercantile asserts that GoInternet is inadequately representing Mercantile's interests because it is not in a position to argue or advance the measures Mercantile has implemented to prevent any further misconduct and to resurrect the company to the benefit of Mercantile and all other interested parties. As Mercantile is the party to whom the security interests were provided, Mercantile argues GoInternet lacks standing to defend or protect those interests and questions whether it would even have the motivation to do so.

In the alternative Mercantile argues that if the court does not [*4] grant intervention of right, it should grant it Permissive Intervention under *Rule 24(b)*. Under the rule, a court may permit a party to intervene if the movant's "claim or defense and the main action have a question of law or fact in common." Mercantile contends that the positions it would argue on the merits are directly related to the claims and defenses asserted in this proceeding. Mercantile would seek to establish that the core business of GoInternet is legitimate and that the best solution for all parties is to permit the business to go forward. Mercantile also asserts that its efforts to establish the validity and priority of its security interests are directly related to whether the assets subject to the security interests should be utilized to repay Mercantile or satisfy any order of the court.

The Federal Trade Commission opposes Mercantile's motion on several grounds. The FTC contends this motion is not timely because of the late stage at which Mercantile seeks to intervene and the fact that the FTC's interests would be prejudiced by the delay that the intervention may cause. FTC points out that preliminary hearings on the matter were held in September of 2003, this court [*5] made preliminary findings in December 2003. The parties are currently undergoing discovery and a final hearing is to be held in September 2004. As the FTC argues, passage of time is not dispositive, but should be taken into consideration.

See *Mountain Top, 72 F.3d at 366*. The FTC also counters that Mercantile's interest remains a mere economic interest and the work-out agreement does not constitute a "sufficient interest" in the litigation because Mercantile can exercise its rights as a creditor at any time in other proceedings. Also, the FTC argues that both Mercantile and GoInternet have an interest in defeating a finding of contempt and the future plans for the company asserted by Mercantile will not play a role in this contempt action. Finally, the FTC argues that in addition to the motion not being timely and thus potentially delaying trial, the issues in the contempt hearing are wholly separate and involve no common questions of law or fact with the issue of the future viability of GoInternet to permit permissive intervention.

At this time, the court will deny Proposed Intervenor Mercantile's application to intervene as of right for lack of a significantly protectable [*6] interest. *Donaldson v. United States, 400 U.S. 517, 531, 27 L. Ed. 2d 580, 91 S. Ct. 534 (1971)*. The underlying interest Mercantile asserts is merely economic. *Mountain Top, 72 F.3d at 366*. The specific funds Mercantile is trying to protect are the tenuous future earnings that could be achieved with the continued operation of GoInternet. I will, however, grant the proposed intervenor's application to intervene permissively as a matter of discretion, for the limited purpose of advancing their interest as to the appropriate remedy as it relates to all parties, on condition that they do not attempt to dely or continue the proceedings presently scheduled for September 20, 2004.

An appropriate order follows.

### ORDER

AND NOW, this 25th day of August, 2004, **IT IS HEREBY ORDERED** that Mercantile's Motion to Intervene of Right is **DENIED. IT IS FURTHER ORDERED** that Proposed Intervenor Mercantile's Motion for Permissive Intervention is **GRANTED.** Mercantile may intervene on the limited issue of the appropriate remedy as it relates to all parties, on condition Mercantile does not seek to delay or continue currently scheduled proceedings.

BY [*7] THE COURT:

**CLIFFORD SCOTT GREEN, S.J.**