# EXHIBIT I

2002 U.S. Dist. LEXIS 18110, *

LEXSEE 2002 U.S. DIST. LEXIS 18110

JOHN HAYMOND HAYMOND NAPOLI DIAMOND, P.C. v. MARVIN LUNDY v. JOHN HAYMOND, ROBERT HOCHBERG, HAYMOND NAPOLI DIAMOND, P.C.

CIVIL ACTION No. 99-5048

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2002 U.S. Dist. LEXIS 18110

September 26, 2002, Decided
September 26, 2002, Filed; September 27, 2002, Entered

**SUBSEQUENT HISTORY:**

[*1] As Amended October 1, 2002 *Affirmed by Lundy v. Hochberg*, 2003 U.S. App. LEXIS 21699 (3d Cir. Pa., Oct. 22, 2003)

**PRIOR HISTORY:** *Haymond v. Lundy*, 2002 U.S. Dist. LEXIS 15770 (E.D. Pa., Aug. 23, 2002)

**DISPOSITION:** Wachovia Bank's motion to intervene and supplement court's August 23, 2002 final judgment/distribution denied.

**LexisNexis(R) Headnotes**

**COUNSEL:**

MARTIN HELLER, SPECIAL MASTER, Pro se, PHILA, PA.

For ROBERT HOCHBERG, MOVANT: HOWARD M. KLEIN, WILLIAM J. O'BRIEN, CONRAD, O'BRIEN, GELLMAN & ROHN, P.C., PHILA, PA USA.

For HAYMOND NAPOLI & DIAMOND, PLAINTIFF: PETER J. HOFFMAN, MC KISSOCK & HOFFMAN, P.C., PHILA, PA USA. M MELVIN SHRALOW, WHITE AND WILLIAMS, PHILA, PA USA.

For JOHN HAYMOND, PLAINTIFF: M [*2] MELVIN SHRALOW, WHITE AND WILLIAMS, PHILA, PA USA.

For MARVIN LUNDY, DEFENDANT: L. LEONARD LUNDY, KAPLIN, STEWART, MELOFF, REITER AND STEIN, P.C., BLUE BELL, PA USA. PAUL R. ROSEN, BRUCE L. THALL, SPECTOR, GADON AND ROSEN, P.C., PHILA, PA USA. ALAN B. EPSTEIN, SPECTOR GADON & ROSEN, PHILA, PA USA.

For DONALD F. MANCHEL, MOVANT: ROBERT C. DANIELS, ROBERT C. DANIELS, LTD, PHILADELPHIA, PA USA.

For WACHOVIA BANK, MOVANT: GLENN P. GALLAHAN, McCARTER & ENGLISH LLP, PHILADELPHIA, PA USA.

**JUDGES:**

Norma L. Shapiro, S.J.

**OPINIONBY:**

Norma L. Shapiro

**OPINION:**

Case 4:04-cv-02688-JEJ  Document 82-10  Filed 06/14/05  Page 3 of 6

Page 2
2002 U.S. Dist. LEXIS 18110, *

MEMORANDUM AND ORDER

Norma L. Shapiro, S.J.

September 26, 2002

FACTS

Wachovia Bank, National Association, formerly known as First Union National Bank (the "Bank"), moves under *Federal Rules of Civil Procedure 24* and *59(e)*, for leave to intervene and supplement the court's August 23, 2002 Order, Final [*3] Judgment/Distribution regarding the distribution of the assets of the now defunct firm of Haymond & Lundy, LLP ("H&L"). This distribution followed a jury finding in favor of John Haymond ("Haymond") on his claims for breach of the H&L partnership agreement against Marvin Lundy ("Lundy"). The August 23, 2002 Final Judgment/Distribution addressed distribution of all the assets and liabilities of H&L accruing on or before January 31, 2002, and relied on the written recommendation the court-appointed receiver, Martin Heller, Esq. ("Receiver"), provided to the court on January 31, 2002 and February 28, 2002, respectively.

As part of the initial Final Judgment/Distribution, H&L's capital was to be distributed first to third parties, "including the bank debt and the loan made to the partnership by Hochberg." See Order dated August 23, 2002. The Final Judgment/Distribution Order was amended to delete reference to the Bank debt as a debt owed by H&L, and does not purport to deal with it. See Order on September 6, 2002.

The Bank made a loan to H&L in the original principal amount of $ 650,000 on February 18, 1999. The loan was secured by a pledge of H&L's assets, as set forth in a [*4] Security Agreement, also dated February 18, 1999. H&L granted the Bank, a security interest in, *inter alia,* all of its accounts, contract rights, and other rights of H&L for payment for services rendered. The security interest of the Bank was perfected by the filing of Uniform Commercial Code-1 Financing Statements with the Secretary of the Commonwealth and the Prothonotary of Philadelphia County.

