IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al., ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DOVER AREA SCHOOL DISTRICT, et al.,) <br> Defendants. ) <br> ) | Case No. 04-CV-2688 <br> (Hon. Judge Jones) <br><br> (Filed Electronically) |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO COMPEL NONPARTIES, MALDONADO, BERNHARD-BUBB, *YORK DISPATCH*, AND *YORK COUNTY DAILY RECORD*, TO COMPLY WITH SUBPOENAS

Defendants submit this brief in support of their motion to compel.

**I.   PROCEDURAL HISTORY/STATEMENT OF FACTS**

Plaintiffs filed this action in December 2004 challenging portions of defendants' ninth-grade biology curriculum under the Establishment Clause to the federal Constitution and provisions of the Pennsylvania Constitution. Defendants served their answer in January 2005. The parties are engaging in discovery.

Joseph Maldonado is a correspondent for a newspaper known as the *York County Daily Record* and Heidi Bernhard-Bubb is a correspondent for a newspaper known as the *York Dispatch*. These reporters and papers cover Dover Area School Board meetings and have issued stories relevant to this action. During depositions of defendants, plaintiffs have questioned defendants about statements attributed to them by these reporters in published news articles.

On or about May 12, 2005, plaintiffs served Maldonado and Bernhard-Bubb with subpoenas and noticed their depositions for June 8, 2005.

In light of plaintiffs' subpoenas, on or about May 24, 2005, defendants served subpoenas for production of documents on Maldonado, the *York County Daily Record,* Bernhard-Bubb, and the *York Dispatch*. These nonparty witnesses were to produce the requested documents on June 7, 2005, to allow defendants a meaningful cross-examination and inquiry into the accuracy and reliability of the reporter's work product at the June 8th deposition. (Attached as Exhibits A, B, C, and D are copies of the respective subpoenas.)

On or about May 26, 2005, counsel for the nonparties informed counsel for plaintiffs and defendants by letter of his position that Maldonado and Bernhard-Bubb could not be compelled to testify at deposition or at trial. Counsel for the nonparties indicated that he would be forwarding affidavits from his clients that he

hoped would be acceptable to the parties in lieu of testimony at deposition or at trial. (Attached as Exhibit E is a copy of the May 26, 2005, letter.)

On or about May 31, 2005, plaintiffs' counsel informed the nonparties' counsel by letter that if resolution of this matter could not be reached in a manner satisfactory to all parties, then plaintiffs would expect the depositions to proceed on June 8, 2005, and that Maldonado and Bernhard-Bubb would answer all questions other than those requiring disclosure of information protected by attorney-client or work product privileges or by a protective order of the court. Plaintiffs' counsel noted that as of that date, the nonparties had not sought a protective order from the court. (Attached as Exhibit F is a copy of the May 31, 2005, letter.)

On or about June 3, 2005, the parties received a letter from the nonparties' counsel enclosing affidavits from Maldonado, Bernhard-Bubb, *York County Daily Record,* and *York Dispatch.* Counsel indicated that if the affidavits were not agreeable to one or both of the parties, that the nonparties would be filing a motion to quash and for protective order on June 7, 2005, based on a reporter's privilege. (Attached as Exhibit G is a copy of the June 3, 2005, letter.)

Also on June 3, 2005, counsel for these nonparty witnesses served defendants with an objection to inspection and copying of some, but not all, of the requested documents. (Attached as Exhibit H is copy of the objections.)

On June 6, 2005, counsel for defendants informed counsel for the nonparties that defendants did not accept the offer of the affidavits and expected complete compliance with defendants' subpoenas. (Attached as Exhibit I is a copy of the June 6, 2005, letter.) The nonparty witnesses did not comply with defendants' subpoena requests.

On June 10, 2005, a telephone conference was held between the parties and the court. At the conference, the plaintiffs indicated they did not intend to seek enforcement of their subpoenas at this time, and the court indicated that defendants would need to pursue their interests in obtaining testimony and documents from the nonparty witnesses.

Subsequently on June 10, 2005, defendants served Maldonado and Bernhard-Bubb with subpoenas to appear for depositions scheduled for June 15, 2005. (Attached as Exhibits J and K are copies of the subpoenas.)

As noted previously, through the May 24, 2005, subpoenas, defendants requested that Maldonado, Bernhard-Bubb, *York Dispatch,* and *York County Daily Record* produce the documents listed in the attached Exhibits A-D. The reason for this document request is that defendants have steadfastly maintained that the reporters and newspapers are inaccurate and biased in their reporting. (*E.g.,* attached Ex. L, Bonsell Depo. at 36-46; Ex. M, Harkins Depo. at 25-27, 36-38; Ex. N, Buckingham Depo. at 22-26; Ex. O, Geesey Depo. at 34-35, 99-100.) Indeed,

the defense has reason to believe that Maldonado is grossly negligent in his reporting. For example, when Heather Geesey informed Maldonado that she did not make a statement he had attributed to her, he responded, "so, I am putting my kids through college." (Ex. O, Geesey Depo. at 99-100.)

