# EXHIBIT H




EXHIBIT
H

June 3, 2005

**VIA FACSIMILE (734) 930-7160**
Patrick T. Gillen, Esquire
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106

      Re:    Kitzmiller et al. v. Dover Area School District, et al.
               No. 04-CV-2688
               Subpoenas for the Production of Documents

Dear Mr. Gillen:

      Pursuant to Federal Rule of Civil Procedure 45 (c)(2)(B), the following is offered as a letter of written objection to inspection and copying of the written materials designated in your Subpoenas for the Production of Documents directed to Joseph Maldonado, the York Daily Record, Heidi Bernhard-Bubb, and The York Dispatch, dated May 24, 2005.

      The parties subpoenaed object to the inspection and copying of the written materials designated in your Subpoenas for the Production of Documents on the following necessary and compelling grounds:

1.    Joseph Maldonado and the York Daily Record do not possess any notes or drafts of articles as requested. There are approximately four (4) inter office e-mails related to this matter but Joseph Maldonado and the York Daily Record object to the disclosure of same on the basis that the same are not relevant to the claim or defense of any party.

2.    Heidi Bernhard-Bubb possesses drafts of stories and notes from Dover School Board meetings. However, Heidi Bernhard-Bubb and The York Dispatch object to the inspection and/or copying of such materials on the basis that:

      a.    the drafts of articles reveal only technical and grammatical changes within the published articles. As such, any information contained in the drafts can be obtained from the published articles themselves and the information contained in the drafts is, therefore, not material, relevant, necessary or crucial to Defendants' claims and defenses.

NILES S. BENN

TERENCE J. BARNA

CHRISTIAN J. DABB

TRACI L. McPATE

103-107 E. MARKET ST.

P.O. BOX 5185

YORK, PA 17405-5185

717.852.7020

FAX 717.852.8797

Patrick T. Gillen, Esquire
June 3, 2005
Page 2

        Moreover, to the extent that drafts of the articles contain information obtained at Dover School Board meetings, we would object to the disclosure of same on the basis that the information contained therein can be obtained from alternative sources such as other individuals who attended those meetings;

b.   the unpublished notes do not contain any material, relevant or necessary information that differs from or contradicts the published information. Heidi Bernhard-Bubb has sworn and affirmed that the information contained in any articles written by her and published in The York Dispatch on the subject of the Dover School Board as to the issue of "intelligent design" correctly and accurately sets forth the information and quotations contained therein, said Affidavit being provided by separate facsimile. We would further object to the disclosure of such unpublished notes on the basis that the information contained therein is not material, relevant, necessary or crucial to Defendants' claims and defenses and Defendants have made no showing as to how any unpublished notes are material, relevant, necessary or crucial to Defendants' claims and defenses;

c.   to the extent that the unpublished notes contain information about Dover School Board meetings that was not published in Ms. Bernhard-Bubb's articles, the same can be gleaned from other sources and individuals who attended the Dover School Board meetings;

d.   to the extent that the unpublished notes contain information that was not published in Ms. Bernhard-Bubb's articles, the notes would also be protected from discovery because disclosure of same might reveal the identity of confidential sources of information;

e.   Defendants have requested all drafts of stories; documents relating to any work by editorial staff relating to Heidi Bernhard-Bubb; and all notes, writings, or work-product of any kind relating in any way to any story written by Heidi Bernhard-Bubb relating to Dover Area School District or its schools from June 1, 2002 to the present. However, Defendants have not made a specific showing that the broad disclosure requested in its Subpoenas, or any part of it, is material, relevant and necessary to their defenses. As such, Heidi Bernhard-Bubb and the York Dispatch object to the disclosure of same.

Patrick T. Gillen, Esquire
June 3, 2005
Page 3

      Based on the foregoing, your clients shall not be entitled to inspect or copy the requested materials except pursuant to an Order of the United States District Court for the Middle District of Pennsylvania.

                                 Very truly yours,

                                   Niles S. Benn, Esquire

pc: Eric Rothschild, Esquire