IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al. : | Case Number: 04-CV-2688 |
| : | Judge Jones |
| : | (Filed electronically) |
| vs. : | |
| : | |
| DOVER AREA SCHOOL DISTRICT; DOVER : | |
| AREA SCHOOL DISTRICT BOARD OF : | |
| DIRECTORS : | |

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
NONPARTIES TO COMPLY WITH SUBPOENAS**

I.   PROCEDURAL HISTORY/STATEMENT OF FACTS

Plaintiffs filed suit against the Dover Area School District and the Dover Area School District Board of Directors on December 14, 2004. The Plaintiffs, a group of parents with children in the Dover Area School District, seek, inter alia, a declaratory judgment declaring that the Defendants' "intelligent design" policy violates the Establishment Clause of the First Amendment to the United States Constitution and portions of the Pennsylvania Constitution.

The York Daily Record and The York Dispatch are newspapers of general circulation in York County, Pennsylvania. Joseph Maldonado, an independent contractor correspondent with the York Daily Record, and Heidi Bernhard-Bubb, an independent contractor correspondent with The York Dispatch, have authored various articles relating to Dover School Board meetings and the controversy surrounding the Dover Area School District's policy on "intelligent design."

1

On June 10, 2005 counsel for Defendants served Subpoenas on Mr. Maldonado and Ms. Bernhard-Bubb, through their legal counsel, the Benn Law Firm, commanding them to testify at a pre-trial deposition on June 15, 2005.  On June 14, 2005, Mr. Maldonado and Ms. Bernhard-Bubb filed a Motion to Quash the Subpoenas or For a Protective Order pursuant to the Federal Rules of Civil Procedure 26(c) and 45(c), respectively.  Defendants responded by filing a Motion to Compel Nonparties, Maldonado, Bernhard-Bubb, York Dispatch, and York County Daily Record, To Comply With Subpoenas ("Motion to Compel"), on June 15, 2005.

As per the June 20, 2005 Order, issued by the Honorable Judge John E. Jones, III, the following brief is in response to Defendants' Motion to Compel.

## II. STATEMENT OF QUESTIONS INVOLVED

  **A.**   Whether this Honorable Court should deny Defendants' Motion to Compel the deposition testimony of the non-party subpoenaed witnesses when other sources of the requested information are available.

    Suggested Answer: Yes.

  **B.**   Whether this Honorable Court should deny Defendants' Motion to Compel the Production of Documents of the non-party subpoenaed witnesses when other sources are available.

    Suggested Answer: Yes.

## III. ARGUMENT

  **A.**   **THIS HONORABLE COURT SHOULD DENY DEFENDANTS' MOTION TO COMPEL THE DEPOSITION TESTIMONY OF THE NON-PARTY SUBPOENAED WITNESSES BECAUSE DEFENDANTS HAVE FAILED TO ESTABLISH THAT THE**

2

### NON-PARTY SUBPOENAED WITNESSES ARE THE ONLY SOURCES FOR SECURING THE ACCURACY OF THE REQUESTED INFORMATION.

Pursuant to Federal Rule of Civil Procedure 45 (3)(A)(iii), "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it, … requires disclosure of privileged or other protected matter and no exception or waiver applies …"

In United States v. Criden, 633 F.2d 346 (3rd Cir. 1980), the United States Court of Appeals for the Third Circuit stated that the following criteria must be met before the First Amendment report's privilege can be overcome.  Citing Riley v. City of Chester, 612 F.2d 708 (3rd Cir. 1979), the Court stated that following criteria must be met: (1) the movant must demonstrate that he has made an effort to obtain the information from other sources; (2) the movant must demonstrate that the only access to the information sought is through the journalist and [his] sources; and (3) the movant must persuade the court that the information sought is crucial to the claim.  Criden, 633 F.2d at 358-359.

The Riley Court, however, stated that the "federal common law privilege of news writers shall not be breached without a strong showing by those seeking to elicit the information that there is no other source for the information requested" *Id.* at 716 (citations omitted).  While it is necessary to "balance on one hand the policies which give rise to the privilege and their applicability to the facts at hand against the need for evidence sought to be obtained in the case at hand," this "balance cannot be made without a showing 'as to the effort to obtain (the information) from other sources'" *Id.* at 716, 717 (quoting Silkwood v. Kerr-McGee Corp., 563 F.2d 433, 438 (10th Cir. 1977).  The Court further stated that "[t]he party seeking the information must show 'that his only practical

3

access to crucial information necessary for the development of the case is through the newsman's sources'" *Id.* at 717 (quoting Gilbert v. Allied Chemical Corp., 411 F.Supp. 505, 510  (E.D. Va. 1976).  Therefore, the moving party "must show that they exhausted other means of obtaining the information" *Id.* at 717 (citing Zerilli v. Bell, 458 F.Supp. 26, 29 (D.D.C. 1978).  The Defendants have failed to do so in the present case.

