IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; BRYAN AND CHRISTY REHM; DEBORAH FENIMORE AND JOEL LIEB; STEVEN STOUGH; BETH EVELAND; CYNTHIA SNEATH; JULIE SMITH; AND ARALENE ("BARRIE") D. AND FREDERICK B. CALLAHAN, <br><br>                            Plaintiffs, <br> vs. <br><br> DOVER AREA SCHOOL DISTRICT; DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS, <br><br>                            Defendants, | CIVIL ACTION <br><br> No. 4:04-cv-2688 <br><br> (JUDGE JONES) <br><br> (Filed Electronically) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO COMPEL NON-PARTIES MALDONADO
AND BERNHARD-BUBB, *YORK DISPATCH*, AND *YORK
COUNTY DAILY RECORD*, TO COMPLY WITH SUBPOENAS**

I.  **INTRODUCTION**

This matter originally arose pursuant to subpoenas served by plaintiffs requiring Joseph Maldonado, a correspondent for a newspaper known as the *York*

*Daily Record*, and Heidi Bernhard-Bubb, a correspondent for a newspaper known as *The York Dispatch* to testify at depositions that had been scheduled for June 8, 2005. In response to the subpoenas, counsel for the reporters filed a motion to quash the subpoenas or, in the alternative, for a protective order.

Plaintiffs ultimately agreed that affidavits provided to them by the reporters were sufficient for the purposes of discovery and, while reserving their right to later seek trial testimony from the reporters, the plaintiffs agreed not to move to compel depositions of the reporters. Pursuant to the Court's instruction, plaintiffs and the reporters have filed a stipulation memorializing their agreement to proceed in this manner.[1] Because of this agreement, the underlying issues concerning privileges asserted by the reporters were not resolved. But it was understood by the plaintiffs that the issues would likely need resolution when the plaintiffs subpoenaed the reporters to testify at the trial.

These same issues regarding the newspersons' privilege have now been brought before this court by motions filed by the defendants, seeking to compel testimony and the production of documents by the reporters, and by the non-party reporters, resisting the depositions and document requests. Because the

---

[1] To the extent that the Court permits defendants to depose the reporters regarding these events, however, plaintiffs reserve the right to ask follow-up questions at the depositions.

Court's determination as to whether the reporters will have to testify at the deposition involves some of the same issues -- or similar issues -- as will be addressed by plaintiffs when they seek trial testimony from the reporters, the plaintiffs are responding to the present motion to state their position.

## II. ARGUMENT

### A. The reporters may be required to give non-privileged testimony.

It is the plaintiffs' position that the reporters may be deposed, or be required to testify at trial, about those things they have seen or heard at public meetings.[2] In support of its position, plaintiffs refer the Court to the decisions of other courts that have addressed this very issue. When addressing this issue, courts from various jurisdictions have consistently concluded that a reporter's privilege does not apply when the reporter is being questioned about a public incident or event to which he or she was a witness because, in such circumstances, there is no intrusion into the newsgathering or special functions of the press. *See e.g. U.S. v. Steelhammer,* 561 F.2d 539 (4th Cir. 1977) (involving events a reporter witnessed at a public union rally); *Miller v. Mecklenburg County,* 602 F. Supp. 675, 678 (W.D.N.C. 1985), *aff'd.,* 813 F.2d 402 (4th Cir. 1986) (the court stated that

---

[2] Plaintiffs have attached their previous motion, Plaintiffs' Response to Motion of Non-Parties Joseph Maldonado and Heidi Bernhard-Bubb to Quash Subpoena or For Protective Order, as Exhibit A. It provides a more exhaustive analysis of the newsperson's privilege and the plaintiffs' position.

newspaper reporters were witnesses to events like other members of the public and could testify about these events); *Alexander v. Chicago Park Dist.*, 548 F. Supp. 277 (N.D. Ill. 1982), *aff'd.* 427 F.2d 1014 (7th Cir. 1991) (the court ordered a reporter to testify regarding his observations of parks he made while preparing for an investigative report on public parks); *Pinkard v. Johnson,* 118 F.R.D. 517 (M.D. Ala. 1987) (the court ordered a reporter to comply with a deposition subpoena that was limited to the events he had witnessed at a specific public meeting).

