IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY J. KITZMILLER, et al. | § | |
| Plaintiffs, | § | Civil Action No. 4:04-CV-2688 |
| | § | |
| v. | § | |
| | § | Hon. John E. Jones III |
| DOVER AREA SCHOOL | § | |
| DISTRICT and DOVER AREA | § | |
| SCHOOL DISTRICT BOARD | § | |
| OF DIRECTORS, | § | |
| Defendants, | § | |
| | § | |
| FOUNDATION FOR THOUGHT | § | |
| AND ETHICS, | § | |
| Applicant for Intervention | § | |

**AFFIDAVIT OF STEPHEN MEYER**

| | |
|---|---|
| WASHINGTON | § |
| | § |
| DISTRICT OF COLUMBIA | § |

BEFORE ME, the undersigned authority, on this day personally appeared Stephen Meyer, known to me and after being duly sworn, according to law, upon his oath stated as follows:

1.     My name is Stephen Meyer. I am over twenty-one years of age. I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein and all such facts are true and correct.

1

2.   I am a senior fellow and director of the Center for Science & Culture at the Discovery Institute, a think tank that funds scientific research on the theory of intelligent design.

3.   Early this year I was retained by Thomas More Law Center as an expert in the above captioned litigation regarding the scientific character of the theory of intelligent design.

4.   I, along with other expert witnesses associated with the Discovery Institute in this matter, John Angus Campbell and William Dembski, retained private counsel to provide confidential legal advice, to assist us in preparing for depositions and to assist us at our expert depositions.

5.   The Thomas More Law Center told me on May 31st and then again on June 1st, 2005 (the day before John Angus Campbell's deposition) that fellows of the Discovery Institute would not be permitted by Thomas More to have private counsel in our depositions and that we would not be allowed to participate as experts if we insisted on having such counsel.

6.   When I told Pat Gillen counsel for the Thomas More Law Center that we would insist on having private counsel he made

clear that we were at an impasse and that there would be a parting of the ways.

7.     The next morning June 2nd the Thomas More Law Center fired John Angus Campbell in response to our decision to insist on private counsel.  Campbell's deposition was cancelled. I understood their decision to fire Campbell as an expression of the general policy they had articulated the day before and therefore assumed with strong cause that William Dembski and I had also been fired.

8.     William Dembski was also fired on June 10th after failing to relent in his decision to insist on private counsel.  In explaining their reasons for refusing to allow Dembski private counsel Thomas More Law Center previously cited a difference of interest between Discovery Institute Fellows and Thomas Moore Law Center.

9.     Thomas More Law Center's treatment of its expert witnesses, including firing expert witnesses who insisted on private counsel, caused me to lose confidence in Thomas More's handling of their defense and made me aware of a clear divergence of interests between our two organizations.

10.   Despite being told that we would not be working with Thomas More if we insisted on private counsel, and despite their decision to

fire my colleagues (a decision I assumed with strong reason applied
to me), Thomas More informed me on June 9, 2005 that they would
make an exception to their previously stated policy and allow me to
testify with the benefit of counsel.  On June 10th they began
pressing me with repeated phone and e-mail messages for a
decision.

11.  What seemed to me to be a capricious handling of this matter
caused me to lose further confidence in Thomas More, though by
now I did recognized that they were correct that a difference of
interest did exist between Thomas More as council for the Dover
School Board and me in my role with the Discovery Institute
promoting the scientific case for the theory of intelligent design.

12.   After considering these issues for the weekend, I announced
my decision on June 13, 2005, that I would not proceed as an
expert witness.

13.   I declare under penalty of perjury, pursuant to 28 U.S.C. §
1746, that I have read the foregoing Affidavit and the factual
allegations thereof and that to the best of my knowledge the facts
alleged therein are true and correct.

_____
STEPHEN MEYER

SWORN AND SUBSCRIBED TO before me this 29th day of
June, 2005, to certify which witness my hand and official seal.

_____
Notary Public, Washington, D.C.
DISTRICT of COLUMBIA.

My commission expires:

9/30/2005

5