IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al. : | Case Number: 04-CV-2688 |
| : | Judge Jones |
| : | (Filed electronically) |
| vs. : | |
| : | |
| DOVER AREA SCHOOL DISTRICT; DOVER : | |
| AREA SCHOOL DISTRICT BOARD OF : | |
| DIRECTORS : | |

**BRIEF IN REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO QUASH OR FOR A PROTECTIVE ORDER FILED BY JOSEPH MALDONADO AND HEIDI BERNHARD-BUBB**

I.  PROCEDURAL HISTORY/STATEMENT OF FACTS

Plaintiffs filed suit against the Dover Area School District and the Dover Area School District Board of Directors on December 14, 2004. The Plaintiffs, a group of parents with children in the Dover Area School District, seek, inter alia, a declaratory judgment declaring that the Defendants' intelligent design policy violates the Establishment Clause of the First Amendment to the United States Constitution and portions of the Pennsylvania Constitution.

The York Daily Record and The York Dispatch are newspapers of general circulation in York County, Pennsylvania. Joseph Maldonado, an independent contractor correspondent on assignment for the York Daily Record, and Heidi Bernhard-Bubb, an independent contractor correspondent on assignment for The York Dispatch, have authored various articles relating to Dover School Board meetings and the controversy surrounding the Dover Area School District's policy on "intelligent design."

On June 10, 2005 counsel for Defendants served Subpoenas on Counsel to Mr. Maldonado and Ms. Bernhard-Bubb commanding them to testify at a pre-trial deposition on June 15, 2005. On June 14, 2005, Mr. Maldonado and Ms. Bernhard-Bubb, through the undersigned counsel, filed a Motion to Quash the Subpoenas or For a Protective Order pursuant to the Federal Rules of Civil Procedure.[1] Defendants filed a Response in Opposition to Motion to Quash or for a Protective Order. This brief is in Reply to the Defendants' Response in Opposition.

II. **STATEMENT OF QUESTIONS INVOLVED**

    A. **Whether this Honorable Court should grant the relief requested by the Non-Party Subpoenaed Witnesses' Motion to Quash or provide for a Protective Order.**
        Suggested Answer: Yes.

III. **ARGUMENT**

    A. **This Honorable Court should grant the Motion to Quash in light of the Qualified Reporter's Privilege and it's application to non-confidential information.**

        1. **The First Amendment Reporter's Privilege Applies to Testimony involving Confidential Sources.**

Pursuant to Federal Rule of Civil Procedure 45 (3)(A)(iii) provides in part, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it,

---

[1] Defendants responded by filing a Motion to Compel Nonparties, Maldonado, Bernhard-Bubb, York Dispatch, and York County Daily Record, to Comply With Subpoenas ("Motion to Compel"), on June 15, 2005. Said Motion addressed the issue of production of documents raised by separate subpoenas but also improperly addressed the issue of deposition testimony. Under Federal Rule of Civil Procedure 45 (c)(2)(B), the non-party subpoenaed witnesses only had to serve written objections upon counsel for Defendants which was accomplished by June 3, 2005. Thereafter, the Defendants were required to file a motion in order to compel production of such documents. The separate issue of deposition testimony was brought before this Honorable Court via the instant Motion to Compel filed on June 14, 2005.

… requires disclosure of privileged or other protected matter and no exception or waiver applies…"

Fed.R.Civ.P. 45 (West 2005).

The non-party subpoenaed witnesses have properly raised the First Amendment Reporter's Privilege.  In <u>United States v. Criden</u>, 633 F.2d 346 (3rd Cir. 1980), the United States Court of Appeals for the Third Circuit articulated the three prong test for determining when the First Amendment Reporter's Privilege applies.  Citing <u>Riley v. City of Chester</u>, 612 F.2d 708 (3rd Cir. 1979), the court stated that the following criteria must be met: (1) the movant must demonstrate that he has made an effort to obtain the information from other sources; (2) the movant must demonstrate that the only access to the information sought is through the journalist and [his] sources; and (3) the movant must persuade the court that the information sought is crucial to the claim.  <u>Criden</u>, 633 F.2d at 358-359.  "The courts may also require a *stronger showing in civil cases* than in criminal cases because the important constitutional rights possessed by criminal defendants present significant countervailing interests weighing against the interest of the journalist in preventing disclosure." (Emphasis added.). <u>Parsons v. Watson</u>, 778 F.Supp. 214, 217 (D.C.Del. 1991). *See* <u>Criden</u>, 633 F.2d at 358.

