IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY KITZMILLER, et al., )
    Plaintiffs, )    Case No. 04-CV-2688
)    (Hon. Judge Jones)
v. )
)    (Filed Electronically)
DOVER AREA SCHOOL DISTRICT, et al.,)
    Defendants. )
_____)

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL NONPARTIES, MALDONADO, BERNHARD-BUBB, *YORK DISPATCH*, AND *YORK COUNTY DAILY RECORD* TO COMPLY WITH SUBPOENAS**

Defendants submit this reply brief in support of their motion to compel. (Docs. 85-86.) The nonparty witnesses have filed two, identical responsive briefs to defendants' motion to compel, (Docs. 95-96), and plaintiffs have filed a responsive brief as well. (Doc. 97.)

## I. INTRODUCTION

The nonparty witnesses do not dispute that they failed to object to items 4, 5, 6, 7, 8, and 9 requested in defendants' document subpoenas. (Doc. 86, Exs. A-D,

H.) These items deal with the accuracy and reliability of the work of Joseph Maldonado and Heidi Bernhard-Bubb, any complaints thereto, and any job performance reviews of Maldonado and Bernhard-Bubb; any communications by Maldonado and Bernhard-Bubb relating to any Dover Area School Board member; and any communications between Maldonado and Bernhard-Bubb and any person relating to elections and candidates. (Doc. 86, Exs. A-D.) Therefore, because they failed to object to these requests, the nonparty witnesses should immediately turn over the documents requested in these items or be held in contempt of court. Fed. R. Civ. P. 45(c), (e).

## II.   ARGUMENT

### The Reporters Should Be Compelled to Testify

Since, as far as is known, defendants are not seeking from the reporters the identity of a confidential source or information that is otherwise confidential, the reporters should be required to testify pursuant to defendants' deposition subpoenas. *See U.S. v. Criden*, 633 F.2d 346, 359 (3rd Cir. 1981) (noting that a reporter can be ordered to answer a question unrelated to confidential source disclosure, and the reporter's refusal to do so is grounds for civil contempt); *U.S. v. Cuthbertson,* 630 F.2d 139, 147 (3rd Cir. 1980) (noting that lack of a confidential source is a factor favoring production).

The reporters cite to the unpublished decision of *In re Barnard,* No. Misc. 98-189, 1999 WL 38269 (E.D. Pa. Jan. 25, 1999) (copy attached hereto as Exhibit A), a case that cuts against their position. The *Barnard* court denied the reporter's motion to quash and ordered that the reporter could be questioned about the statements in her article, with the reporter being able to assert a privilege on a question-by-question basis regarding information not published or publicly disclosed. Importantly, the court explained that the district court for the Western District of Pennsylvania had agreed that, because the information sought in that civil case was published and the source not confidential, the material was not privileged and the *Riley* test did not apply, a conclusion opposite of the one reached in *Barnard. Id.* at *2-*3 & n.*. Thus, the nonparties' own case law shows that the *Riley* factors are not always applied when the information sought is not confidential or privileged. This court should also conclude that the reporters should reveal nonconfidential material absent any consideration of the *Riley* analysis. *See Criden,* 633 F.2d at 361 (Rambo, J., concurring) (explaining that when there is no expectation of confidentiality, no privilege applies).

As demonstrated by defendants in their motion to compel, something not refuted by the nonparties, a reporter lacks a privilege not to testify as a fact witness, just as any fact witness would lack such a privilege. *See U.S. v. Steelhammer,* 539 F.2d 373 (4th Cir. 1976), *on rehearing en banc* 561 F.2d 539 (4th

Cir. 1977); *Miller v. Mecklenburg County,* 602 F.Supp. 675, 678 (W.D. N.C. 1985); *Alexander v. Chicago Park Dist.,* 548 F.Supp. 277, 278 (N.D. Ill. 1982). Accordingly, the reporters should be compelled to testify about what they witnessed at the school board meetings, and it is irrelevant whether other people were present at the same school board meetings.[1]

In contrast to the reporters' assertions, the reporters' testimony is relevant and important to defendants' claims, and their testimony should be compelled. The reporters purport to have recorded statements by board members that tend to support the plaintiffs' claims in this action. Defendants maintain that the reporters are inaccurate and biased in their reporting. Because the newspaper articles themselves are inadmissible hearsay, *see Barnes Found. v. Township of Lower Merion,* 982 F.Supp. 970, 996 (E.D. Pa. 1997), for plaintiffs to present the reporters' testimony, the reporters will have to appear in person at trial and testify. Without allowing defendants the opportunity to conduct discovery, such testimony would be presented without defendants having first had the opportunity to examine the witnesses and to prepare for cross-examination.

