

Case 4:04-cv-02688-JEJ   Document 103-4   Filed 07/01/05   Page 1 of 6

# EXHIBIT B



Westlaw.

Not Reported in F.Supp.    Page 1

Not Reported in F.Supp., 1998 WL 42252
**(Cite as: Not Reported in F.Supp.)**

C
Not Reported in F.Supp., 1998 WL 42252
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
In the Matter of the Application of Bloomberg L.P. and Michael Sherman to Quash Subpoena
In re VMARK SOFTWARE, INC.
Securities Litigation
**No. CIV. A. 97-227.**

Jan. 8, 1998.

Abbe F. Fletman , Klehr, Harrison, Harvey, Branzburg & Ellers, Phila, PA, for In the Matter of the Application of Bloomberg L.P. and Michael Sherman to Quash Subpoena.
Ira Neil Richards , Trujillo Rodriguez & Richards, LLC, Phila, PA, for In re Vmark Software, Inc. Securities Litigation.

MEMORANDUM-ORDER

GREEN, S.J.
*1 Presently pending is the Motion of Bloomberg L.P. and Michael Sherman to Quash Subpoena Duces Tecum pursuant to Federal Rules of Civil Procedure 26 and 45 , and Plaintiffs' Response thereto. For the reasons set forth below, the motion will be denied in part and granted in part.

Factual Background

Plaintiffs are a class of purchasers of Vmark Software, Inc. ("Vmark") securities. Michael Sherman is a former reporter for Bloomberg Business News (" Bloomberg"). In July, 1995, Sherman interviewed James K. Walsh, a defendant in the underlying securities fraud lawsuit and the Chief Financial Officer of Vmark at that time. Thereafter, Sherman wrote a news article allegedly based upon the interview with Mr. Walsh. Plaintiffs allege that Walsh made false and misleading statements in the news article, regarding specific projections for Vmark's 1995 third quarter. Plaintiffs seek to depose Sherman, for the purpose of authenticating the article and the statements therein. In their subpoena, Plaintiffs also seek from Sherman, all documents pertaining to Vmark, including but not limited to the news article in issue.

Bloomberg and Sherman, non-parties to the Vmark Class Action, seek to quash the subpoena, on the ground that Sherman has a privilege against revealing his confidential sources and verifying the accuracy of quotes in his article. Bloomberg has offered to provide an affidavit from Sherman in lieu of the deposition. However, Plaintiffs argue that while the affidavit will be admissable evidence in a motion for summary

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2

Not Reported in F.Supp., 1998 WL 42252
**(Cite as: Not Reported in F.Supp.)**

judgment, the article itself and Walsh's statements, when offered for the truth, will be inadmissible hearsay at trial. Hence, Plaintiffs argue, their entire claim may fail without the deposition of Sherman authenticating his article and the statements therein.

## Discussion

The Federal common law of privilege governs in an action where, as here, plaintiffs assert only federal claims. Fed.R.Evid. 501. Under federal common law, journalists enjoy a qualified, but not absolute, privilege with respect to information gathered in connection with the publication of articles. *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972).

In *Riley v. City of Chester,* 612 F.2d 708, 715 (3d Cir.1979), the Third Circuit held that journalists have a qualified federal common law privilege to protect confidential sources arising under Federal Rule of Evidence 501. The court cautioned, however, that this privilege is not absolute and must be weighed against the strong interest of litigants in the full and complete disclosure of relevant evidence. *Id.* at 716. Indeed, evidentiary privileges are generally disfavored because they interfere with the search for truth. *United States v. Criden,* 633 F.2d 346, 357 (3d Cir.1980), *cert. denied,* 449 U.S. 1113, 101 S.Ct. 924, 66 L.Ed.2d 842 (1981). Consequently, the court must "balance on one hand the policies which give rise to the privilege and their applicability to the facts at hand against the need for the evidence sought to be obtained." *Riley,* 612 F.2d at 716. In striking this balance, therefore, the court must engage in a very fact specific inquiry. *Id.*

*2 To aid in this determination, the Third Circuit, in *Riley* has articulated a three part test which a movant must satisfy in order to overcome a reporter's qualified privilege. The test as restated in *Criden,* requires:
> First, the movant must demonstrate that he has made an effort to obtain the information from other sources. Second, he must demonstrate that the only access to the information is through the journalist and her sources. Finally, the movant must persuade the court that the information sought is crucial to the claim.

