**SEPTEMBER 2005 TRIAL LIST**
**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  | Filing Date of |
| --- | --- | --- |
| Case Name | Criminal or Civil No. | Indictment or Complaint |
|  |  |  |
| USA v. Clarkson | 04cr93 (1 defendant) | 3/11/04 |
| USA v. Heddings | 05cr25 (2 defendants) | 1/13/05 |
| USA v. Mojica | 05cr103 (1 defendant) | 3/10/05 |
| Came v. Micou | 04cv1207 | 6/3/04 |
|  |  |  |
| **Kitzmiller v. Dover** | **04cv2688** | **12/14/04** |

**Bench trial 9/26/05-9/30/05**

ORDER

JULY 29, 2005

TABLE OF CONTENTS

¶1      Trial List

¶2      Juries

¶3      Order of Trials

¶4      Notice of Start of Each Trial

¶5      Progress of the List

¶6.1    Points for Charge

¶6.2    Special Interrogatories

¶7      Exhibits, Proof of Contents of

¶8      Meetings with Counsel

¶9      Conflict with Trials in Other Courts

¶10     Proposed Voir Dire Questions in Criminal Cases

¶11     Telephone and FAX Numbers

¶12    Continuances

¶l3    Local Rules

¶l4    Pro Se Parties

¶l5    Special Provisions as to Certain Cases

¶16    Copies of Documents

l.    <u>Trial List</u>.  The above cases will comprise the trial list for the **SEPTEMBER** Williamsport session for the undersigned judge.  The list will constitute a trailing docket.  The cases will be tried at the United States Courthouse, Williamsport, Pennsylvania.

2.    <u>Juries</u>.  Juries will be drawn in the above order beginning at **9:30 a.m. on September 6, 2005** in Williamsport for those cases on the list which are to be tried to a jury. If a case is to be tried to a summary jury, simultaneously with or immediately following selection of the regular jury in that case, a summary jury will also be selected for that case.  Counsel in each case shall take notes of the jurors' biographies as they are given in prior cases so that no juror will be required to give his or her biography in open court more than twice on a given jury drawing date.  No attorney or party shall personally or through an investigator or other person directly or indirectly interview, question or examine any juror during the pendency of the trial or with respect to deliberations or verdict of the jury except with leave of court upon good cause shown.

3.    <u>Order of Trials</u>.  Criminal cases will be tried first.  All cases subject to a summary jury trial will then be tried to summary juries in the above order insofar as practicable. Thereafter, the civil cases will be tried in the above order without distinction as between jury and non-jury cases.

4.      Notice of Start of Each Trial.  The deputy clerk shall call to advise one attorney on each side, in each case, of the commencement of the trial. This will be done with as much notice as possible.

5.      Progress of the List.  Each counsel shall have the responsibility of ascertaining through the Clerk's Office in Williamsport the progress of the cases on the list so that he or she will be ready when called.

6.      Points for Charge and Special Interrogatories.

6.1 Points for Charge.  Points for charge shall be submitted electronically filed,  one to a page, identified by the name of the party and a number, and shall state the best authority for the point.  Only the first page need contain the caption.  In order that the Court will ordinarily have ample time to prepare the charge, **points for charge shall be submitted no later than 3 working days before trial** and may be supplemented for matters arising during the trial which could not have been reasonably anticipated by the party submitting such supplemental points. M.D. Pa.  Local Rule 51.1.  The proposed points shall contain the precise language which the Court is requested to use in its charge to the jury.  In preparing points for charge, counsel shall take cognizance of the fact that the Court frequently uses special verdict questions in civil cases. In a case where a special verdict is to be used counsel shall exclude from the points for charge legal concepts and statements as to law applicable to the case which are not necessary to enable the jury to make its findings upon each issue of fact in the case.

6.2 Special Interrogatories.  If in any criminal case there are (1) factual issues required to be decided by the jury as a result of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), or (2) factual issues required to be decided by the jury relating to a lesser included

3

offense or offenses, counsel shall attempt to agree upon a joint statement of proposed special interrogatories.  The proposed special interrogatories shall be typed one to a page and shall be serially numbered.  The joint statement of proposed special interrogatories shall include undisputed proposed special interrogatories as well as proposed interrogatories about which there is a dispute.  Undisputed interrogatories shall be marked "U" at the end of each interrogatory.  When there is a dispute as to the language of a specific proposed special interrogatory, the parties shall each propose a special interrogatory and shall indicate who proposed each interrogatory.  Related disputed interrogatories shall follow each other or be arranged alongside each other in the joint statement so that the Court may readily compare them. If a party objects to an interrogatory being asked on a particular subject, such party shall indicate such objection and, on the assumption that the Court will ask an interrogatory on the subject, shall without prejudice either join in the interrogatory or propose a different interrogatory on the subject.  In order that the Court will have ample time to prepare the special interrogatories, the joint statement shall be submitted at the start of the trial.

