# EXHIBIT C



EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; BRYAN AND CHRISTY REHM; DEBORAH FENIMORE AND JOEL LIEB; STEVEN STOUGH; BETH EVELAND; CYNTHIA SNEATH; JULIE SMITH; AND ARALENE ("BARRIE") D. AND FREDERICK B. CALLAHAN,<br><br>             Plaintiffs,<br><br>       v.<br><br>DOVER AREA SCHOOL DISTRICT; DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS,<br><br>             Defendants. | Civil Action No. 04-2688 |

## PLAINTIFFS' PROPOSED STIPULATIONS OF FACT

1. The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over plaintiffs' causes of action arising under the First and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction over plaintiffs' causes of action arising under the Constitution of the Commonwealth of Pennsylvania pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because one or more defendants resides in this District, all defendants reside in the Commonwealth of Pennsylvania and the events or omissions giving rise to the claims at issue occurred in this District.

3. Defendant Dover Area School District is a municipal corporation with a board of directors, which is defendant Dover Area School District Board of Directors. At all

relevant times, defendants were acting under color of state law. The Dover Area School District is comprised of Dover Township, Washington Township, and Dover Borough, all in York County, Pennsylvania. There are approximately 3,700 students in the School District, with approximately 1,000 attending Dover High School.

4. On October 18, 2004, the board approved an amendment to the Dover High School biology curriculum by a vote of 6-3. Board members voting for the amendment were Alan Bonsell, Sheila Harkins, William Buckingham, Heather Geesey, Jane Cleaver, and Angie Yingling. Board members voting against the amendment were Noel Weinrich, Carol (Casey) Brown, and Jeff Brown. The biology curriculum was revised as reflected in Plaintiffs' Exhibit ___, attached hereto.

5. The Dover Area High School has received sixty donated copies of *Of Pandas and People*. They were donated by Donald Bonsell, father of board member Alan Bonsell. William Buckingham wrote a check to Mr. Donald Bonsell to contribute to the purchase of the books.

6. All board meetings from 2003-2005 occurred on the dates reflected in the board minutes.

7. All votes on biology curriculum and the biology textbook during the years 2003-05 are correctly portrayed in the board minutes.

8. On November 19, 2004, the district issued the press release (Plaintiffs' Exhibit ___), attached hereto.

9. On January 18, 2005, administrators for the School District made the statement to 9th grade biology students set forth in Plaintiffs' Exhibit ___, attached hereto.

PHLEGAL: #1781939 v3 (126yb03!.DOC)

10.  On June ___, 2005, administrators for the School District made the statement to 9th grade biology students set forth in Plaintiffs' Exhibit ___, attached hereto.

11.  The Dover Area School District does not require the reading of similar statements for any other aspect of the science curriculum or as regards any other scientific theory.

12.  On _____, 2005, the district mailed a newsletter (Plaintiffs' Exh. ___) to all parents of students in DASD regarding the change to the biology curriculum, which is attached hereto.

13.  On _____, 2005, at the request of the school board, Michael Behe made a presentation on Intelligent Design to Dover citizens.

14.  The defendant Dover School Board has the authority to set official policy for the Dover Area School District. Accordingly, the October 18, 2004 Board resolution, the November 19, 2004 press release, the statements read to students, and the newsletter represent official policy of the Dover Area School District.

15.  For any plaintiff not called to testy at trial, he or she would testify that the facts alleged about that particular plaintiff in paragraphs 3-10 of the Complaint were true for the 2004-05 school year. Those facts are:

    a.  Plaintiff Tammy J. Kitzmiller is a resident of Dover, Pennsylvania. She is a parent of a child in the ninth grade and a child in the eleventh grade at Dover High School.

    b.  Plaintiffs Bryan and Christy Rehm are residents of Dover, Pennsylvania. They are parents to a child in the eighth grade, a child in the second grade, a child in kindergarten in the Dover Area School District, and a child of pre-school age and intend for their children to attend Dover High School.

    c.  Plaintiffs Deborah F. Fenimore and Joel A. Leib are residents of Dover, Pennsylvania. They are the parents of a child in the twelfth grade at Dover High School and a child in the seventh grade in the

        Dover Area School District and intend for that child to attend Dover High School.

    d.    Plaintiff Steven Stough is a resident of Dover, Pennsylvania. He is a parent of a child in the eighth grade in the Dover Area School District and intends for his child to attend Dover High School.

    e.    Plaintiff Beth A. Eveland is a resident of York, Pennsylvania. She is a parent of a child in the first grade in the Dover Area School District and a child of pre-school age and intends for her children to attend Dover High School.

    f.    Plaintiff Cynthia Sneath is a resident of Dover, Pennsylvania. She is a parent of a child in the first grade in the Dover Area School District and a child of pre-school age and intends for her children to attend Dover High School.

    g.    Plaintiff Julie Smith is a resident of York, Pennsylvania. She is a parent of a child in the tenth grade at Dover High School.

    h.    Plaintiffs Aralene (Barrie) D. and Frederick B. Callahan are residents of Dover, Pennsylvania. They are parents of a child in the tenth grade at Dover High School.

16.    Each plaintiff not called to testify at trial would also testify.

    a.    That all the facts alleged in the Complaint are also true for the 2005-06 school year, except that each child has advanced one grade.

    b.    That he or she received a copy of the newsletter.

    c.    That he or she perceives the DASD policy, including the change to the biology curriculum, the statement read to students, and the newsletter, as promoting and endorsing religion.

    d.    That he or she perceives Intelligent Design to be a religious, non-scientific concept.

17.    Tammy Kitzmiller would testify that her daughter opted out of biology class on January 18, 2005 when the statement was read to her class.

18.    For purpose of any challenge to standing of parents whose only children were past the 9th grade prior to the amendment to the biology curriculum, the testimony of one

such parent–plaintiff will be deemed representative of the injury claimed by all such parent-plaintiffs.

19. The April 1, 2003 memo authored by Trudy Peterman was received by superintendent Richard Nielsen and Assistant Superintendent Michael Baksa.

20. No board member or district official ever sent a written request to any newspaper for a retraction or correction of any article reporting on issues relating to the biology curriculum.

21. Neither party will challenge the admissibility of any expert's testimony on the grounds that the expert is not qualified to testify on the subject matter described in the expert's report, except defendants reserve the right to challenge the admissibility of plaintiffs' expert Dr. Barbara Forrest on this basis. This stipulation will not in any way preclude the parties from arguing qualifications, credentials, experience or expertise as it relates to the weight to be accorded to any expert's testimony.

Respectfully submitted,

Eric Rothschild (Pa. ID # 71746)
Stephen G. Harvey (Pa. ID # 58233)
Alfred H. Wilcox (Pa. ID # 12661)
Christopher J. Lowe (Pa. ID # 90190)
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4000
(215) 981-4750 (fax)
rothschilde@pepperlaw.com

Thomas B. Schmidt, III (Pa. ID # 19196)
Pepper Hamilton LLP
200 One Keystone Plaza