FILED
HARRISBURG, PA

SEP 0 2 2005

_____A. D'ANDREA, CLERK
Per ACP
                Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al., | |
| Plaintiffs, | Civil No. 04-CV-2688 |
| v. | Filed Electronically |
| DOVER AREA SCHOOL DISTRICT, et al., | Hon. John E. Jones, III |
| Defendants. | |

## MEMORANDUM OF COURTROOM TELEVISION NETWORK LLC IN SUPPORT OF ITS UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, Courtroom Television Network LLC ("Court TV") respectfully requests the Court's permission to intervene in this matter for the limited purpose of seeking leave to record and telecast the trial proceedings in this action.

### STATEMENT OF FACTS

Court TV is a national cable news network dedicated to comprehensive reporting on the legal and judicial systems of the United States, the fifty states, and the District of Columbia. Since its creation in 1991, Court TV's cornerstone has been televising civil and criminal trials as they occur. In fact, it has televised over 900 trials and other judicial proceedings in its fourteen-year history. *See*

Declaration of Douglas P. Jacobs, ¶ 2, attached to the accompanying motion of Court TV for leave to record and telecast trial proceedings.

As is discussed more fully in Court TV's memorandum in support of its motion to record and telecast the trial proceedings, this case is now at the center of a great national debate. Indeed, it is hard to think of a case that implicates the public interest to a greater degree than this one, which raises important issues of public policy, including the education of children, the role of religion in public education and even the origins of life itself. No prurient interests would be advanced by televised coverage, there are no privacy concerns nor a jury to protect. To the contrary, this case is a defining example of the kind of judicial proceeding in which the gravity of its actual implications for the public matches the public's fervent interest in the proceeding itself.

The trial in this matter is scheduled to begin on September 26, 2005. Court TV seeks to intervene for the limited purpose of asking the Court to exercise its discretion under the Local Rules to permit Court TV to record and televise the trial in its entirety. The parties do not oppose this motion or the motion to record and televise the trial.

## ARGUMENT

Intervention pursuant to Rule 24(b)(2) is the appropriate vehicle for news organizations and other members of the press and public to vindicate their rights of

access to judicial proceedings. Rule 24(b)(2), which must be construed to "avoid[] exclusionary constructions," *Advisory Committee Notes to 1946 Amendment*, authorizes a court to permit intervention when "an applicant's claim or defense and the main action have a question of law or fact in common." Courts have repeatedly ruled that in matters relating to access to trials and other judicial proceedings, Rule 24(b)(2) is the appropriate means through which such requests by the media are to be brought before the federal courts. *See, e.g., Shingara v. Skiles*, No. 05-2376, slip op. at 2, 4 (3d Cir. Aug. 24, 2005) (ruling on motion of non-party newspaper, which intervened pursuant to Rule 24(b), to challenge district court's protective order) (attached as Exhibit 20 to the Declaration of Gayle C. Sproul ("Sproul Decl."), which is attached to the accompanying motion of Court TV for leave to record and telecast trial proceedings); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (reversing trial court order denying news organizations' request to intervene pursuant to Rule 24(b) in civil rights lawsuit brought against local government); *United States v. Antar*, 38 F.3d 1348, 1352 (3d Cir. 1994) (ruling on motion of news organizations that intervened in trial court proceedings to seek access to juror identities); *Dashner v. Riedy*, 2004 U.S. Dist. LEXIS 19980, at *1 (E.D. Pa. Sept. 30, 2004) (stating that the court granted the motion of The Morning Call to intervene for the purpose of seeking access to sealed transcript of in camera testimony) (Sproul Decl., Ex. 21); *see also, e.g.,*

*Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (media and public "'must be given an opportunity to be heard'" on questions relating to access) (citation omitted); *Washington Post v. Robinson*, 935 F.2d 282, 284 (D.C. Cir. 1991) (newspaper successfully intervened to file motion seeking access to sealed records).

Thus, Rule 24(b)(2) provides the appropriate means for Court TV to bring before the Court its request for permission to televise the trial proceedings in this matter. *See, e.g., Hamilton v. Accu-Tek*, 942 F. Supp. 136, 137 (E.D.N.Y. 1996) (court grants motion of intervenor Court TV to televise courtroom proceedings); *Marisol A. v. Giuliani*, 929 F. Supp. 660, 660-62 (S.D.N.Y. 1996) (same); *Katzman v. Victoria's Secret Catalogue*, 923 F. Supp. 580, 583, 589-90 (S.D.N.Y. 1996) (same).

## CONCLUSION

For the foregoing reasons, Court TV respectfully requests leave to intervene and specifically requests permission to file the attached Unopposed Motion for Leave to Record and Telecast Trial Proceedings, and the Memorandum in support thereof, which explains in greater detail why the Court should exercise its discretion under Local Rule 83.1.1 to permit Court TV to televise the trial proceedings in this matter.

Dated: September 2, 2005

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: _____
Lee Levine*
Gayle C. Sproul
Michael Berry
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778 (phone)
(215) 988-9750 (facsimile)
lee.levine@lskslaw.com
gayle.sproul@lskslaw.com
michael.berry@lskslaw.com

*Attorneys for Movant-Intervenor
Courtroom Television Network LLC*

\*    Petition for special admission filed on September 2, 2005.