## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY KITZMILLER, et al.,            )
       Plaintiffs,            )        Case No. 04-CV-2688
                   )        (Hon. Judge Jones)
       v.            )
                   )        (Filed Electronically)
DOVER AREA SCHOOL DISTRICT, et al.,)
       Defendants.            )
_____)

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM USING OR INTRODUCING AT TRIAL NEWS MATERIALS

Defendants submit this brief in support of their motion in limine.

### I.     PROCEDURAL HISTORY/STATEMENT OF FACTS

Plaintiffs filed this action in December 2004 challenging portions of defendants' ninth-grade biology curriculum under the Establishment Clause to the federal Constitution and provisions of the Pennsylvania Constitution. Defendants served their answer in January 2005. The parties engaged in discovery, which is now closed, and defendants filed a motion for summary judgment, which is pending. Trial is scheduled to begin on September 26, 2005.

On or about August 24, 2005, plaintiffs submitted their witness list and exhibit list along with their pretrial memorandum. (Doc. 133.) Included on their

exhibit list are numerous entries of newspaper articles, editorials, letters to the editor, and other news materials from such publications as the *York Dispatch, York Daily Record, York Sunday News, Harrisburg Patriot Newspaper, Wall Street Journal,* and *New York Times* along with a Fox 43 news clip.   (Hereinafter collectively referred to as "news materials.") (*E.g.,* Doc. 133, Ex. B., P-13, P-44, P-45, P-46, P-47, P-50, P-51, P-53, P-54, P-55, P-56, P-58, P-60, P-64, P-111, P-123, P-145, P-152, P-153, P-154, P-155, P-156, P-157, P-158, P-159, P-160, P-161, P-162, P-163, P-164, P-165, P-166, and P-167.)

Several of the news materials contain quotations that plaintiffs will claim are attributable to individual members of the Dover Area School Board.  (*E.g.,* P-45, P-46, P-53, P-60, P-145.)   Defendants dispute that board members made the statements, that the statements were reported accurately, and that any similar statement could be properly understood in the way the statements were reported.

This court should not permit plaintiffs at trial from using or introducing into evidence any news materials, including those listed on their exhibit list and including those containing alleged quotations from board members.[1]

---

[1] Defendants have filed a motion in limine to exclude from evidence the statements allegedly made by individual board members.

## II.   STATEMENT OF QUESTION INVOLVED

Whether this court should grant defendants' motion in limine and exclude all news materials plaintiffs seek to use and introduce as evidence at the trial of this action.  Suggested answer:  Yes.

## III.   ARGUMENT

### The News Materials Are Inadmissible Under Fed. R. Evid. 801 and 802

Plaintiffs seek to admit into evidence numerous news materials.  Because plaintiffs seek to admit these news materials to prove the truth of the matters stated therein, the materials are inadmissible because they are hearsay:  Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).

Because *all the news materials are hearsay*, this court should preclude their admission into evidence.  *E.g.,* Fed. R. Evid. 801(c), 802; *Cody v. Harris,* 409 F.3d 853, 860 (7th Cir. 2005) (newspaper article is clearly hearsay and inadmissible); *ACLU v. City of Las Vegas,* 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998) (statements by party opponents repeated in newspaper articles and published in letter to the editor constitute hearsay and are inadmissible); *Barnes Found. v. Township of Lower Merion,* 982 F. Supp. 970, 996 (E.D. Pa. 1997) (newspaper article quoting public official is inadmissible hearsay); *see also Mariani v. United States,* 212 F.3d

761, 767 (3rd Cir. 2000) (en banc) (opinion expressed in a newspaper editorial is improper evidence).

Not only are *all* the news materials hearsay and, therefore, inadmissible, some of the materials plaintiffs seek to admit into evidence contain statements plaintiffs will claim are attributable to individual members of the Dover Area School Board, which leads to an *even greater* hearsay problem. When such statements are repeated in news materials, those statements become hearsay within hearsay, or double hearsay.

In *Larez v. City of Los Angeles,* 946 F.2d 630 (9th Cir. 1991), the appellate court considered the admission of statements allegedly made by Police Chief Gates to reporters after he had testified at trial. The statements were repeated in newspaper articles the following day, and the district court admitted the articles as non-hearsay statements. *Id.* at 641. The appellate court, however, reversed the district court's ruling, finding that the district court had erroneously admitted hearsay. *Id.*

The appellate court explained that the repetition of Gates's statements in the newspapers involved a serious hearsay problem:

> First, the reporters' transcriptions were out-of-court statements. By attributing quotations to Gates, the reporters necessarily made the implicit statement, "Gates said this!" As the reporters' statements were made in newspapers, they were, *a fortiori,* statements made out-of-court where they were not subject to the rigors of cross-examination. Second, the statements—"Gates said this!"—were

offered for the truth of the matter asserted:  that Gates did in fact make
the quoted statement.

*Id.* at 642.  Consequently, the appellate court ruled that the statements repeated in

the newspaper articles were inadmissible hearsay and did not fall within an

exception to the hearsay rule.  *Id.* at 643-44.

In reaching its decision, the appellate court in *Larez* referred to Judge

Becker's dissenting opinion in *May v. Cooperman,* 780 F.2d 240 (3rd Cir. 1985).

*Larez,* 946 F.2d at 643.  In *May*, the district court had admitted newspaper articles

describing the legislative hearings on a statute under the residual hearsay

exception.  *May*, 780 F.2d at 262.  In addressing this evidentiary question, the

majority had doubts about the admissibility of this hearsay evidence, but concluded

that any error was harmless in light of the other admissible evidence.  *Id.* at 252

n.9; *id.* at 262 n.11.

Although the majority avoided deciding the evidentiary issue, Judge Becker

did analyze the matter in detail in his dissenting opinion and determined that the

newspaper accounts were inadmissible.  *Id.* at 263.  Judge Becker explained that

the newspaper articles were not more probative than other evidence that the

proponent could have offered, such as live testimony, and he explained that the

newspaper articles lacked trustworthiness.  *Id.*  Judge Becker noted that when it

comes to trustworthiness, "newspaper reports are of dubious validity."  *Id.*  Stating

the obvious, Judge Becker wrote:

*perception, memory, narration, and misrepresentation all present potential problems.* The reporters may have been present for only part of the hearings they reported, and *may not correctly have remembered or interpreted the speeches they heard.* They *may have simply recorded their impressions of the hearings,* in which case the clippings would provide only very slender evidence of legislative intent. We have no idea of the *amount of editorializing that went into the articles, which could have been written from a biased point of view. It is not unknown for reporters to stretch some facts or omit others in order to arouse public indignation.* . . . [W]e also know nothing of the *methods or motivations of the reporters* who wrote the articles that were admitted into evidence.

*Id.* at 263 & n.13 (Becker, J., dissenting) (emphasis added).

Many other courts that have addressed this question have also ruled that news materials that include statements of persons, even when those persons are parties to the action, are inadmissible hearsay, outside any exception to the hearsay rule. *See, e.g., New England Mut. Life Ins. Co. v. Anderson,* 888 F.2d 646, 650-51 (10th Cir. 1989) (newspaper articles containing alleged statements by a party are inadmissible hearsay, outside any exception to the hearsay rule); *Green v. Baca,* 226 F.R.D. 624, 637-39 (C.D. Cal. 2005) (newspaper articles are hearsay and any statement of a person, even a party, that is repeated in the articles is hearsay); *Jim Sowell Constr. Co. v. City of Coppell,* 61 F. Supp. 2d 542, 550-51 (N.D. Tex. 1999) (newspaper articles containing alleged statements by mayor and member of zoning commission are inadmissible hearsay); *ACLU v. City of Las Vegas,* 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998) (newspaper articles that contained quotes from party opponents are inadmissible since they are hearsay and do not fall within

a hearsay exception); *Fitzgerald v. Town of Kingston,* 13 F. Supp. 2d 119, 123 (D. Mass. 1998) (newspaper article containing alleged statements made by a party are inadmissible hearsay); *Barnes Found. v. Township of Lower Merion,* 982 F. Supp. 970, 995-96 (E.D. Pa. 1997) (newspaper article quoting a party is inadmissible hearsay, outside any exception to the hearsay rule).

### The News Materials Are Inadmissible Under Fed. R. Evid. 402

Apart from the fact that *all* the news materials, including those on plaintiffs' exhibit list, are inadmissible hearsay, the admission of the news materials at trial would also be improper because the materials are irrelevant. They do not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Because the news materials are irrelevant, they are inadmissible. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

With specific regard to the irrelevance of the news materials containing alleged statements by individual board members, the Supreme Court's decision in *Board of Education v. Mergens,* 496 U.S. 226 (1990), is dispositive. In *Mergens,* the Supreme Court held that the Equal Access Act did not violate the Establishment Clause. In so ruling, the Supreme Court stated the following:

> Even if *some legislators* were *motivated* by a conviction that religious
> speech in particular was valuable and worthy of protection, that alone

would not invalidate the Act, because *what is relevant* is the legislative *purpose* of the statute, not the possibly religious *motives* of the *legislators who enacted the law.*

*Id.* at 249 (plurality; emphasis added); *see also Consumer Product Safety Comm'n v. GTE Sylvania Inc.,* 447 U.S. 102, 118 (1980) ("[T]he contemporaneous remarks of a single legislator who sponsors a bill are not controlling in analyzing legislative history."); *United States v. O'Brien,* 391 U.S. 367, 384 (1968) (explaining "[w]hat motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it, and the stakes are sufficiently high for us to eschew guesswork."); *In re Pelkowski,* 990 F.2d 737, 743 (3rd Cir. 1993) ("[R]emarks of a single legislator are not controlling in analyzing legislative history.").

Moreover, as explained in *Bown v. Gwinnett County Sch. Dist.,* 112 F.3d 1464, 1471-72 (11th Cir. 1997), the religious motives of individual legislators could not alone invalidate a statute. The Eleventh Circuit stated that "we readily conclude at the very least that the legislative history cannot be construed to override the express statutory language articulating a clear secular purpose and also disclaiming a religious purpose." *Id.; see also Selman v. Cobb County Sch. Dist.,* No. Civ.A. 1:02-CV-2325-C, 2005 WL 83829 at *18 (N.D. Ga. Jan. 13, 2005) (copy attached hereto as Exhibit H) (explaining that the "religious motivations of

individual School Board members cannot invalidate the Sticker [regarding evolution that was at issue in the case]."

Likewise, in *Utah Gospel Mission v. Salt Lake City Corp.,* 316 F. Supp. 2d 1201 (D. Utah. 2004), the district court explained that in "evaluating the government's purpose, the court's inquiry 'should be deferential and limited' where the government has articulated a reasonable secular purpose." *Id.* at 1237. The district court went on to state that "the secular purpose inquiry *does not probe the personal motives* of those involved in passing a statute or ordinance." *Id.* (emphasis added). The district court explained that "[*p*]*ersonal motives are immaterial* because [as explained by the Supreme Court in *Mergens*] 'what is relevant is the legislative *purpose* of the statute, not the possibly religious *motives* of the legislators who enacted the law.'" *Id.* (first emphasis added)*; see also Flamer v. City of White Plains,* 841 F. Supp. 1365, 1377 (S.D. N.Y. 1993) ("That the private speaker seeks to proselytize is irrelevant, for the secular purpose inquiry examines the government's purpose in allowing the speech, not the speaker's goal."); *May v. Cooperman,* 572 F. Supp. 1561, 1573 (D. N.J. 1983) ("The intervenors urge, quite correctly, that 'constitutional analysis of legislative purpose does not involve a judicial inquiry into supposed illicit legislative motive.' There

is a distinction, I believe, between the motives and purposes of individual legislators and an institutional legislative purpose.").[2]/

### The News Materials Are Inadmissible Under Fed. R. Evid. 403

Moreover, even if relevant, the news materials, especially because they include hearsay evidence, should be excluded because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the fact finder, undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403; *see also* Fed. R. Evid. 102 ("These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay. . . ."; Fed. R. Evid. 611(a) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.").

In particular, individual statements of individual board members *are not truly probative* of the consensus that underlies the final resolution and collective

---

[2]/ Indeed, Dover board members and school district administrators have always understood that statements made by individual board members do not and cannot bind the school board in any respect and that only the collective acts and collectively passed resolutions and policies by board members speak for and bind the board. (Ex. A, Buckingham Decl. ¶¶ 2-3; Ex. B, Bonsell Decl. ¶¶ 2-3; Ex. C, Cleaver Decl. ¶¶ 2-3; Ex. D, Geesey Decl. ¶¶ 2-3; Ex. E, Harkins Decl. ¶¶ 2-3; Ex. F, Nilsen Decl. ¶¶ 2-3; Ex. G, Baksa Decl. ¶¶ 2-3, all attached hereto.)

action of the board.   It is clear that any probative value of such evidence is outweighed by prejudice to the defendants where, as here, the statements are made by individuals, who have no individual power to bind the board.   (Ex. A, Buckingham Decl. ¶¶ 2-3; Ex. B, Bonsell Decl. ¶¶ 2-3; Ex. C, Cleaver Decl. ¶¶ 2-3; Ex. D, Geesey Decl. ¶¶ 2-3; Ex. E, Harkins Decl. ¶¶ 2-3; Ex. F, Nilsen Decl. ¶¶ 2-3; Ex. G, Baksa Decl. ¶¶ 2-3, all attached hereto.)

## IV.   CONCLUSION

Defendants respectfully request that this court grant their motion in limine

and exclude all news materials which plaintiffs seek to use and introduce at the

trial of this action.

Respectfully submitted,

Richard Thompson (MI P21410)*
Patrick T. Gillen (MI P47456)*
Robert J. Muise (MI P62849)*
Edward L. White III (MI P62485)*
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
734-827-2001; Fax. 734-930-7160
rthompson@thomasmore.org
pgillen@thomasmore.org
rmuise@thomasmore.org
ewhite@thomasmore.org
* Admitted pro hac vice

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 177013
717-245-9688

Dated:  September 6, 2005          *Counsel for defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2005, a copy of the foregoing defendants' brief and attached exhibits A-H were served on the following counsel through the court's electronic case filing system:

Eric Rothschild
Stephen G. Harvey
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Richard B. Katskee
Ayesha Khan
Alex J. Luchenitser
Americans United for Separation
  of Church and State
518 C Street, NE
Washington, DC 20002

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013

Mary Catherine Roper
ACLU of Pennsylvania
P.O. Box 1161
Philadelphia, PA  19105


Edward L. White III
Admitted *pro hac vice*