## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY KITZMILLER, et al.,     )
       Plaintiffs,         )     Case No. 04-CV-2688
                    )     (Hon. Judge Jones)
       v.             )
                    )     (Filed Electronically)
DOVER AREA SCHOOL DISTRICT, et al.,)
       Defendants.       )

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM USING OR INTRODUCING AT TRIAL STATEMENTS MADE BY INDIVIDUAL BOARD MEMBERS

Defendants submit this brief in support of their motion in limine.

### I.   PROCEDURAL HISTORY/STATEMENT OF FACTS

Plaintiffs filed this action in December 2004 challenging portions of defendants' ninth-grade biology curriculum under the Establishment Clause to the federal Constitution and provisions of the Pennsylvania Constitution. Defendants served their answer in January 2005. The parties engaged in discovery, which is now closed, and defendants filed a motion for summary judgment, which is pending. Trial is scheduled to begin on September 26, 2005.

On August 8, 2005, plaintiffs submitted their brief in opposition to defendants' motion for summary judgment and plaintiffs submitted their counter

statement of facts.  (Docs. 119-120.)  In those papers, plaintiffs make reference to alleged statements by certain board members describing, as plaintiffs' term it, "the district's objectives at public board meetings using overtly religious terms."  (Doc. 120 at 3 (relying on newspaper accounts); Doc. 119 at 18-22 (relying on newspaper accounts and depositions)).  Plaintiffs also rely on such alleged statements in their complaint.  (Doc. 1 at 3, 13-14, *e.g.,* "'This country wasn't founded on Muslim beliefs or evolution.'"  "'This country was founded on Christianity and our students should be taught as such.'")

On August 24, 2005, plaintiffs submitted their pretrial memorandum and referred to the same alleged statements by board members.  (Doc. 133 at 3-6.)

Attached to their pretrial memorandum is plaintiffs' witness list and exhibit list.  Included on their witness list are Heidi Bernhard-Bubb, Joseph Maldonado, Charlotte Buckingham, Barbara Forrest, Michael Baksa, Alan Bonsell, Donald Bonsell, William Buckingham, Jane Cleaver, Heather Geesey, Richard Nilsen, and Angie Yingling.  (Doc. 133 at 10-12.)  Included on their exhibit list are numerous news materials, such as newspaper articles, editorials, and letters to the editor from the *York Dispatch, York Daily Record, York Sunday News, Harrisburg Patriot Newspaper, Wall Street Journal,* and *New York Times,* and a Fox 43 news clip. (*E.g.,* Doc. 133, Ex. B., P-13, P-44 through P-47, P-50, P-51, P-53 through P-56, P-58, P-60, P-64, P-111, P-123, P-145, and P-152 through P-167.)

Several of the news materials contain quotations that plaintiffs will claim are attributable to members of the Dover Area School Board to demonstrate an alleged religious purpose behind the policy at issue.  (*E.g.,* P-45, P-46, P-53, P-60, P-145.) Defendants dispute that board members made the statements, that the statements were reported accurately, and that any similar statement could be properly understood in the way the statements were reported.[1]/

Defendants anticipate that plaintiffs will try to introduce into evidence at trial statements allegedly made by certain board members in plaintiffs' attempt to show that the policy at issue is unconstitutional.  These extraneous statements allegedly made by individual board members should not be admitted into evidence, whether through witness testimony or exhibits.

## II.    STATEMENT OF QUESTION INVOLVED

Whether this court should grant defendants' motion in limine and exclude from evidence statements by individual board members that plaintiffs seek to introduce as evidence at the trial of this action.  Suggested answer:  Yes.

---

[1]/ Defendants have filed a motion in limine to exclude all news material in this case.  (Docs. 148-149.)

## III.   ARGUMENT

### The Evidence Is Inadmissible Under Fed. R. Evid. 402

Only relevant evidence is admissible at trial.  Fed. R. Evid. 402.  Relevant evidence tends to make the existence of a fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.

What is at issue in this case, and is therefore relevant, is defendants' *purpose* in making the modest policy change to the science curriculum, a purpose defendants maintain was secular in nature as is evident from the text of the policy. *See Lemon v. Kurtzman,* 403 U.S. 602, 612 (1971) (holding that there is *no* Establishment Clause violation if the challenged policy has *a secular purpose*); *see also Mueller v. Allen,* 463 U.S. 388, 394-95 (1983) (explaining that courts are reluctant to attribute unconstitutional motives when a secular purpose is discerned from the face of a statute).

What is not at issue, and is therefore irrelevant, are the *motives* of certain school board members who voted for the curriculum change.

By trying to introduce into evidence the various statements allegedly made by individual school board members, plaintiffs are attempting to build their case on irrelevant evidence, which is impermissible because "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

The Supreme Court's decision in *Board of Education v. Mergens,* 496 U.S. 226 (1990), demonstrates that the statements of individual board members are irrelevant and should not be admitted at trial.  In *Mergens,* the Supreme Court held that the Equal Access Act did not violate the Establishment Clause.  In so ruling, the Supreme Court stated that

> Even if *some legislators* were *motivated* by a conviction that religious speech in particular was valuable and worthy of protection, that alone would not invalidate the Act, because *what is relevant* is the legislative *purpose* of the statute, not the possibly religious *motives* of the *legislators who enacted the law.*

*Id.* at 249 (plurality; emphasis added); *see also Consumer Product Safety Comm'n v. GTE Sylvania Inc.,* 447 U.S. 102, 118 (1980) ("The contemporaneous remarks of a single legislator who sponsors a bill are not controlling in analyzing legislative history."); *United States v. O'Brien,* 391 U.S. 367, 384 (1968) (explaining "[w]hat motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it, and the stakes are sufficiently high for us to eschew guesswork."); *In re Pelkowski,* 990 F.2d 737, 743 (3rd Cir. 1993) ("[R]emarks of a single legislator are not controlling in analyzing legislative history.").

Moreover, as explained in *Bown v. Gwinnett County Sch. Dist.,* 112 F.3d 1464, 1471-72 (11th Cir. 1997), the religious motives of individual legislators could not alone invalidate a statute.  The Eleventh Circuit stated that "we readily

conclude at the very least that the legislative history cannot be construed to override the express statutory language articulating a clear secular purpose and also disclaiming a religious purpose." *Id.; see also Selman v. Cobb County Sch. Dist.,* No. Civ.A. 1:02-CV-2325-C, 2005 WL 83829 at *18 (N.D. Ga. Jan. 13, 2005) (copy attached hereto as Exhibit H) (explaining that the "religious motivations of individual School Board members cannot invalidate the Sticker [regarding evolution that was at issue in the case]."

Likewise, in *Utah Gospel Mission v. Salt Lake City Corp.,* 316 F. Supp. 2d 1201, 1237 (D. Utah. 2004), the district court explained that in "evaluating the government's purpose, the court's inquiry 'should be deferential and limited' where the government has articulated a reasonable secular purpose." The district court went on to state that "the secular purpose inquiry *does not probe the personal motives* of those involved in passing a statute or ordinance." *Id.* (emphasis added). The district court explained that "[p]ersonal motives are immaterial* because [as explained by the Supreme Court in *Mergens*] 'what is relevant is the legislative *purpose* of the statute, not the possibly religious *motives* of the legislators who enacted the law.'" *Id.* (first emphasis added)*; see also Flamer v. City of White Plains,* 841 F. Supp. 1365, 1377 (S.D. N.Y. 1993) ("That the private speaker seeks to proselytize is irrelevant, for the secular purpose inquiry examines the government's purpose in allowing the speech, not the speaker's goal."); *May v.*

*Cooperman,* 572 F. Supp. 1561, 1573 (D. N.J. 1983) ("The intervenors urge, quite correctly, that 'constitutional analysis of legislative purpose does not involve a judicial inquiry into supposed illicit legislative motive.' There is a distinction, I believe, between the motives and purposes of individual legislators and an institutional legislative purpose.").

Indeed, Dover school board members and school district administrators have always understood that statements made by individual board members do not and cannot bind the school board in any respect and that only the collective acts and collectively passed resolutions and policies of the board members speak for and bind the board. (Ex. A, Buckingham Decl. ¶¶ 2-3; Ex. B, Bonsell Decl. ¶¶ 2-3; Ex. C, Cleaver Decl. ¶¶ 2-3; Ex. D, Geesey Decl. ¶¶ 2-3; Ex. E, Harkins Decl. ¶¶ 2-3; Ex. F, Nilsen Decl. ¶¶ 2-3; Ex. G, Baksa Decl. ¶¶ 2-3, all attached hereto.)

Accordingly, the evidence concerning statements allegedly made by individual board members is irrelevant to the issues at hand and is inadmissible at trial. *See* Fed. R. Evid. 402.

### The Evidence Is Inadmissible Under Fed. R. Evid. 404(a) and 610

Fed. R. Evid. 404(a) and 610 provide additional grounds on which this court may find the evidence inadmissible. By attempting to introduce these alleged extraneous statements by individual board members, particularly those dealing with religion, plaintiffs are attempting to raise matters of the character or character

traits of these board members to show that they voted in conformity with their religious beliefs.  Also, by introducing this evidence, plaintiffs are trying to impair the individual board member's credibility based on those religious statements. Neither purpose is permissible.

First, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a).

Second, "[e]vidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced." Fed. R. Evid. 610.

### The Evidence Is Inadmissible Under Fed. R. Evid. 403

Even if relevant, the alleged statements by board members should be excluded because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the fact finder, undue delay, and waste of time. Fed. R. Evid. 403; *see also* Fed. R. Evid. 102 (noting that the rules of evidence should be construed to ensure the elimination of unjustifiable expense and delay); Fed. R. Evid. 611(a) (noting that the district court should avoid needless consumption of time and should protect witnesses from harassment and undue embarrassment).

8

Individual statements of individual board members *are not truly probative* of the consensus that underlies the final resolution and collective action of the board. Clearly, any probative value of such evidence is outweighed by prejudice to defendants where, as here, the statements are made by individuals, who have no individual power to bind the board.  (Ex. A, Buckingham Decl. ¶¶ 2-3; Ex. B, Bonsell Decl. ¶¶ 2-3; Ex. C, Cleaver Decl. ¶¶ 2-3; Ex. D, Geesey Decl. ¶¶ 2-3; Ex. E, Harkins Decl. ¶¶ 2-3; Ex. F, Nilsen Decl. ¶¶ 2-3; Ex. G, Baksa Decl. ¶¶ 2-3, all attached hereto.)

### The Evidence Is Inadmissible Under State Law

The evidence would also be inadmissible if the school board's policy were construed under Pennsylvania law.[2]/  In *Kentucky West Virginia Gas Co. v. Pa. Public Utility Comm'n*, 837 F.2d 600 (3rd Cir. 1988), a gas company claimed that a Pennsylvania state statute violated the Commerce Clause.   The company introduced statements made by various legislators into evidence to show a

---

[2]/ In Pennsylvania, a school board is considered an agent of the school district, which is an arm of the Pennsylvania legislature.  Therefore, its policies should be examined the same as one would examine a legislative statute or a local ordinance. *See Parents United for Better Schools. v. School Dist. of Phila. Bd. of Educ.*, 148 F.3d 260, 262 n.1 (3rd Cir. 1998); *see also Bilbar Constr. Co. v. Board of Adjustment of Easttown Twsp.*, 141 A.2d 851, 856 (Pa. 1958) ("The same presumption of constitutional validity that attends an act of the legislature is equally applicable to municipal ordinances whether they be enacted by the council of a city, town or borough or by the supervisors of a township.")

protectionist purpose.   The Third Circuit, applying Pennsylvania rules of construction, explained:

> Reliance on legislative debate in interpreting the intent or meaning of a statute is contrary to Pennsylvania Law, and therefore the remarks of individual legislators cannot be binding as to legislative intent.  The motivation of particular members of the state legislature does not render a valid statute invalid.

*Id.* at 616 (citations omitted); *see also Commonwealth v. Alcoa Properties, Inc.,* 269 A.2d 748, 749 (Pa.  1970) ("[W]hat was said on the floor of the legislature *is irrelevant and inadmissible* here, of no consequence whatsoever and, as this case illustrates, can be so ambiguous as to cause confusion rather than clarification.") (emphasis added).

Moreover, in another case analyzing the constitutionality of a State statute, the Third Circuit in *Planned Parenthood v. Casey,* 978 F.2d 74 (3rd Cir. 1992), considered whether the invalid portions of the Pennsylvania abortion law were severable.   The clinics claimed the invalid portions were the "centerpiece" of the abortion law and attempted to introduce evidence from legislative debates to show how important the spousal notice provision was.   The Third Circuit stated that "such individual comments are *not admissible* as evidence of legislative intent under Pennsylvania law." *Id.* at 78 (emphasis added).

## IV.   CONCLUSION

Defendants respectfully request that this court grant their motion in limine and exclude from evidence any statements of individual board members that plaintiffs seek to introduce at the trial of this action.

Respectfully submitted,

Richard Thompson (MI P21410)*
Patrick T. Gillen (MI P47456)*
Robert J. Muise (MI P62849)*
Edward L. White III (MI P62485)*
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
734-827-2001; Fax. 734-930-7160
ewhite@thomasmore.org
* Admitted pro hac vice

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 177013
717-245-9688

Dated:  September 6, 2005                    *Counsel for defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2005, a copy of the foregoing defendants' brief and attached exhibits A-H were served on the following counsel through the court's electronic case filing system:

Eric Rothschild
Stephen G. Harvey
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Richard B. Katskee
Ayesha Khan
Alex J. Luchenitser
Americans United for Separation
  of Church and State
518 C Street, NE
Washington, DC 20002

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013

Mary Catherine Roper
ACLU of Pennsylvania
P.O. Box 1161
Philadelphia, PA  19105



Edward L. White III
Admitted *pro hac vice*