# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al., ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DOVER AREA SCHOOL DISTRICT and ) <br> DOVER AREA SCHOOL DISTRICT ) <br> BOARD OF DIRECTORS, ) <br> Defendants. ) <br> _____) | Case No. 04-CV-2688 <br> (Hon. Judge Jones) <br><br> (Filed Electronically) |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF JEFFREY SHALLIT, PH.D.

## PROCEDURAL HISTORY

Plaintiffs filed this action in December 2004, challenging portions of Defendants' ninth-grade biology curriculum under the Establishment Clause and certain provisions of the Pennsylvania Constitution. Defendants answered in January 2005. The parties engaged in discovery, which is now closed, and Defendants filed a motion for summary judgment, which is pending. Trial is scheduled to begin on September 26, 2005.

## STATEMENT OF FACTS

On January 14, 2005, this Court issued a scheduling order (Doc. No. 26) in which the parties were directed to identify experts for their cases-in-chief and disclose the anticipated subject matter of the expert's testimony no later than March 1, 2005. The parties were further ordered to produce the reports of said experts no later than April 1, 2005. Additionally, the parties were ordered to identify rebuttal experts and produce their reports by May 16, 2005. Discovery closed June 15, 2005.

Pursuant to the Court's order, Defendants identified William A. Dembski ("Dembski") as an expert witness and produced his report. Dembski's work on intelligent design, which is well known, focuses on the concept of complex specified information ("CSI"). Prior to the filing of Dembski's report, Plaintiffs were well aware of the concept of CSI and its implication for intelligent design.

1

Indeed, Kenneth R. Miller, Ph.D. ("Miller"), an expert identified by Plaintiffs for their case-in-chief, dedicated a section of his expert report to "The Informational Challenge to Evolution," discussing the work of Dembski. (Miller Rep. at 15-18 at Ex. 3).

On May 16, 2005, Plaintiffs identified Jeffrey Shallit ("Shallit") as a rebuttal expert witness to specifically rebut the trial testimony of Dembski. In fact, in his report disclosed on this day, Shallit specifically states, "I have been asked by attorneys for plaintiffs in the above-referenced case to provide expert testimony in rebuttal to the proposed testimony of William Dembski (as summarized in Dembski's *Disclosure of Expert Testimony* dated March 30, 2005. . . ." (Shallit Rep. at 1 at Ex. 4). A review of his report demonstrates his stated purpose.

Dembski later withdrew as an expert witness due to concerns outlined in his May 4, 2005, declaration, which was previously submitted in support of Defendants' motion for a protective order regarding Dembski's work-in-progress. (*See* Dembski Decl. at Ex. 1). Specifically, Dembski noted, "I would rather not be involved in this lawsuit as an expert than subject my pending work and my associations to scrutiny. Exposing the draft to scrutiny . . . will prejudice the ability of the text to get a fair hearing in academic circles. . . . I have personal experience with the kind of adverse career consequences that can result when one advances controversial views." (Dembski Decl. at ¶¶ 5, 9 at Ex. 1). Dembski's

fears have been borne out not only in his own career, but also in the careers of other respected academics who have made the case for intelligent design. For example, the U.S. Office of Special Counsel recently conducted an investigation revealing how Smithsonian Institution scientists retaliated against a Smithsonian research associate who edited a biology journal containing an article laying out the evidence for intelligent design.[1]

Given his legitimate concerns, Dembski withdrew as an expert witness in order to protect his work, his career prospects, and his colleagues. Now that Dembski has withdrawn, Plaintiffs seek an unfair advantage by having their rebuttal expert witness testify in their case-in-chief.

As noted previously, Plaintiffs were well aware of the issues surrounding the subject matter of Dembski's testimony, as is evidenced by Miller's report. Miller's expert report was filed in accordance with the deadlines set by this Court— deadlines that required the parties to identify all experts testifying in their cases-in-

---

[1] See David Klinghoffer, *Unintelligent Design: Hostility toward religious believers at the nation's museum* at Ex. 2. Richard von Sternberg, a scientist who holds a Ph.D. in theoretical biology and another Ph.D. in molecular evolution, suffered personal and professional attacks after he edited a peer-reviewed journal containing a defense of intelligent design by Stephen Meyer, who holds a Ph.D. from Cambridge University in the philosophy of biology. These attacks were investigated and affirmed by the U.S. Office of Special Counsel, who found that von Sternberg's working conditions had suffered, that misinformation about him was disseminated by his colleagues, and that a hostile work environment had been created in order to force him out of The Smithsonian Institute.

chief by March 1, 2005. Plaintiffs did not identify Shallit as such, which would have allowed Defendants the opportunity, consistent with this Court's order, to find an expert to specifically rebut Shallit's proffered testimony. Thus, by seeking to have Shallit testify at trial, Plaintiffs are circumventing the discovery deadlines set in this case in order to unfairly supplement their case-in-chief, resulting in prejudice to Defendants.

## QUESTION INVOLVED

Whether this Court should prohibit Plaintiffs from introducing at trial the expert testimony and report of Shallit.

## ARGUMENT

### I. SHALLIT'S TESTIMONY AND REPORT SHOULD BE EXCLUDED PURSUANT TO FED. R. CIV. P. 37.

Plaintiffs seek to admit into evidence as part of their case-in-chief the testimony and expert report of Shallit. However, by not identifying Shallit by March 1, 2005, Plaintiffs have not complied with this Court's scheduling order, and Defendants would be prejudiced as a result. According to Rule 37, "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Because Plaintiffs failed to name Shallit as

an expert on March 1, 2005, pursuant to this Court's order, Shallit's testimony and report should be excluded from evidence.

This Court clearly has the discretion to exclude the testimony of Shallit based on the failure of Plaintiffs' counsel to timely identify him as an expert in their case-in-chief pursuant to this Court's pretrial scheduling order.

The Third Circuit employs a four-part test in evaluating such discretion, which will not be disturbed on appeal "absent a clear abuse." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3rd Cir. 1997) (excluding testimony of plaintiffs' expert psychological witness as a proper sanction for counsel's failure to comply with pretrial order) (internal quotations and citation omitted). The factors are as follows:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Id.* (internal quotations and citations omitted).

It is clear from an examination of these factors that Shallit should not be allowed to testify. Defendants are prejudiced by the fact that Shallit was not identified by March 1, 2005, the Court-imposed deadline for the identification of primary expert witnesses. Plaintiffs did not identify Shallit as an expert witness until May 16, 2005—the date in which rebuttal experts were due. Now, Plaintiffs

seek to achieve a tactical advantage by having Shallit testify as a primary expert witness, leaving Defendants without the opportunity to procure an expert witness to rebut Shallit's testimony—the deadline for that passed the same day Plaintiffs identified Shallit.

Shallit's testimony would also interrupt the efficient trial of the case because his testimony is unnecessary and confusing, given that Dembski is no longer testifying. (*See* Shallit Rep. at 1-11 at Ex. 4). As explained by the Third Circuit, "The proper function and purpose of rebuttal testimony is to explain, repel, counteract or disprove the evidence of the adverse party." *United States v. Chrzanowski*, 502 F.2d 573, 567 (3rd Cir. 1974) (citations omitted). It is also a general rule to exclude rebuttal evidence that has not been made necessary by the opponent's case. *Zurich v. Wehr*, 163 F.2d 791, 795 (3rd Cir. 1947); *Upshur v. Shepherd*, 538 F.Supp. 1176, 1180 (E.D. Pa. 1982).

Moreover, insofar as Plaintiffs seek to introduce testimony regarding CSI, they have already identified Miller as an expert on this subject and intend to have him testify about it at trial. Plaintiffs will not be prejudiced by the exclusion of Shallit. However, now that Plaintiffs' intend to introduce Shallit's testimony in their case-in-chief rather than as a rebuttal witness, Defendants will be prejudiced by this sleight of hand.

In the final analysis, Plaintiffs' attempt to include Shallit as a primary expert witness is simply an effort to unfairly supplement their case-in-chief. Indeed, adherence to court deadlines is critical to ensuring integrity in court proceedings. Plaintiffs should not be permitted to profit from their failure to comply with the pretrial orders of this Court.

## CONCLUSION

Defendants respectfully request that this Court grant their motion *in limine* and exclude from evidence the testimony and expert report of Jeffrey Shallit.

Respectfully submitted this 6th day of September 2005,

By: /s/ Robert J. Muise
Robert J. Muise (MI P62849)*
Richard Thompson (MI P21410)*
Patrick T. Gillen (MI P47456)*
Edward L. White III (MI P62485)*
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
(734) 827-2001
Fax: (734) 930-7160

* Admitted *pro hac vice*

Ron Turo
TURO LAW OFFICES
29 South Pitt Street
Carlisle, Pennsylvania 177013
(717) 245-9688

*Attorneys for Defendants*