IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al.,<br>     Plaintiffs,<br><br>     v.<br><br>DOVER AREA SCHOOL DISTRICT, et al.,<br>     Defendants. | Case No. 04-CV-2688<br>(Hon. Judge Jones)<br><br>(Filed Electronically) |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE
TO PRECLUDE PLAINTIFFS FROM USING OR INTRODUCING
AT TRIAL EVIDENCE RELATED TO DISCOVERY INSTITUTE,
FOUNDATION FOR THOUGHT AND ETHICS, JON BUELL,
CHARLES THAXTON, PHILLIP JOHNSON,
<u>PERCIVAL DAVIS, AND DEAN KENYON</u>**

Defendants submit this brief in support of their motion in limine.

## I.     PROCEDURAL HISTORY/STATEMENT OF FACTS

Plaintiffs filed this action in December 2004 challenging portions of defendants' ninth-grade biology curriculum under the Establishment Clause to the federal Constitution and provisions of the Pennsylvania Constitution. Defendants served their answer in January 2005. The parties engaged in discovery, which is now closed, and defendants filed a motion for summary judgment, which is pending. Trial is scheduled to begin on September 26, 2005.

On August 24, 2005, plaintiffs submitted their pretrial memorandum with attached witness list and exhibit list. (Doc. 133.) Included as witnesses on their witness list are Jon Buell and Charles Thaxton. (Doc. 133 at 11-12.) Also listed on their exhibit list are numerous exhibits relating to the Discovery Institute, including its so-called "Wedge Document" and "Wedge Strategy," the Foundation for Thought and Ethics ("FTE"), including drafts and versions of *Of Pandas and People*, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon. (*E.g.,* Doc. 133, P-1 through P-10, P-12, P-14 through P-20, P-22, P-28, P-130, P-140, P-144, P-168(a), P-168(b), P-169 through P-179, P-347 through P-352, P-352*, P-353 through P-574, P-608, P-630, P-633, P-636.)

Plaintiffs have relied on such evidence in their complaint, in their response to defendants' motion for summary judgment, and in their pretrial memorandum. (Doc. 1 at 3, 11, 12; Doc. 119 at 5-6, 14-17; Doc. 120 at 3; Doc. 133 at 6.)

This evidence should be excluded. This evidence has no connection to the issues at hand and, in particular, has no connection to defendants or to their policies or resolutions. This evidence is irrelevant. The evidence is also inadmissible hearsay outside any exception to the hearsay rule. Moreover, even if relevant, the evidence would be more prejudicial than probative and should not be admitted.

## II.  STATEMENT OF QUESTION INVOLVED

Whether this court should grant defendants' motion in limine and exclude at trial any evidence relating to the Discovery Institute, the Foundation for Thought and Ethics, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon.  Suggested answer:  Yes.

## III.  ARGUMENT

### The Evidence Is Inadmissible Under Fed. R. Evid. 401 and 402

Only relevant evidence is admissible at trial.  Fed. R. Evid. 402.  Relevant evidence tends to make the existence of a fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.

What is at issue in this case, and is therefore relevant, is whether defendants' modest policy change to the science curriculum violates the Establishment Clause to the United States Constitution.  In other words, at issue is whether a violation of plaintiffs' constitutional rights has occurred that was proximately caused by the conduct of defendants acting under the color of state law. *See, e.g., Davidson v. O'Lone,* 752 F.2d 817, 846 (3rd Cir. 1984), *aff'd,* 474 U.S. 327 (1986).  The evidence plaintiffs seek to introduce at trial relating to Discovery Institute, FTE, Buell, Thaxton, Johnson, Davis, and Kenyon is wholly irrelevant to the issue at

trial. There is no logical relationship between the evidence and a "fact of consequence" in this case. This evidence is inadmissible. Fed. R. Evid. 401, 402.

### The Discovery Institute Evidence Is Irrelevant

Plaintiffs seek to introduce evidence regarding the Discovery Institute, its goals, motives, purposes, objectives, and its so-called "Wedge Strategy" and "Wedge Document." This evidence played no role in the development and enactment of defendants' policy and is irrelevant:

(1). Prior to the filing of this lawsuit, school board members and school district administrators were unaware of the so-called "Wedge Document" and "Wedge Strategy";

(2). School board members and school district administrators had never discussed the so-called "Wedge Document" and "Wedge Strategy" with anyone employed by, or associated with, the Discovery Institute; and

(3). The Discovery Institute's so-called "Wedge Document" and "Wedge Strategy" played no role in the development and enactment of any policy or resolution of the school board.

(Ex. A, Buckingham Decl. ¶¶ 11-13; Ex. B, Bonsell Decl. ¶¶ 11-13; Ex. C, Cleaver Decl. ¶¶ 10-12; Ex. D, Geesey Decl. ¶¶ 11-13; Ex. E, Harkins Decl. ¶¶ 11-13; Ex. F, Nilsen Decl. ¶¶ 11-13; Ex. G, Baksa Decl. ¶¶ 10-12, all attached hereto.)

The purposes, motives, goals, objectives, and "Wedge Strategy" of the non-party Discovery Institute have no relevance to resolving whether the policy at issue is unconstitutional. Indeed, any student who reads or hears the policy in question would be unaware of the Discovery Institute, including its purposes, motives, goals, objectives, "Wedge Document," or "Wedge Strategy," which are not mentioned in the policy and which had no role in the development or enactment of the policy. (Doc. 22, Ex. 1.)

Accordingly, the Discovery Institute evidence does not have any relevance to proving a "fact of consequence" in this case. The evidence is inadmissible and should not be admitted at trial. Fed. R. Evid. 401, 402.

### The Evidence Regarding FTE, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon Is Irrelevant

Plaintiffs also seek to introduce evidence regarding FTE, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon. This evidence is irrelevant to the resolution of the issues at trial.

Prior to the filing of this action, FTE, Buell, and Thaxton had no contact or relationship with defendants or with school board members or school district administrators. Most importantly, FTE, Buell, and Thaxton had no role in the development and enactment of the policy in question. (Ex. A, Buckingham Decl. ¶¶ 5-6; Ex. B, Bonsell Decl. ¶¶ 5-6; Ex. C, Cleaver Decl. ¶¶ 5-6; Ex. D, Geesey Decl. ¶¶ 5-6; Ex. E, Harkins Decl. ¶¶ 5-6; Ex. F, Nilsen Decl. ¶¶ 5-6; Ex. G, Baksa

Decl. ¶¶ 5-6; Ex. H, Buell Depo. at 130-35; Ex. I, Thaxton Depo. at 97-104, all attached hereto.)

In addition, school board members and school district administrators never communicated with Buell, Thaxton, or FTE concerning the text of the book, *Of Pandas and People* (published by FTE) or concerning the book's origins, drafts, or purposes.[1]/ Also, school board members and school district administrators never communicated with FTE, Jon Buell, or Charles Thaxton regarding the origins, mission, purpose, or projects of FTE. Lastly, FTE did not give or sell *Of Pandas and People* to defendants, and school board members and school district administrators had never seen any drafts of *Of Pandas and People*. (Ex. A, Buckingham Decl. ¶¶ 4-10; Ex. B, Bonsell Decl. ¶¶ 4-10; Ex. C, Cleaver Decl. ¶¶ 4-9; Ex. D, Geesey Decl. ¶¶ 4-10; Ex. E, Harkins Decl. ¶¶ 4-10; Ex. F, Nilsen Decl. ¶¶ 4-10; Ex. G, Baksa Decl. ¶¶ 4-9, all attached hereto.)

Accordingly, the evidence relating to FTE, Buell, and Thaxton has no logical relationship with any fact of consequence in this action, and the evidence is not relevant or admissible. Fed. R. Evid. 401, 402.

Also, school board members and school district administrators had never communicated with Phillip Johnson, who plaintiffs call a "public spokesperson for

---

[1]/ The only contact with FTE was by Assistant Superintendent Michael Baksa to determine whether the supplemented text *Of Pandas and People* was used by public schools. (Ex. G, Baksa Decl. ¶ 4.)

intelligent design," (Doc. 1 at 11), or with Percival Davis and Dean Kenyon, the authors of *Of Pandas and People*. (Ex. A, Buckingham Decl. ¶¶ 14; Ex. B, Bonsell Decl. ¶¶ 14; Ex. C, Cleaver Decl. ¶¶ 13; Ex. D, Geesey Decl. ¶¶ 14; Ex. E, Harkins Decl. ¶¶ 14; Ex. F, Nilsen Decl. ¶¶ 14; Ex. G, Baksa Decl. ¶¶ 13, all attached hereto.) Evidence relating to these individuals should be excluded as well since it is irrelevant for the reasons explained above.

Again, what is at issue is the purpose of the defendants' policy. The purposes, motives, goals, and objectives of the non-parties, FTE, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon, have no relevance to the resolution of the matter at hand and is therefore inadmissible. *See* Fed. R. Evid. 401, 402.

Any student who reads or hears the policy in question would be unaware of the goals, motives, and objectives of FTE, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon, none of which are mentioned in the policy and none of which had any role in the development or enactment of the policy. (Doc. 22, Ex. 1.)

Moreover, any student who chooses to review the text of *Of Pandas and People* would have no knowledge concerning drafts or versions of the text. It is obvious that evidence regarding drafts and versions of the text cannot be used on the theory that students can somehow receive information no longer in the text.

Accordingly, the evidence relating to FTE, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon is inadmissible.[2]

### The Evidence Is Inadmissible Hearsay Pursuant to Fed. R. Evid. 801 and 802

The evidence plaintiffs seek to admit relating to Discovery Institute, FTE, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon, (*E.g.*, Doc. 133, P-1 through P-10, P-12, P-14 through P-20, P-22, P-28, P-130, P-140, P-144, P-168(a), P-168(b), P-169 through P-179, P-347 through P-352, P-352*, P-353 through P-574, P-608, P-630, P-633, P-636), is hearsay because plaintiffs seek to admit this evidence to prove the truth of the matters stated therein. *See* Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.") This hearsay evidence does not fall within an exception to the hearsay rule and is inadmissible. Fed. R. Evid. 802-805.

---

[2] The evidence regarding Discovery Institute, FTE, Buell, Thaxton, Johnson, Davis, and Kenyon is also not relevant if admitted to lay the foundation for the testimony of Barbara Forrest, Ph.D., who plaintiffs will proffer as an expert. *See* Fed. R. Evid. 104(b). Barbara Forrest should be excluded as a witness, for the reasons set forth in defendants' motion in limine to exclude her testimony.

## The Evidence Is Inadmissible Under Fed. R. Evid. 403

Even if relevant, the evidence noted above should be excluded because any probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the fact finder, undue delay, waste of time, and needless presentation of cumulative evidence. Fed. R. Evid. 403; *see also* Fed. R. Evid. 611 ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.")

The motives, purposes, goals, and objectives of Discovery Institute, including its "Wedge Strategy" or "Wedge Document", FTE, including drafts and versions of *Of Pandas and People,* Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon played no role in the development and enactment of the policy at issue in this case, and the admission of such evidence would be unfairly prejudicial to defendants.

Defendants note that plaintiffs estimate that the trial of this action will take fifteen to twenty days. (Doc. 133 at 23.) One of the reasons the trial will take so long is because plaintiffs seek to introduce into evidence dump-truck loads of irrelevant and unfairly prejudicial evidence. Such evidence should be excluded.

*See* Fed. R. Evid. 403, 611; *see also* Fed. R. Evid. 102 ("These rules shall be construed to secure fairness in administration, [and] elimination of unjustifiable expense and delay. . . .").

### IV.  CONCLUSION

Defendants respectfully request that this court grant their motion in limine and exclude at trial any evidence relating to the Discovery Institute, including its so-called "Wedge Document" and "Wedge Strategy," the Foundation for Thought and Ethics, including drafts or versions of *Of Pandas and People,* Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon.

Respectfully submitted,

*Edward L. White*
Richard Thompson (MI P21410)*
Patrick T. Gillen (MI P47456)*
Robert J. Muise (MI P62849)*
Edward L. White III (MI P62485)*
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
734-827-2001; Fax. 734-930-7160
ewhite@thomasmore.org
* Admitted pro hac vice

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 177013
717-245-9688

Dated:  September 6, 2005          *Counsel for defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2005, a copy of the foregoing defendants' brief and attached exhibits A-I were served on the following counsel through the court's electronic case filing system:

Eric Rothschild
Stephen G. Harvey
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Richard B. Katskee
Ayesha Khan
Alex J. Luchenitser
Americans United for Separation
  of Church and State
518 C Street, NE
Washington, DC 20002

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013

Mary Catherine Roper
ACLU of Pennsylvania
P.O. Box 1161
Philadelphia, PA  19105

Edward L. White III
Admitted *pro hac vice*