

# FREEDOM OF INFORMATION

### CAMERAS IN THE COURT: A STATE-BY-STATE GUIDE

● Click on your state to read the current law regarding cameras and microphones in the courtroom.



The District of Columbia is the only jurisdiction that prohibits trial and appellate coverage entirely.

**Legend:**

**TIER I:** States that allow the most coverage

**California** - broad discretion in presiding judge
**Colorado** - broad discretion is presiding judge
**Florida** - "qualitative difference" test
**Georgia** - broad discretion in presiding judge
**Idaho** - broad discretion in presiding judge
**Kentucky** - broad discretion in presiding judge
**Michigan** - judge may prohibit coverage of certain witnesses
**Montana** - broad discretion in presiding judge
**Nevada** - broad discretion in presiding judge
**New Hampshire** - broad discretion in presiding judge
**New Mexico** - judge may prohibit coverage of certain witnesses
**North Dakota** - broad discretion in presiding judge
**South Carolina** - broad discretion in presiding judge

**Tennessee** - broad discretion in presiding judge/coverage of minors is restricted
**Vermont** - broad discretion in presiding judge
**Washington** - broad discretion in presiding judge
**West Virginia** - broad discretion in presiding judge
**Wisconsin** - broad discretion in presiding judge
**Wyoming** - broad discretion in presiding judge

**TIER II:** States with restrictions prohibiting coverage of important types of cases, or prohibiting coverage of all or large categories of witnesses who object to coverage of their testimony.

**Alaska** - requires sex offense victim consent
**Arizona** - coverage of juvenile/adoption proceedings prohibited
**Connecticut** - coverage of certain types of cases prohibited
**Hawaii** - coverage of certain cases and witnesses prohibited
**Iowa** - need victim/witness consent in sexual abuse cases
**Kansas** - consent of parties/attorneys not required, but coverage of many types of witness may be prohibited
**Massachusetts** - coverage of certain types of hearings prohibited
**Missouri** - coverage of certain cases and witnesses prohibited
**North Carolina** - coverage of certain cases/witnesses prohibited
**New Jersey** - coverage of various types of cases prohibited
**Ohio** - victims and witnesses have right to object to coverage
**Oregon** - witnesses discretion to object to coverage of certain cases
**Rhode Island** - coverage of certain proceedings, including criminal trials prohibited
**Texas** - no rules for criminal trial coverage, but such coverage allowed increasingly on a case by case basis
**Virginia** - coverage of sex offense cases prohibited

**TIER III:** States that allow appellate coverage only, or that have such restricting trial coverage rules essentially preventing coverage.

**Alabama** - consent of all parties/attorneys required
**Arkansas** - coverage ceases with objection by a party, attorney or witness

**Delaware** - appellate coverage only/currently experimenting with trial-level coverage of civil, non-jury cases in before certain courts
**Illinois** - appellate coverage only
**Indiana** - appellate coverage only
**Louisiana** - appellate coverage only
**Maine** - coverage only permitted in appellate proceedings, civil trials, criminal arraignments, sentencing and other non-testimonial criminal proceedings
**Maryland** - consent of all parties/attorneys required
**Minnesota** - consent of all parties required
**Mississippi** - appellate coverage only
**Nebraska** - appellate coverage/audio trial coverage only
**New York** - appellate coverage only
**Oklahoma** - consent of criminal parties/attorneys
**Pennsylvania** - any witness who objects may not be covered, coverage of non-jury civil trials permitted
**South Dakota** - Supreme Court coverage only
**Utah** - appellate coverage/trial coverage - still photography only

# Alabama

Trial and appellate courtroom coverage is permissible if the Supreme Court of Alabama has approved a plan for the courtroom in which coverage will occur. The plan must contain certain safeguards to assure that coverage will not detract from or degrade court proceedings, or otherwise interfere with a fair trial. If such a plan has been approved, a trial judge may, in the exercise of "sound discretion" permit coverage if: (1) in a criminal proceeding, all accused persons and the prosecutor give their written consent and (2) in a civil proceeding, all litigants and their attorneys give their written consent. Following approval of their coverage plans, appellate courts may authorize coverage if the parties and their attorneys give their written consents. In both trial and appellate contexts, the court must halt coverage during any time that a witness, party, juror, or attorney expressly objects. In an appellate setting, it must also halt coverage during any time that a judge expressly objects to coverage.

Authority: Canon 3A(7), 3A(7A), and 3A(7B), Alabama Canons of Judicial Ethics, Ala. Code, Vol. 23A (Rules of Alabama Supreme Court).

# Alaska

The news media, which includes the electronic media, still photographers and sketch artists, may cover court proceedings in all state trial and appellate courts. Administrative Rule 50 permits media coverage anywhere in the state court facility and is not limited to courtrooms. Under the permanent rule, the media must apply for and receive the consent of the presiding judge prior to commencing coverage. Requests for coverage must be made 24 hours prior to the proceeding, and applications that are timely filed are deemed approved, unless otherwise prohibited. The consent of all parties is required for coverage of divorce, domestic violence, child custody and visitation, paternity or other family proceedings. Jurors may not be photographed, filed or videotaped in the courtroom at any time.

Victims of a sexual offense may not be photographed, filmed, videotaped or sketched without the consent of the court and the victim. A procedure is prescribed for suspension of an individual's or an organization's media coverage privileges for a period of up to one year for violation of the media coverage plan.

Authority: Rule 50, Rules Governing the Administration of All Courts, Alaska Rules of Court.

# Arizona

Electronic and still photographic coverage of proceedings in all state courts and "areas immediately adjacent thereto" is permitted, provided the media follow certain guidelines that set forth rules for coverage. Audio recording by media is also generally permitted, provided that the audio recording does not create a distraction in the courtroom and is only used

as personal notes of the proceedings.  Coverage of juvenile proceedings is prohibited, and the judge has sole authority to decide whether to permit coverage of all other matters. The photographing of jurors in a way that permits them to be recognized is strictly forbidden. Requests for coverage should be made to the judge of the particular proceeding "sufficiently in advance" of the sought-after coverage event. Only one television and one still camera are allowed in the courtroom at one time and the media are responsible for arranging pooling agreements. No flash bulbs or additional artificial lights of any kind are allowed in the courtroom without the notification and approval of the presiding judge.

Authority: Rule 122, Rules of the Arizona Supreme Court, Ariz. Rev. Stat., Vol. 17A.

# Arkansas

A judge may authorize broadcasting, recording, or photographing in the *courtroom and adjacent* areas provided that "the participants will not be distracted, or will the dignity of the proceedings be impaired". An objection to the coverage by a party or attorney precludes media coverage of the proceedings and an objection by a witness precludes coverage of that witness. Coverage of juvenile, domestic relations, adoption, guardianship, divorce, custody, support and paternity proceedings is expressly prohibited. Similarly, coverage of jurors, minors without parental or guardian consent, sex crime victims, undercover police agents and informants is also prohibited. Only one television and one still camera are allowed in the courtroom at one time and the media are responsible for *arranging pooling agreements.*

Authority: Administrative Order Number 6, Rules of Civil Procedure.

# California

Rule 980 of the California Rules of Court governs media coverage of State Court proceedings. Personal recording devices may be used with advance permission of the judge for personal note-taking only. Media coverage is permitted by written order of the judge following a media request for coverage filed at least five court days before the proceeding to be covered. Any such requests must be made on the official form provided by courts. Coverage of jury selection, jurors, spectators, proceedings held in chambers, proceedings closed to the public or conferences between an attorney and a client, witness or aide, between attorneys or between counsel and the judge is prohibited.

Effective January 1, 1998, Rule 4.1 restricting media coverage within the courthouse unless specifically authorized by the presiding judge was added to the Los Angeles County Superior Court Rules. This rule also prohibits the filming or photographing of any person wearing a juror badge in the court.

Local Rules may vary.

Authority: <u>Rule 980</u>, Miscellaneous Rules, California Rules of Court -
State; <u>Rule 4.1</u>, Los Angeles County Superior Court Rules.

# Colorado

Canon 3A(7) of the Colorado Code of Judicial Conduct gives judges the
power, implemented in Canon 3A(8), to authorize media coverage of court
proceedings, subject to several guidelines. Judges also have the power to
prohibit or limit coverage upon a finding of substantial likelihood of
interference with a fair trial, disruption or degradation of the proceedings,
or harm which is distinct from that caused by coverage by other types of
media. Those wishing to cover a particular proceeding must submit a
written request to do so to the presiding judge at least one day in advance
of the proceeding desired to be covered and must give a copy of the
request to the counsel for each party participating in the proceeding.
Coverage of jury selection, in camera hearings and most pre-trial hearings
is prohibited. No close-up photography of the jury, bench conferences or
attorney-client communication is permitted. Consent of the participants is
not required. The judge may also terminate coverage if the terms of the
canon or any additional rules imposed by the Court have been violated.
Only one television and one still camera are allowed in the courtroom at
one time and the media are responsible for arranging pooling agreements.

Authority: <u>Canon 3(A)(8)</u>, Colorado Code of Judicial Conduct, Colo. Rev.
Stat., Vol. 7A (Court Rules), Appendix to Chapter 24; <u>Form</u>.

# Connecticut

Sections 70-9 and 70-10 of the Rules of Appellate Procedure (governing
media coverage in the Appellate and Supreme Courts) and Sections 1-10
and 1-11 of the Rules for the Superior Court (governing coverage in trial
courts) permit the coverage of judicial proceedings under specific
circumstances.

In Appellate courts, those wishing to cover a particular proceeding must
submit a written request to do so to the appellate clerk "not later than the
Wednesday which is thirteen days before the day in which that proceeding
is scheduled to occur. In trial courts, those wishing to cover a particular
proceeding must submit a written request to do so at least three days prior
to the commencement of the trial to the administrative judge of the judicial
district where the case is to be tried. In both courts, coverage of family
relations matters, trade secrets cases, sexual offense cases, and cases
otherwise closed to the public are prohibited. In jury trials, no coverage of
proceedings held in the jury's absence is permitted. Additionally, in
criminal cases, sentencing hearings may only be covered if the trials are
covered. Photographing or televising individual jurors is prohibited, and
where coverage of the jury is unavoidable, no close-ups may be taken.

Authority: §§ 70-9, 70-10, Rules of Appellate Procedure; §§ 1-10, 1-11,
Rules for the Superior Court, Connecticut Rules of Court (West).

Sources: Connecticut Practice Book, Parts 1 & 2.

# Delaware

Coverage of appellate proceedings is generally permitted. By order dated April 29, 1982, the Delaware Supreme Court issued guidelines for its one-year appellate experiment. Under those guidelines, coverage is permissible so long as it does not impair or interrupt the orderly procedures of the Court. Consents of the parties are not required. This experiment was extended indefinitely by order of the Delaware Supreme Court, dated and effective May 2, 1983.

Rule 53 of the Delaware Superior Court Criminal Rules, Rule 53 of the Delaware Family Court Criminal Rules, and Rule 53 of the Criminal Rules of Delaware Courts of Justices of the Peace have traditionally prohibited trial-level coverage. However, on April 5, 2004, the Delaware Supreme Court issued its Administrative Directive No. 155, which established a six-month trial court experiment, which was originally scheduled to end on October 15, 2004. In this experiment, media coverage was permitted in the Sussex Court of Chancery, and courtrooms in New Castle, Kent and Sussex Counties. Broadcast of non-confidential, non-jury, civil proceedings was permitted.

Administrative Directive No. 155 was amended on October 25, 2004, and the experiment was extended until May 16, 2005. As of this writing, no further action has been taken.

Authority: Court Rules: Canon 3A(7), Delaware Judges' Code of Judicial Conduct, adopted by Rule 84, Rules of the Delaware Supreme Court, Del. Code, Vol. 16; Rule 53, Delaware Family Court, Criminal Rules, Del. Code, Vol. 16; Rule 53, Delaware Superior Court Criminal Rules, Del. Code, Vol. 17; Rule 31, Delaware Courts of Justices of the Peace, Criminal Rules, Del. Code, Vol. 16. See also Rule 169, Rules of the Delaware Court of Chancery, Del. Code, Vol. 17 (as modified by above-referenced orders); Administrative Directive 155; Administrative Directive 155, amended.

# District of Columbia

Rule 53(b) of the Superior Court Rules of Criminal Procedure, Rule 203(b) of the Superior Court Rules of Civil Procedure, Superior Court Juvenile Proceedings Rule 53(b), and Superior Court Domestic Relations Rule 203 (b) forbid "[t]he taking of photographs, or radio or television broadcasting" coverage of trial proceedings.  That said, in certain circumstances, photography may be permitted under Juvenile Court Rule 53(b)(2) or Criminal Court Rule 53(b)(2), which permits photography "in any office or other room of the division" upon the consent of the person in charge of the office or room and the person or people being photographed.

Coverage is also prohibited in appellate proceedings.

Authority: All rules cited in the foregoing paragraph are contained in D.C. Code Ann. (Court Rules-D.C. Courts).

# Florida

Electronic media and still photography coverage of proceedings is allowed in both the appellate and trial courts. Coverage is subject only to the authority of the presiding judge who may prohibit coverage to control court proceedings, prevent distractions, maintain decorum, and assure fairness of the trial. Exclusion of the media is permissible only where it is shown that the proceedings will be adversely affected because of a "qualitative difference" between electronic and other forms of coverage. Florida v. Palm Beach Newspapers, 395 So. 2d 544 (1981). Two still cameras operated by one photographer are allowed in trial and appellate courtrooms at one time. In trial proceedings only one television camera is allowed, while in appellate proceedings, two television cameras operated by one camera person is allowed. The media are responsible for arranging pooling agreements.

Authority: Rule 2.170, Rules of Judicial Administration, Florida Rules of Court.

# Georgia

Rule 18 of the Probate Court Rules, Rule 11 of the Magistrate Court Rules and Rules 26.1 and 26.2 of the Juvenile Court Rules provide guidelines for extended media coverage of those judicial proceedings. Those requesting coverage in these proceedings must file a "timely written request" on a form provided by the court with the judge involved in the specific proceeding prior to the hearing or trial. The judge, at his or her discretion, may allow only one television or still photographer in the courtroom at any one time, thereby requiring a pooling arrangement. The judge must approve any additional lights or flashbulbs beforehand. Lastly, the Juvenile Court Rules expressly prohibit photography of the child in juvenile proceedings.

The Superior Court's Rule 22, in additional to the above requirements, prohibits photographing or televising members of the jury, unless "the jury happens to be in the background of the topics being photographed."

In the Court of Appeals, written requests for coverage must be submitted at least seven days in advance. Further, radio and television media are required to supply the Court with a videotape or audiotape, respectively, of all proceedings covered. Only one "pooled" television camera with one operator and one still photographer, with not more than two cameras, is allowed in the courtroom at any one time.

In the Supreme Court, coverage is allowed without prior approval from the Court and the Supreme Court retains exclusive authority to limit, restrict, prohibit and terminate coverage. No more than four still photographers and four television cameras will be permitted in the courtroom at any time. All television cameras are restricted to the alcove of the courtroom, while still photographers may sit anywhere in the courtroom designated for use by the public.

Authority: Rules 75-91, Supreme Court Rules; Rules 3.8, 26.1 and 26.2,
Juvenile Court Rules; Rule 18, Probate Court Rules; Rule 11, Magistrate
Court Rules; Rule 22, Superior Court Rules, Georgia Rules of Court
Annotated.

# Hawaii

Electronic media and still photography coverage of proceedings is allowed
in both the appellate and trial courts. Consent of the judge prior to
coverage of a trial proceeding is required, but prior consent of the judge is
not required for coverage of appellate proceedings. The judge may rule on
the request orally and on the record or by written order if requested by any
party. A request for coverage will be granted unless good cause is found
to prohibit it. Good cause for denying coverage is presumed to exist when
the proceeding is for the purpose of determining the admissibility of
evidence, when child witnesses or complaining witnesses in a criminal
sexual offense case are testifying, when testimony regarding trade secrets
is being given, when a witness would be put in substantial jeopardy of
bodily harm, or when testimony of undercover law enforcement agents
involved in other ongoing undercover investigations is being received.
Coverage of proceedings, which are closed to the public, is prohibited.
These proceedings include juvenile cases, child abuse and neglect cases,
paternity and adoption cases, and grand jury proceedings. Coverage of
jurors or prospective jurors is prohibited. Only one television camera and
one still photographer, with not more than two still cameras are allowed in
the courtroom at one time (although the judge may allow more at his/her
discretion) and the media are responsible for arranging pooling
agreements.

Authority: Rules 5.1, 5.2, Rules of the Supreme Court, Hawaii Court
Rules.

# Idaho

Rule 45 of the Idaho Court Administrative Rules (ICAR) allows extended
coverage of all public proceedings, provided permission to cover a
proceeding is obtained in advance from the presiding judge, and ICAR
Rule 46 provides guidelines for the use of cameras in appellate
proceedings.

In trial courts, the presiding judge may prohibit coverage or order that the
identity of a participant be concealed when such coverage would have a
substantial adverse effect upon that participant. Coverage of the jury,
adoptions, mental health proceedings and other proceedings closed to the
public is prohibited. Permission to photograph or broadcast a proceeding
must be sought, in advance, from the presiding judge.  Electronic flash or
artificial lighting is prohibited, and the television camera may not "give any
indication of whether it is operating". Only one still photographer and one
camera operator is permitted in the courtroom, and any pooling
arrangements must be made by the media.

Pursuant to ICAR Rule 46(a), photography is limited to designated areas

of the Supreme Court Courtroom.  While video cameras are permitted on a first-come basis, no more than two (2) still photographers are permitted at any one time.  Live coverage of proceedings in the Supreme Court Courtroom may be prohibited in the interest of justice.  Flash photography or the use of additional lighting for video photography is prohibited.  No separate microphones may be used.

In all other appellate proceedings, ICAR Rule 46(b) imposes many of the same requirements as 46(a); however, microphone and video pooling is required.

Authority: Rules 45 & 46, Idaho Court Administrative Rules.

---

# Illinois

Illinois Revised Statutes, Chapter 735, § 8-701 specifies that no witness will be compelled to testify in any court in the State if any portion of his testimony is to be covered. Rule 63(A)(7) allows coverage pursuant to an order of the Illinois Supreme Court, while coverage of trial court proceedings is prohibited. For coverage of appellate proceedings, consents are not required, although the judge or presiding officer, with good cause, may prohibit or terminate coverage at any time. Those wishing to cover a particular proceeding must notify the appropriate clerk of the court not less than five "court" days prior to the date the proceeding is scheduled to begin. Only one television camera and one still camera, each operated by one cameraperson, is permitted in the courtroom at any one time. No equipment or clothing of media personnel can have marks that identify any individual medium or network affiliation. Artificial lighting of any kind is not allowed, and the media are responsible for any pooling arrangements.

Authority: Rule 63(A)(7), Rules of the Illinois Supreme Court (2000); Chapter 735, §8-701, Illinois Compiled Statutes Annotated (2000); Supreme Court Orders of November 29, 1983 and January 22, 1985.

---

# Indiana

Extended media coverage of oral arguments before the Indiana Supreme Court is allowed. Requests for coverage are to be made at least 24 hours prior to the start of the proceeding.

Beginning September 1, 1997 and continuing indefinitely, the Indiana Court of Appeals will allow extended media coverage of its proceedings. Requests for coverage are to be made at least 48 prior to the start of the oral argument.

All appellate oral arguments are webcast live, and the courts maintain an archive of webcast arguments from 2001 to date.

Authority: Order No. 94S00-9901-MS-59; Supreme Court Media Guidelines.

# Iowa

Extended media coverage, defined as "broadcasting, televising, electronic recording, or photographing of judicial proceedings for the purpose of gathering and disseminating news to the public," is generally permitted upon application to the presiding judge.  Iowa's rules require that permission for extended media coverage be granted, unless the coverage will interfere with the rights of the parties or a witness or party provides a good cause why coverage should not be permitted.  In certain types of proceedings, such as sexual abuse or criminal trials, witness or party consent is required.

Extended media coverage is not permitted, however, during jury selection or if the law requires a private proceeding. Prolonged or unnecessary coverage of jurors should be prevented to the extent practicable.

Written requests to use photographic equipment, television cameras, etc. must be made, in advance to the Media Coordinator, and equipment must meet certain specifications.  Flash photography and other supplemental light sources are prohibited.  The media must make pooling arrangements.

Authority:  Ch. 25, Iowa Court Rules.

# Kansas

Rule 1001 of the Kansas Supreme Court authorizes extended media coverage of appellate and trial court proceedings and extends coverage to state municipal court proceedings. Under this rule, coverage is permissible only by the news media and educational television stations and only for news or educational purposes.

The media must give at least one week's notice of its intention to cover a proceeding. However, this requirement may be waived upon a showing of good cause. Photographing of individual jurors is prohibited, and where coverage of the jury is unavoidable, no close-ups may be taken. Consents of the participants are not required. The presiding judge may prohibit coverage of individual participants at his discretion; however, if a participant is a police informant, undercover agent, relocated or juvenile witness, or victim/witness and requests not to be covered, the judge must prohibit coverage of that person. Coverage of a participant in proceedings involving motions to suppress evidence, divorce, or trade secrets will also be prohibited, if the participant so requests. Coverage of materials on counsel tables, photographing through the windows or open doors of the courtroom also is prohibited. Moreover, criminal defendants may not be photographed in restraints as they are being escorted to or from court proceedings prior to rendition of the verdict. Only one television camera, operated by one person, and one still photographer, using not more than two cameras, are authorized in any court proceeding.

Authority: Rule 1001, Rules of the Kansas Supreme Court.

# Kentucky

Electronic coverage is permitted in all appellate and trial court proceedings. Consents of the parties are not required, but coverage is subject to the authority of the presiding judge. Requests for coverage should be made to the judge presiding over the proceeding for which coverage is desired. Coverage of attorney-client conferences or conferences at the bench are prohibited. Only one television camera and one still photographer, with not more than two still cameras are allowed in the courtroom at any one time, and the media are responsible for any pooling arrangements. Juvenile proceedings are closed to the public. KRS 610.070

Authority: Standards of Conduct and Technology Governing Electronic Media and Still Photography Coverage of Judicial Proceedings, Rules of the Kentucky Supreme Court, Ky. Rev. Stat. Ann. (2005); Reporters Handbook on Covering Kentucky Courts.

# Louisiana

Electronic coverage of appellate proceedings is allowed, while coverage at the trial level is generally prohibited. Those wishing to cover trial-level proceedings should consult with the courts of that district or parish concerning coverage. At the appellate level, obtaining the consent of the involved parties is not required, although the Court may prohibit coverage upon its own motion or if a party objects. Notice of intent to cover a proceeding must be made at least 20 days in advance or, in expedited proceedings, within a reasonable time before the proceeding is schedule to occur. No more than two television cameras, each operated by no more than one camera person, and one still photographer, using not more than two still cameras with not more than two lenses for each camera, will be permitted in the courtroom during proceedings. In addition, the media are responsible for any pooling arrangements.

Authority: Canon 3A(7), Louisiana Code of Judicial Conduct & Appendix.

# Maine

Extended media coverage is authorized in all civil matters but coverage in criminal matters is limited to arraignments, sentencing and other non-testimonial proceedings. Coverage of divorce, annulment, support, domestic abuse and violence, child custody and protection, adoption, paternity, parental rights, sexual assault, trade secrets, and juvenile proceedings is prohibited. Coverage of the jury and any proceeding in which a living child is a principal subject is also prohibited. Requests for coverage should be made to the clerk of the court at which coverage is desired. Only one television camera, operated by one person and two still photographers, each with only one camera may be in the courtroom at any one time. The cameras may not have any "insignia or other indication

of organizational affiliation". Pooling arrangements are the sole responsibility of the media.

Authority: Administrative Order--Cameras in the Courtroom (July 11, 1994)(West, 2005).

# Maryland

In the absence of a statutory provision requiring close proceedings or permitting closed proceedings, coverage is permitted at the trial level, upon written consent of all the parties.  Consent is not required, however, from a party that represents the government, or from an individual being sued in his or her governmental capacity. At the appellate level, consent is not required, but a party may move to limit or terminate coverage at any time. Requests for coverage must be submitted to the clerk of the court where the proceedings will be held at least five days before the trial begins. Coverage of jury selection, jurors or courtroom spectators, private conferences between an attorney and a client or conferences at the bench is prohibited. Not more than one television camera is permitted in any trial court proceeding, and not more than two are allowed in appellate proceedings. Only one still photographer, with not more than two cameras, each having no more than two lenses, is allowed in both trial and appellate proceedings. Pooling arrangements are the sole responsibility of the media.

Authority: Rule 16-109, Maryland Rules Annotated.

# Massachusetts

Rule 1:19 of the Supreme Judicial Court of Massachusetts permits extended coverage of all proceedings open to the public except hearings on motions to suppress or to dismiss, or of probable cause or jury selection hearings. Close-up short of bench conferences, conferences between attorneys, or attorney-client conferences is prohibited. Frontal and close-up photography of the jury "should not usually be permitted." The media must submit requests for coverage to the presiding judge "reasonably" in advance of the proceeding to be covered, or risk denial. Before a party or a witness may move to limit media coverage, it must first notify the Bureau Chief, Newspaper Editor, or Broadcast Editor of the Associated Press.

Authority: Rule 1:19, Rules of Massachusetts Supreme Judicial Court (2004); Guidelines on the Public's Right of Access to Judicial Proceedings and Records.

# Michigan

Extended coverage of judicial proceedings is permitted, but requests for coverage must be made in writing not less than three business days

before the proceeding is scheduled to begin. A judge may terminate, suspend or exclude coverage at any time upon a finding, made and articulated on the record that the rules for coverage have been violated or that the fair administration of justice requires such action. Such decisions are not appealable. Coverage of jurors or the jury selection process is not permitted. The judge has sole discretion to exclude coverage of certain witnesses, including but not limited to, the victims of sex crimes and their families, police informants, undercover agents and relocated witnesses.

Authority: Canon 3A(7), Michigan Code of Judicial Conduct, Michigan Rules of Court 1986; Administrative Order No. 1989-1, Film or Electronic Media Coverage of Court Proceedings.

# Minnesota

Expanded coverage is permitted at both the trial and appellate level, but at the trial level, the judge and all parties must consent to coverage prior to commencement of the trial. All courtroom coverage must occur in the presence of the presiding judge. Coverage of witnesses who object prior to testifying and coverage of jurors is prohibited, as is coverage of hearings that take place outside of the presence of the jury. Coverage is prohibited in cases involving child custody, divorce, juvenile proceedings, hearings on suppression of evidence, police informants, relocated witnesses, sex crimes, trade secrets, and undercover agents. Judges and media representatives must inform the Supreme Court of denials of coverage requests and the reason for such denials.

At the appellate level, consents of the parties and witnesses are not required, but the Clerk of the Appellate Courts must be notified of an intent to cover the proceedings at least 24 hours in advance of the coverage. Only one television camera and one still photographer, using not more than two cameras with two lenses each are permitted in the courtroom during proceedings. The media are responsible for arranging pooling agreements.

Authority: Canon 3A(10), Minnesota Code of Judicial Conduct, Minn. Stat. Ann. vol. 52 (West); Rule 4, General Rules of Practice for the District Courts, Minn. Stat. Ann. vol. 51 (2004). Policy Guidelines

# Mississippi

Electronic media coverage of judicial proceedings (trial, pre-trial hearings, post-trial hearings and appellate arguments) is permitted in Mississippi's Supreme Court, Court of Appeals, chancery courts, circuit courts and county courts. Mississippi's Rules for Electronic and Photographic Coverage of Judicial Proceedings ("MREPC"), effective July 1, 2003, prohibit electronic media coverage in justice and municipal courts.

Electronic coverage is subject to the authority of the presiding judge who may limit or terminate coverage at any time if there is a need to protect (1) the rights of the parties or witnesses, (2) the dignity of the court or, (3) to assure orderly conduct of the proceedings. Any party may object by

written motion, filed no later than 15 days prior to the proceeding, unless good cause allows for a shorter filing period. Under MREPC the media is required to notify the clerk and the court of any plans to cover a proceeding at least 48 hours prior to the proceeding.

The media must comply with certain coverage restrictions. Electronic coverage of police informants; minors; undercover agents; relocated witnesses; victims and families of victims of sex crimes; victims of domestic abuse, and members or potential members of the jury (before their final dismissal) is expressly prohibited. In addition, audio recordings of off-the-record conferences and coverage of closed proceedings are also prohibited. Similarly, coverage of divorce; child custody; support; guardianship; conservatorship; commitment; waiver of parental consent to abortion; adoption; delinquency and neglect of minors; paternity proceedings; termination of parental rights; domestic abuse; motions to suppress evidence; proceedings involving trade secrets; and in camera proceedings are prohibited unless authorized by the presiding judge.

Only one television camera, one video recorder, one audio system, and one still camera are allowed in the courtroom at one time and the media are responsible for pooling arrangements. If the media cannot agree to a pooling arrangement, all contesting media personnel shall be excluded from the proceeding. Electronic media coverage may not distract from the courtroom proceedings, and in accordance with this principle, no artificial, flash or strobe lighting is allowed in the courtroom without the notification and approval of the presiding judge. All wires must be taped to the floor and equipment may only be moved before or after a proceeding or during a recess.  The presiding judge may "relax" the technical restrictions so long as no distractions are created.

Authority: Rules for Electronic and Photographic Coverage of Judicial Proceedings; Cannon 3B(12), Code of Judicial Conduct of Mississippi Judges; Rule 1.04, Uniform Rules of Circuit and County Courts, Mississippi Rules of Court.

# Missouri

Media coverage at both the trial and appellate levels are permitted, but coverage of jury selection, juvenile, adoption, domestic relations, and child custody cases is not permitted. Requests for coverage must be made to the media coordinator, in writing, at least five days in advance of the scheduled proceeding, and the media coordinator must then give written notice of the request to counsel for all parties, parties appearing without counsel and the judge at least four days in advance of the proceeding. Coverage of objecting participants who are victims of crimes, police informants, undercover agents, relocated witnesses, or juveniles is prohibited. Further, the judge may prohibit coverage of any or all of a participant's testimony, either upon the objection of the participant, party, or the court's own motion. Only one television camera and one still photographer, using not more than two cameras with two lenses each, are allowed in the courtroom at any one time. The media are responsible for all pooling arrangements.

Authority: Administrative Rule 16, Missouri Supreme Court Rules.

# Montana

Coverage of trial and appellate courts is permitted, though judges may restrict coverage of proceedings upon a finding that media coverage will "substantially and materially interfere with the primary function of the court to resolve disputes fairly under the law."

Authority: Canon 35, Montana Canons of Judicial Ethics, 176 Mont. xxiii, 6 Media L. Rep. (BNA) 1543 (1980).

# Nebraska

Media coverage in the Supreme Court and Court of Appeals is explicitly permitted. In trial courts, consents of the parties are not required, although a party may file an objection to media coverage before commencement of the proceedings in question.

Authority: Rules 17, 18; Rules of the Supreme Court/Court of Appeals; Nebraska Court Rules and Procedure.

# Nevada

*Extended media coverage* is permitted, at the judge's discretion except for certain proceedings, which are made confidential by law. Obtaining the consent of the participants is not required, but the judge may prohibit coverage of any participant who does not consent to being filmed or photographed. Requests for coverage must be made in writing at least 72 hours in advance of the proceeding, but the judge may grant a request on shorter notice for "good cause." Deliberate coverage of jurors or of conferences of counsel is not allowed. No more than one television camera and one still photographer are allowed in a proceeding at any one time, and the media are responsible for any pooling arrangements.

Authority: Nevada Supreme Court Rules, Part IV, Rules on Cameras and Electronic Media Coverage in the Courts.

# New Hampshire

Rule 19 of the Rules of the Supreme Court of New Hampshire permits coverage of that court's proceedings subject to the Court's consent.

Rule 78 of the Rules of the New Hampshire Superior Court exhorts judges to permit the media coverage of all proceedings open to the general public, unless the coverage creates a substantial likelihood of harm to a person or party. While those wishing to cover a proceeding must obtain

the court's permission, in Petition of WMUR Channel 9, 148 N.H. 644
(2002), the New Hampshire Supreme Court stated that permission *should*
be granted unless four requirements are met: "(1) closure advances an
overriding interest that is likely to be prejudiced; (2) the closure ordered is
no broader than necessary to protect that interest; (3) the judge considers
reasonable alternatives to closing the proceedings; and (4) the judge
makes particularized findings to support the closure on the record." Id.
Photography of jurors is prohibited.

The media rule of the New Hampshire District Courts is substantially
similar to that of the Superior Court.  The differences between the two
courts' media rule arise provide that upon the petition of any party the
court may, in its discretion, permit coverage of its judicial proceedings.

Authority: Rule 19, New Hampshire Supreme Court Rules; Rule 78, New
Hampshire Superior Court Rules and Directory; Rule 1.4, New Hampshire
District and Municipal Court Rules.

# New Jersey

Canon 3A(9) of the New Jersey Code of Judicial Conduct exhorts judges
to allow "bona fide media" to cover proceedings.  To this end, the
Supreme Court has issued a set of guidelines for media coverage, which
grants judges some latitude in limiting coverage, especially where the
coverage may result in a substantial likelihood of harm to a witness or
party.  Unlike other jurisdictions, the media are granted the right to appeal
any order excluding or varying coverage.   Photography of the jury is
prohibited, and photography and audio recording is prohibited in certain
types of proceedings, such as juvenile proceedings, proceedings to
terminate parental rights, child abuse/neglect proceedings, custody
proceedings, and "proceedings involving charges of sexual contact or
charges of sexual penetration or attempts thereof when the victim is
alive."  Photography and audio recordings of crime victims under the age
of 18 or witnesses under the age of 14 may be permitted at the trial
judge's discretion.  Additionally, while coverage of juvenile proceedings is
usually forbidden, courts, in their discretion, may allow coverage of 17-
year old defendants in proceedings involving motor vehicle violations.
The media are responsible for pooling arrangements.

The New Jersey Supreme Court webcasts its oral arguments and
maintains a copy of the webcast for thirty days. Rutgers University
maintains an archive of Supreme Court Oral Argument webcasts.

Authority: Canon 3A(9), Code of Judicial Conduct; Supreme Court
Guidelines for Still and Television Camera and Audio Coverage of
Proceedings in the Courts of New Jersey.

# New Mexico

Electronic coverage of proceedings in the state's appellate and trial courts
is permitted, although the judge may limit or deny coverage for good
cause. The judge also has wide discretion to exclude coverage of certain

types of witnesses, including, but not limited to, the victims of sex crimes and their families, police informants, undercover agents, relocated witnesses and juveniles. Filming of the jury or any juror is prohibited, as is filming of jury selection. Coverage of any attorney-client or attorney-court conferences is prohibited. Those wishing to cover a proceeding must notify the clerk of the particular court at least 24 hours in advance of the proceeding. Only one television camera and two still photographers, each with one camera are allowed in the courtroom at any one time, and any pooling arrangements are the responsibility of the media.

Authority: Rule 23-107, New Mexico Supreme Court General Rules.

# New York

Electronic photographic recording of proceedings in appellate courts is permitted, subject to the approval of the respective appellate court. Consent to coverage by parties or the attorneys is not required and any objections by attorneys or parties are limited to those showing good cause. Only two television cameras and two still photographers are allowed in the courtroom at any one time, and coverage is subject to various other technical conditions concerning media equipment.

Section 52 of the Civil Rights Law ("Section 52") imposes a per se ban on all televising of trial court proceedings, no matter what the circumstances of the case or the assessment of the presiding judge.  The statute became effective on July 1, 1997, when Section 218 of the Judiciary Law ("Section 218") expired by operation of law.  For all but one of the prior ten years, Section 218 had allowed, subject to specific limits in certain types of cases and with respect to certain trial participants, the televising of trials in New York State.  In 1997, the Legislature failed to renew Section 218, resulting in the re-imposition of Section 52, and thus barring extended coverage of trial proceedings. In response to the per se ban, a number of trial judges ruled Section 52 unconstitutional and permitted camera coverage.  On June 16, 2005, however, the New York Court of Appeals effectively ended the debate by affirming a lower court's holding that Section 52 is constitutional.  Unless the Legislature enacts a statute overruling the Court of Appeals, cameras will not be allowed in trial court proceedings for the foreseeable future.

Authority: Courtroom Tel. Network, LLC v. New York;  New York Civil Rights Law § 52 (trial court); 22 NYCRR §§ 29.1-29.2 (appellate court); NY CLS Standards & Administrative Policies § 131.

# North Carolina

The rules for coverage require that the equipment and personnel used in coverage be neither seen nor heard by anyone inside the courtroom and that all personnel and equipment be located in an area set apart by a booth or partition with appropriate openings to allow photographic coverage. The presiding trial judge may permit coverage without booths, however, if coverage would not disrupt the proceedings or distract the jurors. The Chief Justice of the Supreme Court and the Chief Judge of the

Court of Appeals may waive the booth requirements in proceedings in these courts. Hand-held audio tape recorders may be used upon prior notification to, and with the approval of, the presiding judge.

The rules do not require the consents of participants, but prohibit coverage of jurors. In addition, coverage of certain types of proceedings, such as adoption, divorce, juvenile proceedings, and trade secrets cases, is prohibited. Coverage of certain types of witnesses, such as police informants, undercover agents, victims of sex crimes and their families, and minor witnesses is also not permitted. Only two television cameras and one still photographer are allowed in the courtroom at any one time, and the media are responsible for any pooling arrangements.

Authority: Rule 15, General Rules of Practice for the Superior and District Courts of North Carolina, North Carolina Rules of Court.

# North Dakota

Extended media coverage is authorized in all courts. The judge may deny media coverage of any proceeding or portion of a proceeding in which the judge determines that media coverage would materially interfere with a party's right to a fair trial or when a witness or party objects and shows good cause why expanded coverage should not be permitted. The judge may also deny coverage if the coverage would include testimony of an adult victim or witness in sex offense prosecutions; or would include a juvenile victim or witness in proceedings in which illegal sexual activity is an element of the evidence; or coverage would include undercover or relocated witnesses.

Coverage of proceedings held in chambers, proceedings closed to the public, and jury selection is prohibited. Conferences between an attorney and client, witness or aide, between attorneys, or between counsel and the bench may not be recorded or received by sound equipment. Further, close up photography of jurors is also prohibited.

Requests for expanded media coverage of the Supreme Court must be made at least seventy-two hours before the proceeding and must be made by regular mail and, if possible, by facsimile with copies to counsel of record.

Requests for expanded media coverage of trial court proceedings must be made to the presiding judge at least seven days before the proceeding. Notice of the request must be given to all counsel of record and any pro se parties. The notice must be in writing and filed with proof of service with the clerk of the appropriate court.

Authority: Administrative Rule 21, North Dakota Court Rules.

# Ohio

Rule 12 of the Rules of Superintendence for the Courts of Ohio requires judges to permit coverage of proceedings that are open to the public,

subject to certain exceptions.

At the trial level, coverage of objecting witnesses and victims is prohibited. The judge is also required to inform victims and witnesses of their right to object to coverage. Requests for coverage must be submitted to the presiding judge, as the consent of the judge is required for coverage to take place. Only one still photographer and one television camera are permitted in the courtroom, unless the judge grants permission to use additional cameras. Coverage of attorney-client conferences and any bench conferences is prohibited. In addition to these rules, local courts may impose additional obligations and requirement for extended coverage.

Authority: Rule 12, Rules of Superintendence for the Courts of Ohio.

# Oklahoma

Trial and appellate coverage is permitted, but express permission of the judge is required. Coverage of objecting witnesses, jurors, or parties is not permitted in either criminal or civil proceedings. Moreover, no coverage is allowed in criminal trials without the express consent of all accused persons.

Authority: Title 5, Oklahoma Statutes, Chapter 1, Appendix 4, Canon 3B (9).

# Oregon

In the appellate courts, broad discretion to permit or deny coverage is vested in the judge, who may deny coverage to "control the conduct of the proceedings before the court, insure decorum and prevent distractions, and insure the fair administration of justice in proceedings before the court." Only one television camera and one still photographer are allowed in the courtroom at any one time, and any pooling arrangements are the responsibility of the media.

At the trial court level, coverage is allowed, but a judge may deny coverage if there is a "reasonable likelihood" that the coverage would interfere with the rights of the parties to a fair trial, would affect the presentation of evidence or the outcome of the trial, or if "any cost or increased burden resulting" from the coverage would interfere with the "efficient administration of justice." Coverage of dissolution, juvenile, paternity, adoption, custody, visitation, support, mental commitment, trade secrets, and abuse, restraining and stalking order proceedings is prohibited. Also, coverage of sex offense proceedings will be prohibited at the victim's request. Upon request, those covering a proceeding must provide a copy of the coverage to the court and "any other person, if the requestor pays actual copying expense."

Authority: Rule 8.35, Rules of Appellate Procedure; Rule 3.180 Uniform Trial Court Rules, Oregon Rules of Court.

# Pennsylvania

Photography or broadcasting of judicial proceedings is generally prohibited in both civil and criminal trials. Canon 3A(7) does, however, permit judges to authorize media coverage of non-jury civil proceedings. Coverage of support, custody, and divorce proceedings is prohibited. A judge may only authorize coverage with the consent of the parties. Additionally, coverage of objecting witnesses is prohibited. Media wishing to seek permission to cover a proceeding should speak in advance with the courtroom tipstaff, as the presiding judge must expressly authorize coverage.

Coverage is prohibited in proceedings before District Justices.

Local rules may vary.

Authority: Canon 3A(7), Code of Judicial Conduct; Rule 112, Pennsylvania Rules of Criminal Procedure; Rule 223, Pennsylvania Rules of Civil Procedure (Official Note); Rule 7, Rules of Conduct, Offices Standards and Civil Procedure for District Justices.

# Rhode Island

Extended coverage is prohibited in all trial-level criminal proceedings. At the appellate level and in civil proceedings, the judges have "sole discretion" to "entirely exclude media coverage of any proceeding or trial over which he or she presides." Exclusion by the trial court may also be *based on a party's request* for non-coverage. Coverage of juvenile, adoption or any other matters in the Family Court "in which juveniles are significant participants" is prohibited. Coverage of hearings that take place outside of the jury's presence (e.g., hearings regarding motion to suppress evidence) is not permitted. After the jury has been impaneled, individual jurors may be photographed, with their consent. Where photographing of the jury is unavoidable, close-ups that clearly identify individual jurors are not permitted.

Only one television camera and one still photographer, using not more than two cameras, are allowed in the courtroom, and the media must arrange for any pooling arrangements.

Authority: Article VII, Rhode Island Supreme Court Rules, Rhode Island Court Rules Annotated; Rule 53, Rhode Island Superior Court Rules of Criminal Procedure (2005).

# South Carolina

Extended media coverage is permitted. Those wishing to cover a proceeding must give the presiding judge "reasonable notice" of the

request for coverage, and the judge may request a written notice. The judge may also refuse, limit or terminate media coverage of an entire case, portions thereof, or testimony of particular witnesses. Coverage of prospective jurors is prohibited and members of the jury may not be photographed except when they happen to be in the background of other subjects being photographed. Two television cameras and two still-photographers are allowed in the courtroom at one time, and the media are responsible for any pooling arrangements. Media personnel's equipment and clothing must not "bear the insignia or marking of any media agency," and the cameraperson must wear "appropriate business attire."

Authority: Rule 605, South Carolina Appellate Court Rules, South Carolina Rules of Court.

# South Dakota

Extended coverage of trial and intermediate appellate court proceedings is prohibited.  Expanded media coverage of Supreme Court proceedings is permitted.  Under Rule 15-24-6, public appellate proceedings are presumed open, but parties may file an objection to such coverage 10 days prior. The rule provides that media coverage may not be limited unless it is shown that such coverage would materially interfere with the rights of the parties or the administration of justice.

Authority: Canon 3B(12), South Dakota Code of Judicial Conduct, S.D. Codified Laws, § 15-24-6.

# Tennessee

Extended coverage is permitted in all courts. Requests for coverage must be made in writing to the presiding judge not less than two business days before the proceeding. Coverage of a witness, party or victim who is a minor is prohibited except when a minor is being tried for a criminal offense as an adult. Coverage of the jury selection and the jurors during the proceeding is also prohibited.

In juvenile court proceedings, the court will notify parties and their counsel that a request for coverage has been made and prior to the beginning of the proceedings, the court will advise the accused, the parties and the witnesses of their right to object. Objections by a witness in a juvenile case will limit coverage of that witness. Objections to coverage by the accused in a juvenile criminal case or any party in a juvenile civil action will prohibit coverage of the entire proceeding.

Only two television cameras and two still photographers, using not more than two cameras each, are allowed in the courtroom at one time. The media are responsible for any pooling arrangements.

Appellate review of a presiding judge's decision to terminate, suspend, limit, or exclude media coverage shall be in accordance with Rule 10 of the Tennessee Rules of Appellate Procedure.

Authority: Rule 30, Rules of the Tennessee Supreme Court.

---

# Texas

Rule 18c, Texas Rules of Civil Procedure, and Rule 14, Texas Rules of Appellate Procedure, provide for the recording and broadcasting of civil court proceedings.

Rule 18c allows television, radio and photographic coverage with the consent of the trial judge, the parties and each witness to be covered. Coverage also may not "unduly distract participants or impair the dignity of the proceedings."

Rule 14 technically permits coverage of civil and criminal appellate proceedings. Requests for coverage at the appellate level must be filed five days prior to the proceeding, and coverage may be subject to other limitations imposed by the presiding judge(s). Those seeking coverage at the trial level should check with the local court, as the Supreme Court has approved local rules submitted by counties and cities in the state to allow coverage of trial proceedings and will continue to do so.

Authority: Rule 18c, Rules of Civil Procedure; Rule 14, Rules of Appellate Procedure.

---

# Utah

Under Rule 4-401, filming, video recording and audio recording of appellate proceedings is permitted to preserve the record and as permitted by procedures of those courts, but is prohibited in trial proceedings except to preserve the record. Still photography of trial and appellate proceedings is permitted at the discretion of the presiding judge. Requests for still photography coverage should be made at least 24 hours prior to the proceeding but will be considered less than 24 hours ahead for good cause.

Authority: Rule 4-401, Utah Code of Judicial Administration.

---

# Vermont

Extended media coverage of Supreme Court proceedings is permitted without the consent of the full court, but the Chief Justice has discretion to prohibit coverage. Audio recording of conferences between members of the Court, between co-counsel or between counsel and client is prohibited. Only two television cameras, each operated by one cameraperson, and one still photographer, using not more than two cameras, are permitted in the Supreme Court at any one time.

At the trial level, coverage is permitted in the courtroom and in

immediately adjacent areas that are generally open to the public. Consent of parties and witnesses is not required, but the trial judge has discretion to prohibit, terminate, limit or postpone coverage on the judge's own motion or on a motion of a party or request of a witness.

Coverage of jurors is prohibited, except in the background when courtroom coverage would be otherwise impossible. While the rules do not ban coverage of specific types of cases, the reporter's note accompanying the rule suggests that coverage of sex offense, domestic relations, trade secret cases or offenses in which the victim is a minor may be inappropriate. This issue is left to the discretion of the trial judge to evaluate on a case-by-case basis. No proceeding that is closed to the public, by statute, may be covered. Only one television camera, operated by one cameraperson, and one still photographer, using not more than two cameras, are permitted in the courtroom at any one time. The media are responsible for any pooling arrangements.

Authority: Vermont Rules: Rule 35, Vermont Rules of Appellate Procedure; Rule 53, Vermont Rules of Criminal Procedure; Rules 79.2 & 79.3, Vermont Rules of Civil Procedure; 79.2, Rules of Probate Procedure.

# Virginia

Extended media coverage of both trial and appellate proceedings is permitted in the sole discretion of the trial judge. Coverage of jurors as well as certain kinds of witnesses (police informants, minors, undercover agents and victims and families of victims of sexual offenses) is prohibited. Media coverage of adoption, juvenile, child custody, divorce, spousal support, sexual offense, trade secret and in camera proceedings and hearings on motions to suppress evidence is prohibited as well. Not more than two television cameras and one still photographer (using no more than two cameras) are allowed in the courtroom at any one time, and the media are responsible for any pooling arrangements.

Authority: Va. Code Ann. § 19.2-266.

# Washington

The Courts of Washington permit extended media coverage of trial and appellate courtroom proceedings. The presiding judge may place conditions on the coverage, and the judge must expressly grant permission and ensure that the media personnel will not distract participants or impair the dignity of the proceedings. If a judge finds that media coverage should be limited, he or she must make, on the record, particularized findings that relate to specific circumstances of the proceeding.  Judges may not rely on "generalized views" to limit media coverage.

Authority: Rule 16, General Rules, Washington Court Rules.

# West Virginia

Under the current Code of Judicial Conduct, Canon 3B(12) permits coverage under the guidelines approved by the West Virginia Supreme Court of Appeals. At the trial court level, requests for media coverage must be made at least one day in advance of the proceeding. The presiding judge may sustain or deny objections made by parties, witnesses and counsel to the coverage of any portion of a proceeding. Audio coverage of attorney-client meeting or any other conferences conducted between and among attorneys, clients, or the presiding judge is prohibited. Coverage that shows the face of any juror or makes the identity of any juror discernible is prohibited without juror approval. Only one television camera and one still photographer are allowed in the courtroom at any one time, and the media are responsible for any pooling arrangements.

Authority: Canon 3B(12), West Virginia Code of Judicial Conduct; Rules Governing Camera Coverage of Courtroom Proceedings, West Virginia Code Annotated; Rule 8, West Virginia Trial Court Rules.

# Wisconsin

Extended coverage is permitted, but the presiding judge retains the authority to determine whether coverage should occur and, upon a finding of cause, to prohibit coverage. The trial judge retains the power, authority and responsibility to control the conduct of proceedings, including the authority over the inclusion or exclusion of the media and the public at particular proceedings or during the testimony of particular witnesses under the experimental and permanent guidelines. A presumption of validity attends objections to coverage of participants in cases involving the victims of crimes (including sex crimes), police informants, undercover agents, juveniles, relocated witnesses, divorce, trade secrets, and motions to suppress evidence. An individual juror may be photographed only after his or her consent has been obtained. Photographs of the jury are permitted in courtrooms where the jury is part of the unavoidable background, but close-ups, which enable jurors to be clearly identified, are prohibited. Audio coverage of conferences between an attorney and a client, co-counsel, or attorneys and the trial judge is also prohibited. Three television cameras and three still photographers, using not more than 2 cameras each, are allowed in the courtroom to cover a proceeding. Disputes regarding a court's application of Chapter 61 are treated as administrative matters, which may not be appealed.

Authority: Chapter 61, Wisconsin Supreme Court Rules.

# Wyoming

Extended media coverage is allowed in at both the appellate and trial court levels. A request for media coverage must be submitted 24 hours or more prior to the proceedings.  The media may not make any close-up photography or visual recording of the members of the jury, nor may it make an audio recording of conferences between attorney and client or

A Serious Threat to Newsgathering

between counsel and the presiding judge.  Additionally, equipment may not be moved during a proceeding.  The trial judge has broad discretion in deciding whether there is cause for prohibition of coverage.  Requests to limit media coverage enjoy a presumption of validity in cases involving the victims of crimes, confidential informants, and undercover agents, as well as in evidentiary suppression hearings.

Authority: Rule 804, Uniform Rules of the District Courts of the State of Wyoming; Rule 53, Wyoming Rules of Criminal Procedure.

Last updated: 10:57 AM 7/27/2005, courtesy of Matthew Gibson for Kathleen Kirby.