Case 4:04-cv-02688-JEJ   Document 168   Filed 09/07/05   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER, et al., | : | Case No. 04cv2688 |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| DOVER AREA SCHOOL DISTRICT, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**September 7, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Intervene ("the Motion") (doc. 141) filed by the Courtroom Television Network LLC ("Court TV" or "Applicant") on September 2, 2005. We will deny the Motion for the reasons that follow.

**FACTUAL AND PROCEDURAL BACKGROUND:**

The procedural chronology of this case has been set forth in prior orders and is well known to the parties. The following brief recitation of that history is sufficient for purposes of this Court's review of the pending Motion.

On December 14, 2004, Plaintiffs filed a complaint against Defendants, Dover Area School District and Dover Area School District Board of Directors

(collectively "Defendants" or "DASD"), in the United States District Court for the

Middle District of Pennsylvania.  (See Rec. Doc. 1).  On January 6, 2005,

Defendants filed an answer in the above-captioned case.

In their complaint, Plaintiffs assert that Defendants' October 18, 2004

resolution and November 19, 2004 press release (collectively, "the Policy")

facially and as applied violate the Establishment Clause of the First Amendment to

the United States Constitution.  (See Cmplt. at Count One).  In addition, Plaintiffs

state that Defendants' Policy violates Art. 1, § 3 and Art. III, §§ 15 & 29 of the

Pennsylvania Constitution facially and as applied.  See id. at Count Two.

In its submissions to the Court, the Applicant describes itself as a national

cable news network dedicated to comprehensive reporting on the legal and judicial

systems of the United States, the fifty states, and the District of Columbia.  In

addition, the Applicant asserts that since its creation in 1991, its cornerstone has

been televising civil and criminal trials as they occur in countries around the world.

On September 2, 2005, Court TV filed the instant Motion pursuant to

Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 24(b).[1]  The Motion is ripe for

---

[1] Counsel for Court TV contacted both parties regarding their position on the instant Motion.  Plaintiffs' counsel takes no position on the Motion and defers to the Court's judgment on this issue.  Counsel for the Defendants do not oppose the Motion at issue.  (Mot. Intervene at 3).

disposition.

**DISCUSSION:**

As we previously indicated, Court TV filed the Motion pursuant to Fed.R.Civ.P. 24(b) for the limited purpose of seeking leave to record and telecast the trial proceedings in this action. In support of its Motion, the Applicant raises issues including the public interest, public policy, such as the education of children, the role of religion in public education, and the origins of life, all in support of limited intervention to telecast the trial proceedings in the case sub judice. Court TV asserts that no prurient interests would be advanced by televised coverage and that there are no privacy concerns, nor a jury to protect. To the contrary, Court TV maintains in its submissions that this case is a defining example of the kind of judicial proceeding in which the gravity of its actual implications for the public matches the public's fervent interest in the proceeding itself.

We will initially discuss the concept of permissive intervention under Fed.R.Civ.P. 24(b), pursuant to which Court TV seeks to intervene in this matter. Federal Rule 24(b) provides, in pertinent part, as follows:

> **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b). Whether to grant permissive intervention is within the Court's discretion, but in making this determination, courts consider whether the proposed intervenors will add anything to the litigation. Kitzmiller, No. 04-CV-2688, 2005 WL 578974, at *6; see also Hoots v. Pennsylvania, 672 F.2d 1133, 1136 (3d Cir. 1982).

     Court TV thus maintains that Fed.R.Civ.P. 24(b)(2) provides the appropriate means for it to bring this matter before the Court and to thereby request permission to televise the trial proceedings. However, it is unnecessary for us to resolve the issue of whether Fed.R.Civ.P. 24(b)(2) is the appropriate procedural vehicle, since after a careful review of the Guide to Judiciary Polices and Procedures ("the Guide"), the United States District Court for the Middle District of Pennsylvania Local Rules of Court ("Local Rules"), applicable case law, and upon consideration by the Court, we have determined that we cannot grant the relief sought by Court TV. Assuming, arguendo, that we allowed the requested intervention, we would nonetheless arrive at the conclusion that televising the proceedings in the fashion

sought by Court TV is prohibited. Accordingly, our brief analysis will focus upon the substantive question of whether cameras are allowed in a federal courtroom under the circumstances presented in this case, and as noted it will therefore not be necessary for us to resolve the procedural question involving permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2).

First, the Guide is the official medium by which direction as to courtroom procedures and other information are provided to the Federal Judiciary in support of its day-to-day operations. The Guide also codifies policies which are promulgated by Director of the Administrative Office ("AO") and approved by the Judicial Conference of the United States. Within the Guide is a policy issued at the direction of the Judicial Conference of the United States and applicable to all United States district and appellate courts on the subjects of broadcasting, televising, recording, or taking photographs in a courtroom. Pursuant to the said policy, a judge may authorize broadcasting, televising, recording, or taking photographs in the courtroom and in adjacent areas during investitive, naturalization, or other ceremonial proceedings. A judge may authorize such activities in the courtroom or adjacent areas during other proceedings, or recesses between such other proceedings, only:

    (a)    for the presentation of evidence;

>  (b)     for the perpetuation of the record of the proceedings;
>
>  (c)     for security purposes;
>
>  (d)     for other purposes of judicial administration; or
>
>  (e)     for the photographing, recording, or broadcasting of appellate arguments.

Guide to Judiciary Polices and Procedures: General Management and Administration, Cameras in the Courtroom, ¶ 3(2002). Moreover, except with respect to ceremonial proceedings and appellate proceedings, the above-referenced policy does not authorize the contemporaneous photographing, recording, or broadcasting or proceedings from the courtroom to the public beyond the courthouse walls. Id. at ¶ 4. Therefore, the policy delineated by the Federal Judicial Conference concerning cameras in the courtroom mandates that except in connection with the above enumerated exceptions, which are not at issue in this case, no audio or video taping in the courtroom is permitted for the purpose of subsequent public dissemination.

In addition, Local Rule 83.1.1 addresses broadcasting in judicial proceedings and states, in relevant part, as follows:

> The taking of photographs in the courtroom or its environs, or radio or television broadcasting from the courtroom or its environs, or taping or recording or its environs during the progress of and in connection with judicial proceedings, including proceedings before a United States Magistrate Judge, whether or not court is actually in session, is

>prohibited.  Environs of the courtroom shall include the entire floor on which is located any courtroom, grand jury room, marshal's office, clerk's office, or office of the United States Attorney, or any lock-up, and the corridor or lobby on the main floor or street floor constituting an entrance area to the building in which is located any elevator door for elevators leading from such entrance areas of the building to any such floor.  The court may make such orders as may be necessary in connection with any specific case to protect the rights of all parties and the public.

L.R. 83.1.1.[2]  The aforementioned local rule therefore does not permit the taking of photographs, radio or television broadcasting, or taping or recording in the courtroom or its environs.

Finally, we will not gainsay Court TV's assertions regarding the considerable public interest at issue in this case.  To that end, we resolved that we should engage in a substantive, merits analysis regarding the presence of cameras in a federal courtroom as that issue relates to this case.  Simply stated however, the cited portion of the Guide, together with our Local Rules, direct us that the well-settled policy of the Federal Judicial Conference, and the clear practice within the Middle District of Pennsylvania, is not to allow telecasts in the fashion sought by Court TV, even if we were philosophically inclined to allow cameras within our

---

[2] We note that Local Rule 83.1.2 permits ceremonial proceedings, which are not at issue in this case, to be broadcast, photographed, televised, or recorded "under such conditions as the judge may prescribe."  L.R. 83.1.2.

7

courtroom.[3] It is our considered view that we should neither derogate from the clear policy mandate of the Federal Judicial Conference, nor should we abrogate Local Rule 83.1.1.

Accordingly, for the reasons cited herein, we hold that televising the proceedings in the fashion sought by Court TV shall not be permitted in this case. Court TV's Motion to Intervene is therefore denied, and accordingly its request for oral argument on the instant Motion (doc. 144) is denied as moot.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Motion to Intervene (doc. 141) filed by the Courtroom Television Network LLC is DENIED.

2. The Request of Courtroom Television Network LLC for Oral Argument (doc. 144) is DENIED as moot.

s/ John E. Jones III
John E. Jones III
United States District Judge

---

[3] The issue of whether courtroom proceedings should be televised has been the subject of extensive debate. While many state and local courts allow the practice, the Federal Judiciary does not. We will leave the discussion as to whether that is a prudent course to others, Court TV's public policy arguments notwithstanding.