IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al., | : Case No. 04cv2688 |
| Plaintiffs | : |
| v. | : Judge Jones |
| DOVER AREA SCHOOL DISTRICT, et al., | : |
| Defendants. | : |

FILED
WILLIAMSPORT, PA

**MEMORANDUM AND ORDER**

**September 12, 2005**

SEP 1 2 2005

MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Reconsideration of the Court's September 7, 2005 Order ("the Motion") (doc. 174) filed by Courtroom Television Network LLC ("Court TV"), on September 9, 2005. The Motion shall be denied.

**STANDARD OF REVIEW:**

Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood

1

Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). Accordingly, as the Third Circuit Court of Appeals has explained, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)(internal citations omitted).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, 2001 WL 1609761, at *9 (E.D. Pa. 2001)(citations and internal quotation marks omitted); see also Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002).

**DISCUSSION:**

In the Motion, Court TV respectfully requests the following: "that the Court reconsider its denial of Court TV's motion to intervene; permit Court TV to intervene and deem filed its unopposed motion to record and telecast; on the basis of a full record, reconsider its conclusion that it does not have the power to grant

2

the motion to record and telecast; and grant the motion to record and telecast the trial of this matter." (Court TV's Br. Supp. Mot. Reconsid. at 13).

After a careful review of Court TV's Motion and accompanying submissions, we do not find that Court TV has demonstrated any one of the following necessary to alter or amend our September 7, 2005 Order: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. North River Ins. Co., 52 F.3d at 1218.

Accordingly, Court TV's Motion for Reconsideration of the Court's September 7, 2005 Order is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Court TV's Motion for Reconsideration of the Court's September 7, 2005 Order (doc. 174) is DENIED.

John E. Jones III
United States District Judge