IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al., | Case No. 04cv2688 |
| Plaintiffs | |
| v. | Judge Jones |
| DOVER AREA SCHOOL DISTRICT, et al., | |
| Defendants. | |

FILED
WILLIAMSPORT, PA
SEP 1 2 2005
MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

**MEMORANDUM AND ORDER**

**September 12, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Reconsideration of the Court's August 2, 2005 Order ("the Motion") (doc. 125) filed by the Non-Party Subpoenaed Witnesses, Joseph Maldonado ("Maldonado") and Heidi Bernhard-Bubb ("Bernhard-Bubb") (collectively "the Reporters"), on August 11, 2005.

For the reasons that follow, the Motion will be granted in part and denied in part.

**STANDARD OF REVIEW:**

Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New

1

England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). Accordingly, as the Third Circuit Court of Appeals has explained, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)(internal citations omitted).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, 2001 WL 1609761, at *9 (E.D. Pa. 2001)(citations and internal quotation marks omitted); see also Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002).

The Reporters filed the instant Motion on August 11, 2005 and it has been fully briefed by the parties. The Court also conducted a telephonic conference

2

with counsel for the Reporters and the parties on August 17, 2005 regarding the Motion. The matter is therefore ripe for disposition.

## DISCUSSION:

As the factual and procedural history are both well known to the Reporters and stated in our prior orders, we need not repeat them here other than to note the disposition of our August 2, 2005 Order which forms the basis for the Reporter's instant Motion. (See Rec. Doc. 115).

In our August 2, 2005 Order, we granted in part and denied in part Defendants' Motion to Quash Subpoena or For Protective Order and Defendants' Motion to Compel Non-Parties to Comply with Subpoenas. In that regard, we stated that the Reporters may be deposed with regard to what they perceived, saw, and heard at Dover Area School District public meetings; however, we limited the subject depositions to the extent that the Reporters were not to be questioned concerning any confidential sources. With regard to the production of documents, we determined that the requested e-mails were not relevant to this case and that the Reporter's Privilege applied to the balance of the documents requested by Defendants in the respective subpoenas. We denied both the Reporters' Motion to Quash Subpoena or For Protective Order and Defendants' Motion to Compel Non-Parties to Comply with Subpoenas in all other respects.

In the Motion, the Reporters assert that we properly determined that the documents reviewed in camera were not subject to discovery and did not have to be produced pursuant to the Reporter's Privilege. The Motion pertains solely to the portion of the Court's August 2, 2005 Order allowing the Reporters to be deposed regarding what they perceived, saw, and heard at Dover Area School District public meetings. The Reporters assert that existing case law in the Third Circuit and other circuits relative to the applicability of the Reporter's Privilege demonstrate that their previously filed Motion to Quash should have been granted. Alternatively, should this Court not grant the Reporter's Motion to Quash, the Reporters respectfully request that the Court modify or amend paragraph 1(a) of our August 2, 2005 Order to limit the Reporter's testimony solely for purposes of verifying the accuracy of the statements published in the relevant articles, which would be limited to the four corners of the Affidavits previously submitted, and to what the Reporters said and heard. "This would exclude any testimony as to what the correspondents 'perceived.'" (Reporters' Br. Supp. Mot. Reconsid. at 13-15). The Reporters also request that they be characterized as "reporters" and not as "fact witnesses." (Reporters' Reply Br. at 10).

After a careful review of the submissions, it is clear to the Court that Reporters' counsel reads into the perhaps unfortunate use of the word "perceived"

in our August 2, 2005 Order that it would allow deposition questions involving the Reporters' thought processes, mental impressions, bias, and information extrinsic to what the Reporters saw and heard at the Dover Area School Board meetings. While we recognize that counsel is acting out of an abundance of caution by placing this Motion before the Court, the Reporters' inference as to the meaning of "perceived" is incorrect.

It is incumbent upon us to clarify for the Reporters and the parties the import of our August 2, 2005 Order. We will endeavor to do so in the following manner. First, we will grant the Motion to the extent that the problematic word "perceived" shall be deleted from our Order. Next, we will assert that regardless of the verbiage within our August 2, 2005 Order, or as set forth in the Order which follows, it is our intention that an examination of the Reporters' motivation(s), bias, mental impressions, or other inquiry which involves matter extrinsic to what the Reporters saw and heard at the Dover Area School District public meetings, shall **not** be permitted. The Reporters may be deposed strictly with regard to what they **saw** and **heard** at the public Board meetings.

We will conclude by noting once again that our resolution of this matter is an attempt to recognize that because the Reporters have been listed as fact witnesses by Plaintiffs, barring any pre-trial examination of them by Defendants

would in our view clearly be inappropriate. However, and contrary to what Defendants have asserted, we believe that the relatively unfettered questioning of fact witnesses which would normally be allowed in discovery must here be tempered in recognition of the Reporter's Privilege. The rationale as set forth in our August 2, 2005 rendering, and this clarification, represent what we believe to be the most fair and equitable reconciliation of the inherent tension which arises when the Privilege is asserted in order to either truncate or fully bar discovery depositions of disclosed fact witnesses who are also reporters. We also remind counsel that to the extent that questions concerning the import or interpretation of this Order arise during the depositions which follow, we will be available on an emergent basis to provide additional guidance, in particular due to the proximity of the trial, which is scheduled to commence on September 26, 2005.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Motion to Reconsider the Court's August 2, 2005 Order (doc. 125) is granted in part and denied in part to the following extent. The reasoning and analysis set forth in our August 2, 2005 Memorandum and Order remains in effect so far as it is not inconsistent with this Memorandum and Order. The Court's August 2, 2005 Order is hereby stricken and replaced with this Order that follows.

2. The Reporters' Motion to Quash Subpoena or For Protective Order (doc. 80) and Defendants' Motion to Compel Non-Parties to Comply with Subpoenas (doc. 85) are granted in part and denied in part to the following extent:

    a. Maldonado and Bernhard-Bubb may be deposed with regard strictly to what they **saw** and **heard** at Dover Area School District public meetings; however, the subject depositions are limited in that the Reporters may not be questioned concerning any confidential sources. An examination of the Reporters' motivation(s), bias, mental impressions, or other information extrinsic to what the Reporters saw and heard at the Dover Area School Board meetings is *not* permitted within the subject depositions.

    b. With regard to the production of documents, the requested e-mails at issue are not relevant to this case and the Reporter's Privilege applies to the balance of the documents requested by Defendants in the respective subpoenas.

    c. The Reporters' Motion to Quash Subpoena or For Protective Order (doc. 80) is denied in all other respects.

  d. Defendants' Motion to Compel Non-Parties to Comply with Subpoenas (doc. 85) is denied in all other respects.

              _____
              John E. Jones III
              United States District Judge