IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER, et al. | : | Case No. 04cv2688 |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Judge Jones |
| | : | |
| DOVER AREA SCHOOL DISTRICT, et al.,: | | |
| | : | |
| Defendants. | : | |

# MEMORANDUM AND ORDER

## September 13, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Summary Judgment ("the Motion") (doc. 104) filed by Defendants on July 13, 2005. We will deny the Motion for the reasons that follow.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

The factual background and procedural chronology of this case has been set forth in prior orders and is well known to the parties. The following brief recitation of that history is sufficient for purposes of the Court's review of the pending Motion.

On December 14, 2004, Plaintiffs filed a complaint against Defendants,

Dover Area School District and Dover Area School District Board of Directors (collectively "Defendants" or "DASD"), in the United States District Court for the Middle District of Pennsylvania.  (See Rec. Doc. 1).  On January 6, 2005, Defendants filed an answer in the above-captioned case.

In the complaint, Plaintiffs assert that Defendants' October 18, 2004 resolution and November 19, 2004 press release (collectively, "the Policy") facially and as applied violate the Establishment Clause of the First Amendment to the United States Constitution.  (See Compl. at Count One).  In addition, Plaintiffs state that Defendants' Policy violates Art. 1, § 3 and Art. III, §§ 15 & 29 of the Pennsylvania Constitution facially and as applied.  See id. at Count Two.

On July 13, 2005 Defendants filed the instant Motion which has been briefed by the parties.  On September 9, 2005 the Court heard argument with respect to the Motion.  The matter is therefore ripe for disposition.

**STANDARD OF REVIEW:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV. P.  56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial."  Young v. Quinlan, 960 F.2d 351, 357

(3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511

(3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true."  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to materiality, the substantive law will identify which facts are material."  Id. at 248.  A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

**DISCUSSION:**

We initially note that we will, where necessary, view the facts and all inferences to be drawn therefrom, in the light most favorable to the nonmoving party, Plaintiffs, in our analysis of the pending Motion.

In the Motion, Defendants argue that the DASD's modest curriculum change does not violate the Constitution.  In addition, Defendants assert that critically evaluating the theory of evolution, mentioning "intelligent design" in a ninth-grade

biology class, and referring students to a book in the library on the subject of intelligent design do not violate the Establishment Clause.  "The curriculum change at issue advances many secular educational purposes, and, given the undisputed fact that <u>only</u> the Darwinian theory of evolution will actually be taught in the ninth-grade biology class pursuant to Pennsylvania's academic standards, DASD's selection and purpose of *Biology* as its primary science text, and DASD's unequivocal statement and disclaimer that intelligent design, creationism, or religion will not be taught in this class, its principal or primary effect neither advances nor inhibits religion."  (Defs.' Br. Supp. Mot. Summ. J. at 21-22).  Accordingly, Defendants contend that Plaintiffs' claims fail as a matter of law.

We initially note that the Establishment Clause of the First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  U.S. Const. amend. I.  As Defendants submit, the prohibition against the establishment of religion applies to the states through the Fourteenth Amendment.  <u>Selman v. Cobb County Sch. Dist.</u>, 2005 WL 82829, at *10 (N.D. Ga. Jan. 13, 2005) (internal citations omitted); <u>see</u> <u>also</u> <u>Wallace v. Jaffree</u>, 472 U.S. 38, 49-50 (1985).

In their submissions to the Court, both parties concede that the applicable test to ascertain whether the challenged Policy is unconstitutional under the First

Amendment is that of Lemon v. Kurtzman, 403 U.S. 602 (1971) ("Lemon test"). See Edwards v. Aguillard, 482 U.S. 578 (1987) (applying Lemon test to strike down Louisiana's "Creationism Act"); see also Epperson v. Arkansas, 393 U.S. 97 (1968) (considering the purpose and the primary effect of an Arkansas statute forbidding the teaching of evolution in public schools). As articulated by the Supreme Court, under the Lemon test, a government-sponsored message violates the Establishment Clause of the First Amendment if: (1) it does not have a secular purpose; (2) its principal or primary effect advances or inhibits religion; or (3) it creates an excessive entanglement of the government with religion. Lemon, 403 U.S. at 612-13. As the Lemon test is disjunctive, either an improper purpose or an improper effect renders the Policy invalid under the Establishment Clause.[1]

After a careful review of the record and viewing the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party, as we must at this juncture, we hold that genuine issues of material fact exist regarding whether the challenged Policy has a secular purpose and whether the Policy's principal or primary effect advances or inhibits religion, despite Defendants'

---

[1] Plaintiffs state in their brief in opposition to the Motion that they do not claim that the Policy creates entanglement problems. Accordingly, Plaintiffs argue that the Policy is violative of the first two prongs of the Lemon test, the purpose and effects prongs. (Pls.' Br. Opp. Defs.' Mot. Summ. J. at 24).

arguments to the contrary. Accordingly, summary judgment is not warranted and Defendants' Motion shall be denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' Motion for Summary Judgment (doc. 104) is **DENIED**.

                                        s/ John E. Jones III
                                        John E. Jones III
                                        United States District Judge