IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY KITZMILLER; BRYAN AND
CHRISTY REHM; DEBORAH
FENIMORE AND JOEL LIEB; STEVEN
STOUGH; BETH EVELAND; CYNTHIA
SNEATH; JULIE SMITH; AND ARALENE
("BARRIE") D. AND FREDERICK B.
CALLAHAN,

        Plaintiffs,

        v.

DOVER AREA SCHOOL DISTRICT;
DOVER AREA SCHOOL DISTRICT
BOARD OF DIRECTORS,

        Defendants.

Civil Action No. 04-CV-2688

Honorable John E. Jones III

## ORDER

It is hereby ORDERED that the deposition testimony of Jeffrey

Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker designated by defendants is excluded as evidence.

                                                              _____  
                                                              John E. Jones, III  
                                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; BRYAN AND CHRISTY REHM; DEBORAH FENIMORE AND JOEL LIEB; STEVEN STOUGH; BETH EVELAND; CYNTHIA SNEATH; JULIE SMITH; AND ARALENE ("BARRIE") D. AND FREDERICK B. CALLAHAN, <br><br>　　　　　　　　　Plaintiffs,<br>vs.<br><br>DOVER AREA SCHOOL DISTRICT; DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION<br><br>No. 4:04-cv-2688<br><br>Honorable John E. Jones III<br><br>(Filed Electronically) |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE DEPOSITION TESTIMONY OF JEFFREY BROWN, CAROL BROWN, ANGIE YINGLING, BERTHA SPAHR, JENNIFER MILLER, AND ROBERT LINKER**

Plaintiffs, by and through their attorneys, move this Court *in limine* to exclude all deposition testimony designated by Defendants of Jeffrey Brown, Carol

Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker. The bases for this motion are set forth in the accompanying Memorandum of Law, which is incorporated by reference as though set forth fully herein.

Respectfully submitted,

  /s/ Eric Rothschild
Eric Rothschild (PA 71746)
Alfred H. Wilcox (PA 12661)
Stephen G. Harvey (PA 58233)
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4000
*rothschilde@pepperlaw.com*
*wilcoxa@pepperlaw.com*
*harveys@pepperlaw.com*

Thomas B. Schmidt, III (PA 19196)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108
(717) 255-1155
*schmidtt@pepperlaw.com*

Witold J. Walczak (PA 62976)
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
412-681-7864
*vwalczak@aclupgh.org*

(continued)

                                    Paula K. Knudsen (PA 87607)
                                    ACLU of Pennsylvania
                                    105 N. Front St., Suite 225
                                    Harrisburg, PA 17101
                                    (717) 236-6827
                                    *pknudsen@aclupa.org*

                                    Ayesha Khan (adm. *phv*)
                                    Richard B. Katskee (adm. *phv*)
                                    Alex J. Luchenitser (adm. *phv*)
                                    Americans United for Separation of
                                            Church and State
                                    518 C St., NE
                                    Washington, DC 20002
                                    (202) 466-3234
                                    *akhan@au.org*
                                    *katskee@au.org*
                                    *luchenitser@au.org*

                                    Attorneys for Plaintiffs

Date:  September 19, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; BRYAN AND CHRISTY REHM; DEBORAH FENIMORE AND JOEL LIEB; STEVEN STOUGH; BETH EVELAND; CYNTHIA SNEATH; JULIE SMITH; AND ARALENE ("BARRIE") D. AND FREDERICK B. CALLAHAN, : : : : : : : : | |
| Plaintiffs, : | CIVIL ACTION |
| vs. : | No. 4:04-cv-2688 |
| : | |
| DOVER AREA SCHOOL DISTRICT; DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS, : : : | Honorable John E. Jones III |
| : | (Filed Electronically) |
| Defendants, : | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION
*IN LIMINE* TO EXCLUDE THE DEPOSITION TESTIMONY
OF JEFFREY BROWN, CAROL BROWN, ANGIE YINGLING,
BERTHA SPAHR, JENNIFER MILLER, AND ROBERT LINKER**

## I. INTRODUCTION

Defendants seek to admit into evidence designated deposition testimony of six non-party witnesses even though the witnesses reside within the subpoena power of this Court, and have, in fact, been subpoenaed by defendants. Pursuant to Local Rule 7.5, Plaintiffs now file this brief in support of their motion *in limine* to request an order excluding the deposition testimony designated by Defendants of these six witnesses: Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker (hereafter "the Declarants").

## II. ARGUMENT

### A. The Declarants' Depositions Are Inadmissible Hearsay.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Under Federal Rule of Evidence 802, hearsay evidence is not admissible at trial. The exclusion of out of court statements prevents the admission of inherently "untrustworthy" statements. *United States v. Console*, 13 F.3d 641, 656 (3d Cir. 1993).

The testimony Defendants seek to admit into evidence is inadmissible hearsay. The testimony of the Declarants was offered at depositions, not trial or hearings, and is thus out of court. *See United States v. Kelly*, 892 F.2d 255, 261 (3d Cir. 1989) ("we must next determine whether the deposition testimony falls within an established exception to the hearsay rule"); *Aubrey Rogers Agency, Inc.*

*v. AIG Life Ins. Co.*, Civ. Act. No. 97-529, 2000 U.S. Dist. LEXIS 997, *3 (D. Del. 2000) ("Statements made during deposition testimony that are offered at trial to prove the truth of the matter asserted are hearsay."). Defendants now seek to admit these out of court statements for the purpose of proving the truth of the matters asserted. As such, the deposition testimony of each Declarant is inadmissible hearsay.

No hearsay exceptions apply which would permit the Declarants' deposition testimony to be admitted into evidence at trial. Rule 804 specifically contemplates deposition testimony and admits such testimony only in limited circumstances. The declarant must be "unavailable" for any of these limited exceptions to apply. *See* FED. R. EVID. 804(a). The party seeking admission of the out of court statement bears the burden of proving the unavailability of the declarant. *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 165 (3d Cir. 1995) (finding the admission of prior testimony was in error because the plaintiff did not establish that the witness was unavailable). A witness is "unavailable" when he or she "is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means." FED. R. EVID. 804(a)(5)[1]; *Kirk*, 61 F.3d at 165. "[I]t has long been the rule that inability to

---

[1] Rule 804(a) provides four other definitions of "unavailable," none of which Defendants intend to invoke in their attempt to admit the Declarants' deposition testimony. The four other definitions include when a witness: 1) is exempted by ruling of the court on the ground of privilege from testifying
(continued...)

procure attendance by 'process or other reasonable means' is satisfied by demonstration of inability to serve a subpoena." *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 505 F. Supp. 1190, 1249 n.72 (E.D. Pa. 1980) (finding that Japanese citizens living in Japan were "unavailable" because they "are beyond the subpoena power of this court"), *aff'd in part and rev'd in part on other grounds*, 723 F.2d 238 (3d Cir. 1983). Federal courts may issue subpoenas in the district in which that court sits or anywhere within 100 miles of the place of the trial. FED. R. CIV. PROC. 45(b)(2).

All of the Declarants are "available" under Rule 804. Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker are all within the subpoena powers of this Court because they either live in the Middle District of Pennsylvania or are within 100 miles of the place of trial. In fact, not only are all of the Declarants within this Court's subpoena powers, but defendants have subpoenaed all of them. Moreover, four of the witnesses – Carol

---

(continued...)
concerning the subject matter of his statement; or 2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or 3) testifies to a lack of memory of the subject matter of his statement; or 4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity. FED. R. EVID. 804(a).

and Jeff Brown, Spahr and Miller – have been subpoenaed to testify at trial by plaintiffs. Therefore, the hearsay exceptions of Rule 804 do not apply.[2]

### B. No "Exceptional Circumstances" Exist Allowing The Designation Deposition Testimony to be Admitted in Evidence.

Defendants have advised that they intend to invoke Federal Rule of Civil Procedure 32 to admit into evidence the Declarants' deposition testimony. Rule 32 allows the deposition of a witness to be used if the court finds that "exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." FED. R. CIV. PROC. 32(a)(3)(E). Courts require "exceptional circumstances" because "testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute *only if the witness is not available to testify in person.*" Weiss v. Wayes, 132 F.R.D. 152, 154 (M.D. Pa. 1990) (emphasis added) (admitting a videotape of a deposition because "it permits the jury to make credibility evaluations not available to it when a transcript is read by another") (quoting Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2142). How "exceptional" the circumstances must be under Rule 32(a)(3)(E) "is indicated by its companion provisions."

---

[2] The residual exception to the hearsay rule also does not apply. *See* FED. R. EVID. 807. The residual exception only applies to statements "not specifically covered by Rule 803 or 804 ..." *Id.* Deposition testimony of allegedly unavailable declarants is specifically covered by Rule 804. *See* FED. R. EVID. 804(a)(5) (*see supra* 2-3). Therefore, the residual exception is inapplicable to this matter.

*Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990) (witness's position as a doctor was not enough to render him "unavailable"). The companion provisions authorize the use of a deposition in lieu of live testimony only when the witness is shown to be "unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena." *Id.*; *Angelo v. Armstrong World Indus.*, 11 F.3d 957, 963 (10th Cir. 1993) (a party's lack of diligence in getting a witness to appear did not render the witness "unavailable" when his office was close to the courthouse).

Each Declarant's deposition testimony is not admissible under Rule 32 because no exceptional circumstances prevent the Declarants from testifying at trial. The Declarants are all within the subpoena powers of this Court, *see supra* 3, and are thus not "unprocurable through a subpoena" or at a great distance from this Court. *Allgeier*, 909 F.2d at 876. They have in fact all been subpoenaed. Additionally, the Declarants are not ill, aged, infirm, or imprisoned, and they are, of course, alive. Rule 32 is thus unavailing to Defendants.

### III. CONCLUSION

The deposition testimony Defendants seek to admit into trial should be excluded because they are inadmissible hearsay statements failing to satisfy any exceptions under the Federal Rules. The Declarants are all within the subpoena power of this Court and are available to testify at trial. In fact, four of the six

Declarants will be testifying in the Plaintiffs' case at trial. Plaintiffs therefore respectfully request that this Court grant their motion *in limine* and exclude the deposition testimony designated by defendants of non-party witnesses Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker.

Respectfully submitted,

/s/ Eric Rothschild
Eric Rothschild (PA 71746)
Alfred H. Wilcox (PA 12661)
Stephen G. Harvey (PA 58233)
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4000
*rothschilde@pepperlaw.com*
*wilcoxa@pepperlaw.com*
*harveys@pepperlaw.com*


Thomas B. Schmidt, III (PA 19196)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108
(717) 255-1155
*schmidtt@pepperlaw.com*

(continued)

        Witold J. Walczak (PA 62976)
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
412-681-7864
*vwalczak@aclupgh.org*

Paula K. Knudsen (PA 87607)
ACLU of Pennsylvania
105 N. Front St., Suite 225
Harrisburg, PA 17101
(717) 236-6827
*pknudsen@aclupa.org*

Ayesha Khan (adm. *phv*)
Richard B. Katskee (adm. *phv*)
Alex J. Luchenitser (adm. *phv*)
Americans United for Separation of
    Church and State
518 C St., NE
Washington, DC 20002
(202) 466-3234
*akhan@au.org*
*katskee@au.org*
*luchenitser@au.org*

Attorneys for Plaintiffs

Date: September 19, 2005

## CERTIFICATE OF CONCURRENCE

The undersigned attorney for Plaintiffs advised Defendants' attorney, Patrick Gillen, of the foregoing motion and was told that Defendants do not concur in it.

                                        */s/ Eric Rothschild*
                                        Eric Rothschild

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2005, I caused a copy of the foregoing document to be served upon the following counsel by the Middle District ECF system and by electronic mail:

Richard Thompson, Esquire
Robert J. Muise, Esquire
Patrick T. Gillen, Esquire
Thomas More Law Center
24 Frank Lloyd Wright Drive
P. O. Box 393
Ann Arbor, MI 48106

Ron Turo, Esquire
Tioro Law Offices
28 South Pitt Street
Carlisle, PA 17013

          /s/ Eric Rothschild
          Eric Rothschild