# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 04-CV-2688 |
| | ) (M.D. Pa.) |
| v. | ) |
| | ) Hon. John E. Jones III |
| DOVER AREA SCHOOL DISTRICT; et al., | ) |
| | ) Defendants' Application |
| | ) For Use of Deposition |
| | ) Testimony Pursuant To |
| | ) Fed.R.Civ.P. 32(a)(3)(E). |
| Defendants. | ) |

Defendants, through counsel, hereby request permission to use the following designated portions of the depositions designated according to this Court's Preliminary Pretrial Order pursuant to Fed.R.Civ.P. 32(a)(3)(E). In support of the motion, Defendants show the Court the following:

1. This Court has discretion to permit the use of deposition testimony upon a showing of exceptional circumstances. See Fed.R.Civ.P. 32(a)(2)(E); *James v. Zurich-American*, 203 F.3d 250, 253 n.7 (3rd Cir. 2000); *Weiss v. Wayes*, 132 F.R.D. 152 (M.D. Pa. 1990)(allowing use of deposition testimony).

2. This case presents exceptional circumstances which support the use of the designated deposition testimony as authorized by Fed.R.Civ.P. 32(a)(2)(E). More specifically, the following circumstances weigh in favoring of accepting the designated testimony as an aid to this Court's finding of fact.

    a. This matter is slated for a lengthy trial totaling approximately four weeks and involving detailed testimony from fact and expert witnesses.

    b. The testimony designated by Defendants represents sworn testimony of witnesses who are either former board members (i.e. Angie Yingling, Carol Brown, Jeff Brown) or science faculty employed by DASD (i.e. Bertha Spahr, Jennifer Miller, and Rob Linker). See Ex. 1 (Designations from deposition of Angie Yingling); Ex. 2

(Designations from deposition of Carol Brown); Ex. 3 (Designations from the deposition of Jeffrey Brown); Ex. 4 (Designations from the deposition of Jennifer Miller); Ex. 5 (Designations from the deposition of Bertha E. Spahr); Ex. 6 (Designations from the deposition of Robert Linker).[1]

    c.    These witnesses are adverse to the Defendants. The former board members provide testimony featured in the Plaintiffs' Complaint. See Complaint at ¶¶ 36 & 39. The teachers are adverse to the Defendants, providing testimony in support of allegations of the Complaint regarding the procedures employed to formulate and implement the curriculum change. See Complaint at ¶¶ 28, 34 & 40.

3.    Counsel respectfully submits that the use of designated testimony will serve interest of justice with due regard for the importance of presenting the testimony of witnesses orally and in open Court.

    a.    This is a bench trial such that the Judge is the finder of fact.

    b.    The undersigned believes that the designated testimony of these non-party witnesses will be of material assistance to the Court as it seeks to issue a ruling on the merits of this dispute. More specifically, the

---

[1] The volume of highlighted material and difficulty of scanning such material is such that hard copies will be filed with the Court via overnight mail and have been served upon opposing counsel.

cited testimony provides evidence relevant to the following: (1) the political nature of many criticisms that were leveled at board members as they worked on the text selection and curriculum change; (2) the way in which board members looked at other issues which produced controversy along religious lines (such as the litigation to strike down the Pledge of Allegiance) and testimony demonstrating that board members did not have a far-reaching religious agenda; (3) the way in which these board members looked at IDT as either a religious or scientific assertion and argued with each other accordingly; (4) the way in which board members took positions on the curriculum change based in large part on practical judgments concerning whether the final result of the process was worth the risk of threatened litigation; (5) the way in which teacher criticisms shaped the final outcome of the process which produced the curriculum change and resulting statement read to students placed at issue in this litigation; (6) the allegations of the Complaint noted earlier.

c. As noted, the Plaintiffs have subpoenaed four of the witnesses for whom testimony has been designated by the Defendants, Jeff Brown, Carol Brown, Jennifer Miller, and Bertha Spahr. However, Plaintiffs

        may not call these witnesses and, in addition, cross examination of these witnesses will be limited as provided for by FRE 611. The Plaintiffs have not subpoenaed the other two witnesses for whom the Defendants have designated testimony (Angie Yingling and Robert Linker).

    d.    As a result, Defendants may be required to call these witnesses in order to provide evidence on these points, have the witnesses declared adverse witnesses, and engage in a time-consuming process of questioning the witness to elicit the designated testimony. Where the witnesses testimony varies, the witness will be impeached by the prior (now designated) testimony, and the prior (designated) testimony will be introduce into evidence as permitted by the Federal Rules of Evidence and Rule 32. The net result will be to reproduce the deposition testimony which the Defendants have designated pursuant to this Court's Preliminary Pretrial Order.

4.    Counsel respectfully submits that this will be a time-consuming process that is unnecessary under the circumstances and will not serve the interest of justice or the larger interest in the just, speedy, and inexpensive determination of every action. See Fed.R.Civ.P. 32(a)(2)(E); see also Fed.R.Civ.P. 1 (Rules of Civil Procedure should be "construed and

administered to secure the just, speedy, and inexpensive determination of every action.").

5. Plaintiffs will not be prejudiced by the designation. Plaintiffs received notice of this designation on September 12, 2005 as required by this Court's pretrial order. Plaintiffs were present at all depositions. Plaintiffs have subpoenaed those witnesses they wish to provide evidence favorable to their case including four of the six witnesses for whom Defendants have designated testimony, Jeff Brown, Carol Brown, Bertha Spahr, and Jennifer Miller. Plaintiffs have not sought to secure designation of testimony pursuant to Rule 32. They are free to subpoena witnesses if they believe necessary in light of this designation.

Respectfully submitted,

September 19, 2005

Patrick T. Gillen (P47456)*
Richard Thompson (P21410)*
Robert J. Muise (P62849)*
THOMAS MORE
LAW CENTER
24 Frank Lloyd Wright Drive
PO Box 393
Ann Arbor, Michigan 48106
(734) 827-2001
*Attorneys for Defendants*
    **admitted pro hac vice*

By:_____
   Ron Turo
   Turo Law Offices
   29 South Pitt Street
   Carlisle, PA 177013

# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al., <br> Plaintiffs, <br><br> v. <br><br> DOVER AREA SCHOOL DISTRICT and <br> DOVER AREA SCHOOL DISTRICT <br> BOARD OF DIRECTORS, <br><br> Defendants. | Case No. 04-CV-2688 <br> (Hon. Judge Jones) |

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2005, a copy of the Defendants Application For Use of Deposition Testimony was served on the following counsel via overnight mailing to Mr. Rothschild:

Eric Rothschild
Stephen G. Harvey
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013

Richard B. Katskee
Ayesha Khan
Alex J. Luchenitser

Americans United for Separation
  of Church and State
518 C Street, NE
Washington, DC 20002

_____
Emily M. Zanotti

# EXHIBITS TO DEFENDANTS' APPLICATION FOR USE OF DEPOSITION TESTIMONY PURSUANT TO Fed. R. Civ. P. 32(a)(3)(E)

                                                                                                Exhibit #

Deposition of Angie Yingling ................................................................................ 1

Deposition of Carol Brown .................................................................................... 2

Deposition of Jeffrey Allen Brown ........................................................................ 3

Deposition of Jennifer Miller ................................................................................. 4

Deposition of Bertha Spahr ................................................................................... 5

Deposition of Robert Linker .................................................................................. 6