# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER, et al., | ) | |
| Plaintiffs, | ) | Case No. 04-CV-2688 |
| | ) | (Hon. Judge Jones) |
| v. | ) | |
| | ) | (Filed Electronically) |
| DOVER AREA SCHOOL DISTRICT, et al.,) | | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM USING OR INTRODUCING AT TRIAL NEWS MATERIALS

Defendants submit this reply brief in support of their motion in limine. (Docs. 148-149.) This court should preclude plaintiffs from using or introducing news materials at the trial of this action.

### The News Materials Are Inadmissible Hearsay Outside Any Exception

The news materials in general and the news materials containing statements allegedly made by the individual board members are inadmissible because they are hearsay outside any exception to the hearsay rule. Plaintiffs have not shown otherwise, because they cannot. *E.g.,* Fed. R. Evid. 801(c), 802; *Cody v. Harris,* 409 F.3d 853, 860 (7th Cir. 2005) (newspaper article is clearly hearsay and

inadmissible); *Barnes Found. v. Township of Lower Merion,* 982 F. Supp. 970, 996 (E.D. Pa. 1997) (newspaper article quoting public official is inadmissible hearsay).

### The Statements Are Not Statements By A Party Opponent

Plaintiffs wrongly seem to think that the news materials that include statements allegedly made by the school board members are not hearsay because they are statements made by a party opponent. (Doc. 189 at 16, 23.) Plaintiffs are incorrect on at least two grounds.

First, the individual school board members have not been sued and are not parties to this action. They are witnesses, and any individual statements they made are not binding on the board. (Doc. 152, Ex. A, Buckingham Decl. ¶¶ 2-3; Ex. B, Bonsell Decl. ¶¶ 2-3; Ex. C, Cleaver Decl. ¶¶ 2-3; Ex. D, Geesey Decl. ¶¶ 2-3; Ex. E, Harkins Decl. ¶¶ 2-3; Ex. F, Nilsen Decl. ¶¶ 2-3; Ex. G, Baksa Decl. ¶¶ 2-3.) Thus, the board members' alleged statements in the news materials are not statements made by a party opponent. *See* Fed. R. Evid. 801(d)(2).

Indeed, the unpublished case plaintiffs rely on, *Mera v. Lohman,* 2002 U.S. Dist. LEXIS 6279 at *8 n.2 (M.D. Pa. Apr. 4, 2002), involved a *named defendant's* statement (not a witness's statement) that was considered an admission by a party-opponent. (Doc. 189, Ex. J; Doc. 189 at 23.)

Second, even if the individual school board members were considered parties, which they are not, the statements in the news materials are still hearsay.

For example, in *Larez v. City of Los Angeles,* 946 F.2d 630 (9th Cir. 1991), the appellate court explained that although statements made by a party opponent are an exception to the hearsay rule, that exception *does not apply* when the statement is included in a newspaper article.  In that situation, the statement is hearsay within hearsay, outside any exception to the hearsay rule.  *Id.* at 642; *see also id.* at 643-44.

Courts have uniformly held that news materials that include statements of persons, even when those persons are parties to the action, are inadmissible hearsay, outside any exception to the hearsay rule.  *E.g., New England Mut. Life Ins. Co. v. Anderson,* 888 F.2d 646, 650-51 (10th Cir. 1989) (newspaper articles containing alleged statements by a party are inadmissible hearsay, outside any exception to the hearsay rule); *Green v. Baca,* 226 F.R.D. 624, 637-39 (C.D. Cal. 2005) (newspaper articles are hearsay and any statement of a person, even a party, that is repeated in the articles is hearsay); *ACLU v. City of Las Vegas,* 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998) (newspaper articles that contained quotes from party opponents are inadmissible since they are hearsay and do not fall within a hearsay exception); *Fitzgerald v. Town of Kingston,* 13 F. Supp. 2d 119, 123 (D. Mass. 1998) (newspaper article containing alleged statements made by a party are inadmissible hearsay); *Barnes Found.,* 982 F. Supp. at 995-96 (newspaper article quoting a party is inadmissible hearsay, outside any exception to the hearsay rule).

Plaintiffs wrongly claim that in *ACLU v. City of Las Vegas,* 13 F. Supp. 2d 1064 (D. Nev. 1998), the district court "actually stated that the quotations in the news articles attributed to the defendants were not hearsay because 'they are admissions of party opponents in their official capacities.'" (Doc. 189 at 24.) The district court in *Las Vegas* did not so state. Rather, the district court stated that in general the statements of the *named defendants,* Mayor Jones and Mark Paris, are not hearsay because they are admissions of a party. The district court went on to state, however, that when those same statements are repeated in a newspaper article or published in a letter to the editor, they "constitute hearsay." *Id.* at 1070. Consequently, the *Las Vegas* court would not admit these hearsay statements into evidence.[1]/ *Id.*

## The Hearsay Statements Do Not Fall Within Fed. R. Evid. 807

Plaintiffs go to great lengths, without success, to try to fit the news materials into the residual hearsay exception. Fed. R. Evid. 807. As the Third Circuit has explained, the residual hearsay exception is rarely used and "only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." *United States v. Bailey,* 581 F.2d 341, 347 (3rd Cir. 1978).

---

[1]/ Because plaintiffs are attempting to introduce evidence that contains multiple layers of hearsay, plaintiffs are obliged to show that each hearsay statement conforms with a hearsay exception. Fed. R. Evid. 805. Plaintiffs have failed to do that.

To fall within the exception, the statement must have "guarantees of trustworthiness," and (A) be offered as evidence of a material fact, (B) be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts," *and* (C) "the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence." Fed. R. Evid. 807. The news materials plaintiffs seek to submit under Rule 807 do not meet *all* the requirements of the Rule.

The statements lack the guarantees of trustworthiness and are not more probative than other evidence plaintiffs can procure through reasonable efforts. As explained in defendants' brief supporting their motion in limine, (Doc. 149 at 5-6), in *May v. Cooperman,* 780 F.2d 240 (3rd Cir. 1985), Judge Becker in his dissent explained at length why newspaper accounts are inadmissible. *Id.* at 263. Judge Becker explained that newspaper articles are not more probative than other evidence a proponent could have offered, such as live testimony, and he explained that newspaper articles lack trustworthiness. *Id.* When it comes to trustworthiness, "newspaper reports are of dubious validity," especially since they might have been "written from a biased point of view" (which has been defendants' contention all along regarding the news reports). *Id.*; *see also Las Vegas,* 13 F.Supp.2d at 1070 (explaining that statements quoted in newspapers do not satisfy the best evidence requirement of Fed. R. Evid. 807(B)); *Green,* 226 F.R.D. at 639 (granting

defendant's motion in limine to exclude newspaper articles because the articles "lack circumstantial guarantees of trustworthiness and are not the most probative evidence available").[2]/

Moreover, the newspaper accounts do not fall within Rule 807 because they are not being offered "as evidence of a material fact." As explained in defendants' motion in limine and supporting papers to exclude the statements of the individual board members, (Docs. 151-152), such statements are wholly irrelevant and therefore not material. *See* Fed. R. Evid. 401, 402. In addition, the general purpose of the rules of evidence and the interest of justice would not be served by admitting this irrelevant, hearsay evidence at trial. *See* Fed. R. Evid. 807; Fed. R. Evid. 102.

In an attempt to overcome the hurdles they face in fitting the hearsay statements into Rule 807, plaintiffs claim the reporters of the news accounts can testify, either in person or by affidavit. (Doc. 189 at 25-26, 28.) That is a meaningless assertion and does not bring the statements within Rule 807. The mere fact that reporters say their reporting is accurate is not only self-serving, but does not add to the "trustworthiness" of the articles and does not alter the fact that the contents of the articles are still hearsay.

---

[2]/ As is obvious from Exhibit L (Frederick Callahan deposition) and Exhibit M (Bryan Rehm deposition) attached to plaintiffs' responsive brief, (Doc. 189), plaintiffs have other evidence, besides the news accounts, that they may try to rely on regarding statements made by individual board members. (Doc. 189 at 28.)

Furthermore, it is doubtful the reporters will testify, either at their depositions or at trial, since they have appealed this court's order permitting them to be deposed and have informed defense counsel on September 19 and 20, 2005, that they will not testify and will seek to have the court's order certified for appellate purposes under 28 U.S.C. § 1292(b) or be held in contempt by this court so they can appeal from this court's order directly to the Third Circuit.[3]/ *See In re Flat Glass Antitrust Litigation,* 288 F.3d 83, 87-91 (3rd Cir. 2002) (requiring a nonparty to be first held in contempt to appeal from a discovery order).

As the *Green* court explained, in rejecting an argument similar to the one plaintiffs have advanced, the fact that reporters may testify does not convert hearsay-ridden news accounts into non-hearsay; rather, the fact that reporters may testify only underscores that the news accounts are not the most probative evidence a plaintiff could have procured through reasonable efforts. *Green,* 226 F.R.D. at 639; *see also* Fed. R. Evid. 807.

Further, the fact that plaintiffs seek to introduce the affidavits of the reporters only causes more hearsay problems. The declarations of the reporters in the affidavits would be hearsay, outside any exception to the rule, and would be

---

[3]/ As this court has recognized, permitting the reporters to testify at trial without defendants having the opportunity of deposing the reporters pre-trial would be fundamentally unfair. (Doc. 183 at 5-6.)

inadmissible.  Fed. R. Evid. 801(c); *see In re Vmark Software,* No. CIV. A. 97-227, 1998 WL 42252 at * 3 (E.D. Pa. Jan. 8, 1998) (Ex. B to Doc. 103).

### The Hearsay Statements Do Not Fall Within Fed. R. Evid. 803(3)

Plaintiffs wrongly claim that the news articles are admissible to show the "state of mind" of the community at large and of the individual board members. (Doc. 189 at 16, 23.)

As the Third Circuit has warned, the scope of the state of mind exception of Rule 803(3) "must be limited to prevent it from devouring the [hearsay] rule." *United States v. Hernandez,* 176 F.3d 719, 727 (3rd Cir. 1999).  "Statements that are considered under . . . the state of mind exception, cannot be offered to prove the truth of the underlying facts asserted." *Id.* (internal quotation marks omitted). And, "statements offered to support an implied assertion are inadmissible hearsay." *Id.*

Here the alleged statements do not fit within the limited confines of Rule 803(3).  Although plaintiffs claim they do not seek to admit the articles to prove the truth of the matters asserted in those articles, (Doc. 189 at 23), that is a tongue-in-cheek argument by plaintiffs.  Of course plaintiffs want to admit the articles to prove the truth of the underlying facts asserted, whether directly or indirectly;

plaintiffs just cannot get past their hearsay problems.[4]/ *E.g., Hernandez,* 176 F.3d at 727; *Barnes Found.,* 982 F.Supp. at 996.  Plaintiffs' attempts to squeeze their "square" hearsay statements into "round" hearsay exceptions should not be allowed by this court.  Plaintiffs have not shown that the statements fit within the limited exceptions of Rule 803(3) or within any of the hearsay exceptions for that matter.

As noted below, any "state of mind" of the community is irrelevant to the issues at hand.  Moreover, the state of mind of the community based on hearsay statements in news materials is meaningless and irrelevant as is plaintiffs' contention that the curriculum change caused a controversy within the community. Political controversy does not a constitutional violation make.  *See Lynch v. Donnelly,* 465 U.S. 668, 684 (1984).  Also, any state of mind of the individual board members is irrelevant for the reasons set forth in defendants' motion and supporting papers to exclude such statements at trial.  (Docs. 151-152.)

---

[4]/ At the same time plaintiffs claim they are not seeking to use the articles to prove the truth of the matters asserted therein, they also state that they want to use the articles to prove the board members made statements to show a religious purpose in proposing or supporting the curriculum change.  (Doc. 189 at 16, 20.) Plaintiffs cannot have it both ways.  By offering the articles to prove the board members made the statements, plaintiffs are offering the articles for purposes precluded by the hearsay rule.  Fed. R. Evid. 801(c); *Barnes Found.,* 982 F. Supp. at 996 (offering newspaper articles to prove that a person said what was quoted in the article is hearsay).

### The Views And Perceptions Of The Dover Community Are Irrelevant

Plaintiffs contend they need to introduce this inadmissible news material evidence to show how the entire Dover community viewed or perceived the evidence as it relates to defendants' policy. (Doc. 189 at 16.)  What the Dover "community" thought about the evidence is wholly irrelevant.

Under the *Lemon* test, which this court has noted applies to this case, (Doc. 184 at 5-6), one of the factors this court must consider is whether the principal or primary effect of Dover's policy advances or inhibits religion.  In assessing the principal or primary effect of the policy, the focus is not on the entire Dover community.  Rather, the focus is on the policy's intended audience:  the ninth grade biology students at Dover High School.  *See, e.g., Freiler v. Tangipahoa Parish Bd. of Educ.,* 185 F.3d 337, 346 (5th Cir. 1999).

For example, in *Brown v. Woodland Joint Unified School District,* 27 F.3d 1373 (9th Cir. 1994), the court considered an Establishment Clause challenge to the use of teaching materials in a classroom.  In determining the primary effect of the school's policy under the *Lemon* test, the court analyzed whether an objective observer in the position of an elementary school student (not the entire community) would perceive an advancement or inhibition of religion.  *Id.* at 1379.

Likewise, in *Roberts v. Madigan,* 921 F.2d 1047 (10th Cir. 1990), the court considered a teacher's use of religious materials in his classroom.  Viewing the

matter from the "eyes of the children" in the "classroom environment," the court concluded the teacher's actions had the primary effect under the *Lemon* test of advancing religion to the students in his class. *Id.* at 1057-58.

Thus, in applying the *Lemon* test, the focus is not on the entire Dover community, as plaintiffs suggest, but on the students in the classroom.  It is irrelevant how the Dover community viewed or perceived the news material evidence.  The evidence is irrelevant for the purposes for which plaintiffs intend to use it.

### The Evidence Is More Prejudicial Than Probative

Plaintiffs have also failed to refute defendants' contention that the news material evidence is more prejudicial than probative and should not be admitted under Fed. R. Evid. 403.  In particular, statements of individual board members *are not truly probative* of the consensus that underlies the final resolution and collective action of the board.  Any probative value of such evidence is outweighed by prejudice to the defendants where, as here, the statements are made by individuals, who have no individual power to bind the board.  (Doc. 152, Ex. A, Buckingham Decl. ¶¶ 2-3; Ex. B, Bonsell Decl. ¶¶ 2-3; Ex. C, Cleaver Decl. ¶¶ 2-3; Ex. D, Geesey Decl. ¶¶ 2-3; Ex. E, Harkins Decl. ¶¶ 2-3; Ex. F, Nilsen Decl. ¶¶ 2-3; Ex. G, Baksa Decl. ¶¶ 2-3.)

## CONCLUSION

Defendants respectfully request that this court grant their motion in limine and exclude all news materials which plaintiffs seek to use and introduce at the trial of this action.

Respectfully submitted,

Richard Thompson (MI P21410)*
Patrick T. Gillen (MI P47456)*
Robert J. Muise (MI P62849)*
Edward L. White III (MI P62485)*
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
734-827-2001; Fax. 734-930-7160
* Admitted pro hac vice

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 177013
717-245-9688

Dated:  September 20, 2005            *Counsel for defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2005, a copy of the foregoing defendants' reply brief was caused to be served on the following counsel through the court's electronic case filing system and by email where noted:

Eric Rothschild (also served by email)
Stephen G. Harvey
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013

Richard B. Katskee
Ayesha Khan
Alex J. Luchenitser
Americans United for Separation
  of Church and State
518 C Street, NE
Washington, DC 20002

Mary Catherine Roper
ACLU of Pennsylvania
P.O. Box 1161
Philadelphia, PA  19105

Edward L. White III
Admitted *pro hac vice*