IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAMMY KITZMILLER, et al.,** | : | **Case Number:  04-CV-2688** |
| **Plaintiffs** | : | **Judge Jones** |
| | : | **(Filed electronically)** |
| **vs.** | : | |
| | : | |
| **DOVER AREA SCHOOL DISTRICT; DOVER** | : | **JOINT MOTION** |
| **AREA SCHOOL DISTRICT BOARD OF** | : | **AND STIPULATION** |
| **DIRECTORS,** | : | |
| **Defendants** | : | |

**JOINT MOTION AND STIPULATION OF NON-PARTIES, JOSEPH
MALDONADO AND HEIDI BERNHARD-BUBB, AND THE DEFENDANTS,
DOVER AREA SCHOOL DISTRICT AND DOVER AREA SCHOOL DISTRICT
BOARD OF DIRECTORS, TO FIND THE NON-PARTIES IN CONTEMPT**

**AND NOW,** come Joseph Maldonado, a non-party subpoenaed witness, and Heidi

Bernhard-Bubb, a non-party subpoenaed witness, and the Defendants, Dover Area School

District and Dover Area School District Board of Directors, and submit the within Joint

Motion and Stipulation to find the non-parties in contempt, and in support thereof aver the

following:

1.      Joseph Maldonado ("Maldonado") is an adult individual and an independent

contractor correspondent for the York Daily Record, a newspaper of general

circulation in and around York County, Pennsylvania, with offices located at

122 South George Street, York, York County, Pennsylvania.

2.      Heidi Bernhard-Bubb ("Bernhard-Bubb"), is an adult individual and, at all

relevant times hereto, an independent contractor correspondent for The York

Dispatch, a newspaper of general circulation in and around York County,

Pennsylvania, with offices located at 205 North George Street, York, York County, Pennsylvania.

3.    Maldonado and Bernhard-Bubb had been served with Subpoenas by counsel for the Defendants in the above captioned case to appear and testify at deposition on June 15, 2005 in Dover, Pennsylvania.

4.    On June 14, 2005 Maldonado and Bernhard-Bubb filed a Motion to Quash the Subpoenas issued by the Defendants. (doc. 80).

5.    On August 2, 2005 the Court issued a Memorandum Opinion and Order (doc. 115) disposing of, inter alia, the Motion to Quash filed by Maldonado and Bernhard-Bubb.

6.    The said Order provided, in applicable part, that "Maldonado and Bernhard-Bubb may be deposed with regard to what they perceived, saw, and heard at Dover Area School District public meetings; however, the subject depositions are limited in that the Reporters may not be questioned concerning any confidential sources." District Court Order, p. 20-21, paragraph 1 (a).

7.    Maldonado and Bernhard-Bubb filed a timely Motion for Reconsideration (doc. 125) on August 11, 2005.

8.    On September 12, 2005 this Honorable Court issued a Memorandum Opinion and Order (doc. 183) disposing of the Motion for Reconsideration of Maldonado and Bernhard-Bubb.

9.  The September 12, 2005 Order (doc. 183) struck and replaced the prior Order of Court (doc. 115) so as to limit the depositions of Maldonado and Bernhard-Bubb to what they "saw and heard at Dover Area School District public meetings……An examination of the Reporters' motivation(s), bias, mental impressions, or other information extrinsic to what the Reporters saw and heard at the Dover School Board meetings is **not** permitted within the subject depositions." District Court Order, p. 7, paragraph 2(a).

10. Maldonado and Bernhard-Bubb will not attend any scheduled depositions in this matter prior to exhaustion of their appeal rights. Upon learning that Maldonado and Bernhard-Bubb would not appear for depositions pursuant to the Court Order of September 12, 2005, the Defendants indicated that they would pursue their right to pretrial discovery depositions unless deposition proceedings were stayed as a result of a motion for contempt or other proceeding.

11. The Third Circuit has held that the proper procedure for non-parties to appeal the propriety of a discovery order is to resist the order in issue, be cited for contempt, and then challenge the propriety of the discovery order in the course of appealing the contempt citation. See In re: Flat Glass Antitrust Litigation, 288 F.3d 83 (3rd Cir. 2002).

12. The Defendants stipulate to the entry of a Citation for Contempt against the non-parties with a nominal fine of $1.00 as a result of the refusal of the non-parties to testify at pre-trial depositions. A Stipulation entered into between

the Defendants' counsel and counsel for the non-parties is attached hereto as Exhibit "A".

13.　The Defendants further stipulate that the non-parties may thereafter proceed with an appeal of the Contempt Citation and the underlying Order entered by this Honorable Court on September 12, 2005 to the United States Court of Appeals for the Third Circuit. (doc. 183). See Exhibit "A".

14.　The Defendants do not oppose, and are in concurrence with, the entry of a Citation for Contempt against the non-parties with a nominal fine of $1.00 as set forth above and further agree that the non-parties may thereafter proceed with an appeal as set forth above.

15.　By entering into the said Stipulation with the non-parties, it is understood and agreed that the Defendants do not waive any rights and remedies that are otherwise available to them through the appeal process. Defendants also do not waive their right to proceed with the depositions of Maldonado and Bernhard-Bubb in the event that Maldonado and Bernhard-Bubb do not secure entry of an order holding them in contempt and file an appeal from that contempt order within three (3) days of entry of the order holding them in contempt. In the event that Maldonado and Bernhard-Bubb are not found in contempt, the said non-parties reserve the right to proceed with a request for certification of the Order entered on September 12, 2005 (doc. 183) for interlocutory appeal pursuant to 28 U.S.C. §1292(b) and further reserve all other rights and remedies available to them.

4

16.     Maldonado and Bernhard-Bubb agree that they will not oppose any effort by Defendants to proceed with any cross-appeal which the Defendants may file in connection with the appeal of Maldonado and Bernhard-Bubb. The Defendants understand and agree that the non-parties do not waive any rights and remedies that are otherwise available to them in connection with any such cross-appeal of Defendants.

**WHEREFORE**, Maldonado and Bernhard-Bubb and the Defendants, Dover Area School District and Dover Area School District Board of Directors, respectfully request that this Honorable Court enter a Citation of Contempt against Maldonado and Bernhard-Bubb with a nominal fine of $1.00 as agreed and stipulated to by the Defendants so that the non-parties may proceed to appeal such Contempt Citation to the United States Court of Appeals for the Third Circuit and challenge the underlying Order of the Court entered September 12, 2005 as set forth in this Motion and Stipulation.

Respectfully submitted,
**BENN**LAW**FIRM**

Date: September 21, 2005          By:/s/ Niles S. Benn, Esquire_____
                                   Niles S. Benn, Esquire
                                   Attorney I.D. #16284
                                   Terence J. Barna, Esquire
                                   Attorney I.D. #74410
                                   Christian J. Dabb, Esquire
                                   Attorney I.D. #85370
                                   P.O. Box 5185
                                   103 E. Market Street
                                   York, Pennsylvania 17405-5185
                                   (717) 852-7020
                                   nbenn@bennlawfirm.com
                                   tbarna@bennlawfirm.com
                                   cdabb@bennlawfirm.com

Respectfully submitted,

Date: September 21, 2005          By: /s/ Patrick T. Gillen_____
                                   Richard Thompson (MI P21410)*
                                   Patrick T. Gillen (MI P47456)*
                                   Robert J. Muise (MI P62849)*
                                   Edward L. White, III (MI P62485)*
                                   Thomas More Law Center
                                   24 Frank Lloyd Wright Drive
                                   P.O. Box 393
                                   Ann Arbor, Michigan  48106
                                   734-827-2001; Fax. 734-930-7160
                                   * Admitted pro hac vice

**<u>CERTIFICATE OF SERVICE</u>**

I, Christian J. Dabb, Esquire, hereby certify that on this 21st day of September, 2005,

I served a true and correct copy of the foregoing "Motion and Stipulation" upon the

following counsel by the Middle District ECF system and other counsel of record by the

Middle District ECF system:

> Thomas B. Schmidt, III
> Pepper Hamilton LLP
> 200 One Keystone Plaza
> North Front and Market Streets
> P.O. Box 1181
> Harrisburg, PA  17108
> (Plaintiffs' co-counsel)
>
> Eric Rothschild, Esquire
> Pepper Hamilton LLP
> 3000 Two Logan Square
> 18th and Arch Streets
> Philadelphia, PA  19103
> (Plaintiffs' co-counsel)

<u>/s/ Christian J. Dabb, Esquire</u>___
Christian J. Dabb, Esquire
Attorney I.D. #85370