IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al., ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DOVER AREA SCHOOL DISTRICT and ) <br> DOVER AREA SCHOOL DISTRICT ) <br> BOARD OF DIRECTORS, ) <br> Defendants. ) <br> ) | Case No. 04-CV-2688 <br> (Hon. Judge Jones) <br><br> (Filed Electronically) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM USING OR INTRODUCING AT TRIAL STATEMENTS MADE BY INDIVIDUAL BOARD MEMBERS**

Defendants file this reply brief in support of their motion requesting an order prohibiting plaintiffs from using or introducing at trial any evidence regarding statements made by individual board members. (Doc. 151-152.) This court should prevent the use or introduction of this inadmissible evidence at trial.

**The Evidence Is Inadmissible Pursuant to Fed. R. Evid. 404(a) and 610**

Not surprisingly, plaintiffs totally avoid addressing or refuting defendants' argument that the evidence they seek to admit regarding any religious statements made by individual board members constitutes inadmissible evidence pursuant to Fed. R. Evid. 404(a) and 610.

By attempting to introduce these alleged extraneous statements by individual board members, it is obvious plaintiffs are attempting to raise matters of the character or character traits of these board members to show that they acted in conformity with their religious beliefs, which is impermissible. Fed. R. Evid. 404(a). Also, by introducing this evidence, it is obvious plaintiffs are trying to impair the individual board member's credibility based on those religious statements, which is impermissible. Fed. R. Evid. 610. As defendants have maintained, the religious beliefs of the individual board members have no proper place in this proceeding.

**Extraneous Statements Of The Individual Board Members Are Irrelevant**

Plaintiffs cannot overcome the fact that what is *relevant* in the application of the test under *Lemon v. Kurtzman,* 403 U.S. 602 (1971), which this court has recognized is the applicable test in this case, (Doc. 184 at 5-6), is the *purpose* of the challenged policy—not the motives of the individual board members. *Accord Edwards v. Aguillard,* 482 U.S. 578 (1987) (applying *Lemon* test); *Epperson v. Arkansas,* 393 U.S. 97 (1968) (considering purpose and primary effect); *see also McCreary County v. ACLU,* 125 S.Ct. 2722, 2733 (2005) (explaining that to violate the Establishment Clause a government act must have "the ostensible and predominant purpose of advancing religion.").

It is not the individual board members' motives, or any other third-party's motives, that is subject to constitutional scrutiny in this case. Thus, such evidence is irrelevant. *See, e.g., Board of Education v. Mergens,* 496 U.S. 226, 249 (1990).

Although plaintiffs make a pointless argument about how the Supreme Court in *Mergens* disregarded the *motives* of legislators in finding the Equal Access Act constitutional, *Mergens,* 496 U.S. at 249, and carp about what weight this court should give a Supreme Court's decision, plaintiffs fail to address or refute the numerous other cases cited by defendants which support defendants' position that the statements of individual board members are irrelevant to the issues involved in this action. *E.g., Consumer Product Safety Comm'n v. GTE Sylvania Inc.,* 447 U.S. 102, 118 (1980) ("The contemporaneous remarks of a single legislator who sponsors a bill are not controlling in analyzing legislative history."); *United States v. O'Brien,* 391 U.S. 367, 384 (1968) ("What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it, and the stakes are sufficiently high for us to eschew guesswork."); *In re Pelkowski,* 990 F.2d 737, 743 (3rd Cir. 1993) ("[R]emarks of a single legislator are not controlling in analyzing legislative history."); *Utah Gospel Mission v. Salt Lake City Corp.,* 316 F. Supp. 2d 1201, 1237 (D. Utah. 2004) ("Personal motives are immaterial because 'what is relevant is the legislative purpose of the statute, not the possibly religious motives of the legislators who enacted the law.'"); *May v.*

*Cooperman,* 572 F. Supp. 1561, 1573 (D. N.J. 1983) ("The intervenors urge, quite correctly, that 'constitutional analysis of legislative purpose does not involve a judicial inquiry into supposed illicit legislative motive.' There is a distinction, I believe, between the motives and purposes of individual legislators and an institutional legislative purpose.").[1]

It would be wholly improper for plaintiffs to try to show that the modest curriculum change had an ostensible and predominant religious purpose *based on* alleged statements of *individual* board members that are claimed to demonstrate an illicit motive or goal on the part of those *individual* board members. The purpose of an action taken by a *public body* must be determined with reference to the *collective resolutions and actions* of the public body. The purpose is determined first and foremost by the actual language of the legislation or policy at issue. That is the only true reflection of the action or purpose of the public body. *See, e.g., Mueller v. Allen,* 463 U.S. 388, 394-95 (1983) (explaining that courts are reluctant to attribute unconstitutional motives when a secular purpose is discerned from the face of a statute).

Plaintiffs wrongly claim, however, that the evidence is necessary as it relates to a "reasonable observer." Yet, with regard to the principal or primary effect of

---

[1] Plaintiffs also fail to address or refute defendants' further argument that even if the school board's policy were construed under Pennsylvania law, the extraneous statements of individual board members would not be relevant or admissible. (Doc. 152 at 9-10.)

the policy, the focus is on the effect of the policy on its intended audience: the ninth grade biology students at Dover High School. *See, e.g., Freiler v. Tangipahoa Parish Bd. of Educ.,* 185 F.3d 337, 346 (5th Cir. 1999); *Brown v. Woodland Joint Unified School District,* 27 F.3d 1373, 1379 (9th Cir. 1994) (in determining the primary effect of the school's policy under the *Lemon* test, the question is whether an objective observer in the position of an elementary school student would perceive an advancement or inhibition of religion); *Roberts v. Madigan,* 921 F.2d 1047, 1057-58 (10th Cir. 1990) (in considering the primary effect of a teacher's use of religious materials in his classroom, the court viewed the matter from the "eyes of the children" in the "classroom environment.").[2]

The policy as implemented in the classroom is the final result of the deliberative process of the public body. It is the actual, collective result of the

---

[2] Plaintiffs' apparent claim that the "endorsement test" should be used is incorrect. *Lemon* and *Edwards* are the controlling law in this case and require this court to determine whether defendants' policy lacks a secular purpose or its principal or primary effect advances or inhibits religion. *E.g., Edwards,* 482 U.S. at 582-83. As the Third Circuit has recognized, the "endorsement test" has been developed for, and applied with respect to, cases involving religious displays, which are not at issue in this action. *See Modrovich v. Allegheny County,* 385 F.3d 397, 401 (3rd Cir. 2004) ("[T]he 'endorsement' test modifies *Lemon* in cases involving religious displays on government property."). The Supreme Court has never applied the "endorsement test" to claims that curriculum violates the Establishment Clause. Consequently, "[a]bsent a counter directive by the Supreme Court," *see Otto v. Pennsylvania State Educ. Ass'n,* 330 F.3d 125, 132-33 (3rd Cir. 2003), this court must "likewise make no exception," *id.,* to the straightforward application of the *Lemon* test the Supreme Court has employed with respect to claims that the purpose and effect of a curriculum change was improper.

curriculum change by the school board. As such, the primary effect of defendants' policy under a *Lemon* analysis has to be calculated based on its effect on the students in the classroom, not based on any stray comments that have no binding effect on the final policy decision made by the school board acting as a public body.

Dover school board members and school district administrators have always understood that statements made by individual board members do not and cannot bind the school board in any respect and that only the collective acts and collectively passed resolutions and policies of the board members speak for and bind the board. (Doc. 152, Ex. A, Buckingham Decl. ¶¶ 2-3; Ex. B, Bonsell Decl. ¶¶ 2-3; Ex. C, Cleaver Decl. ¶¶ 2-3; Ex. D, Geesey Decl. ¶¶ 2-3; Ex. E, Harkins Decl. ¶¶ 2-3; Ex. F, Nilsen Decl. ¶¶ 2-3; Ex. G, Baksa Decl. ¶¶ 2-3.)

Accordingly, the evidence concerning statements allegedly made by individual board members is irrelevant to the issues at hand; such evidence is inadmissible at trial. *See* Fed. R. Evid. 402.

### The Evidence Is More Prejudicial Than Probative

Plaintiffs fail to address defendants' argument that even if the evidence is relevant, which it is not, the evidence is still inadmissible under Fed. R. Evid. 403 for reasons of unfair prejudice, confusion of the issues, misleading of the fact finder, undue delay, and waste of time. (Doc. 152.)

Not only are statements of these witnesses hearsay, as explained in defendants' motion in limine and supporting papers regarding the use of news materials, (Docs. 149 & 196), but statements of individual board members *are not truly probative* of the consensus that underlies the final resolution and collective action of the board. Any probative value of such evidence is outweighed by prejudice to defendants where, as here, the statements are made by individuals, who have no individual power to bind the board, as explained above.

## CONCLUSION

Defendants respectfully request that this court grant their motion in limine and prevent plaintiffs from using or introducing into evidence any statements of individual board members.

Respectfully submitted,

Richard Thompson (MI P21410)*
Patrick T. Gillen (MI P47456)*
Robert J. Muise (MI P62849)*
Edward L. White III (MI P62485)*
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
734-827-2001; Fax. 734-930-7160
ewhite@thomasmore.org
* Admitted pro hac vice

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 177013
717-245-9688
*Counsel for defendants*

Dated:  September 21, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2005, a copy of the foregoing defendants' reply brief was caused to be served on the following counsel through the court's electronic case filing system and by email where noted:

Eric Rothschild (also served by email)
Stephen G. Harvey
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Richard B. Katskee
Ayesha Khan
Alex J. Luchenitser
Americans United for Separation
  of Church and State
518 C Street, NE
Washington, DC 20002

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013

Mary Catherine Roper
ACLU of Pennsylvania
P.O. Box 1161
Philadelphia, PA  19105

_/s/ Edward L. White III_
Edward L. White III
Admitted *pro hac vice*