# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER; et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 04-CV-2688 |
| | ) | (M.D. Pa.) |
| v. | ) | Hon. John E. Jones III |
| | ) | |
| DOVER AREA SCHOOL DISTRICT; et al., | ) | Defendants' Objections To Plaintiffs' Deposition Designations. |
| Defendants. | ) | |

1. General Objections To Plaintiffs Deposition Designations.

    a. Defendants hereby incorporate by reference Plaintiffs' Deposition Designations to the extent they incorporate evidence of the kind that is the subject of the motions in limine now pending before the Court.

    b. In connection with this objection, Defendants object to Plaintiffs' recently stated intent of designating testimony taken at hearing held on the motion of The Foundation For Thought And Ethics to intervene in this matter at the trial on the merits of this action. The testimony was taken for the purpose of ruling on the motion for intervention not for the purpose of trial on the merits, and the evidence relating to Buell, FTE, and those involved in the drafting of Of Pandas is the subject of Defendants motion *in limine* now pending before this Court.

2. Defendants object to all evidence relating to the religious convictions, beliefs, and associations, of Defendants and other witnesses for the following reasons in addition to those stated in the motions *in limine*. Efforts to use such evidence to undermine the credibility of the Defendants, including use of such evidence to create an inference that the Defendants' stated reasons for their action are unworthy of credence, because such use of this evidence is contrary to Fed.R.Evid. 610. In addition, Defendants object

to use of evidence concerning shared religious convictions or beliefs, shared church memberships, or association by reason of religious beliefs or church membership on the grounds that the use of such evidence to demonstrate a concert of action violates the rights to free exercise of religion, as well as speech and association, guaranteed by the First Amendment to the Constitution of the United States of America. *See McDaniel v. Paty*, 435 U.S. 618 (1978)(participation in public office cannot be burdened based upon religious conviction); *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984)("[T]he Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment–speech, assembly, petition for the redress of grievances, and the exercise of religion.); *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886 (1982). For these reasons, Defendants object to the following designated portions of deposition testimony (attached hereto as Exhibit 1):

a.  William Buckingham Deposition January 3, 2005;

    (1) page 10, lines 10-16 (association);

    (2) page 14, lines 10-16 (religious beliefs about Genesis);

    (3) page 16, lines 17-25-page 17, lines 1-25-page 18, line 1, lines 11-17, page 20, lines 4-25, page 21, lines1-2 (religious beliefs);

    (4) page 134, lines 12-25- page 135, lines 1-6 (religious beliefs vis a vis evolution);

    (5) page 133, lines 1-3 (religious beliefs regarding Genesis).

 b. William Buckingham, March 31, 2005;

    (1) page 50, lines 9-25-page 51-53 inclusive-page 54 line 13 (association).

 c. Alan Bonsell, Deposition January 3, 2005;

    (1) page 78, lines 3-25-page 79, lines 1-16 (personal religious beliefs about Creationism);

    (2) page 81 lines 1-4 (personal religious beliefs about Creationism).

 d. Alan Bonsell, Deposition April 13, 2005;

    (1) page 44, lines 6-24 (religious beliefs on Creationism).

 e. Nilsen Dep., April 14, 2005;

    (1) Page 42, lines 10-24 (regarding religious beliefs of board members).

 f. Charlotte Buckingham, April 14, 2005;

    (1) page 14, lines 8-14 (collective action with church members).

    g.    Heather Geesey, Deposition March 10, 2005;

        (1)    Page 118, lines 10-16 (personal religious beliefs regarding possibility of higher power).

3.    In addition, Defendants objection to the designation of the following portion of the Nilsen Dep. January 3, 2005;

    i.    pp. 96: l. 17 to p. 99: ln. 2.  Objection.  Speculation; No foundation; opinion is not relevant.

Respectfully submitted,

September 21, 2005

_____
Patrick T. Gillen (P47456)*
Richard Thompson (P21410)*
Robert J. Muise  (P62849)*
THOMAS MORE
LAW CENTER
24 Frank Lloyd Wright Drive
PO Box 393
Ann Arbor, Michigan 48106
(734) 827-2001
*Attorneys for Defendants*
    *admitted pro hac vice*

By:_____
    Ron Turo
    Turo Law Offices
    29 South Pitt Street
    Carlisle, PA 177013