IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER, et al., | : | Case No. 04cv2688 |
| Plaintiffs | : | |
| v. | : | Judge Jones |
| DOVER AREA SCHOOL DISTRICT, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**September 22, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court are numerous Motions in Limine filed by Defendants and one Motion in Limine filed by Plaintiffs in response to Defendants' Application for Use of Deposition Testimony pursuant to Fed.R.Civ.P. 32(a)(3)(E) (doc. 191). We will address the various Motions and Defendants' Application in turn.

    **A.**     **Defendants' Motions in Limine**

        **I.**     **Preclude Plaintiffs From Using or Introducing at Trial Statements Made by Individual Board Members**

In the Motion, Defendants move the Court to prohibit Plaintiffs from using

or introducing at trial any evidence regarding statements made by individual board members. In that regard, Defendants assert that the statements of individual board members that Plaintiffs seek to introduce at trial are irrelevant, improper character evidence, improper evidence of religious beliefs and opinions, and Defendants argue, even if relevant, the statements constitute evidence that is more prejudicial than probative. Finally, Defendants maintain that the evidence would also be inadmissible if the school board's policy were construed under Pennsylvania law.

In response, Plaintiffs argue that the caselaw is clear that evidence shedding light on the religious purposes of individual Board members, including their statements made during Board meetings or in the broader course of the debate over the biology curriculum is relevant in assessing the purpose of the policy and "that evidence shedding light on the history of the development of intelligent-design creationism is relevant in assessing what a reasonable observer would understand about the scientific *bona fides, vel non*, of that theory, and accordingly of the purpose and effect of the edict." (Pls.' Br. Opp. Defs.' Mot. Limine at 10).

In this part of their Motion, Defendants are seeking to exclude statements allegedly made by former board members at public school board meetings. After a thorough review of the submissions and applicable caselaw, we do not find that Plaintiffs should be precluded from using or introducing at trial any evidence

regarding statements made by individual board members or administrators to the extent provided below, for the reasons that follow.

Federal Rule of Evidence 801 provides that "hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Federal Rule of Evidence 801 goes on to explain that admissions by a party-opponent are statements which are not hearsay, and provides, in pertinent part, as follows:

> (d) Statements which are not hearsay. A statement is not hearsay if –
> (2) The statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]

Fed.R.Evid. 801(d)(2)(D).

We initially note that we find Defendants' argument, concerning the fact that the category of party-opponent admissions is inapplicable to this case as the individual school board members have not been sued and are not parties to this action, unconvincing and erroneous. Named Defendants in this action are the Dover Area School District and the Dover Area School District Board of Directors. As Plaintiffs submit in the sur-reply brief, Fed.R.Evid. 801(d)(2)(D) does not require that the individuals making the statements actually be parties to the action, instead it requires that they be agents of employees of a party to the action.

3

Moreover, as Plaintiffs accurately assert, numerous courts have held that statements made by school-board members and administrators acting as agents for school districts are not hearsay and are admissible as statements by party opponents. See, e.g., Wilkerson v. Columbus Separate Sch. Dist., 985 F.2d 815, 818 (5th Cir. 1993) (considering statements by school-board members as evidence against the defendant school district because the board members were the school district's agents); Biver v. Saginaw Township Cmty. Sch., 1986 U.S. App. LEXIS 32878, *22-23 (6th Cir. 1986) (holding that statements of school superintendent at school-board meeting were not hearsay because they were within scope of his agency and were admissible as admissions against party opponent).

    We hold that to the extent that statements by members of the Dover Area School Board or administrators were made at Dover Area School Board meetings, those statements are relevant pursuant to Fed.R.Evid. 401, probative to a central issue in this case, and admissible non-hearsay as a party-opponent admission pursuant to Fed.R.Evid. 801(d)(2)(D). An agency relationship existed between the individual Dover Area School Board members and the Dover Area School District such that members of the Board who spoke in their official capacities at board meetings and administrators who acted in their official capacities were doing so as agents of the Defendant school district concerning a matter (a policy related to the

teaching of biology), within the scope of the agency relationship. The subject speech and acts were made during the existence of the relationship.  See Fed.R.Evid. 801(d)(2)(D).

Accordingly, to the extent that statements were made by members of the Board and administration while acting within the scope of the agency relationship and made during the existence of the relationship, such statements are party-opponent admissions and therefore admissible evidence.  Defendants' Motion in Limine to preclude Plaintiffs from using or introducing at trial any evidence regarding statements made by individual board members is denied as provided herein.

> ii.   **Preclude Plaintiffs From Using or Introducing at Trial Evidence Related to Discovery Institute, Foundation for Thought and Ethics, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon**

In the Motion, Defendants move the Court to prohibit Plaintiffs from using or introducing at trial any evidence relating to the Discovery Institute, including its so-called "Wedge Document" and "Wedge Strategy," the Foundation for Thought and Ethics ("FTE"), including drafts and versions of the text Of Pandas and People ("Pandas"), Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon, as such evidence is irrelevant, hearsay, and even if relevant, is more

prejudicial than probative pursuant to Fed.R.Evid. 402, 403, 801, and 802.

We are in agreement with Plaintiffs' submission to the extent that Defendants place undue weight on the text of the Board's resolution itself to show the "purpose" of the Board's change to the biology curriculum and evidence showing the effect of that policy on ninth-grade biology students, to the exclusion of other relevant, probative evidence that the Court may consider to assess the constitutionality of the instant policy.  Although Defendants are clearly seeking to persuade the Court that the Board's purpose cannot be illuminated either by its members' own statements in adopting the policy or by consideration of the historic context in which and from which intelligent design emerged, we find that position to be unconvincing and unreasonably restrictive after reviewing applicable, compelling caselaw cited by Plaintiffs.  Moreover, as Plaintiffs accurately submit, it is notable that the term "intelligent design" is not defined in the policy.  Any relevant evidence that will aid the Court in understanding the concept of "intelligent design" in general and as it applies to the policy shall be admissible so long as that evidence is otherwise permissible under the applicable Federal Rules of Evidence.

Accordingly, the instant Motion in Limine is denied to the extent that Plaintiffs shall not be precluded from using or introducing at trial evidence related to the Discovery Institute, including the "Wedge Document" and "Wedge

Strategy," FTE, drafts and versions of the text Pandas, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon at this juncture.  We will note that this ruling will not of course act as blanket permission to allow all portions of these publications and subjects into evidence, and Defendants reserve the right to reassert specific objections to the instant material and with regard to the aforementioned individuals at the time of trial.

### iii.   Preclude Plaintiffs From Using or Introducing at Trial News Materials

In the Motion, Defendants move the Court to prohibit Plaintiffs from using or introducing at trial newspaper articles, letters to the editor, editorials, and any other news material (collectively referred to as "news materials") as they are hearsay, irrelevant, and more prejudicial than probative pursuant to Fed.R.Evid. 402, 403, 801, and 802.

Just prior to rendering this opinion we received a Joint Motion for Contempt (doc. 197) filed by Defendants and counsel for non-party subpoenaed witnesses, Heidi Bernard-Bubb and Joseph Maldonado (collectively "the Reporters"), in which counsel informed the Court that despite our September 12, 2005 Order limiting the subject matter of the Reporters' depositions, such Reporters will not attend any scheduled depositions in this matter prior to exhaustion of their appeal

rights.  (Rec. Doc. 197 at ¶¶ 9-10).  It is therefore readily apparent to the Court that substantial questions exist as to whether the Reporters will be deposed individually and whether they will testify at the time of trial in Plaintiffs' case-in-chief.  As it is unsettled regarding whether the Reporters will testify in any capacity in the case <u>sub judice</u>, it would be imprudent and premature to rule upon the instant Motion in Limine.  Accordingly, Defendants' Motion in Limine to Preclude Plaintiffs From Using or Introducing at Trial News Materials is deferred until the time of trial.

### iv.  Exclude the Testimony of Barbara Forrest, Ph.D.

In the Motion, Defendants move the Court to exclude the testimony and expert reports, including the data upon which they are based, of Barbara Forrest, Ph.D., a witness who intends to testify as an expert on behalf of Plaintiffs, pursuant to Federal Rules of Evidence 401, 403, 702, and 703.  Defendants argue that Dr. Forrest brings no scientific, technical, or other specialized knowledge to this case and accuses Plaintiffs of using her as a "Trojan Horse" to bring into the courtroom impertinent matters to prejudice the Dover Area School Board ("DASB").  (Defs.' Br. Supp. Mot. Limine at 12).  In response, Plaintiffs assert that Dr. Forrest's proffered expert testimony goes directly to the issue of the origins of intelligent-design creationism, that she is qualified to testify as an expert pursuant to Fed.R.Evid. 702, that her methodology is reliable, and that her testimony "fits" the

issues in this case.

An initial issue to address is Defendants' contention that Dr. Forrest is not qualified to give an expert opinion in the case sub judice. As Defendants submit, Fed.R.Evid. 702 provides, as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. We first recognize that there may be few experts with the particular area of expertise held by Dr. Forrest concerning the "nature and strategy of the intelligent design creationist movement. " In fact, Dr. Forrest may be the only such expert. Accordingly, there is no particular touchstone in existence regarding an individual with Dr. Forrest's qualifications and the concept of "specialized knowledge," as there would be for example with an expert who is an accident reconstructionist specialist or one who is versed in the medical field. However, we find nothing in the submissions to indicate at least at this preliminary stage that Dr. Forrest is not an appropriate expert witness in this case. We are in agreement with Plaintiffs that Dr. Forrest's report makes clear that she has "specialized knowledge"

on the nature and strategy of the intelligent design creationist movement, and possesses the ability to assimilate information and research topics intimately involved with the concept of intelligent design pursuant to Fed.R.Evid. 702.

Therefore, at this juncture, given Dr. Forrest's credentials, extensive research, and writings on the subject of intelligent design and the intelligent design creationist movement, we will permit her to testify at the time of trial, subject to the opportunity by defense counsel to conduct a voir dire examination on her qualifications. We reserve as we must ultimate judgment concerning her ability and the extent to which she can testify until the trial in this case.

The second pertinent rule to consider for purposes of this inquiry is Fed.R.Evid. 703. Federal Rule of Evidence 703 provides, in relevant part, as follows:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

Fed.R.Evid. 703. We recognize that Fed.R.Evid. 703 permits experts to rely on hearsay in expert reports; however, the hearsay statements present in Dr. Forrest's report may be problematic because without more, we are unable to verify the

accuracy of the statements at issue, nor can we determine whether the individual statements have been taken out of context. Accordingly, in an effort to be equitable, to balance competing concerns, and after a careful review of the submissions, we hold that to the extent that Dr. Forrest testifies and such testimony references hearsay statements found in her report, we direct Plaintiffs' counsel to stand ready to provide the Court and defense counsel with any pertinent material cited by Dr. Forrest. In particular, we are concerned with quotations within her report attributed to certain individuals, which purport to have been taken from books and publications. Counsel can either provide the Court and defense counsel with the entire article or section, for example, or a verifiable portion thereof with the quotation at issue clearly marked for inspection. This process will allow for any statement(s) taken from publications to be verified for accuracy purposes and to ascertain whether such statement was taken out of context. Finally, we are in agreement with Plaintiffs inasmuch as they assert that Dr. Forrest's testimony should be allowed in these areas as Defendants are free to cross-examine her concerning any and all inaccuracies present in her characterization of intelligent-design writings.

### v. Exclude the Testimony of Jeffrey Shallit, Ph.D.

In the Motion, Defendants move the Court to exclude the testimony and

expert report of Plaintiffs' rebuttal witness, Jeffrey Shallit, Ph.D pursuant to Fed.R.Civ.P. 37.

Inasmuch as the parties agreed at oral argument on Defendants' previously filed Motion for Summary Judgment, conducted on September 9, 2005, that Plaintiffs will not present Dr. Shallit during Plaintiffs case-in-chief and will instead reserve him as a rebuttal witness, if necessary, we will defer any further resolution of the issues presented in this Motion, until and if they are reasserted by defense counsel at the time of trial.  We specifically note that Defendants reserve all arguments with respect to the suitability of Dr. Shallit's testimony as a rebuttal witness, if so called by Plaintiffs, until the time of his trial testimony.

### B. Plaintiffs' Motion in Limine

#### I. Exclude Deposition Testimony of Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker

Defendants filed an Application for Use of Deposition Testimony Pursuant to Fed.R.Civ.P. 32(a)(3)(E) (doc. 191) in which they request permission to use designated portions of deposition testimony from former board members, Angie Yingling, Carol Brown, Jeff Brown, or science faculty employed by Dover Area School District, Bertha Spahr, Jennifer Miller, and Rob Linker.  In support thereof, Defendants contend that this case presents extraordinary circumstances which

support the use of the designated deposition testimony, including, for example the length of the trial which will involve detailed testimony from fact and expert witnesses and the fact that the aforementioned witnesses are adverse to Defendants. Defense counsel asserts that use of the designated testimony will serve the interest of justice with due regard for the importance of presenting the testimony of witnesses orally and in open Court, as this is a bench trial, and the designated testimony will be of material assistance to the Court.

In response, Plaintiffs filed a Motion in Limine to Exclude the Deposition Testimony of Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker in which they assert that the Declarants' depositions are inadmissible hearsay and that no "exceptional circumstances" exist allowing the designation deposition testimony to be admitted in evidence.

First, we note that the testimony Defendants seek to admit into evidence is hearsay as such testimony was offered at depositions and will be offered to prove the truth of the matter asserted. See Fed.R.Evid. 801; New Jersey Turnpike Auth. v. PPG Indus., 197 F.3d 96, 111-12 (3d Cir. 1999); United States v. Kelly, 892 F.2d 255, 261 (3d Cir. 1989). Second, as Plaintiffs submit, Fed.R.Evid. 804 provides hearsay exceptions and specifically contemplates deposition testimony. Such testimony is admissible only in limited circumstances. Federal Rule of

13

Evidence 804(b) concerning hearsay exceptions, provides, in pertinent part, as follows:

> **(b) Hearsay exceptions.** The following are not excluded by the hearsay rule **if the declarant is unavailable as a witness**:
>
> **(1) Former testimony.** Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with the law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed.R.Evid. 804(b) (emphasis added). Accordingly, the party seeking admission of the out of court statement, Defendants, bear the burden of proving the unavailability of the declarant. See Kirk v. Raymark Indus., Inc., 61 F.3d 147, 165 (3d Cir. 1995) (finding the admission of prior testimony to be in error because the plaintiff did not establish that the witness was unavailable). A witness is "unavailable" pursuant to Fed.R.Evid. 804(a) when he or she "is absent from the hearing and the proponent of a statement has been unable to procure his attendance . . . by process or other reasonable means."[1]  Fed.R.Evid. 804(a)(5).

We hold that all of the Declarants at issue in Defendants' Application are "available" under Fed.R.Evid. 804 as they are all within the subpoena powers of the

---

[1] The four remaining definitions of "unavailability of a witness" are not relevant to the disposition of Plaintiffs' Motion in Limine and Defendants' Application. Fed.R.Evid. 804(a)(1)-(4).

Court because they either live in the Middle District of Pennsylvania or are within 100 miles of the place of trial. See Fed.R.Civ.P. 45(b)(2) (Federal courts may issue subpoenas in the district in which that court sits or anywhere within 100 miles of the place of the trial); <u>Zenith Radio Corp. v. Matsushita Electric Industrial Co.</u>, 505 F. Supp. 1190, 1249 (E.D. Pa. 1980), <u>aff'd in part and rev'd in part on other grounds</u>, 723 F.2d 238 (3d Cir. 1983) ("[I]t has long been the rule that inability to procure attendance by 'process or other reasonable means' is satisfied by demonstration of inability to serve a subpoena." In addition, the court found that Japanese citizens living in Japan were "unavailable" because they "are beyond the subpoena power of this court."). Moreover, Plaintiffs have subpoenaed all of the Declarants and four of the six witnesses, Carol Brown, Jeff Brown, Bertha Spahr, and Jennifer Miller, have been subpoenaed to testify at trial by Plaintiffs. We therefore find that the hearsay exceptions located in Fed.R.Evid. 804 are not applicable.

Finally, Defendants have advised the Court that they intend to invoke Fed.R.Civ.P. 32 to admit Declarants' deposition testimony into evidence. Federal Rule 32 addresses the use of deposition in court proceedings and allows the deposition of a witness to be used if the court finds that "exceptional circumstances exist as to make it desirable, in the interest of justice and with due

regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." Fed.R.Civ.P. 32(a)(3)(E). After a careful review of the record and the submissions, contrary to Defendants' contentions, we hold that no exceptional circumstances are present that would prevent the Declarants from testifying at trial. As Plaintiffs accurately explain, the Declarants are all within the subpoena powers of this Court, thus not "unprocurable through a subpoena" or at a great distance from this Court. See Allgeier v. United States, 909 F.2d 869, 876 (6th Cir. 1990) (witness's position as a doctor was not enough to render him "unavailable"). Neither are the Declarant's deceased or unable to attend or testify because of age, illness, infirmity, or imprisonment. Fed.R.Civ.P. 32(a)(3).

Accordingly, the deposition testimony that Defendants seek to admit into trial constitutes inadmissible hearsay statements which fail to satisfy any hearsay exception. Moreover, as previously noted, the Declarants are available to testify at trial, are within the subpoena powers of this Court, and four of the six Declarants will be testifying in Plaintiffs' case at trial. Plaintiffs' Motion in Limine to Exclude the Deposition Testimony of Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker is therefore granted. Defendants' Application for Use of Deposition Testimony Pursuant to Fed.R.Civ.P. 32(a)(3)(E)

is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' Motion in Limine to Preclude Plaintiffs From Using or Introducing at Trial Statements Made by Individual Board Members (doc. 151) is denied as provided herein.

2. Defendants' Motion in Limine to Preclude Plaintiffs From Using or Introducing at Trial Evidence Related to Discovery Institute, Foundation for Thought and Ethics, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon (doc. 156) is DENIED. We will note that this ruling will not of course act as blanket permission to allow all portions of these publications and subjects into evidence, and Defendants reserve the right to reassert specific objections to the instant material and with regard to the aforementioned individuals at the time of trial.

3. Defendants' Motion in Limine to Preclude Plaintiffs From Using or Introducing at Trial News Materials (doc. 148) is DEFERRED until the time of trial.

4. Defendants' Motion in Limine to Exclude the Testimony of Barbara Forrest, Ph.D. (doc. 158) is DENIED.

5.  As the parties agreed at the September 9, 2005 oral argument on Defendants' previously filed Motion for Summary Judgment that Plaintiffs will not present Dr. Shallit during Plaintiffs' case-in-chief and will instead reserve him as a rebuttal witness, if necessary, we will defer any further resolution of the issues presented in Defendants' Motion in Limine to Exclude the Testimony of Jeffrey Shallit, Ph.D. (doc. 154), until if and when they are reasserted by defense counsel at the time of trial.

6.  Plaintiffs' Motion in Limine to Exclude Deposition Testimony of Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker (doc. 190) is GRANTED.

7.  Defendants' Application for Use of Deposition Testimony Pursuant to Fed.R.Civ.P. 32(a)(3)(E) is DENIED.

                                                        **s/ John E. Jones III**
                                                        John E. Jones III
                                                        United States District Judge