IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER, <u>et al.</u>, | : | Case No. 04cv2688 |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Judge Jones |
| | : | |
| DOVER AREA SCHOOL DISTRICT, <u>et al.</u>,: | | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**September 22, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Joint Motion and Stipulation of Non-Parties,

Joseph Maldonado and Heidi Bernard-Bubb, and the Defendants to Find the Non-

Parties in Contempt ("Joint Motion") (doc. 197) filed by Joseph Maldonado and

Heidi Bernhard-Bubb (collectively "the Reporters") on September 21, 2005.  We

also have before us a Motion to Quash Subpoenas or for Protective Order

("Motion to Quash") (doc. 205) filed by the Reporters on September 22, 2005.

<u>DISCUSSION</u>:

A.    **Joint Motion to Find the Reporters in Contempt**

In the Joint Motion, the Reporters and Defendants reiterate that our

September 12, 2005 Order provided that the Reporters may be deposed by

Defendants with regard to a limited amount of information.  (Rec. Doc. 197, at ¶ 9;

Rec. Doc. 183).  However, the Joint Motion provides that the Reporters "will not

attend any scheduled depositions in this matter prior to exhaustion of their appeal

rights."  Id. ¶ 10.  Moreover, the Reporters and Defendants stipulate to the entry of

a Citation for Contempt against the Reporters with a nominal fine of $1.00 as a

result of the refusal of the Reporters to testify at pre-trial depositions.  Id. ¶ 12.

The Court is not inclined to allow the Reporters to be held in contempt by

consent of Defendants.  If and when the Reporters have been properly noticed to

appear at their depositions and if and when they do not appear at such depositions,

appropriate sanctions under the circumstances will be considered by the Court.

The Joint Motion is accordingly summarily denied.

### B.      Motion to Quash

In the Motion to Quash, the Reporters request that the Court enter an order

quashing subpoenas issued by Plaintiffs to appear and testify at trial in the above-

captioned case.  Alternatively, the Reporters request that the Court issue a

protective order "limiting the testimony of Maldonado and Bernard-Bubb solely to

what was printed in the published articles in issue and barring any questioning of

Maldonado and Bernhard-Bubb as to any biases, opinions, motivations, mental

impressions or other information extrinsic to the published articles in issue, and

barring any questioning of Maldonado and Bernhard-Bubb as to any sources,

discussions, notes, documents or other materials gathered or created as part of

their functions and duties in preparation for the published articles in issue." (Rec.

Doc. 205, at 6).

Despite the fact that subpoenas were just recently issued to the Reporters to

appear and testify at trial, the Court is well aware that the Reporters have long had

notice that they would be called as fact witnesses in this case.  We find this Motion

filed on the eve of trial to be both untimely and unconvincing.  The Reporter's

Motion to Quash is therefore summarily denied.[1]

---

[1] We also note we find it curious that the Reporters request the same relief, regarding precluding them from being questioned about bias, opinions, etc., as we have already provided to them in our September 12, 2005 Order concerning depositions. We have attempted to answer the Reporters' concerns on several occasions, most notably by our two previous Orders on this subject (docs. 115 and 183). For this reason also we will decline the Reporters' invitation to revisit their concerns. As stated, the Motions are not only untimely, but wearying as well.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      The Joint Motion and Stipulation of Non-Parties, Joseph Maldonado

    and Heidi Bernard-Bubb, and the Defendants to Find the Non-Parties

    in Contempt (doc. 197) is SUMMARILY DENIED.

2.      The Motion to Quash Subpoenas or For Protective Order (doc. 205)
    is

    SUMMARILY DENIED.

                                                    s/ John E. Jones III
                                                    John E. Jones III
                                                    United States District Judge