IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER, et al., | : Case No. 04cv2688 |
| Plaintiffs | : |
| v. | : Judge Jones |
| DOVER AREA SCHOOL DISTRICT, et al., | : |
| Defendants. | : |

**MEMORANDUM AND ORDER**

**September 28, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On September 12, 2005, we rendered an Order granting in part and denying in part a Motion to Reconsider our August 2, 2005 Order filed by the Non-Party Subpoenaed Witnesses, Joseph Maldonado ("Maldonado") and Heidi Bernhard-Bubb ("Bernhard-Bubb") (collectively "the Reporters"). In our September 12, 2005 Order, we directed the following regarding depositions in the case sub judice: "Maldonado and Bernhard-Bubb may be deposed with regard strictly to what they **saw** and **heard** at Dover Area School District public meetings; however, the subject depositions are limited in that the Reporters may not be questioned concerning any confidential sources. An examination of the Reporters'

1

motivation(s), bias, mental impressions, or other information extrinsic to what the Reporters saw and heard at Dover Area School Board meetings is not permitted within the subject depositions." (Rec. Doc. 183 at 6-7, emphasis in original). In addition, our September 12, 2005 Order provided that with regard to the production of documents at issue, the requested e-mails are not relevant to this case and the Reporter's Privilege applies to the balance of the documents requested by Defendants in their respective subpoenas. Id. at 7.

We have since been made aware of the fact that the Reporters appeared on September 27, 2005 for scheduled depositions which had been properly noticed by Defendants, but refused to testify based upon their reliance on what they termed the First Amendment Reporter's Privilege. On September 28, 2005, the Court met in chambers with counsel for both parties, as well as counsel for the Reporters to discuss the continuing problems regarding testimony to be provided by the Reporters. At that time, we were advised that without additional clarification by the Court, the Reporters intended to invoke the same privilege as referenced herein, and that they would accordingly refuse to testify as fact witnesses for Plaintiffs during today's proceedings.

After an extended discussion with all counsel concerning the Reporters' position as it relates to this case, and after additional consideration on this issue, we

will adopt certain language provided by counsel for the Reporters to the extent provided herein, which shall apply to deposition testimony provided by the Reporters, as well as the Reporters' trial testimony in the Plaintiffs' case-in-chief as fact witnesses.  In addition, and to be clear, all of the limitations imposed upon the Reporters' testimony at depositions as set forth in our September 12, 2005 Order will extend to their testimony at trial.  As affidavits have been provided in lieu of testimony to support a newspaper article(s), the Reporters shall be obligated to testify as to the facts set forth in the articles, i.e., what was **seen** and **heard** as related in the newspaper article(s).  By doing so, the Reporters will be verbalizing the contents of said Affidavit by testifying as to what appears in the newspaper article(s), unless such Affidavit is otherwise accepted by all parties as validating or authenticating the contents of the newspaper article(s) in issue.  However, as we have clearly explained in prior Orders of the Court, no testimony shall relate to unpublished material or information or to the Reporters' motivation(s), bias, mental impression, or other information extrinsic to what the Reporters saw and heard, and the Reporters shall not be obligated to reveal any confidential sources.  Again, we reiterate that the specifications of this Order pertain to both deposition testimony provided by the Reporters, as well as the Reporters' trial testimony that will be elicited in the Plaintiffs' case-in-chief as fact witnesses.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. As we stated within the body of this Order, this Order is applicable to deposition testimony provided by the Reporters, as well as the Reporters' trial testimony as fact witnesses in the Plaintiffs' case-in-chief.  As affidavits have been provided in lieu of testimony to support a newspaper article(s), the Reporters shall be obligated to testify as to the facts set forth in the articles, i.e., what was **seen** and **heard** as related in the newspaper article(s).  By doing so, the Reporters will be verbalizing the contents of said Affidavit by testifying as to what appears in the newspaper article(s), unless such Affidavit is otherwise accepted by all parties as validating or authenticating the contents of the newspaper article(s) in issue.  However, as we have clearly explained in prior Orders of the Court, no testimony shall relate to unpublished material or information or to the Reporters' motivation(s), bias, mental impression, or other information extrinsic to what the Reporters saw and heard, and the Reporters shall not be obligated to reveal any confidential sources.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge