# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY KITZMILLER, et al., )
       Plaintiffs, )     Case No. 04-CV-2688
)     (Hon. Judge Jones)
    v. )
)     (Filed Electronically)
DOVER AREA SCHOOL DISTRICT and )
DOVER AREA SCHOOL DISTRICT )
BOARD OF DIRECTORS, )
       Defendants. )
_____ )

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' COUNTER DESIGNATIONS OF DEPOSITION TESTIMONY

Defendants submit this response to Plaintiffs' Objections to Defendants' Counter Designations of Deposition Testimony.[1] (Doc. 198.) Plaintiffs claim that Defendants have improperly counter designated deposition testimony and further claim that Defendants' counter designations do not explain or add context to Plaintiffs' initial designations. This court should admit Defendants' counter designations in the trial of this action for the simple reason that each counter designation relates to the subject matter of the Plaintiffs' designation and is necessary to ensure the

---

[1] This Response by Defendants takes into account the most recent changes made to designations by Plaintiffs, which were sent to Defendants in the afternoon on October 10, 2005.

completeness that makes for a fair and truly representative designation of the deposition testimony.[2]

Plaintiffs quote part of a line from a single case, *Magual v. Prudential Lines, Inc.*, 53 F.R.D. 301 (E.D. Pa. 1971), in support of their objection, acknowledging that 32(a)(4) "is clearly designed to allow explanatory material into the record." *Id.* at 303. But the court's focus in *Magual* actually points to the need for completeness:

> Such a result seems most consistent with the intent of the Rules, in that it is closely analogous to the situation set out in Rule 32(a)(4), which requires, at the request of adverse counsel, *the introduction of all relevant parts of a deposition* when only a portion thereof is read to the jury. This rule is clearly designed to allow explanatory material onto the record.... *Id.* (emphasis added.)

---

[2]In order to fully respond to this incorrect allegation, Defendants have attached charts delineating each counter designation that Plaintiffs have objected to, noting the corresponding section of Plaintiffs' designation that is explained more fully by the counter designation. In addition, the relevant pages from the deposition follow the charts. In all cases, Plaintiffs' designations are bracketed with the letter "P" next to them, and Defendants' counter designations are bracketed with the letter "D" next to them. Please note that the brackets do not represent the full designations or counter designations; they only represent the counter designations that Plaintiffs objected to, and the related section of Plaintiffs' designation. See attached Exhibits 1-11.

The emphasis on completeness is required by the rule itself: Fed. R. Civ. P. 32(a)(4) reads:

> If only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts. Fed. R. Civ. P. 32(a)(4).

The rule has been consistently interpreted in a manner that favors inclusion of material that is related to the subject matter of the original designation. See, e.g. *Adkins v. Dirickson*, 523 F.Supp. 1281, 1288-89 (E.D. Pa. 1981)(requiring admission of counter designated material and noting "Fed. R. Civ. P. 32(a)(4) precluded defendants from reading in only pages 20-26 (where plaintiff said the road was straight,) without also reading in page 37, (where plaintiff said the road curved slightly and was "practically straight to a professional driver")." Indeed, the Circuit Courts have consistently required inclusion of counter designated material where the counter designation relates to the subject matter of the original designation.  See, e.g. *Trepel v. Roadway Express*, 194 F.3d 708 (6th Cir. 1999)(reversing trial court and requiring admission of counter designated testimony on issue of damages where material was necessary for fair presentation of thrust of testimony).  *Byrd v. United States*, 631 F.2d 1158, 1160 (5th Cir. 1980)(reversing trial court for failure to allow admission of counter

designated testimony needed to fairly show the true thrust of testimony).  As the First Circuit recognized long ago, reversing a trial court judge who did not allow for the reading of counter designated testimony at the same time as designated testimony, "[t]he rule provides a method for averting, so far as possible, any misimpressions from selective use of deposition testimony." *Westinghouse Electric Corp. v. Wray Equipment Corp.*, 286 F.2d 491, 494 (1st Cir. 1961).[3]

According to Fed. R. Civ. P. 32(a)(4) and established precedent, each of Defendants' counter designations must be admitted because each one relates specifically to one or more designations made by Plaintiffs as explained below.  Every counter designation gives context to and more fully explains a designation made by Plaintiffs, thus, the counter designations must be included in the interests of fairness and justice.

In Michael Baksa's deposition taken on March 9, 2005, Defendants' counter designation 39:7-41:8 relates to Plaintiffs' designations 39:7-41:8, because it is all testimony regarding a specific memo from Dr. Peterman.[4]

---

[3] F.R.Civ.P. 26(d)(4) was the precursor to Fed. R. Civ. P. 32(a)(4), and is worded, "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."
[4] Attached as Exhibit 1 is a chart delineating the counter designated deposition testimony of Michael Baksa's deposition of March 9, 2005 that

Plaintiffs had previously objected to this counter designation, although it can now be seen that they have included this same testimony.   Counter designation 138:5-9, 19-25, is the response to the question asked in Plaintiffs' designation 137:23-138:4.   Counter designation 149:7-150:16 is part of an uninterrupted line of questioning regarding scientific theory in Plaintiffs' designations of 144:13-18, 146:5-17, and 147:6-15.

In Alan Bonsell's deposition of January 3, 2005, Plaintiffs object to Defendants' counter designation 79:17-24, which lies right in the middle of testimony that Plaintiffs have designated (77:24-79:16, 80:18-81:4) in the same discussion regarding creationism and intelligent design.[5]   Defendants' counter designation 81:5-7 is three lines of testimony immediately following Plaintiffs' designation 77:24-79:16, 80:18-81:4, and is part of the same discussion regarding creationism and intelligent design.   In Alan Bonsell's

---

Plaintiffs have objected to next to Plaintiffs' related designation.  Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party).

[5] Attached as Exhibit 2 is a chart delineating the counter designated deposition testimony of Alan Bonsell's deposition of January 3, 2005 that Plaintiffs have objected to next to Plaintiffs' related designation.  Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party).

deposition of April 13, 2005, Defendants' counter designation 17:1-20 precedes Plaintiffs' designations 21:13-22:4, 24:21-25:5, and 26:18-26:23, and is part of the same discussion regarding Bonsell's knowledge of and research into evolution and intelligent design—Plaintiffs seek to admit very short sections of this discussion which would be misleading without Defendants' counter designation.[6]   Plaintiffs' also seek to exclude Defendants' counter designations 19:20-23:2 and 23:14-24:4, although they are part of the same discussion Plaintiffs designated (21:13-22:4, 24:21-25:5, 26:18-26:23) regarding Bonsell's knowledge of and research into evolution and intelligent design, including his familiarity with the Discovery Institute.

In William Buckingham's January 3, 2005 deposition, Defendants' counter designation 106:21-107:15 relates to the same subject matter in Plaintiffs' designation 59:24-63:1, 63:9-15, with regard to Buckingham's scientific background and his understanding of intelligent design.[7]

---

[6] Attached as Exhibit 3 is a chart delineating the counter designated deposition testimony of Alan Bonsell's deposition of April 13, 2005 that Plaintiffs have objected to next to Plaintiffs' related designation. Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party).

[7] Attached as Exhibit 4 is a chart delineating the counter designated deposition testimony of William Buckingham's January 3, 2005 deposition that Plaintiffs have objected to next to Plaintiffs' related designation.

Defendants' counter designation 108:1-110:10 relates to the same subject matter in Plaintiffs' designation 91:6-20, 129:8-130:2 with regard to the teaching staffs' involvement in, and opinion of, the board's decision regarding the intelligent design statement. Defendants' counter designation 133:16-134:11 immediately follows Plaintiffs' designation 134:12-135:6, and the subject matter in both designations discusses teaching staff involvement in the board's decision regarding the intelligent design statement. In addition, that same counter designation also relates to Plaintiffs' designations 91:6-20, 129:8-130:2, which deal with the same subject. Defendants' counter designation 135:16-136:21 relates to the same subject matter in Plaintiffs' designation 67:24-71:5, with regard to Buckingham's stated purpose in supporting the board resolution, and the stated purpose of other board members (with specific reference to balance), in addition to questions related to October 18, 2004 board meeting.

In Elmira Jane Cleaver's June 9, 2005 deposition, Defendants have counter designated 49:15-51:15, showing that Cleaver testified to reading

---

Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party). In the case of William Buckingham's January 3, 2005 deposition, the transcript has two sets of page and line numbers for each page. Defendants' Exhibit 4 corresponds to the page number in the outer bracket and the inner line number closest to the text.

through *Of Pandas and People* prior to the passing the board resolution.[8] This counter designation is responsive to Plaintiffs' designation 67:16-68:15, which questions whether Cleaver did any research on intelligent design prior to passing the resolution.  Plaintiffs' designation 67:16-68:15, 69:3-6, asks Cleaver if she would be opposed to teachers mentioning intelligent design, and also questions Cleaver's ideas on different theories.   Defendants' counter designation 53:1-8 speaks directly to Cleaver's thoughts on teaching multiple scientific theories to the students and her ideas on the theories. Defendants' counter designation 54:10-25 discusses what the board expected of the teachers, Cleaver's review of *Of Pandas and People*, and her understanding of intelligent design.   This is in response to Plaintiffs' designation 67:25-68:16 regarding Cleaver's discussions with other board members, and questions asked of Cleaver about her knowledge of intelligent design. Defendants' counter designation 67:12-15 is the 3 lines immediately

---

[8] Attached as Exhibit 5 is a chart delineating the counter designated deposition testimony of Elmira Jane Cleaver's June 9, 2005 deposition that Plaintiffs have objected to next to Plaintiffs' related designation.  Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party).  In the case of Elmira Jane Cleaver's June 9, 2005 deposition, the transcript has two sets of page numbers for each page; Defendants' Exhibit 5 corresponds to the page number at the bottom right of each page.

preceding the section designated by Plaintiffs (67:16-68:15) about Cleaver's knowledge of intelligent design.

In Steve Fuller's June 21, 2005 deposition, both Plaintiffs' designations 67:8-18, 67:21-68:22, 68:24-25, and Defendants' counter designation 50:22-51:11 deal with questions asked of Fuller regarding what he thinks intelligent design is.[9] Defendants' counter designation 56:11-57:23 is necessary to give context to Plaintiffs' designations 58:14-15, 59:6-60:7, 87:3-7, and 167:8-169:11, because these sections all address Fuller's explanations of different intelligent design theories, such as irreducible complexity and Dembski's explanatory filter. Both Defendants' counter designation 90:13-92:4 and Plaintiffs' designations 67:8-68:25, 153:5-6, 8-10, 21-22, 24-25, and 156:2-157:2 deal with questions posed to Fuller regarding similarities and differences between creationism and intelligent design. Defendants' counter designation 146:6-146:20 responds to Plaintiffs' designation 67:8-68:25, because both designations refer to questions asked of Fuller about whether intelligent design theory is a form of

---

[9] Attached as Exhibit 6 is a chart delineating the counter designated deposition testimony of Steve Fuller's June 21, 2005 deposition that Plaintiffs have objected to next to Plaintiffs' related designation. Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party).

creationism.  In Defendants' counter designation 147:8-19, Fuller addresses intelligent design in terms of conceptual space (the way that science moves forward) and whether intelligent design is religious or religiously inspired. This section further explains Plaintiffs' related designations 140:17-141:10, and 154:7-11, which refer to the future and openness of science and the religious motivation of intelligent design theorists.  Defendants' counter designation 157:3-14 is the immediate continuation of Plaintiffs' designation 156:1-157:2, both in location and subject matter (Fuller's perspective on scientific concerns about arguments made by Dr. Meyers).  Again, Plaintiffs have objected to Defendants' counter designation 170:10-171:2, which is the immediate continuation the discussion of logical scientific conclusions and elimination of hypotheses in Plaintiffs' designation 167:8-169:11, 170:1-9. Defendants' counter designation 171:24-173:15 deals with the same question that Plaintiffs' designation 167:8-169:11, 170:1-9 begins with—in both instances Fuller is being asked about the "best explanation" for intelligent design.  Moreover, Defendants' designation once again follows Plaintiffs' designation.  Defendants' counter designation 186:16-188:9 addresses the subject of the explanatory framework of intelligent design, including the explanatory filter and irreducible complexity, a subject raised by Plaintiffs in their designations 58:14-15, 59:6-60:7, and 167:8-169:11.  In

Plaintiffs' designations 140:14-141:10 and 141:12-142:10, Fuller is asked why intelligent design should be taught to ninth graders. Defendants' counter designation 216:15-217:7 addresses that precise question and must be included to give context and a more full explanation to Plaintiffs' designation.

In Sheila Harkins' April 12, 2005 deposition, Defendants' counter designation 37:11-38:9 treats the topic of Harkin's understanding of intelligent design, and is responsive to Plaintiffs' designations (28:23-29:4, 30:4-25) regarding whether Harkins discussed her understanding with other board members and whether she or the board received materials on intelligent design from the administration.[10]   Defendants' counter designation 39:7-24 discusses the board's discussion and acceptance of the *Pandas* donation and Harkin's review of the book, and is responsive to Plaintiffs' designations 28:23-29:4 and 30:4-25 regarding whether Harkins discussed her understanding with other board members and whether she or the board received materials on intelligent design from the administration.

---

[10] Attached as Exhibit 7 is a chart delineating the counter designated deposition testimony of Sheila Harkins' April 12, 2005 deposition that Plaintiffs have objected to next to Plaintiffs' related designation. Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party).

Defendants' counter designation 55:9-18 follows and is part of the same line of questioning as Plaintiffs' designation 53:21-54:5 regarding student questions about intelligent design in the classroom.

In Scott Minnich's May 26, 2005 deposition, Defendants' counter designation 8:2-9:1 immediately follows Plaintiffs' designation 7:17-20, 7:24-8:1, and is the continuation of a line of questioning regarding Minnich's opinion about the case.[11]  Defendants' counter designation 10:15-21 addresses the subject of whether Minnich is an expert on any of the issues relevant to the case, and this designation speaks to Minnich's competency regarding *all* of Plaintiffs' designations.  If Plaintiffs desire to designate his deposition testimony, Defendants should certainly be allowed to designate an explanation of Minnich's qualifications to offer that testimony. Plaintiffs' designation 34:13-18 addresses Minnich's understanding of creationism, and Defendants' counter designation 33:9-34:5 precedes Plaintiffs' designation, addresses the same issue, and is part of the same line of questioning.  Defendants' counter designation 34:19-35:19 addresses the

---

[11] Attached as Exhibit 8 is a chart delineating the counter designated deposition testimony of Scott Minich's May 26, 2005 deposition that Plaintiffs have objected to next to Plaintiffs' related designation.  Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party).

difference between intelligent design and creation science and immediately follows Plaintiffs' designation 34:13-18 regarding creation science. Defendants' counter designation 36:10-37:1 addresses the difference between intelligent design and creation science, which must be included given that it follows Plaintiffs' designation 34:13-18 regarding creation science. It is also necessary to give a foundation for 42:8-1, and 93:13-94:14, which have been designated by Plaintiffs and address either intelligent design or creationism. Defendants' counter designation 40:1-41:7 clarifies that Minnich's opinion on who the intelligent designer is in his personal (not scientific) opinion, and must be included to counter Plaintiffs' designation 42:8-11 a few questions later. Defendants' counter designation 42:12-42:20 immediately follows Plaintiffs' designation 42:8-11, is part of the same line of questioning, and addresses the same subject of who the "designer" in intelligent design theory. Defendants' counter designation 72:3-73:12 is directly in the middle of Plaintiffs' designations 71:2-72:1 and 73:17-74:4, and deals with the same issue of the age of the earth and the timeline of appearance of certain life forms. Defendants' counter designation 83:9-84:16 addresses the topic of the definition of a valid scientific theory, and whether intelligent design qualifies as such, and Plaintiffs' designation 93:13-94:14 address the same idea of what scientific

concept is necessary in order for intelligent design theory to be considered valid science. Defendants' counter designation 95:5-15 follows Plaintiffs' designation 93:13-94:14 and is part of the same line of questioning regarding whether intelligent design can be considered valid science.

In Richard Nilsen's January 3, 2005 deposition, Defendants' counter designation 60:7-11 and Plaintiffs' designations 60:24-61:11, 61:21-62:10, and 63:6-22 deal with questions about statements made by William Buckingham and are part of the same discussion.[12]   Defendants' counter designation 70:24-71:22 addresses the board's directive to teachers regarding the statement at issue in this case, and why the focus of in-school curriculum is on Darwinian theory, and relates to Plaintiffs' later designation 83:25-84:5 regarding the idea that students will be made aware of intelligent design and what other theories are referred to in the statement. In Richard Nilsen's April 14, 2005 deposition, Defendants' counter designations 12:6-13:8, 13:15-24, and 15:10-19:2 follow Plaintiffs' designation 8:10-18, and are part of the same line of questioning about research into parochial school

---

[12] Attached as Exhibit 9 is a chart delineating the counter designated deposition testimony of Richard Nilsen's January 3, 2005 deposition that Plaintiffs have objected to next to Plaintiffs' related designation. Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party).

biology books and the process of textbook selection.[13]  Defendants' counter

designation 50:15-53:15 is in between designations made by Plaintiffs (49:6-

17, 53:16-54:4) and addresses the same issues, including the biology

curriculum, how much time is devoted to teaching evolution, and the origin

of life debate.  Defendants' counter designation 63:2-64:3 follows Plaintiffs'

designation 58:24-59:6, and is a continuation of the same discussion about

Dr. Peterman.  Moreover, Defendants' counter designation 95:3-96:15 is

related to the exact same discussion, and appears later only because

Defendants' counsel had to wait to ask his questions about the topic until

Plaintiffs' counsel was finished with the entire deposition.

In Warren Nord's June 7, 2005 deposition, Defendants' counter

designation 45:22-46:9 provides a clear statement that intelligent design is

science, which relates to Plaintiffs' designations 94:9-95:5 and 129:21-

130:20 regarding how there is no Darwinian explanation for getting from

non-living matter to living matter, and what the scientific establishment says

---

[13] Attached as Exhibit 10 is a chart delineating the counter designated deposition testimony of Richard Nilsen's April 14, 2005 deposition that Plaintiffs have objected to next to Plaintiffs' related designation.  Following the chart is a copy of the relevant pages of the foregoing deposition marked with Plaintiffs' designations and Defendants' counter designations (the brackets *only* represent the sections Plaintiffs have objected to and related sections, not the full designations made by either party).

about theories.[14]   Defendants' counter designation 64:4-68:3 provides a full

and uninterrupted explanation of Nord's position on sections designated by

Plaintiffs   (94:9-95:5,   97:4-17)   regarding   science,   supernaturalism,

naturalistic science, and design in nature.   Defendants' counter designation

76:18-77:15 addresses the topic of how intelligent design draws on what

Plaintiffs term "accepted science," provides part of Nord's view on those

topics, and relates to the subject matter of Plaintiffs' designation 97:4-17

regarding gaps in evolutionary theory and specifically Behe's cellular level

research, which is noted in both Plaintiffs' and Defendants' designations.

Defendants' counter designation 82:8-83:13 addresses whether intelligent

design is good science and why students should learn about it, and is related

to Plaintiffs' designations 94:9-95:5 and 97:4-17 about how there is no

Darwinian explanation for certain origin of life issues.   Defendants' counter

designation 86:5-15 explains a large gap in Darwin's theory, and appears

shortly before two of Plaintiffs' designations (94:9-95:5, 97:4-17) also

dealing with gaps in Darwinian theory.   Plaintiffs' have designated 97:4-17,

---

[14] Attached as Exhibit 11 is a chart delineating the counter designated
deposition testimony of Warren Nord's June 7, 2005 deposition that
Plaintiffs have objected to next to Plaintiffs' related designation.  Following
the chart is a copy of the relevant pages of the foregoing deposition marked
with Plaintiffs' designations and Defendants' counter designations (the
brackets *only* represent the sections Plaintiffs have objected to and related
sections, not the full designations made by either party).

part of Nord's answer to a question, and object to Defendants' designation 97:24-100:18, which is an extension of the same continuous answer regarding intelligent design theory.    Defendants' counter designation 130:21-144:1 immediately follows Plaintiffs' designation 129:17-129:19, 129:21-130:20, and is the continuation of a line of questioning about Nord's expert report and confirmation of scientific theories.

## CONCLUSION

Defendants respectfully request that this court admit their counter designations of deposition testimony into evidence, because they are necessary to explain and give context to testimony that plaintiffs seek to introduce at the trial of this action.

Respectfully submitted,

/s/ *Patrick T. Gillen*

_____

Patrick T. Gillen (MI P47456)*
Richard Thompson (MI P21410)*
Robert J. Muise (MI P62849)*
Edward L. White III (MI P62485)*
Thomas More Law Center
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
734-827-2001; Fax. 734-930-7160
rthompson@thomasmore.org
pgillen@thomasmore.org
rmuise@thomasmore.org
ewhite@thomasmore.org
*Admitted pro hac vice

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 177013
717-245-9688
*Counsel for defendants*

Dated:  October 11, 2005

## CERTIFICATE OF LENGTH ACCORDING

## TO LOCAL RULE 7.8(b)(2)

I hereby certify that the length of this Response, including footnotes, does not exceed 5,000 words.   The total word count of the foregoing Response, including footnotes, is 3,625 words.

/s/ *Patrick T. Gillen*

_____

Patrick T. Gillen
Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2005, a copy of Defendants' Response to Plaintiffs' Objections to Defendants' Counter Designations of Deposition Testimony, Certification of Exhibits, Index of Exhibits, and Exhibits were served on the following counsel through the court's electronic case filing system:

Eric Rothschild
Stephen G. Harvey
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Ron Turo
Turo Law Offices
29 South Pitt Street
Carlisle, PA 17013

Richard B. Katskee
Ayesha Khan
Alex J. Luchenitser
Americans United for Separation
  of Church and State
518 C Street, NE
Washington, DC 20002

Mary Catherine Roper
ACLU of Pennsylvania
P.O. Box 1161
Philadelphia, PA 19105

/s/ *Patrick T. Gillen*

_____
Patrick T. Gillen
Admitted *pro hac vice*