# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY KITZMILLER; BRYAN AND CHRISTY REHM; DEBORAH FENIMORE AND JOEL LIEB; STEVEN STOUGH; BETH EVELAND; CYNTHIA SNEATH; JULIE SMITH; AND ARALENE ("BARRIE") D. AND FREDERICK B. CALLAHAN, | |
| Plaintiffs | CIVIL ACTION |
| vs. | No. 4:04-cv-2688 |
| DOVER AREA SCHOOL DISTRICT; DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS, | (JUDGE JONES) |
| Defendants | (Filed Electronically) |

**PLAINTIFFS' MOTION TO STRIKE "BRIEF OF AMICI CURIAE BIOLOGISTS AND OTHER SCIENTISTS IN SUPPORT OF DEFENDANTS" AND "BRIEF OF AMICUS CURIAE, THE DISCOVERY INSTITUTE"**

Without so much as a "by your leave," David DeWolf — a senior fellow at the Discovery Institute's Center for Science and Culture — has now filed *two*

*amicus* briefs on behalf of Stephen C. Meyer and his fellow Discovery Institute denizens. But while the procedural irregularity of DeWolf's method for delivering Meyer's missives would alone raise a judicial eyebrow, there is also a deeper impropriety that warrants striking both filings: The briefs constitute Meyer's third and fourth attempts to serve up his and William Dembski putative expert opinions without opening themselves to the scrutiny of cross-examination. Nothing in the Federal Rules of Civil Procedure supports allowing Meyer or Dembski to testify on their own terms when they were unwilling to do so under the terms established by the Federal Rules of Evidence. Fundamental fairness requires that they be denied the opportunity to do so. Thus, the Court should strike the briefs.

## ARGUMENT

On October 3, 2005, Mr. DeWolf lodged a paper that he styled as a *Brief of Amicus Curiae Biologists and Other Scientists in Support of Defendants*. (The listed *amici* are a group of scientists and non-scientists, virtually all of whom are affiliated with the Discovery Institute or have signed on to its statement sometimes entitled "dissent from Darwin." On October 17, Mr. DeWolf lodged a second paper, styling this one as a brief of the Discovery Institute itself. As this Court has already recognized with respect to the October 3 effort, however, both briefs are procedurally irregular. But more fundamentally, the first is an improper *ad hominem* attack on a witness in the case; and both are illegitimate attempts to give

the Discovery Institute's Stephen Meyer and William Dembski a free pass on offering expert testimony without cross-examination. They should not be accepted.

1. Although this Court's Rules do not specifically contemplate or outline procedures for filing *amicus* briefs, plaintiffs recognize that the district courts have inherent authority to allow *amici* to participate in proceedings under appropriate circumstances. *See Waste Mgmt. v. City of York*, 162 F.R.D. 34 (M.D. Pa. 1995). But Rule 29 of the Federal Rules of Appellate Procedure and Supreme Court Rule 37, for example, both require the parties' consent or leave of court to file an *amicus* brief, thus ensuring that would-be *amici* properly identify themselves, demonstrate an appropriate interest in the litigation, offer something useful to the court, and give the parties an opportunity to respond to their arguments. Those same concerns are appropriate to this Court's determination whether to accept the briefs.

2. Here, neither DeWolf nor his clients sought the parties' consent. Nor did they file a motion seeking the Court's leave to file. Instead, the *amici* simply dropped their missives on the Court's and the parties' electronic doorstep, apparently employing the logic that if you don't ask permission, you can't be told "no." But that does not mean the Court should ignore the gate-keeping function appropriate to the determination whether to allow *amicus* participation. And had

they sought consent or leave to file, the amici would have had to reveal facts that would have shown why the filings here are singularly improper.

        3.     First, although there are no strict rules regarding the contents of *amicus* briefs, Supreme Court Rule 37.1 strongly suggests that a proper *amicus* brief brings to the Court's attention only (i) relevant matter that (ii) has not been presented by the parties and (iii) would be helpful to the Court in deciding the case. S. Ct. Rule 37.1. *Amicus* briefs that depart from that model "burden[]" the Court, and their filing is therefore generally disfavored. *Id.* The district courts, moreover, apply similar criteria in deciding whether to accept *amicus* briefs. *See, e.g.*, *Avellino v. Herron*, 991 F. Supp. 730, 732 (E.D. Pa. 1998) (district court "may" grant leave to appear as *amicus curiae* if information offered is "timely and useful"); *Waste Management*, 162 F.R.D. at 36 (same). More particularly, they consider, among other things, whether a would-be *amicus*'s asserted interest in the case is inadequately represented by the parties such that the *amicus* has something to add; whether the *amicus*'s perspective would be helpful; and whether the *amicus* makes policy arguments or otherwise presents material that is better suited to appellate review than to adjudication of the case in the trial court. *See, e.g.*, *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554-56 (E.D. Pa. 1999); *United States v. Gotti*, 755 F. Supp. 1159 (E.D.N.Y. 1991).

While plaintiffs recognize that proper *amicus* briefs may be helpful to the Court in this case, and as a rule do not oppose such briefs if offered, on every score Mr. DeWolf's filings come up short.

4. Rather than making legal arguments or otherwise offering insights into the legal issues presented, Mr. DeWolf's October 3 effort in large measure consists of *ad hominem* attacks on plaintiffs' expert Dr. Barbara Forrest. *See* Oct. 3 *Amicus* Brief, at 12-18. Indeed, that diatribe was filed with apparent deliberation on the eve of Dr. Forrest's testimony — when such a broadside might be most likely to distort the Court's perceptions of Dr. Forrest's qualifications.

Although certainly disturbing, the assault on Dr. Forrest is perhaps unsurprising. Although the October 3 brief was signed by a number of individuals, its signatories are associated with the Discovery Institute and its Center for Science and Culture. Indeed, notable on the list — for reasons explained below — is Discovery Institute vice president and Center for Science and Culture program-director Stephen Meyer. And because Dr. Forrest used the Discovery Institute's and its fellows' own words to indict them as having engaged in a deliberate plan to promote an unconstitutional religious agenda under the rubric of "intelligent design," it is no wonder that they sought to discredit her, while obscuring the Discovery Institute's role by filing only in the names of the individuals.

Even though the Court will not be deceived by the improper attacks on Dr. Forrest, it should not let them become part of the record.

5. But the assault on Dr. Forrest is only the tip of the iceberg: Two weeks after lodging the first brief, Mr. DeWolf submitted another one, this time in the name of the Discovery Institute rather than its individual adherents. But the *amici*'s decision this time to file in the name of the Discovery Institute was not the act of new-found candor that at first blush it may seem. For that tactic served a new purpose: It elided the fact that Mr. Meyer — as director of the Discovery Institute's Center for Science and Culture — is the real voice speaking through both briefs. And Mr. Meyer's dual role highlights an even more serious problem: The two submissions are, respectively, the third and fourth attempts by Mr. Meyer to interject his own views, and those of his Discovery Institute-colleague William Dembski, into these proceedings without subjecting those views to the rigors of cross-examination.

In that regard, this Court is well aware that Meyer and Dembski were originally offered as defense experts; that they subsequently withdrew, thus avoiding cross-examination in accordance with the normal discovery procedures and rules of evidence applicable to expert witnesses; and that they later attempted to re-enter this case on what they apparently regarded as more favorable terms under the auspices of the motion to intervene filed by *Pandas*'s publisher, the

Foundation for Thought and Ethics. Meyer and Dembski now seek new avenues to interject their views.

More concretely, the October 3 brief, in addition to aiming *ad hominem* attacks at Dr. Forrest, simply summarizes Meyer's and Dembski's withdrawn expert opinions. And the October 17 brief goes even further: It recapitulates Meyer's and Dembski's assertions in painstaking detail; it straightforwardly acknowledges that it "relies upon many parts of Dr. Meyer's [withdrawn expert] report and will direct the Court to other pertinent sections" of that report (October 17 Br. at 8-9); and it attaches that report as an exhibit. Through the October 17 brief, in other words, not only do Meyer and Dembski seek yet again to introduce the expert opinions that they themselves withdrew, without affording plaintiffs any opportunity to challenge them or their views, but Meyer asks the Court to expand the record to include his expert report, which would have been inadmissible hearsay even if Meyer had not backed out of the case.

Having properly rejected Meyer's and Dembski's efforts to deflect plaintiffs' right to cross-examine them (by distancing themselves from defendants while offering the same "expert" opinions from FTE), this Court should decline to allow them to reassert their views as *amici* and more perfectly insulate themselves from the rigors of cross-examination.

## CONCLUSION

Plaintiffs repeat that they believe proper *amicus* briefs will be helpful to the Court and welcome them regardless of the parties they support. But even aside from the procedural irregularities attendant with the filing of the *amicus* briefs that are the subject of this motion, the briefs themselves are highly improper. The Court should not countenance the *ad hominem* attacks on Dr. Forrest or make them part of the record. And for essentially the same reasons that this Court rejected Meyer's and Dembski's attempts to participate in this case on their own distorted terms through FTE, so too should it reject their renewed attempts to do so in the guise of *amici*. Having declined to play by the rules applicable to expert witnesses, principles of fundamental fairness require that Meyer and Dembski now sit on the sidelines while others carry the ball for the defendants. The putative *amicus* briefs should be stricken.

Respectfully submitted,

*/s/ Richard B. Katskee*
Ayesha Khan (adm. *phv*)
Richard B. Katskee (adm. *phv*)
Americans United for Separation of
    Church and State
518 C St., NE
Washington, DC 20002
(202) 466-3234
*akhan@au.org*
*katskee@au.org*

Eric Rothschild (PA 71746)
Alfred H. Wilcox (PA 12661)
Stephen G. Harvey (PA 58233)
Christopher J. Lowe (PA 90190)
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4000
*rothschilde@pepperlaw.com*
*wilcoxa@pepperlaw.com*
*harveys@pepperlaw.com*
*lowec@pepperlaw.com*

Thomas B. Schmidt, III (PA 19196)
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108
(717) 255-1155
*schmidtt@pepperlaw.com*

Witold J. Walczak (PA 62976)
ACLU of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
412-681-7864
*vwalczak@aclupgh.org*

Paula K. Knudsen (PA 87607)
ACLU of Pennsylvania
105 N. Front St., Suite 225
Harrisburg, PA 17101
(717) 236-6827
*pknudsen@aclupa.org*

Dated:  October 18, 2005          Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2005, I caused a copy of the foregoing document to be served upon counsel listed below through the Middle District ECF system.

| | |
|---|---|
| Hand Delivery/ECFS<br>Richard Thompson, Esquire<br>Robert J. Muise, Esquire<br>Patrick T. Gillen, Esquire<br>Thomas More Law Center<br>24 Frank Lloyd Wright Drive<br>Post Office Box 393<br>Ann Arbor, MI 48106<br>*Counsel for Defendants* | Ron Turo, Esquire<br>Toro Law Offices<br>28 South Pitt Street<br>Carlisle, PA 17013<br>*Local Counsel for Defendants*<br><br>Randall L. Wenger, Esquire<br>Leonard G. Brown, Esquire<br>Clymer & Musser, P.C.<br>23 North Lime Street<br>Lancaster, PA 17602<br>*Local Counsel for Amici Curiae* |
| Niles S. Benn, Esquire<br>Terence J. Barna, Esquire<br>Benn Law Firm<br>103-107 East Market Street<br>Post Office Box 5185<br>York, PA 17405-5185<br>*Counsel for Reporters* | Michael Crocenzi, Esquire<br>Goldberg Katzman<br>PO Box 1268<br>Harrisburg, PA 17108-1268<br>*Local Counsel for Amici Curiae* |
| David K. DeWolf, Esquire<br>Professor of Law<br>Gonzaga University School of Law<br>771 Cincinnati Street<br>Spokane, WA 99220<br>*Counsel for Amici Curiae* | L. Theodore Hoppe, Jr., Esquire<br>C. Scott Shields, Esquire<br>Shields & Hoppe<br>223 North Monroe Street<br>Media, PA 19063<br>*Counsel for Amici Curiae* |

*s/ Thomas B. Schmidt, III*
Thomas B. Schmidt, III (PA 19196)