IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY KITZMILLER, et al., | : | Case No. 04cv2688 |
| Plaintiffs | : | |
| v. | : | Judge Jones |
| DOVER AREA SCHOOL DISTRICT, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**October 24, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Strike "Brief of Amici Curiae Biologists and Other Scientists in Support of Defendants" and "Brief of Amicus Curiae, the Discovery Institute" ("the Motion") (doc. 265) filed by Plaintiffs on October 18, 2005. The Motion will be granted in part and denied in part.

In the Motion, Plaintiffs submit that David DeWolf, a senior fellow at the Discovery Institute's Center for Science and Culture, has filed two amicus briefs on behalf of Stephen C. Meyer ("Mr. Meyer") and fellow Discovery Institute denizens. (Rec. Doc. 265 at 1-2). Plaintiffs argue that the briefs constitute Mr. Meyer's third and fourth attempts "to serve up his and William Dembski putative

expert opinions without opening themselves to the scrutiny of cross-examination." Id. at 2. "Nothing in the Federal Rules of Civil Procedure supports allowing Meyer or Dembski to testify on their own terms when they are unwilling to do so under the terms established by the Federal Rules of Evidence." Id. Plaintiffs assert that fundamental fairness dictates that they be denied the opportunity to do so and that both briefs should be stricken by the Court. Id.

Preliminarily, we note that on October 3, 2005, David K. DeWolf, Esquire ("Mr. DeWolf"), counsel of record, as well as L. Theodore Hoppe, Jr., Esquire and C. Scott Shields, Esquire filed a "Brief of Amici Curiae Biologists and Other Scientists in Support of Defendants." (Rec. Doc. 245). On October 17, 2005, Mr. DeWolf, Leonard G. Brown, III, Esquire and Randall L. Wenger, Esquire, filed an amicus curiae brief on behalf of the Discovery Institute. (Rec. Doc. 260). Plaintiffs filed the instant Motion on October 18, 2005.

As Plaintiffs submit in their Motion, the rules of this Court do not specifically outline procedures for filing amicus briefs and applicable case law indicates that the district courts have inherent authority to allow amici to participate in proceedings under appropriate circumstances. See Waste Mgmt., Inc. v. City of York, 162 F.R.D. 34, 36 (M.D. Pa. 1995); see also Pennsylvania Environmental Defense Foundation v. Bellefonte Borough, 718 F. Supp. 431, 434-5 (M.D. Pa. 1989). We

2

recognize however, as pointed out by Plaintiffs in their submission, that Rule 29 of the Federal Rules of Appellate Procedure and Supreme Court Rule 37 both require either the parties' consent or leave of Court to file an amicus brief.  Despite the fact that amici failed to formally request leave of Court before filing the submissions, we will review them absent the request of formal leave as we do not find it necessary to elevate form over substance.[1]

As all parties and amici filers are well aware, both Mr. Dembski and Mr. Meyer are no longer expert witnesses for the Defendants.  Over the course of this trial we have provided both parties with every opportunity to present their expert witnesses, and accordingly the parties have engaged in thorough cross-examination of the opposing experts.  We thus find it to be fundamentally unfair to receive a brief that frequently references an expert report, that was originally prepared for use in this case when Mr. Meyer was to be offered as a defense expert witness, and which contains the full revised report of Mr. Meyer as an attachment to the brief. The inclusion of such information in an ad hoc unsolicited fashion, when Plaintiffs have not had the opportunity to cross-examine such expert witness is clearly inappropriate under the circumstances.  In fact, "Appendix A" of the amicus brief

---

[1] We do note however, that the better practice is that a motion seeking leave of Court to file an amicus brief should be filed concurrently with any future amici submissions.

is entitled "Revised Report of Stephen C. Meyer, Ph.D., May 19, 2005" and it is clearly an expert report prepared in anticipation of Mr. Meyer's testimony at trial. We will not countenance what is clearly a "back door" attempt to insert expert testimony into the record free of the crucible of trial and cross-examination.

In addition, after a careful review of the Discovery Institute's submission, we find that the amicus brief is not only reliant upon several portions of Mr. Meyer's attached expert report, but also improperly addresses Mr. Dembski's assertions in detail, once again without affording Plaintiffs any opportunity to challenge such views by cross-examination. Accordingly, the "Brief of Amicus Curiae, the Discovery Institute" shall be stricken in its entirety.[2] In the event that the Discovery Institute requests to re-file an amicus curiae brief, it shall file such brief in accordance with the confines of this Order and shall concurrently file a motion seeking leave to file such submission.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiffs' Motion to Strike "Brief of Amici Curiae Biologists and

---

[2] Although Plaintiffs argue that the Court should also strike the October 3, 2005 submission based upon ad hominem attacks focused on Plaintiffs' expert Dr. Barbara Forrest and an illegitimate attempt to give the Discovery Institute's Mr. Meyer and Mr. Dembski a free pass on offering expert testimony without cross-examination in this case, we do not find it necessary to strike such submission. We will accord the brief of amici curiae biologists and other scientists the consideration to which it may be entitled in the case sub judice.

Other Scientists in Support of Defendants" and "Brief of Amicus Curiae, the Discovery Institute" (doc. 265) is granted in part and denied in part to the following extent:

a.  Plaintiffs' Motion is granted to the extent that the "Brief of Amicus Curiae, The Discovery Institute" is stricken in its entirety.

b.  In the event that the Discovery Institute requests to re-file an amicus curiae brief, it shall file such brief in accordance with this Order and shall concurrently file a motion with the Court seeking leave to file such brief.

c.  The Motion is denied in all other respects.

                                                  s/John E. Jones III
                                                    John E. Jones III
                                            United States District Judge