IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY J. KITZMILLER, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 4:04-CV-2688 |
| | ) | |
| v. | ) | Hon. John E. Jones, III |
| | ) | |
| DOVER AREA SCHOOL DISTRICT and DOVER AREA SCHOOL DISTRICT BOARD OF DIRECTORS, | ) ) ) | DISCOVERY INSTITUTE'S MOTION SEEKING LEAVE TO FILE AMICUS BRIEF |
| | ) | |
| Defendants. | ) | |

**DISCOVERY INSTITUTE'S MOTION SEEKING LEAVE
TO FILE AMICUS BRIEF**

Introduction

Pursuant to the Court's October 24, 2005 Order, the Discovery Institute ("Discovery") seeks leave to file an Amicus Curiae Brief. Following a brief review of the factual background, Discovery will present an argument in support of its motion for leave, and in doing so will respond to issues raised in Plaintiffs' Motion to Strike.

1

Facts

(1) *Dr. Meyer's Previous Role in this Litigation.* Although the Court's Order disposes of the need for a detailed history of the events preceding the initial filing of the Brief, to the extent that Plaintiffs' Motion to Strike casts Discovery in an unfavorable light, a brief correction of the record is warranted. The sequence of events by which Dr. Stephen Meyer was first identified and withdrawn as a witness is too complex and insufficiently germane to warrant recitation. However, Dr. Meyer's withdrawal as an expert witness was not part of an effort to "avoid[ ] cross-examination in accordance with the normal discovery procedures and rules of evidence applicable to expert witnesses" (Motion to Strike, p. 6). Dr. Meyer's report was offered to provide legal and philosophical arguments which Amicus hoped the Court might find useful. Amicus did not intend for Dr. Meyer's report to be admitted as factual evidence, precisely because plaintiffs would not have had the fair opportunity to cross-examine Dr. Meyer. Nonetheless, Dr. Meyer's report, and any references to it, have been removed from the Revised Brief.

(2) *Dr. William Dembski.* In its Order the Court states that the original brief "improperly addresses Mr. Dembski's assertions in detail, once again without affording Plaintiffs any opportunity to challenge such views by cross-examination." Amicus would like to note for the record that its original brief did not rely on or

2

utilize Dr. Dembski's expert report, contrary to plaintiffs' insinuations. While the original brief did refer to Dr. Dembski, the short reference only mentioned the content of Dr. Dembski's monograph, *The Design Inference* and referred to an appendix of Dr. Meyer's expert report which further discussed Dr. Dembski's writings. However, neither the original brief nor the appendix contained any references to Dr. Dembski's expert report. Per the Court's ruling, in the Revised Brief there is no mention of Dr. Dembski's expert report, but only a reference to his works as a secondary source, similar to other secondary sources cited in the brief.

Argument

In their Motion to Strike, Plaintiffs object to the content of Discovery's brief. In particular, they argue that Discovery's brief fails to meet the standard for amicus briefs adopted by the appellate courts and the Supreme Court.

1. The Standard for Amicus Briefs

For purposes of this motion, Discovery accepts the application of Supreme Court rule 37(1), which permits the filing of a brief that "[i] brings to the attention of the Court relevant matter [ii] not already brought to its attention by the parties...." However, Plaintiffs erroneously impose a third criterion—that the brief "(iii) would be helpful to the Court in deciding the case," (Motion to Strike, at 4). In fact, Rule

37(1) states that a brief meeting the first two criteria is one that "*may be of considerable help to the Court.*"  Thus, Discovery addresses the two criteria contained in Rule 37(1).

(i)   "*Relevant Matter.*" Discovery's brief addresses whether or not it is constitutional to teach about intelligent design.  While much of the trial has focused on the constitutionality of the specific policy adopted by the Dover School Board, a substantial aspect of the Plaintiffs' case has been the attempt to establish a "history of religiously motivated attacks on evolution" (Plaintiffs' Brief in Opposition to Summary Judgment, pp. 5-17) in which the Discovery Institute supposedly plays a major role. Central to the Plaintiffs' case is the claim that "Intelligent design followed the Supreme Court's rejection of creation science as night follows day."  (*Id*. at 1.) A true account of the nature of the theory of intelligent design and its constitutional standing is thus central to the merits of this case.

(ii)   "*Not already brought to its attention by the parties*." Discovery is widely acknowledged, even by Plaintiffs, to be a leading proponent of the theory of intelligent design.  As such, it has a perspective that is unique.  Whereas the school board is understandably concerned with defending the particulars of the policy and how it was brought into being, Discovery is concerned with the question of

whether, as a matter of constitutional law, the concept of intelligent design is "inherently religious."

Conclusion

    For the reasons presented, Amicus begs leave of the Court to file the attached brief.

                                Respectfully submitted,

Dated: October 31, 2005           /s/ Randall L. Wenger
                                        Randall L. Wenger, Esq.
                                        Pa. ID No. 86537
                                        Leonard G. Brown, III Esq.
                                        Pa. ID No.83206
                                        CLYMER & MUSSER, P.C.
                                        23 North Lime Street
                                        Lancaster, PA 17602
                                        (717) 299-7101

                                        David K. DeWolf, Esquire**
                                        Professor of Law
                                        Gonzaga University School of Law
                                        WA Attorney I.D. No. 10875
                                        721 Cincinnati Street
                                        Spokane, WA  99220
                                        ddewolf@lawschool.gonzaga.edu
                                        (509) 323-3767

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

I hereby certify that on October 31, 2005, a copy of the foregoing *Motion for Leave to File Amicus Brief* was served on the following counsel through the electronic case filing system:

Eric Rothschild
Stephen G. Harvey
Joseph M. Farber
Benjamin M. Mather
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103

Thomas B. Schmidt, III
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P. O. Box 1181
Harrisburg, PA  17108

Witold J. Walczak
ACLU of Pennsylvania
313 Atwood Street
Pittsburg, PA  15213

Paula K. Knudsen
ACLU of Pennsylvania
105 N. Front Street
Suite 225
Harrisburg, PA  17101

Richard B. Katskee
Ayesha Khan
Alex J. Luchenitser

Americans United for Separation
      Of Church and State
518 C. Street, NE
Washington, DC  20002

Mary Catherine Roper
ACLU of Pennsylvania
P. O. Box 1161
Philadelphia, PA  19105

Richard Thompson
Robert J. Muise
Patrick T. Gillen
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P. O. Box 393
Ann Arbor, MI  49106

Ron Turo
Turo Law Offices
28 South Pitt Street
Carlisle, PA  17013

      /s/ Randall L. Wenger
Randall L. Wenger, Esq.
Pa. ID No. 86537
CLYMER & MUSSER, P.C.
23 North Lime Street
Lancaster, PA  17602
(717) 299-7101