The Bank now claims a priority interest in any H&L funds constituting pledged collateral or the proceeds thereof. The Bank also claims a secured interest under the loan documents, not only in principal and interest but also "all costs and expenses incurred by Bank to obtain, preserve, perfect and enforce the security interest" and the "payment and performance of the Promissory Note."

As of September 3, 2002, the following amounts are allegedly due and payable:

| | |
|---|---|
| "Principal | $ 602,887.72 |
| Interest | 5,986.96 |
| Attorneys' Fees | 334,000.00 |

With interest accruing at the per diem rate of $ 129.78." The Bank seeks to intervene in this action to obtain an amendment to this court's Final Judgment/Distribution reflecting the total amount allegedly [*5] due and owing to the Bank under the terms of the H&L loan documents.

On March 28, 2000, the Bank filed judgments by confession against Marvin Lundy, John Haymond and Marvin Lundy t/a Haymond & Lundy, LLP, docketed at Court of Common Pleas of Philadelphia County, March Term 2000, numbers 0699 and 3386 respectively. n1 Marvin Lundy filed Petitions to Strike or Open the Confessed Judgments in his individual capacity and as a partner of Haymond & Lundy, LLP. On September 15, 2000, the Court of Common Pleas entered orders granting the petitions to open the confessed judgments in both actions.

n1 The Bank also filed a judgment by confession against John Haymond on the same date. That judgment by confession has allegedly never been challenged and remains in effect.

Lundy claims that the Bank failed to investigate and discover that his partner, Hochberg, the general partner and a signatory to the loan, had been disbarred in Connecticut and Massachusetts. The Bank claims it has no legal obligation, business policy, [*6] or procedure requiring it to perform background and/or credit checks on general partners of a prospective borrower. It also denies that either "standard industry practice" or the Fair Credit Reporting Act required the Bank and its predecessors to do anything more than they did in making and modifying the loan to H&L. The Bank

Case 4:04-cv-02688-JEJ   Document 82-10   Filed 06/14/05   Page 4 of 6

Page 3
2002 U.S. Dist. LEXIS 18110, *

asserts that Lundy could just as easily form his own judgment, or conduct a search of public records, as to his former partner, Hochberg. In support of its position, the Bank relies on this court's findings that Lundy enjoyed at least constructive notice of the Hochberg conviction resulting in disbarment prior to the formation of H&L, and that Lundy is collaterally estopped from raising this issue. See *Haymond v. Lundy, 2000 U.S. Dist. LEXIS 8585,* C.A. No. 99-5015 at pp. 5, 7, 14 and 18. The court expresses no view on the merits of this issue for reasons stated below.

Prior to the orders opening the confessed judgments, the Bank obtained writs of execution and garnished H&L funds at Sun National Bank in an amount slightly in excess of the principal of its debt. The lien remains in effect; a separate escrow account established by a Stipulation entered into by the Bank with all parties [*7] provides for distribution in accordance with the state court adjudication of the Bank's claims against H&L. This court's Amended Order did not provide for distribution of those funds in escrow not under control of the court's Receiver.

ARGUMENT

*Federal Rule of Civil Procedure 24(a)* provides:

> (a) Intervention of Right - Upon timely application anyone shall be permitted to intervene in an action (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24 (a) (2) requires the applicant seeking intervention as of right to prove four elements: (1) a timely application for leave to intervene; (2) a sufficient interest in the litigation; (3) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and (4) inadequate representation of the prospective intervenor's interest by existing parties to the litigation. [*8] *Kleissler v. United States Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998).*

The Bank argues that because the present parties to this prolonged litigation, debtors of the Bank, possess interests adverse to the Bank, n2 they are unable to provide adequate representation. The Bank is correct in this assertion. The Bank's interests cannot be adequately represented by the present parties.

> n2 Marvin Lundy and Wachovia are litigating issues regarding this debt in the Philadelphia Court of Common Pleas.

However, the Bank has failed to establish that its interest in the litigation is sufficient or that the court's disposition will impede or impair that interest. The principal sum of the loan made by the Bank to the present parties is in escrow, in an interest-bearing account. The Bank claims this will not cover the "costs and expenses incurred by Bank to obtain, preserve, perfect and enforce" the repayment of the loan, but the obligation to pay costs and expenses is the subject of litigation pending in [*9] the Philadelphia Court of Common Pleas; it has jurisdiction to reassess damages. n3 There is nothing to prevent the Bank from executing on any final judgment by garnishment or otherwise nor is there any evidence that any signatory to the loan is judgment-proof, so its interest will not be impeded or impaired by the inability to obtain a pre-judgment supplemental attachment in this litigation.

> n3 The Philadelphia Court of Common Pleas, by Order dated December 21, 2001, denied the Bank's Petition to Reassess Damages as premature, without prejudice. Therefore, the Bank is free to raise the issue at trial or thereafter if the prevailing party.

The Bank also fails to demonstrate that its interest in the litigation is sufficient The August 23, 2002, Final Judgment/Distribution of this court has no practical effect on the Bank's interest; the forthcoming adjudication of the state court litigation regarding the loan obligations will. The Court of Appeals has made it clear that "a mere economic interest in the outcome [*10] of litigation is insufficient to support a motion to intervene." *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 33 V.I. 311, 72 F.3d 361, 366 (3d Cir. 1995).* Not only is the Bank's alleged interest in recovering the loan principal and related expenses clearly economic in nature, it is also qualified. The Bank's ability to recover additional monies related to its efforts to secure repayment is contingent on the outcome of the state court litigation. If and when the Court of Common Pleas determines the Bank is entitled to the sum held in

Case 4:04-cv-02688-JEJ    Document 82-10    Filed 06/14/05    Page 5 of 6

Page 4
2002 U.S. Dist. LEXIS 18110, *

escrow, the Bank may petition that Court to increase the amount of the judgment by the additional costs and expenses it claims.

Finally, and most importantly, the Bank's Motion to Intervene is untimely. Whether a motion to intervene is timely is decided in light of the totality of the circumstances. See *NAACP v. New York*, 413 U.S. 345, 366, 37 L. Ed. 2d 648, 93 S. Ct. 2591 (1973). The determination of the timeliness of a motion to intervene is in to the sound discretion of the court. *Halderman v. Pennhurst State School and Hospital*, 612 F.2d 131, 134 (3d Cir. 1979).

In *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501, 506 (3d Cir. 1979), [*11] the Court of Appeals listed three factors that inform the inquiry regarding timeliness of an intervention motion: (1) How far the proceedings have gone when the movant seeks to intervene, ... (2) prejudice which resultant delay might cause to other parties, ... and (3) the reason for the delay. (citations omitted). None of these factors support the Bank's intervention.

First, "There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment ... ." 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1916, at 444. Post-judgment intervention is justified only under "extraordinary circumstances." *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970, 974 (3d Cir. 1982). In Delaware Valley, the Court rejected the appellant's contention that modifications to the consent decree rendered the motion to intervene timely: "While appellants may be correct that entry of a consent decree is not an absolute bar to intervention (citation omitted), appellants have not demonstrated any extraordinary circumstances sufficient to overcome the presumption against intervention at this [*12] late date." 674 F.2d at 974; but see *Rapp v. Cameron*, 2001 U.S. Dist. LEXIS 17046, at *4 (Oct. 18, 2001) (insurance company allowed to intervene 17 days after the jury's verdict because court found no evidence of prejudice to the existing parties or substantial interference with the orderly processes of the court).

Here, the Bank waited for two weeks after the court's Final Judgment/Distribution Order to file its motion despite knowledge of its potential risk for more than two years. The Bank essentially moves to intervene to prevent distribution of funds already distributed by court order.

Second, were the Bank permitted to intervene, other parties would suffer prejudice. The Bank's claim against H&L regarding the repayment of the principal loan is already the subject of state court litigation. Accordingly, the state court should decide the contingent issue of expenses related to the collection of that loan; it has only denied the Bank's Petition to Reassess Damages without prejudice. Having agreed with the parties that the Court of Common Pleas would be the forum to decide its claims, the Bank cannot now attempt to bring those same claims in [*13] this court to secure payment beyond the sum in escrow.

When a proposed intervenor knew or should have known of the pendency of a lawsuit at an earlier time, but failed to act at that time to protect its interests, that inaction will weigh heavily against the timeliness of the motion. *Delaware Valley Citizens' Council for Clean Air*, 674 F.2d at 975; see also *In re Fine Paper Antitrust Litigation*, 695 F.2d 494, 501 (3d Cir. 1982) ("Although appellants knew or should have known long before settlement that their interest was not protected, they failed to take the necessary steps... . They presented no reason for their delay... ."). With full knowledge of this action, the Bank filed state court confessions of judgment in March, 2000; received Orders dated September 15, 2000, opening the judgments against H&L; and, chose to pursue its claims in the Court of Common Pleas by the Stipulation holding in escrow the funds then adequate to secure the debt. At no time during the adjudication of this action did the Bank move to intervene. The Bank has not established it is entitled to intervention of right.

The Federal Rules of Procedure also allow for permissive [*14] intervention:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

*Fed. R. Civ. P. 24(b)*. Here the applicant's claim or defense may have a question of law or fact in common: Lundy's knowledge of Hochberg's disbarment. But, following the court's pretrial rulings and the jury verdict, there are no more questions of law or issues of fact pending before this court. The effects of the federal rulings on the state court litigation must be decided by the state court judge. Most importantly, permissive intervention is only permitted "upon a timely application." The application for permissive intervention is no more timely than the application for intervention of right. This court declines to exercise its discretion to allow intervention.

Accordingly, the court denies the Bank's Motion to

Intervene; the Bank has failed to demonstrate that it is entitled to intervention of right or permissive intervention. Consistent with this denial, the Bank's Motion to Supplement the [*15] Court's August 23, 2002 Final Judgment/Distribution is also denied. An appropriate Order follows.