The nonparty witnesses objected only to items 1, 2, and 3 in the subpoena requests, which deal with drafts, editorial comments, writings, work product, and notes relating to stories written by Maldonado and Bernhard-Bubb about defendants from June 1, 2002. (Exs. A-D, H.)

The nonparty witnesses did not object to items 4, 5, 6, 7, 8, and 9 of the subpoena requests. (Exs. A-D, H.) These items deal with the accuracy and reliability of the work of Maldonado and Bernhard-Bubb, any complaints thereto, and any job performance reviews of Maldonado and Bernhard-Bubb; any communications by Maldonado and Bernhard-Bubb relating to any Dover Area School Board member; and any communications between Maldonado and Bernhard-Bubb and any person relating to elections and candidates. Therefore, because they failed to object to these requests, the nonparty witnesses should immediately turn over the documents requested in these items pursuant to the subpoenas.

Also, as noted previously, defendants served deposition subpoenas on Maldonado and Bernhard-Bubb on June 10, 2005, for depositions to take place on

June 15, 2005. Counsel for Maldonado and Bernhard-Bubb informed defense counsel on June 13, 2005, that his clients would not appear and testify at their depositions and that he would, as he did with regard to the deposition subpoenas issued by plaintiffs for Maldonado and Bernhard-Bubb, be filing a motion to quash the subpoenas on June 14, 2005, based on a claimed reporters' privilege. Defendants informed counsel they were preserving their right to obtain this testimony and to bring the issue to this court's attention and that they would be filing a motion to compel. (Attached as Exhibit P is a copy of the June 13, 2005, letter.) Defendants agreed to postpone and stay their depositions pending a ruling by this court on the merits of the motion to quash and defendants' motion to compel. (Attached as Exhibit Q is a copy of the June 14, 2005, letter.)

## II. STATEMENT OF QUESTION INVOLVED

Whether this court should grant defendants' motion to compel nonparty witnesses, Maldonado, Bernhard-Bubb, *York Dispatch*, and *York County Daily Record* to comply with the subpoenas issued by defendants. Suggested answer: Yes.

## III. ARGUMENT

Maldonado and Bernhard-Bubb should be compelled to attend their depositions and answer the questions posed by defendants' counsel. In addition, the objections to the subpoenas relating to document production to Maldonado,

Bernhard-Bubb, *York Dispatch,* and *York County Daily Record* should be overruled and the nonparty witnesses should be compelled to produce the requested documents.[1]/ As far as is known, defendants are not seeking from any of these nonparties the identity of a confidential source or information that is in any way privileged or confidential.

## Deposition Testimony Should Be Compelled

In considering whether a privilege applies in this case, the person asserting the privilege, here the nonparty witnesses, must first overcome the well-settled principle that evidentiary privileges are disfavored in litigation because they interfere with the search for the truth. *U.S. v. Criden,* 633 F.2d 346, 357-58 (3rd Cir. 1981). In considering the privilege question, courts should consider whether a reporter's source is confidential, because the lack of a confidential source is a factor favoring production. *U.S. v. Cuthbertson,* 630 F.2d 139, 147 (3rd Cir. 1980).

Here, the nonparty witnesses have not established that any of the documents they are withholding are privileged or involve confidential sources, and Maldonado and Bernhard-Bubb have not established a privilege to decline to answer questions of what they saw and heard at public meetings related to this case, especially when such information does not involve disclosure of confidential sources or

---

[1]/ Again, since the nonparty witnesses did not object to items 4-9 requested in the subpoenas, those documents should be turned over to defendants immediately. (Exs. A-D, H.)

information. Moreover, the nonparty witnesses have not established a privilege to prevent defendants from inquiring as to their bias, motive, and interest with regard to their reporting or to inquire as to the contents of their affidavits.[2]

Although the Third Circuit acknowledges that reporters have a qualified privilege to shield the disclosure of confidential sources and information, *e.g., Riley v. City of Chester,* 612 F.2d 708 (3rd Cir. 1979), a qualified privileged extended to unpublished materials in criminal cases, *Cuthbertson,* 630 F.3d at 146, this qualified privilege does not apply when a reporter is subpoenaed to testify as a fact witness to public comments and observations or when asked to answer questions unrelated to confidential source disclosure.[3] *See Criden,* 633 F.2d at 359 (noting that a reporter can be ordered to answer a question unrelated to confidential source disclosure, and the reporter's refusal to do so is grounds for civil contempt); *Riley,* 612 F.2d at 716 (explaining that the case did not involve the

---

[2] To the extent the nonparties have asserted a privilege, they have waived it by submitting the affidavits in this matter.

[3] When a case has both federal and state law claims, the general practice is to apply federal common law privileges to all claims. *See Wm. T. Thompson Co. v. General Nutrition Corp.,* 671 F.2d 100, 103 (3rd Cir. 1982). Although Pennsylvania has a shield law for reporters, 42 Pa. C.S. § 5942, the shield law does not provide an absolute privilege to reporters when the disclosure of documents does not breach the confidentiality of the identity of a human source or threaten the free flow of information from confidential sources to the media. *Commonwealth v. Bowden,* 838 A.2d 740, 746-752 (Pa. 2003).

situation where a reporter witnessed events that were the subject of a grand jury investigation).

Moreover, as noted by plaintiffs in their opposition to Maldonado and Bernhard-Budd's motion to quash plaintiffs' deposition subpoenas, courts that have confronted the situation of a reporter being called as a fact witness have ruled that reporters lack a privilege to refuse to testify. For example, in *U.S. v. Steelhammer,* 539 F.2d 373 (4th Cir. 1976), *on rehearing en banc* 561 F.2d 539 (4th Cir. 1977), the court sitting en banc upheld a finding of contempt against reporters who had refused to testify even though they were witnesses to the matter at trial. The testimony sought from the reporters did not involve confidential information. The reporters were considered witnesses to the matter at trial just as any other fact witness would be considered.

And, in *Alexander v. Chicago Park Dist.,* 548 F.Supp. 277 (N.D. Ill. 1982), the district court denied a motion to quash subpoenas and bar depositions of reporters because "a reporter's observations of a public place or event are no different in kind than that of other individuals; and as to this, they are not entitled to constitutional protection." *Id.* at 278; *see also Miller v. Mecklenburg County,* 602 F.Supp. 675, 678 (W.D. N.C. 1985) (explaining that "the qualified privilege does not apply when the reporter is being questioned about an incident to which he

or she may be a witness like any other member of the public. In such a case, there is no intrusion into newsgathering or special functions of the press.").

Accordingly, Maldonado and Bernhard-Bubb lack a privilege to refuse to answer questions about what they heard and saw during public meetings of the Dover Area School Board. They should be compelled to testify as such. They should also be compelled to testify about the contents of their affidavit. (To the extent they claim any privilege, that privilege has been waived by the statements made in their affidavits.) They should also be compelled to testify as to any issues bearing on bias, interest, accuracy, reliability, or motive in misreporting events related to this action. The discovery sought by defendants is essential to meaningful cross-examination of the witnesses and directly effects defendants' ability to defend themselves in this litigation. (*See* discussion, *infra.*)

### Document Production Should Be Compelled

With regard to the objections to the subpoenas relating to document production, the nonparty witnesses have not established that any of the materials they have refused to disclose is confidential or privileged.

Maldonado and *York County Daily Record* claim they do not possess any notes or drafts of articles as requested by defendants. They do state that they have four inter-office emails related to this matter, which they claim are not relevant to any claim or defense of a party. (Ex. H.) They have provided, however, no further

information about these emails for a well-considered determination of their relevancy for discovery purposes. With regard to discovery matters, relevant information need not be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). They have not claimed any privilege to the emails, and these emails should be produced.

Bernhard-Bubb and *York Dispatch* also have not established that any of the materials sought is confidential. At best, they state that certain documents "might" reveal the identity of a confidential source. (Ex. H, p. 2, ¶ d.) They have not provided particularized allegations or facts that support a claim of privilege to any of the documents to which they have objected. The documents should be disclosed.

Bernhard-Bubb and *York Dispatch* also claim the documents they have that are responsive to the subpoena requests are not relevant, not material, and can be obtained from other sources. (Ex. H, pp. 1-2, ¶ 2.) The nonparty witnesses' claims that the requested documents are not relevant or material to defendants' case are meaningless. (Ex. E.) The materials should be disclosed to defendants and to this court for a determination of relevance and materiality. It is not up to the nonparty witnesses to make such determinations. And, since they possess the documents, they are the only ones from whom defendants can obtain said documents.

In determining whether to compel a reporter to disclose protected information, courts generally consider three factors: First, has the party seeking the disclosure made an effort to obtain the information from other sources. Second, has the party seeking the disclosure shown that the only access to the information sought is through the reporter or his sources. And, third, has the party seeking the disclosure shown that the information sought is relevant and important to his claim. *Criden*, 633 F.2d at 358-59; *Riley*, 612 F.2d at 716-17. To the extent the factors apply here, defendants will address them.

The drafts, editorial comments, notes, writings, and work product that are being sought cannot be obtained from any other party. It is these nonparty witnesses that possess and control these documents. These nonparty witnesses are the only source of the documents being sought. These documents are relevant and important to defendants' claims because the reporters purport to have recorded statements by board members that tend to support the plaintiffs' claims in this action. Discovery of these documents, as well as all documents requested by defendants, is essential to defendants' defense of this litigation.

At a minimum, this court should conduct an *in camera* review of the documents to determine which, if any, may be withheld or redacted. The nonparty witnesses are the only source of the documents sought. This court, at the least,

should review the materials. *See Cuthbertson,* 630 F.2d at 148. If necessary, the court can consider redaction of any confidential sources.

With regard to the testimony of Maldonado and Bernhard-Bubb, their testimony is relevant and important because the newspaper articles themselves are hearsay. *E.g., Barnes Found. v. Township of Lower Merion,* 982 F.Supp. 970, 996 (E.D. Pa. 1997) (newspaper article is hearsay and inadmissible). Therefore, for plaintiffs to present the reporters' testimony, the reporters will have to appear in person at trial and testify. Without allowing defendants the opportunity to conduct discovery, such testimony would be presented without defendants having first had the opportunity to examine the witnesses and to prepare for cross-examination. Thus, the disclosure of these documents, as well as the testimony of Maldonado and Bernhard-Bubb, as explained above, should be favored and the nonparty witnesses should be compelled to comply with the subpoenas. Only Maldonado and Bernhard-Bubb possess information about their bias, prejudice, interest, and motive.

## Defendants Are Being Denied Due Process

The nonparty witnesses also appear to be asserting that they should be able to testify only by way of affidavits that are agreeable to them and to plaintiffs. In short, they want to avoid having to be subject to cross-examination and impeachment by defendants' counsel. The law does not provide for such an

exception to the presentation of testimony. Defendants have a right to cross-examine the nonparty witnesses, including Maldonado and Bernhard-Budd, to delve into the truth and veracity of their affidavit statements and to probe their credibility, bias, motive, and prejudice. It is only through cross-examination that the finder of fact will be able to observe the demeanor of the witnesses and evaluate their credibility. Indeed, defendants would be deprived of their due process rights if they were denied the right to cross-examine and impeach the nonparty witnesses. *See* Fed. R. Evid. 607, 608, 609, 611, 614; *McClure v. Independent Sch. Dist.,* 228 F.3d 1205, 1211-12 (10th Cir. 2000) (noting that due process required a principal to be allowed to cross-examine witnesses who provided testimony by affidavit at termination hearing); *McCarthy Stevedoring Corp. v. Norton,* 40 F. Supp. 957, 959 (E.D. Pa. 1939) (finding that the only way a party may maintain its rights and make a defense is to be fully apprised of the evidence and be given an opportunity to cross-examine witnesses, inspect documents, and offer evidence in explanation or rebuttal).

## IV.   CONCLUSION

Defendants respectfully request that this court grant their motion to compel and provide them with the relief sought.

Respectfully submitted,

*/s/ Edward L. White*

Richard Thompson (MI P21410)*
Patrick T. Gillen (MI P47456)*
Robert J. Muise (MI P62849)*
Edward L. White III (MI P62485)*
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
734-827-2001; Fax. 734-930-7160
rthompson@thomasmore.org
pgillen@thomasmore.org
rmuise@thomasmore.org
ewhite@thomasmore.org
* Admitted pro hac vice

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 177013
717-245-9688

Dated:  June 15, 2005          *Counsel for defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2005, a copy of the foregoing defendants' brief in support of defendants' motion to compel, along with exhibits, was served on the following counsel through the electronic case filing system and via U.S. Mail, postage prepaid, and by fax where noted:

Eric Rothschild
Stephen G. Harvey
Joseph M. Farber
Benjamin M. Mather
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
PO Box 1181
Harrisburg, PA 17108

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Paula K. Knudsen
ACLU of Pennsylvania
105 N. Front Street
Suite 225
Harrisburg, PA 17101

Alex J. Luchenitser
Richard Katskee
Ayesha Khan
Americans United for Separation
 of Church and State
518 C Street, NE
Washington, DC 20002

Niles Benn
Benn Law Firm
103-107 E. Market Street
P.O. Box 5185
York, PA 17405
and by Fax: 717-852-8797

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013

Mary Catherine Roper
ACLU of Pennsylvania
P.O. Box 1161
Philadelphia, PA 19105

_____
Edward L. White III
Admitted *pro hac vice*