In McMenamin v. Tartaglione, 139 Pa.Cmwlth. 269, 590 A.2d 802 (1991), the Pennsylvania Commonwealth Court found that a trial court erred in precluding the testimony of a reporter on the basis of Pennsylvania's Shield Law[1].  In McMenamin, a reporter was called to testify about the accuracy of statements made by a district attorney during a press conference.  Several of these statements subsequently appeared in the reporter's newspaper article.  The Commonwealth Court, however, found that the trial court properly upheld the reporter's privilege on the basis of the *Riley* test.  The Court stated that "[w]hile there appears to be no dispute that the information sought was material, relevant, necessary and perhaps crucial, there is nothing to show that [plaintiff] could not have obtained the information from other persons present at the February 13, 1991 press conference."  *Id.* at 287, 590 A.2d at 811.  It should be noted that this case did not involve the issue of confidential sources.

In In re: Subpoena Directed to Anne Barnard, 1999 WL 38269 (E.D. Pa.), a reporter sought to quash a subpoena commanding her to testify about statements made to

---

[1] Pennsylvania's Shield Law, 42 Pa. C.S.A. §5942, states that:

> "No person engaged on, connected with, or employed by any newspaper of general circulation or any press association or any radio or television station, or any magazine of general circulation for the purpose of gathering, procuring, compiling, editing or publishing news, shall be required to disclose the source of any information procured or obtained by such person, in any legal proceeding, trial or investigation before any government unit."

her by a defendant in a civil action. Several of the defendant's statements subsequently appeared in the reporter's newspaper article. The United States District Court for the Eastern District of Pennsylvania recognized that "members of the press enjoy a qualified First Amendment privilege which limits disclosure of confidential sources, resource materials, unpublished material" and that the three prong test of *Riley* must be met before a reporter can be compelled to disclose privileged information. *Id.*  *See* Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). While the case dealt with **published and non-confidential information**, the Court applied the *Riley* test and determined that the reporter was the only source of the information sought. As a result, the privilege was overcome and the reporter's motion to quash was denied. (emphasis added) Unlike the case before this Honorable Court, Barnard relates to a non-public interview.

In the present case, Defendants seek to compel Mr. Maldonado and Ms. Bernhard-Bubb to attend depositions and answer questions regarding "what they heard and saw during **public meetings** at the Dover Area School Board." (Defendant's Brief, p.10) (emphasis added) Defendants, however, have failed to demonstrate that they have made any efforts to obtain this same information from other sources, namely the other individuals who attended the public meetings and the audio recordings of these meetings. It is believed that the Dover Area School Board provided "sign in" sheets for members of the public at each meeting. The Defendants have sole possession of these sign-in sheets. In addition, the public meetings, including the June 2004 meetings, were audio recorded by the Dover Area School Board and notes taken of same. The Defendants had sole possession of these audio recordings, but have implied through deposition testimony

5

that they have taped over these recordings[2]. It would, therefore, be possible for Defendants to obtain the requested information from members of the public who attended the meetings and from the audio recordings, if same exist. As such, Defendants have failed to establish that Mr. Maldonado and Ms. Bernhard-Bubb are the only sources of the information sought. Absent a showing that Mr. Maldonado and Ms. Bernhard-Bubb are the only sources through which Defendants can obtain the desired information, the reporter's privilege must be upheld, and Mr. Maldonado and Ms. Bernhard-Bubb should not be compelled to attend the depositions, or otherwise testify.

Furthermore, while Defendants claim that Mr. Maldonado and Ms. Bernhard-Bubb should be compelled to testify regarding "any issues bearing on bias, interest, accuracy, reliability, or motive in misreporting events related to this action," this argument is without merit. (Defendant's Brief, p.10) In an effort to amicably resolve the issue of appearance at a deposition or trial, Mr. Maldonado and Ms. Bernhard-Bubb have submitted affidavits attesting to the accuracy of the information and quotations contained within their respective articles. It should also be noted that editors of The York Dispatch and the York Daily Record submitted affidavits affirming that they never received any requests for retractions or corrections in regards to articles written by Mr. Maldonado and Ms. Bernhard-Bubb concerning the Dover Area School Board and the issue of "intelligent design." Additionally, Defendants have not provided any legal support for their argument that Mr. Maldonado and Ms. Bernhard-Bubb should be compelled to testify regarding bias, interest, or motive to misreport.

---

[2] Superintendent Richard Nilsen of the Dover Area School District testified, during deposition, that the tapes are "destroyed" after the minutes are approved. See page 28-30 of Nilsen's deposition.

Finally, it is the position of the non-party subpoenaed witnesses that they have not waived the First Amendment reporter's privilege by providing the aforementioned affidavits. Same were offered for the purpose of amicably resolving the issue of offering testimony by attesting to the accuracy of the articles and confirming that no requests were made for the retraction or correction of the articles. The existence of the affidavits does not detract from or negate the fact that there are multiple sources of the information sought.

> **B.    THIS HONORABLE COURT SHOULD DENY DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE NON-PARTY SUBPOENAED WITNESSES BECAUSE DEFENDANTS HAVE FAILED TO ESTABLISH THAT THE NONPARTY SUBPOENAED WITNESSES ARE THE ONLY SOURCES OF THE REQUESTED INFORMATION.**

Rule 34 of the Federal Rules of Civil Procedure provides, in part:

> (a)    Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents […], or to inspect and copy, test or sample any tangible things which constitute or contain matters within the scope of [discoverable materials].

Fed.R.C.Pro. 34 (c)

In the present case, the Defendants served requests for production of documents on counsel for Mr. Maldonado, the York Daily Record, Ms. Bernhard – Bubb, and The York Dispatch. Mr. Maldonado did not maintain any work product beyond a few inter – office e-mails between parties at the York Daily Record. Said e-mails occurred in March of 2005 and do not reference the June 2004 articles. Ms. Bernhard–Bubb did maintain notes and drafts of stories which were used to develop her published articles. Ms.

Bernhard–Bubb and The York Dispatch object to the disclosure of these materials on the basis of the First Amendment Reporter's Privilege.

Defendants acknowledge the existence and application of the First Amendment Reporter's Privilege to this matter. In applying the privilege, most federal courts have commonly adopted the privilege to protect a reporter's underlying work product as well as an informant's identity. *See* JJC v. Fridell, 165 F.R.D. 513, 516 (D. Minn. 1995), c*iting e.g.,* von Bulow v. von Bulow, 811 F.2d 136, 143 (2nd Cir.1987); United States v. La Rouche Campaign, 841 F.2d 1176, 1181 (1st Cir.1988). *See Supra* Riley.

In JJC v. Fridell the District Court of Minnesota applied the Branzburg/Riley test, as set forth previously, in the context of a civil case and a request for production of documents from a reporter. The claim in JJC involved a discharged employee filing a civil complaint alleging sexual harassment and several other causes of action against an individual and her former employer, Goodhue County. The plaintiff attempted to compel the testimony of two reporters as well as the production of their notes. The plaintiff argued that the notes were material and relevant to establishing her claim of retaliatory discharge. Plaintiff did not assert that the notes were material to any of her other claims. The notes at issue related to articles that were published two months after the actual discharge took place.

The court applied the balancing test created in Branzburg to quash the subpoenas. The court held that the reporter's notes were not critical to the maintenance of the plaintiff's primary cause of action for sexual harassment. As such, failure to turn over the notes would not critically harm the plaintiff's case. Second, the court found that the notes were not highly relevant because the articles in question were published two

8

months after the plaintiff's discharge.  With regard to the third prong, the court reviewed whether the information was obtainable from other sources and indicated that the plaintiff failed to establish that it exhausted other potential sources for the information contained in the reporter's notes.  In particular, it noted that the materials sought were part of the public record.

The Defendants herein request notes, drafts of stories and a variety of other documents.  Counsel for the non – party subpoenaed witnesses are in possession of certain notes and drafts of Ms. Bernhard – Bubb, as well as four e-mails involving Mr. Maldonado.  No other requested materials exist.  All of the existing documents are derived from and created as a result of public school board meetings.  The Defendants assert that the notes and work product will reflect upon the accuracy and reliability of the work of Mr. Maldonado and Ms. Bernhard-Bubb.  The ability to establish bias on the part of the reporters does not have any impact upon whether the statements made by Dover School Board members were made and could be obtained from other sources.  The Defendants have not alleged in any recorded documents that retractions or corrections were demanded at the time the articles in question were published.  Furthermore, the subpoenaed non – party witnesses received no requests for retractions or corrections.

It is the understanding and belief of the non – party subpoenaed witnesses that the Defendant, Dover Area School District Board of Directors, had in its possession recordings and notes of all relevant meetings of the Board.  These tapes would have verified the accuracy of the reporter's work product.  As stated previously, supra Nilsen, in his deposition, such tapes and notes do not exist.  Now the Defendants argue that access to the reporter's notes and other documentation is crucial to their defenses.  It

seems tenuous to argue that disclosure of the reporter's notes and drafts are material, necessary and crucial given the destruction of these recordings and notes by the defendants' themselves.

The primary issue in the present case is whether the information sought is available to the Defendants without production of the reporter's notes.  Any complaints with regard to the accuracy of the articles do not address whether the statements were made by Dover School Board members in a public forum.  Defendants argue that the information provided by the reporters can only be obtained from the reporters themselves. This is clearly not supported within their Motion or Brief.  The law dictates that the Defendants first seek the information from other Board members and members of the general public in attendance of the meetings in issue, without infringing on the protections of the First Amendment.  Clearly, these meetings were open to the public and the Defendants themselves recorded the statements of both the Board members and the audience who participated at the meetings.  The Defendants were fully aware of who was present at the Board meetings, as they maintained audience "sign – in" sheets.  Thus, numerous other people could verify the information contained in the reporter's articles. However, the Defendants have failed to provide any indication in their filings that they have exhausted these options prior to subpoenaing the reporters.

The Defendants merely submit that depositions and production of documents associated with the case will address the accuracy of the statements made during the public meetings.  The information Defendants seek are obtainable from other sources.  In that regard, there are numerous other sources, including the board members themselves, past board members who are no longer serving, and audience members in attendance.

Based on the foregoing, the Defendants Motion to Compel with regard to the production of documents should be denied.  However, should this Honorable Court hold that the material is relevant and that the failure to disclose the subject information poses a substantial harm to the Defendants case, and Defendants are unable to obtain the information sought through any other sources, counsel for the non–parties would request that the information be subject to an *in camera* review for a determination of whether such materials are relevant to the proceedings.

**IV.** **CONCLUSION**

Based on the foregoing, counsel for the non–parties Mr. Maldonado and Ms. Bernhard-Bubb would respectfully request that this Court DENY Defendant's Motion to Compel with regard to the testimony of the non – parties and the production of documents served upon counsel for the non – parties.  In the alternative, should this Honorable Court decide that review of the reporter's documents occurs as it relates to the matter before the Court, counsel for non-parties ask that this Honorable Court undertake an *in  camera* review of the documents for a determination of their relevance.

        Respectfully submitted,
        **BENN**LAW**FIRM**

Date: June 27, 2005        By:/s/ Niles S. Benn, Esquire____
        Niles S. Benn, Esquire
        Attorney I.D. #16284
        Terence J. Barna, Esquire
        Attorney I.D. #74410
        Christian J. Dabb, Esquire
        Attorney I.D. #85370
        P.O. Box 5185
        103 E. Market Street
        York, Pennsylvania 17405-5185
        (717) 852-7020
        nbenn@bennlawfirm.com
        tbarna@bennlawfirm.com
        cdabb@bennlawfirm.com

**CERTIFICATE OF SERVICE**

I, Christian J. Dabb, Esquire, hereby certify that on this 27th day of June, 2005, I served a true and correct copy of the foregoing "Brief in Opposition" upon the following counsel by the Middle District ECF system and other counsel of record by the Middle District ECF system:

Richard Thompson, Esquire
Robert J. Muise, Esquire
Patrick T. Gillen, Esquire
Edward L. White, III, Esquire
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan  48106
(Defendants' counsel)


Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA  17108
(Plaintiffs' co-counsel)

Eric Rothschild, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103
(Plaintiffs' co-counsel)

/s/ Christian J. Dabb, Esquire___
Christian J. Dabb, Esquire
Attorney I.D. #85370