It appears from the defendants' brief that they also are only seeking testimony about the reporters' observations of public events. According to defendants, they are only asking the reporters to "answer questions about what they heard and saw during public meetings of the Dover Area School Board." Defendants' Response in Opposition to Motion to Quash or For a Protective Order Filed by Joseph Maldonado and Heidi Bernhard-Bubb ("Defendants' Response") at 10. Defendants' motion also suggests that they are not seeking information that was acquired by the reporters on a confidential basis. As the defendants state in their Response: "[a]s far as is known, defendants are not seeking from any of these nonparties the identity of a confidential source or information that is in any way privileged or confidential." Defendants' Response at 7. As it stands, the defendants appear to be limiting their request to testimony about public events that the reporters witnessed. And the plaintiffs believe that a deposition, properly

limited to this type of testimony, is proper. By submitting affidavits averring to the accuracy of the news articles, and by suggesting a protective order limiting the reporters' depositions to questions regarding such observations, the reporters appear to concede that questions of this nature cannot be avoided by invoking a privilege.

The other issue raised by defendants' motions is whether defendants can have access to the reporters' notes relating to the school board meetings, drafts of the articles, and editorial work product associated with the news articles. It is the plaintiffs' position that this request goes beyond the taking of testimony about observations of public events – which courts have consistently stated does not warrant a reporter's privilege. Plaintiffs submit that it is unnecessary for the Court to permit this intrusion into the reporters' newsgathering and news reporting activities in order to accomplish this discovery. *See e.g. Pinkard,* 118 F.R.D. at 523 (granting plaintiff's discovery request to question a reporter about the contents of a conversation in which neither the source nor the content of the conversation was confidential, while denying defendant's subpoena duces tecum); *Alexander,* 548 F. Supp. at 277 (motions to quash subpoenas and bar a deposition were denied after plaintiffs modified their discovery requests stating that they no longer sought the production of documents and photographs allegedly used in preparation of the relevant articles).

## III. CONCLUSION

It is plaintiffs' position that the Court can resolve this issue by entering an Order that both allows the parties to depose the reporters while also protecting the reporters' First Amendment right to shield the identity of confidential sources and information. Considering the scope of the defendants' motion and the nature of the reporters' concerns, plaintiffs submit that the parties' and non-parties' interests can be satisfied by an Order that allows for a deposition limited in scope to the reporters' observations at the public school board meetings.

Respectfully submitted,

/s/ Eric Rothschild
Eric Rothschild (PA 71746)
Alfred H. Wilcox (PA 12661)
Stephen G. Harvey (PA 58233)
Christopher J. Lowe (PA 90190)
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4000
rothschilde@pepperlaw.com
wilcoxa@pepperlaw.com
harveys@pepperlaw.com

(continued)

Thomas B. Schmidt, III (PA 19196)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108
(717) 255-1155
*schmidtt@pepperlaw.com*

Witold J. Walczak (PA 62976)
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
412-681-7864
*vwalczak@aclupgh.org*

Paula K. Knudsen (PA 87607)
ACLU of Pennsylvania
105 N. Front St., Suite 225
Harrisburg, PA 17101
(717) 236-6827
*pknudsen@aclupa.org*

Ayesha Khan (adm. *phv*)
Richard B. Katskee (adm. *phv*)
Alex J. Luchenitser (adm. *phv*)
Americans United for Separation of
    Church and State
518 C St., NE
Washington, DC 20002
(202) 466-3234
*akhan@au.org*
*katskee@au.org*
*luchenitser@au.org*

Attorneys for Plaintiffs

Date: June 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2005, I caused a copy of the foregoing document to be served upon the following counsel by the Middle District ECF system and/or FAX and other counsel of record by the Middle District ECF system:

Richard Thompson, Esquire
Robert J. Muise, Esquire
Patrick T. Gillen, Esquire
Thomas More Law Center
24 Frank Lloyd Wright Drive
P. O. Box 393
Ann Arbor, MI 48106

Ron Turo, Esquire
Toro Law Offices
28 South Pitt Street
Carlisle, PA 17013

<u>VIA FAX (717.852.8797)</u>
Niles S. Benn, Esquire
Terence J. Barna, Esquire
Benn Law Firm
103-107 East Market Street
PO Box 5185
York, PA 17405-5185

*s/ Eric Rothschild*
Eric Rothschild (PA 71746)