### 2.  The Privilege extends to non-confidential information.

Pennsylvania courts have addressed the issue of non-confidential information in the context of the First Amendment Reporter's Privilege.  In <u>McMenamin v. Tartaglione</u>, 139 Pa.Cmwlth. 269, 590 A.2d 802 (1991), the Commonwealth Court found that a trial court erred in

precluding the testimony of a reporter on the basis of Pennsylvania's Shield Law.  In McMenamin, a reporter was called to testify about the accuracy of statements made by a district attorney during a press conference.  Several of these statements appeared in the reporter's newspaper article.  The Commonwealth Court, however, found that the trial court properly upheld application of First Amendment Reporter's Privilege on the basis of the Riley test.  The Court applied the Riley balancing test and stated that "[w]hile there appears to be no dispute that the information sought was material, relevant, necessary and perhaps crucial, there is nothing to show that [plaintiff] could not have obtained the information from other persons present at the February 13, 1991 press conference."  Id. 139 Pa.Cmmwlth. at 287, 590 A.2d at 811.

Similarly, the Federal Courts have extended the Reporter's Privilege to non-confidential information.  In United States v. Cuthbertson, 651 F.2d 189 (3rd Cir. 1981),  the Third Circuit Court of Appeals held that "journalists hold a qualified privilege not to divulge confidential sources, and not to disclose *unpublished information* in a criminal case." 651 F.2d at 191.  In Cuthbertson, the court addressed the issue of whether notes and "out-takes" of interviews with various parties were protected.  The material arose from a series of interviews produced for the "60 Minutes" news program on CBS.  The interviewed parties later became the subject of a federal grand jury investigation for fraud.  The defendants in the grand jury proceeding subpoenaed CBS for the aforementioned notes and "out-takes".  The court held that the defendants failed to establish that other sources for the information were not available, referencing the interviewees as appropriate parties to discover and obtain the information.

In Parsons v Watson, 778 F.Supp. 214, 217 (D.C.Del. 1991), the court addressed a factual scenario where a reporter for the *Wilmington News Journal* was not the sole witness to

statements made by the plaintiff in a *civil* action.  The Action in question involved a civil suit for re-instatement and back-pay by a former Captain in the Delaware Department of Corrections.  Similar to the present case, a party asserted that the statements in the news articles were inaccurate.  In Parsons, the plaintiff asserted that statements he made to a reporter, *in the presence of three other individuals*, were inaccurately reported in a newspaper article.  In fact, both the plaintiff and the defendant in the case indicated that the statements made by the plaintiff were inaccurate.  The plaintiff served a subpoena commanding the reporter to testify at a deposition. The reporter filed a motion to quash.  The court held that the First Amendment Reporter's Privilege applied even though the material sought was not confidential.  The court further held that the motion to quash would be granted in light of the fact that the plaintiff failed to establish that the information sought could not have been gleaned from the three other individuals present when the conversation took place.

     In the matter presently before this Honorable Court, the factual scenario is fairly simple.  The Defendants herein raise concerns over statements attributed to members of the Dover School Board and reported in the York Daily Record and The York Dispatch.  By way of further argument in their Motion to Compel, Defendants assert that these statements are inaccurate based upon an unspecified bias of one of the two reporters in question.(Defendant's Motion to Compel 4,5,10).  However, the non-party subpoenaed witnesses have not received any demand or request for corrections or retractions concerning the statements at issue.  Nor have the respective newspapers received any requests for corrections or retractions involving the same.  Again, the apparent focus of the Defendants' subpoenas lies with statements made during public school board meetings.  Numerous individuals were present, including members of the public and

members of the School Board themselves.  In fact, it is believed that there were approximately one hundred members of the community present at the Dover School Board meetings in question.  It is also the understanding of the non-party subpoenaed witnesses that the exact number, and names of the persons present is in the possession and control of the Defendants themselves.  The information the Defendants seek, according to their own Motion to Compel, relates to published and unpublished information.  As such, this Honorable Court should apply the First Amendment Reporter's Privilege.

      Under the First Amendment Privilege balancing test, the Defendants must establish that they have made an effort to obtain the information from other sources.  The Defendants' Brief indicates that the reporters are the only source of such information.(Defendants' Response to Motion to Quash, ECF Document # 94 pg. 10).  This is simply not correct.  As stated above, numerous other people were present, including audience members and other school board members.  There is no indication that the Defendants have sought the information from any of these individuals, beyond several school board members.  The identity of these individuals would be fairly easy for the Defendants to discover, as they maintained "sign-in" sheets.  Clearly, other witnesses who were at the meetings could establish whether the published statements are accurate or inaccurate. Accordingly, the Defendants have failed to establish that the information sought is only accessible from the reporters.[2]

      The Defendants must also establish that the information they seek is crucial to their claim.  This information is not crucial to their claim.  Although not clear from the Defendants'

---

[2] In the present Defendants' Response to the Motion to Quash, the Defendants do not address any specific inaccuracies or instances of bias. This differs from their Motion to Compel where Defendants' attack the credibility and accuracy of the reporters.

Brief, it appears that the information which the Defendants' believe to be crucial is whether the statements attributed to the reporters are accurate.  However, the Defendants never requested retractions or corrections at the time of the publication of the articles in question.  If the statements were inaccurate as reported, which they were not, then other individuals present at the time could establish such alleged inaccuracies.  Asking a reporter to testify with regard to the accuracy of his or her reports will not assist the trier of fact.  Furthermore, it would hinder the free flow of information to the press which is protected under the First Amendment.  In the alternative, counsel for the non-parties would request that the court issue a protective order limiting their testimony solely to what was printed in the published articles, and barring testimony as to any sources, discussions, notes, documents, or other materials used to prepare the articles in question or otherwise.

### 3.  Defendants failed to provide timely notice of Deposition

Federal Rule of Civil Procedure 45 (3)(A) provides in part:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it […] (i) fails to allow reasonable time for compliance.

Fed.Civ.P.R. 45(West 2005).

"A party desiring to take the deposition of any party upon oral examination shall give reasonable notice in writing to every other party to the action (emphasis added).  When determining whether the period of time between which the notice of the deposition was received and the time at which the deposition is to take place is an unreasonably short time, the Court shall take into consideration any special need for haste that the notifying party may have."  Stover v. Universal Moulded Products Corp., 11 F.R.D. 90, 91 (E.D.Pa.1950) (two days notice

unreasonable); Lloyd v. Cessna Aircraft Co., 430 F.Supp. 25, 26 (E.D.Tenn.1976) (notice leaving only two working days for preparation unreasonable).

In the present case, Defendants seek to establish "reasonable time" as five days. In reality, the non-party subpoenaed witnesses had only two full business days notice because the subpoenas were served after four o'clock p.m. on Friday June 10, 2005. Defendants argue that the alleged five days notice combined with notice of the Plaintiff's depositions, is satisfactory. However, the Plaintiffs' depositions were originally scheduled for June 8, 2005. The Defendants did not act to provide subpoenas until June 10, 2005 after 4pm as aforesaid. Furthermore, the Defendants supplied their subpoenas on Friday afternoon, a mere two business days prior to the demand date of June 15, 2005. The Defendants seek to 'piggy-back' their time frame upon the Plaintiffs subpoenas. Clearly, two days notice is not sufficient to establish "reasonable notice".

**IV.     CONCLUSION**

In light of the foregoing, Joseph Maldonado and Heidi Bernhard-Bubb would respectfully request that their Motion to Quash subpoenas be granted and the subpoenas issued by the Defendants quashed.  In the alternative, Joseph Maldonado and Heidi Bernhard-Bubb would respectfully request that this Honorable Court issue a protective order limiting their testimony solely to what was printed in the published articles in issue and barring any questioning as to any sources, discussions, notes, documents or other materials gathered or created as part of their functions and duties in the preparation for the published articles in question or otherwise.

                          Respectfully submitted,
                          **BENN**LAW**FIRM**

Date: June 30, 2005        By:/s/ Niles S. Benn, Esquire_____
                                      Niles S. Benn, Esquire
                                      Attorney I.D. #16284
                                      Terence J. Barna, Esquire
                                      Attorney I.D. #74410
                                      Christian J. Dabb, Esquire
                                      Attorney I.D. #85370
                                      P.O. Box 5185
                                      103 E. Market Street
                                      York, Pennsylvania 17405-5185
                                      (717) 852-7020
                                      nbenn@bennlawfirm.com
                                      tbarna@bennlawfirm.com
                                      cdabb@bennlawfirm.com

**CERTIFICATE OF SERVICE**

I, Christian J. Dabb, Esquire, hereby certify that on this 30th day of June, 2005, I served a true and correct copy of the foregoing "Memorandum of Law" upon the following counsel by the Middle District ECF system and other counsel of record by the Middle District ECF system:

Richard Thompson, Esquire
Robert J. Muise, Esquire
Patrick T. Gillen, Esquire
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
(Defendants' counsel)

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108
(Plaintiffs' co-counsel)

Eric Rothschild, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(Plaintiffs' co-counsel)

/s/ Christian J. Dabb, Esquire___
Christian J. Dabb, Esquire
Attorney I.D. #85370