Only the reporters possess information about their bias, prejudice, interest, and motive in their reporting; possess information about their reportorial and

---

[1] Plaintiffs agree with this proposition, although they incorrectly attempt to limit defendants' request for testimony just to what the reporters witnessed at the meetings and ignore the need for inquiry into the reporters' bias, et cetera. (Doc. 97 at 3-6.)

newsgathering practices; and possess information about what they heard and saw during public meetings of the school board, all of which is information that is relevant and important to defendants' defense of this litigation.

The reporters are the only sources of this information, and discovery of this information is essential to the meaningful cross-examination of the reporters and directly impacts defendants' ability to defend themselves in this litigation. Thus, the reporters should be compelled to comply with defendants' deposition subpoenas and be compelled to answer defendants' deposition questions. *See* Fed. R. Civ. P. 26(b) (noting scope of broad discovery); *Herbert v. Lando,* 441 U.S. 153, 158-77 (1979) (holding that there is no First Amendment privilege barring a plaintiff in a defamation case from inquiring into the editorial process of those responsible for the publication); *In re Vmark Software, Inc.,* No. Civ. A. 97-227, 1998 WL 42252 at *1-*3 (E.D. Pa. Jan. 8, 1998) (copy attached hereto as Exhibit B) (denying motion to quash and ordering reporter to be deposed and to release documents pertaining to news article since the reporter was the only source of the information, was the only person qualified to testify about his reportorial practices regarding the statements of others, and the reporter's testimony was important to plaintiffs' claim. Also rejecting the reporter's argument that his affidavit was

sufficient to satisfy plaintiffs' needs, noting that declarations in affidavits are hearsay and generally barred at trial).[2]/

In short, the reporters should be compelled to testify in compliance with defendants' deposition subpoenas. Any side deal the reporters have made with the plaintiffs regarding the reporters testifying only by way of affidavits should be rejected by this court and should not prohibit defendants from engaging in proper discovery in defense of this litigation, which would include taking the depositions of the reporters and obtaining documents from them and their newspapers. Further, by submitting said affidavits, the nonparties have waived any privilege to which they claim, a point agreed to by plaintiffs. (Doc. 77 at 9-10; Doc. 97 at 5.)

---

[2]/ The nonparties contend that defendants did not demand retractions or corrections regarding the reporting. (Doc. 95 at 6, 9.) Not only is this point irrelevant, it is inaccurate. Defendants did make such requests. (*E.g.,* Doc. 86, Ex. L, Bonsell Depo. at 36-39; Ex. N, Buckingham Depo. at 22-23.) The requests were to no avail, however. For example, when Heather Geesey told Maldonado that she did not say a quote he had attributed to her, and, moreover, explained to him that he knew she did not utter the quote, Maldonado gave her the following response: "so, I am putting my kids through college." (Doc. 86, Ex. O, Geesey Depo. at 99-100.)

## The Nonparties Should Be Compelled To Produced Documents

The nonparties assert that defendants served document production requests on them pursuant to Fed. R. Civ. P. 34. (Doc. 95 at 7.) That is an inaccurate assertion. Rule 34 applies only to parties to an action. The reporters and newspapers are nonparties, and defendants served them with document requests pursuant to subpoenas issued under Fed. R. Civ. P. 45. (Doc. 86, Exs. A-D.)

The nonparties cite *von Bulow v. von Bulow*, 811 F.2d 136 (2nd Cir. 1987). (Doc. 95 at 8.) The *von Bulow* case cuts against the nonparties. The *von Bulow* court made it clear that the reporter has the burden to establish a journalist's privilege through competent evidence, *id.* at 144, 147, something the nonparties have failed to do here, and the *von Bulow* court ruled that the reporter's notes, investigative reports, and manuscript were discoverable, *id.* at 144, 147, a result which should be reached in the instant case as well.

The nonparties also cite *U.S. v. LaRouche Campaign,* 841 F.2d 1176 (1st Cir. 1988), another case that cuts against their position. (Doc. 95 at 8.) The *LaRouche* court explained that "[w]hen there is no confidential source or information at stake, the identification of First Amendment interests is a more elusive task." *Id.* at 1181. The *LaRouche* court noted that although some courts, including the Third Circuit in *Cuthbertson,* have stated in conclusory fashion that any distinction between subpoenas seeking confidential and nonconfidential materials is irrelevant, that

7

conclusion is not supported. *Id.* The *LaRouche* court explained that "[w]e have been referred to no authoritative sources demonstrating or explaining how any chilling effect could result from the disclosure of statements made for publication without any expectation of confidentiality." *Id.; see also U.S. v. Smith,* 135 F.3d 963, 972 (5th Cir. 1998) ("We have never recognized a privilege for reporters not to reveal nonconfidential information.") The *LaRouche* court went on to rule that NBC did not have a privilege to prevent the production of the requested documents for an *in camera* review by the district court.[3]/ *LaRouche,* 841 F.2d at 1182.

Here, the nonparties have not established that the materials they seek to protect are confidential or privileged. The most they can say is that the documents Bernhard-Bubb and *York Dispatch* possess "might" reveal the identity of a confidential source. (Doc. 86, Ex. H, p. 2, ¶ d.) Because there has been no showing of confidentiality or privilege by the nonparties, the production of the requested documents should be made.

As the Pennsylvania Supreme Court explained in *Commonwealth v. Bowden,* 838 A.2d 740 (Pa. 2003), it is permissible to compel the disclosure of statements where confidentiality will not be breached; the reason being that where information

_____

[3]/ Defendants requested that this court conduct, at a minimum, an *in camera* review of the nonparties' documents to determine which, if any, may be withheld or redacted. (Doc. 86 at 12-13.) The nonparties do not oppose this request. (Doc. 95 at 11.)

8

is not confidential, disclosure of such information would not inhibit the free flow of information to the media. *Id.* at 752-60. Indeed, the supreme court noted that the Third Circuit has explained that "where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged.'" *Id.* at 759 (quoting from *U.S. v. Criden,* 633 F.2d 346, 356 n.6 (3rd Cir. 1980).) The supreme court further explained that disclosure was warranted based on the general principle that evidentiary privileges are disfavored since they are in derogation of the search for the truth. *Id.*

The drafts, editorial comments, notes, writings, and work product that are being sought from the nonparties by defendants cannot be obtained from any other source. These nonparties possess and control these documents. These documents are relevant and important to defendants' claims because the reporters purport to have recorded statements by board members that tend to support the plaintiffs' claims in this action. Defendants maintain that the reporters and the newspapers are inaccurate and biased in their reporting. Discovery of these documents is essential to defendants' defense of this litigation, especially when the nonparties appear (with the agreement of plaintiffs) to seek to testify in this case only by affidavit. There will be no chilling effect on the free flow of information to the media by having the nonparties comply with defendants' subpoenas, whether for

testimony or document production. The nonparties should be compelled to produce the requested documents.[4]/

### Defendants Are Being Denied Due Process

The nonparties (as well as plaintiffs) do not address, and therefore concede, defendants' contention that defendants will be denied due process if the reporters are able to testify by way of affidavits agreeable to them and plaintiffs. (Doc. 86 at 13-14.)

---

[4]/ The nonparties also rely on *J.J.C. v. Fridell,* 165 F.R.D. 513 (D. Minn. 1995). (Doc. 95 at 8.) Unlike in *Fridell,* the defendants here have established that the information sought from the nonparties is necessary and important to their case and can only be obtained from the nonparties. Moreover, the nonparties attempt to shift the proper focus of the inquiry by noting the unremarkable practice of the school board of not keeping tapes of meetings after the minutes have been officially approved. (Doc. 95 at 9-10; Exhibit C, hereto, Nilsen Depo. at 27-28.) The board's practice is irrelevant to the nonparties' failure to comply with defendants' subpoenas and to defendants' need to examine the requested documents to defend themselves fully in this litigation.

### III. CONCLUSION

Defendants respectfully request that this court grant their motion to compel and provide them with the relief sought.

                                      Respectfully submitted,

                                      */s/ Edward L. White*

                                      Richard Thompson (MI P21410)*
                                      Patrick T. Gillen (MI P47456)*
                                      Robert J. Muise (MI P62849)*
                                      Edward L. White III (MI P62485)*
                                      Thomas More Law Center
                                      24 Frank Lloyd Wright Drive
                                      P.O. Box 393
                                      Ann Arbor, MI 48106
                                      734-827-2001; Fax. 734-930-7160
                                      rthompson@thomasmore.org
                                      pgillen@thomasmore.org
                                      rmuise@thomasmore.org
                                      ewhite@thomasmore.org
                                      * Admitted pro hac vice

                                      Ron Turo
                                      Turo Law Offices
                                      29 South Pitt Street
                                      Carlisle, PA 177013
                                      717-245-9688

Dated: July 1, 2005                    *Counsel for defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2005, a copy of the foregoing defendants' reply brief in support of defendants' motion to compel was served on the following counsel through the electronic case filing system and/or via U.S. Mail, postage prepaid:

Eric Rothschild
Stephen G. Harvey
Joseph M. Farber
Benjamin M. Mather
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
PO Box 1181
Harrisburg, PA 17108

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Paula K. Knudsen
ACLU of Pennsylvania
105 N. Front Street
Suite 225
Harrisburg, PA 17101

Alex J. Luchenitser
Richard Katskee
Ayesha Khan
Americans United for Separation
 of Church and State
518 C Street, NE
Washington, DC 20002

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013

Niles Benn
Benn Law Firm
103-107 E. Market Street
P.O. Box 5185
York, PA 17405

Mary Catherine Roper
ACLU of Pennsylvania
P.O. Box 1161
Philadelphia, PA 19105

_Edward L. White_
Edward L. White III
Admitted *pro hac vice*