*Criden,* 633 F.2d at 358. Here, Plaintiffs seek to compel Sherman's testimony with respect to statements attributed to defendant Walsh in Sherman's published article. These statements are among those that the Plaintiffs allege are false or misleading, and upon which they predicate their securities fraud claim. Plaintiffs attempted to elicit this information directly from Walsh through deposition. In deposition testimony however, Walsh stated that he does not recall whether or not he made the statements. Furthermore, the record is silent as to whether Walsh made any similar statements to others regarding earning expectations for Vmark.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. | Page 3

Not Reported in F.Supp., 1998 WL 42252
**(Cite as: Not Reported in F.Supp.)**

Accordingly, since Walsh is unable to verify the statements at issue, and since the record does not disclose any other source for this information apart from Sherman, I conclude that Plaintiffs have met the first prong of the *Riley* test.

As to the second prong, I conclude that the only access to this information is through Sherman. Sherman is the only person qualified to testify as to his reportorial practices with respect to the statements of others. Bloomberg argues that since newspaper articles are self-authenticating under Federal Rule of Evidence 902(6), Sherman's deposition testimony is unnecessary to authenticate his article. While it is true that newspaper articles do not require extrinsic evidence of authenticity prior to admissabilty, there may still remain the questions of authority and responsibility for statements contained therein. *See,* Fed.R.Evid. 902(6) Advisory Committee's Note. Here, Sherman is the only other person, apart from Walsh, who can verify the statements he attributed to Walsh. Bloomberg claims that Sherman has no independent recollection of the interview and that he does not possess any reporter's notes that would verify the statements contained in the news article. Even if Sherman does not recall the interview, however, he can still testify as to his general newsgathering practices, including whether he typically reports interviewees' statements verbatim. Moreover, his deposition testimony, as to his lack of recollection, may provide evidence to support the admissability of the contents of the news article.

Finally, I conclude that Sherman's testimony is crucial to the maintenance of Plaintiffs' securities fraud claim based on Walsh's statements, as quoted in, and disseminated to the market, by the article. Plaintiffs allege that Walsh made specific statements regarding Vmark's earnings and revenues for its 1995 fiscal third quarter. Walsh claims that he does not recall making those statements. The deposition testimony of Sherman may produce evidence that is crucial to the Plaintiffs' case.

*3 Bloomberg contends that the affidavit offered by Sherman should be sufficient to satisfy Plaintiffs' needs in this matter. Affidavits and depositions are generally admissable in summary judgment proceedings, Fed.R.Civ.P. 56(c), (e). However, declarations contained in affidavits are hearsay, and unless they fit within an appropriate exception to the hearsay rule, are generally barred at trial. Moreover, on this record, it does not appear that the affidavit is admissable under the provisions of the catch-all exceptions to the hearsay rule.

Accordingly, since Plaintiffs have satisfied the three part test of *Riley*, the motion for a protective order to quash, will be denied with respect to Sherman's deposition and any documents pertaining to the published July, 1995 article. In their subpoena, Plaintiffs also seek for inspection and copying, "all documents [in Sherman's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Page 4

Not Reported in F.Supp., 1998 WL 42252
**(Cite as: Not Reported in F.Supp.)**

possession] concerning Vmark, including but not limited to [the] news article published on July 11, 1995." Plaintiffs, however, have not provided any justification, under *Riley,* for such a blanket request. Accordingly, the motion will be granted insofar as Plaintiffs seek to subpoena any documents pertaining to Vmark that are unrelated to the July, 1995 article. An appropriate order follows.

### ORDER

AND NOW, this 8th day of January, 1998, upon consideration of the Motion of Bloomberg L.P. and Michael Sherman to Quash Subpoena Duces Tecum pursuant to Federal Rules of Civil Procedure 26 and 45, and the Plaintiffs' Response thereto, IT IS HEREBY ORDERED that the motion is DENIED as to Sherman's Deposition Testimony and any documents regarding the July, 1995 news article. The motion is GRANTED as to Sherman's Production of any other documents unrelated to the July, 1995 news article.

IT IS FURTHER ORDERED that Michael Sherman shall appear for a deposition in this matter at a time and place mutually convenient to the parties before January 16, 1998.

E.D.Pa.,1998.
Application of Bloomberg
Not Reported in F.Supp., 1998 WL 42252

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Date of Printing: JUN 21,2005

# KEYCITE

⊃Application of Bloomberg, 1998 WL 42252 (E.D.Pa., Jan 08, 1998) (NO. CIV. A. 97-227)

**History**

=>  1 **Application of Bloomberg,** 1998 WL 42252 (E.D.Pa. Jan 08, 1998) (NO. CIV. A. 97-227)

© Copyright 2005 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, A 058 914 668, or their Licensors. All rights reserved.