7.    <u>Exhibits, Proof of Contents of</u>.  On the trial commencement day each counsel shall provide the deputy clerk with 3 premarked exhibit binders. One binder shall remain on the witness stand and the other two binders shall be provided for the judge and law clerk. Pages of exhibits exceeding 2 pages in length shall be numbered unless the exhibits are dated and arranged in a chronological or reverse chronological order.  Normally, immediately after a witness has concluded his testimony the Court will entertain a motion for admission of all exhibits identified for the first time by that witness.

8.    <u>Meetings with Counsel.</u>  In order to conserve jurors' time and reduce the number

4

of side bar conferences, the Court will entertain motions and other matters each morning at 9:00 A.M.  Notice of such conference shall be given to the undersigned judge by calling chambers at (570)601-1497 no later than 8:00 A.M. on the day of the requested conference.

9.     Conflict with Trials in Other Courts.  If when a case on this trial list is called for trial counsel is actually in trial in a Pennsylvania state court or in a federal court, not merely attached for trial, this case will be deferred at the request of such counsel until that trial shall have terminated.  If a case in such other court is called for trial on the same day that it is called for trial in this court, we will defer to the other court and counsel shall be deemed in trial in the other court on that particular day.  Because predictions as to the length of a trial by counsel or a judge are always risky, counsel to whom deferment is accorded shall wait until termination of the conflicting trial in the state or other federal court and then shall forthwith notify the Clerk in Williamsport by telephone of such termination.  Thereafter, unless said counsel is a sole practitioner, when the case on this trial list is reached for trial, it shall be tried by said counsel, or, if said counsel is engaged in another trial, the case on this trial list shall be tried by such other counsel as he or she shall designate; provided, however, that if at that time counsel for another party is actually in trial, he or she shall have the right to elect deferral under the provisions of this paragraph.  "Counsel" in this paragraph means the chief trial counsel for a party in both this court and the state court or in the other federal court, as the case may be.

10.     Proposed Voir Dire Questions in Criminal Cases.  In all criminal cases, the Court will ask voir dire questions which cover the subject matter of all voir dire questions in criminal cases contained in §2.06 of the Bench Book for U.S. District Judges prepared by the Federal Judicial Center.  Additional proposed voir dire questions, if any, shall be electronically filed at

least one (1) week prior to the jury drawing date. Counsel shall have agreed upon and signed copies of their proposed voir dire questions. Counsel shall not submit as additional proposed voir dire questions any which are covered by those contained in the Bench Book. The Court will rule on the proposed voir dire questions at least by the jury drawing and any counsel may ask any questions which are not disapproved by the Court as well as any appropriate follow-up questions. Additional requests for questions which could not reasonably have been foreseen may be made at the jury drawing. The questions shall be so framed that an affirmative answer by a prospective juror will indicate a potentially disqualifying factor.

11.     <u>Telephone and FAX Numbers</u>.  Counsel shall electronically file the numbers of their office and residence and/or cellular phones, if any, at least by the start of the jury drawings.

12.     <u>Continuance of Trial</u>.  A motion for continuance of trial which is not concurred in by opposing counsel together with a supporting brief shall be electronically filed at least two weeks before the date set for the start of jury drawings unless the reason for the motion for continuance subsequently arises.

13.     <u>Local Rules</u>.  The Local Rules were most recently revised effective March 3, 2003.  A copy of the current Local Rules may be obtained from the Clerk of the Court or online at <u>www.pamd.uscourts.gov</u>.

l4.     <u>Pro Se Parties</u>.  Any party who is not represented by counsel shall have all the duties which would normally be placed upon his or her counsel by the Local Rules, this order, and other orders of this Court.

l5.     <u>Special Provisions as to Certain Cases.</u>

16.    <u>Copies of Documents.</u>  If counsel is waived from the electronic filing requirement documents shall be filed in the Clerk's Office.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge
